NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0627
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Veronica.Dragalin@usdoj.gov
                Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-326-JFW |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOSE LUIS HUIZAR, | |
| Defendant. | **CURRENT TRIAL DATE:** 09/29/2020<br>**PROPOSED TRIAL DATE:** 06/01/2021 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, Melissa Mills, and defendant JOSE LUIS HUIZAR ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Carel Ale and Charles Snyder, hereby stipulate as follows:

1. The Indictment in this case was filed on July 30, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 23, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 8, 2020.

2. On August 5, 2020, the Court set a trial date of September 29, 2020.

3. Defendant is released on bond pending trial. The parties estimate that the government's case-in-chief, including estimated cross examination, in this matter will last approximately 15-20 trial days. At this very early stage, the defense cannot anticipate the duration of its defense case.

4. By this stipulation, defendant moves to continue the trial date to June 1, 2021, and to set the following additional dates:

    a. Pre-trial motions, other than suppression motions, due: February 1, 2021

    b. Oppositions due: February 22, 2021

    c. Replies (optional) due: March 8, 2021

    d. Hearing on pre-trial motions, other than suppression motions: March 22, 2021

    e. Suppression motions due: February 15, 2021

    f. Oppositions due: March 8, 2021

    g. Replies (optional) due: March 22, 2021

    h. Hearing on suppression motions: April 5, 2021

    i. Motions in limine due: April 26, 2021

    j. Hearing on motions in limine: May 14, 2021

    k. This is the first request for a continuance.

1       5.   Defendant requests the continuance based upon the following
2  facts, which the parties believe demonstrate good cause to support
3  the appropriate findings under the Speedy Trial Act:
4            a.   Defendant is charged in a 34-count, 113-page
5  indictment with violations of: 18 U.S.C. § 1962(d): Racketeer
6  Influenced and Corrupt Organizations Conspiracy; 18 U.S.C. §§ 1341,
7  1343, 1346: Honest Services Mail and Wire Fraud; 18 U.S.C.
8  § 1952(a)(3): Interstate and Foreign Travel in Aid of Racketeering;
9  18 U.S.C. § 666(a)(1)(B): Bribery Concerning Programs Receiving
10 Federal Funds; 18 U.S.C. § 1956(a)(1)(B)(i), (a)(2)(B)(i): Money
11 Laundering; 18 U.S.C. § 1014: False Statements to a Financial
12 Institution; 18 U.S.C. § 1001(a)(2): Making False Statements; 31
13 U.S.C. § 5324(a)(3): Structuring of Currency Transactions to Evade
14 Reporting Requirements; 26 U.S.C. § 7201: Attempt to Evade and Defeat
15 the Assessment and Payment of Income Tax.
16           b.   On August 10, 2020, the government produced discovery
17 to the defense, including 83,311 pages of written reports, e-mails,
18 and wire linesheets, and over 93,000 files of intercepted wire
19 sessions, including audio and data files.  In addition, the
20 government will continue the production of discovery currently in the
21 custody or control of the government on a rolling basis, and expects
22 that total discovery will include approximately 100,000 documents
23 (each of which ranges from one to dozens of pages), extraction
24 reports for over a dozen digital devices, and over 260 hours of audio
25 recordings in addition to intercepted wire sessions.  The government
26 currently anticipates this rolling production to occur over the next
27 several weeks as it gets processed, indexed, redacted (if necessary),
28

and made searchable, and that it will be completed by the beginning of November 2020.

       c.    The parties met and conferred on August 7, 2020, for purposes of this stipulation and in order to prioritize the most relevant discovery for the next phase, including cooperator 302s, recordings, wiretap and search warrant applications, the majority of which the government will endeavor to have produced in the next phase of discovery, tentatively scheduled for September 2020.  However, the government understands it may not be able to (and the defense may not yet be able to) correctly predict what will be most relevant to the defense case or possible defense motions, and such discovery may be produced as part of a subsequent phase in or before November 2020.

       d.    As noted at the trial setting in this matter, the instant indictment is part of an ongoing grand jury investigation. Most relevant to this application, the government anticipates the grand jury will consider adding additional charges and additional defendants in a superseding indictment.  If that were to occur, the government anticipates seeking a unified trial date for all defendants in order to conserve court and party resources.  Moreover, such unified trial date would need to allow all parties sufficient time to prepare for the trial and review any additional discovery attendant a superseding indictment.

