CUAUHTEMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
Carel Alé (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
Charles Snyder (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-0326-JFW |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION TO INSPECT GRAND JUROR SELECTION RECORDS PURSUANT TO 28 U.S.C. § 1867(f)** |
| JOSE LUIS HUIZAR, | |
| Defendant. | **Date: October 19, 2020**<br>**Time: 8:00 a.m.** |

PLEASE TAKE NOTICE THAT on October 19, 2020, at 8:00 a.m. or as soon thereafter as counsel may be heard in the courtroom of the Honorable John F. Walter, defendant Jose Luis Huizar, by and through his attorneys of record, Deputy Federal Public Defenders Carel Alé and Charles Snyder, will move pursuant to the Fifth and Sixth Amendments of the United States Constitution; the Jury Selection and Service Act, 28 U.S.C. § 1861 *et seq.*; and this District's General Order No. 19-07 for an Order allowing Mr. Huizar access to Grand Juror Selection Records pursuant to 28 U.S.C. § 1867(f).

This motion is based upon the attached Memorandum of Points and Authorities, Declaration of Counsel, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: September 15 , 2020          By

Carel Alé
Charles Snyder
Deputy Federal Public Defenders

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

"Under the Jury Selection [and Service] Act and the Sixth Amendment, litigants in federal courts entitled to trial by jury have the right to 'juries selected at random from a fair cross section of the community.'" *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1158 (9th Cir. 2014) (*en banc*) (quoting 28 U.S.C. § 1861) (citing *United States v. Miller*, 771 F.2d 1219, 1227 (9th Cir. 1985)), *cert. denied*, 574 U.S. 1029. The right of defendants to have a fair cross section of the community extends to grand juries. 28 U.S.C. § 1861; *Taylor v. Louisiana*, 419 U.S. 522, 529-30 (1975). Litigants have "essentially an unqualified right to inspect jury lists when necessary for the preparation or presentation of a motion under 28 U.S.C. § 1867(a)-(c)" of the Jury Selection and Service Act ("JSSA"). *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980) (citing *Test v. United States*, 420 U.S. 28, 95 S. Ct. 749 (1975) (*per curiam*)). Litigants need only allege that they are preparing a motion to challenge the jury selection process to avail themselves of this right. *United States v. Layton*, 519 F. Supp. 946, 958 (N.D. Cal. 1981) (explaining that "[n]o probability of merit need be shown" in order to obtain juror selection records) (citing *United States v. Beaty*, 465 F.2d 1376, 1381 (9th Cir. 1972)). *See also United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986); *People of Territory of Guam v. Palomo*, 511 F.2d 255, 258 (9th Cir. 1975).

On July 30, 2020, the grand jury returned an indictment against Jose Luis Huizar ("Mr. Huizar"). Dkt. Entry 36. Mr. Huizar is preparing a motion challenging the grand juror selection methods under the Fifth and Sixth Amendments of the Constitution and the JSSA. *See* 28 U.S.C. §1867(a). Accordingly, Mr. Huizar now moves to inspect the

1

Juror Selection Records requested in Exhibit A to the declaration of counsel pursuant to 28 U.S.C. § 1867(f).[1]

## II. LEGAL ANALYSIS

In this district, a fair cross section of the community in grand and petit juries is purportedly ensured by the procedures set out by General Order No. 19-07, *In the Matter of the Plan of the United States District Court, Central District of California, for the Random Selection of Grand and Petit Jurors* (July 15, 2019) (the "Jury Plan"). According to the Jury Plan, grand and petit juries are selected from a Master Jury Wheel. The Master Jury Wheel is created by a third-party vendor contracted by the Clerk of the Court that is given Voter Lists and DMV Records ("Source Data") for each county. *Id.* at 3. The third-party vendor then merges the Source Data for each county into a single list ("Merged Source List"), which is cleared of any duplicate records of the same person or of records of persons under the age of 18 years. *Id.* Next, the third-party vendor randomly selects names from the Merged Source List for each county using a purely randomized process. *Id.* at 3-4. The selected names are then placed into the Master Jury Wheel for the division in which the county is located "in such numbers as to ensure that each county is substantially proportionally represented in that division's Master Jury Wheel." *Id.* at 4. The Jury Plan contemplates no additional steps.

After inquiring for information from the Clerk of the Court, Mr. Huizar learned that after the Master Jury Wheels for each division are created, the names on those Wheels are run through the National Change of Address (NCOA) database.[2] Based on

---

[1] Title 28 U.S.C. § 1867(a) requires a defendant to seek a stay or move to dismiss proceedings within seven days of when the defendant has or reasonably could have discovered "the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." Without reviewing the Grand Juror Inspection Records, Mr. Huizar is unable to determine whether there was a "substantial failure to comply" with the requirements of 28 U.S.C. § 1861 *et seq.*, *see* Decl. of Counsel ¶¶ 4-5, and thus Mr. Huizar does not move to stay the proceedings or dismiss the indictment at this time.

[2] Counsel obtained this information on September 10, 2020. Decl. of Counsel at ¶ 4.

the results, the third-party vendor (1) removes deceased individuals from the Master Jury Wheels, and (2) transfers individuals who have moved from one division to another within the Court's jurisdiction from the Master Jury Wheels associated with their previous addresses to the Master Jury Wheels for the divisions associated with their new addresses. Running the names through the NCOA program and removing or transferring names *after* the Master Jury Wheel is proportionally populated raises concerns about whether the final Master Jury Wheel complies with the requirements of the Jury Plan, JSSA, and the Constitution. It is, for instance, unclear how many jurors are affected by these after-the-fact changes, and whether some groups are disproportionately represented such as to interfere with the proportionality and randomization that the prior steps purport to create.

Mr. Huizar respectfully moves to inspect the Grand Juror Selection Records for his grand jury in order to determine whether there may be a meritorious challenge to the grand juror selection process arising from this additional step. Section 1867(f) allows a defendant to "inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of" a motion under § 1867(a). It is the inspection of the records which allows a party "to determine whether he has a potentially meritorious jury challenge." *Test*, 420 U.S. at 30. Mr. Huizar cannot determine whether culling the Master Jury Wheel after it had been proportionally created is statutorily or constitutionally significant without inspecting the Grand Juror Selection Records requested here.

//

//

//

//

//

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III. CONCLUSION

For the reasons stated above, Mr. Huizar respectfully requests that this Court grant his motion to inspect the Grand Jury Selection Records requested in Exhibit A to the declaration of counsel pursuant to 28 U.S.C. § 1867(f).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: September 15, 2020

_____
CAREL ALÉ
CHARLES SNYDER
Deputy Federal Public Defenders

4