       e.    Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

  f. Due to the limitations of investigating a case of this complexity during the national emergency caused by the COVID-19 pandemic, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the Speedy Trial Act time limits.

  g. Defense counsel Carel Ale is presently scheduled to be in the following trials: (1) United States v. Christine Luna, CR 19-366-AB, 8/25/2020, trial estimate 2 days, client on bond; (2) United States v. Jazzmon Russell, CR 17-533-RGK, 9/8/2020, trial estimate 2 days, client in custody; (3) United States v. Glenn Lassiter, CR 19-552-DMG, 9/15/2020, trial estimate 1 day, client on bond; (4) United States v. Andrew Madi, CR 18-846-PSG, 10/6/2020, trial estimate 4-6 days, client on bond; (5) United States v. Kenneth Arthur Morris, CR 17-270-JAK, 12/8/2020, trial estimate 2-3 days, client on bond. Defense counsel Charles Snyder is presently scheduled to be in the following trials: (1) United States v. Paul Torres, CR-19-490-CAS, September 8, 2020, trial estimate 3-4 days, client in custody; (2) United States v. Bryan Smith, CR-19-681-AB, September 8, 2020, trial estimate 2-3 days, client on bond; (3) United States v. Robert Hovhannisyan, CR-19-411-GW, September 22, 2020, trial estimate 2 days, client in custody; (4) United States v. Ammarie Nicasio, CR-19-187-FMO, September 29, 2020, trial estimate 3-4 days, client on bond; (5) United States v. John Melena, CR-20-328-JFW, September 29, 2020, trial estimate 1-2 days, client in custody; (6) United States v. John Ortiz, CR-19-748-RGK, October 20, 2020, trial estimate 2-3 days, client in custody; (7) United States v. Ramon Lopez-Garcia, CR-19-244-DSF, October 27, 2020, trial estimate 4 days, client in custody; (8) United States v. Jose Medina-Zepeda, CR-20-57-FMO, November 3,

2020, trial estimate 1 day, client in custody; (9) United States v. Efren Sanchez, CR-20-7-RGK, December 1, 2020, trial estimate 10 days, client on bond; (10) United States v. Abel Garcia, CR-20-225-DSF, February 9, 2021, trial estimate 3-4 days, client on bond; (11) United States v. Ricardo Valencia; CR-19-311-MWF, March 9, 2021, trial estimate 2-3 days, client on bond; (12) United States v. Jonathan Zuniga; CR-19-635-FMO, March 23, 2021, trial estimate 3-4 days, client on bond.

        h.    Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

        i.    On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  The Court subsequently continued that suspension through June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Apr. 13, 2020).

        j.    On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP") for the Central District of California, closing all Central District of California courthouses to the public except for hearings on criminal duty matters.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020), In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan (Mar. 19, 2020).

        k.   On May 28, 2020, the Court entered General Order 20-08, which extended the activation of the COOP Plan to at least June 22, 2020. C.D. Cal. General Order No. 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (May 28, 2020). This extension order also set forth a plan for reopening, which is to occur in three phases. Phase 1 began on June 1, 2020 with the return of certain staff to the courthouses to prepare for limited in-court hearings. Phase 2 began no earlier than June 22, 2020, with the reopening courthouses for limited in-court hearings. The final phase -- Phase 3 -- contemplates the resumption of jury trials, but a date for commencement of this phase has not been determined.

        l.   On August 6, 2020, the Court entered General Order 20-09, which supersedes General Order 20-08. C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court. (Aug. 6, 2020). The Order recognizes (1) that "the number of people infected by [COVID-19], continues to grow, with thousands of confirmed cases and deaths in the Central District of California; and (2) the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, including implementing physical distancing and reducing the size of in-person gatherings." Id. at 1. The Order further states that it was issued "[u]pon a majority vote, in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel." Among other things, the Order adopts "gating criteria" that will be used to inform when the Court transitions to Phase 3. Id. at 1-2.

With certain exceptions, the courthouses will be closed to the public, and, until further notice, no jury trials will be conducted in criminal cases. Id. at 2-3.

   m. In connection with the continued suspension of criminal jury trials, the Court made the following findings:

> The Center for Disease Control and Prevention has warned that "in the coming months, most of the U.S. population will be exposed to this virus." The COVID-19 rates of infection, hospitalizations and deaths have significantly increased in the Central District of California in the last thirty days such that holding jury trials substantially increases the chances of transmitting the Coronavirus. The Court concludes that conducting jury trials would also likely place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk.

Id. Regarding the Speedy Trial Act, the Court found that "suspending criminal jury trials in the Central District of California because of the increase in reported COVID-19 infections, hospitalizations, and deaths <u>serves the ends of justice and outweigh[s] the interests of the public and the defendants in a speedy trial</u>." Id. (emphasis added). To date, no jury summons for trials are outstanding, and it is unclear when such summons will be issued, when jury trials will resume, and what the Court's capacity will be for conducting them once they do resume.

   n. Further, on March 29, 2020, by Order of the Chief Judge, the Court found "that emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within the Central District of California." C.D. Cal. Order of the Chief Judge No. 20-043, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 2 (Mar. 29, 2020). The Order recognized that "on March 13, 2020, the President of the United States issued a

proclamation declaring a National Emergency in response to the Coronavirus Disease-2019 ("COVID-19") pandemic pursuant to the National Emergencies Act (50 U.S.C. § 1601, et seq.)." Id. at 1. The Court also recognized that "on March 29, 2020, the Judicial Conference of the United States made the appropriate findings as required under the CARES Act, finding specifically that 'emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the March 29, 2020 Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally.'" Id. 1-2. Through the Order, the Court authorized the use of video and telephone conferencing for criminal matters, including felony pleas and sentencings, finding that such hearings "cannot be conducted in person without seriously jeopardizing public health and safety." Id. at 3.

o. On June 26, 2020, the findings and authorizations in the Order of the Chief Judge No. 20-043 were extended by Order of the Chief Judge No. 20-080. C.D. Cal. Order of the Chief Judge No. 20-080, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 1 (June 26, 2020). In this Order, the Court found that "the emergency authority granted under the CARES Act has not been terminated" and, thus, the Court "extend[ed] all findings and authorizations in Order of the Chief Judge No. 20-043 for an additional 90 days unless earlier terminated." Id.

p. In addition to the Court's orders, both California Governor Gavin Newsom and Los Angeles Mayor Eric Garcetti have issued emergency orders requiring residents to "stay home," subject to

9

limited exceptions. California Executive Order N-33-20 (Mar. 19, 2020); accord "Safer at Home," Public Order Under City of Los Angeles Emergency Authority ¶ 1 (Mar. 19, 2020).

  q. On May 4, 2020, Governor Newsom issued an Executive Order stating that the State of California would move to allow reopening in Stages, pursuant to criteria and procedures established by the State Public Health Officer. California Executive Order N-60-20 (Mar. 19, 2020), available at https://www.gov.ca.gov/wp-content/uploads/2020/05/5.4.20-EO-N-60-20.pdf. While on May 8, 2020, the State of California moved into "early Stage 2" pursuant to an Order of the State Public Health Officer, Stage 2 accounts for "county variance" and counties have been instructed to "be ready to restore limitations if outbreaks increase." See Order of the State Public Health Officer (May 7, 2020), available at https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/COVID-19/SHO%20Order%205-7-2020.pdf (last accessed on Aug. 7, 2020); Official California State Government Website, "Resilience Roadmap", available at https://covid19.ca.gov/roadmap/ (last accessed on Aug. 6, 2020) & "County Variance info", available at https://covid19.ca.gov/roadmap-counties/ (last accessed on Aug. 7, 2020).

  r. On July 13, 2020, the State ordered the closure in 30 counties, including Los Angeles County, of indoor operations at fitness centers, places of worship, offices for non-critical sectors, personal care services (nail, massage, and tattoo), hair salons and barbershops, and malls. Id. Also effective July 13, 2020, all counties in California were ordered to close all bars (with limited exceptions) and indoor business operations at certain businesses,

10

including restaurants, family entertainment centers, zoos, and museums.  See Official California State Government Website, "County variance info", available at https://covid19.ca.gov/roadmap-counties/ (last accessed Aug. 7, 2020).

  s. On July 31, 2020, Mayor Garcetti issued a "Superseding Safer L.A. Order.  Safer L.A., Public Order Under City of Los Angeles Emergency Authority (July 31, 2020), available at https://www.lamayor.org/sites/g/files/wph446/f/page/file/20200731%20Mayor%20Public%20Order%20SAFER%20LA%20%28REV%202020.07.31%29.pdf.  The Order recognizes that "we must now respond to the reality that our public health data presents: that COVID-19 is spreading at a rate that threatens our medical system and the economy cannot fully get back on track until we have a handle on this virus."  Id. at 1.  As a result, "following the guidance of the State of California, the City reinstitutes some of the restrictions we saw in the early days of the pandemic."  (Id.)  The Order instructs that "Angelenos must minimize contact with others as much as possible" and to remain home, subject to the exemptions listed in the Order.  Id. at 1, ¶ 1.  The Order includes a prohibition on all public and private gatherings of any number of people outside the residence, with limited exceptions for emergency personnel and law enforcement employees, and for certain essential and outdoor activities.  Id. at ¶¶ 3, 5.  The Order also requires all businesses to cease operations that require in-person attendance by workers, with limited exceptions.  Id. at ¶ 2.

  t. Official public health guidance continues to evolve on a near daily basis.

  u. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant,

11

1 conduct and complete an independent investigation of the case,
2 conduct and complete additional legal research including for
3 potential pre-trial motions, review the discovery and potential
4 evidence in the case, and prepare for trial in the event that a
5 pretrial resolution does not occur.  Defense counsel represent that
6 failure to grant the continuance would deny them reasonable time
7 necessary for effective preparation, taking into account the exercise
8 of due diligence.
9         v.   Defendant believes that failure to grant the
10 continuance will deny him continuity of counsel and adequate
11 representation.
12        w.   The government does not object to the continuance.
13        x.   The requested continuance is not based on congestion
14 of the Court's calendar, lack of diligent preparation on the part of
15 the attorney for the government or the defense, or failure on the
16 part of the attorney for the government to obtain available
17 witnesses.
18    6.   For purposes of computing the date under the Speedy Trial
19 Act by which defendant's trial must commence, the parties agree that
20 the time period of September 29, 2020 to June 1, 2021, inclusive,
21 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
22 (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay
23 results from a continuance granted by the Court at defendant's
24 request, without government objection, on the basis of the Court's
25 finding that: (i) the ends of justice served by the continuance
26 outweigh the best interest of the public and defendant in a speedy
27 trial; (ii) failure to grant the continuance would be likely to make
28 a continuation of the proceeding impossible, or result in a

miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, and the limitations the ongoing COVID-19 pandemic places on the defense's ability to investigate the case and prepare for trial, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 14, 2020                    Respectfully submitted,

                                          NICOLA T. HANNA
                                          United States Attorney

                                          BRANDON D. FOX
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          _____
                                          MACK E. JENKINS
                                          VERONICA DRAGALIN
                                          MELISSA MILLS
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

I am JOSE LUIS HUIZAR's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than June 1, 2021 is an informed and voluntary one.

_____   8/14/2020
CAREL ALE                         Date
CHARLES SNYDER
Deputy Federal Public Defenders
Attorneys for Defendant
JOSE LUIS HUIZAR

14

|    |                                                                                      |
|----|--------------------------------------------------------------------------------------|
| 1  | I have read this stipulation and have carefully discussed it                         |
| 2  | with my attorney. I understand my Speedy Trial rights. I                             |
| 3  | voluntarily agree to the continuance of the trial date, and give up                  |
| 4  | my right to be brought to trial earlier than June 1, 2021. I                         |
| 5  | understand that I will be ordered to appear in Courtroom 7A of the                   |
| 6  | Federal Courthouse, 350 W. 1st Street, Los Angeles, California on                    |
| 7  | June 1, 2021 at 8:30 a.m.                                                            |
| 8  | ___/s/ Huizar_____        ___August 14, 2020___                        |
| 9  | JOSE LUIS HUIZAR                         Date                                        |
|    | Defendant                                                                            |