NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (SBN: 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (SBN: 281370)
MELISSA MILLS (SBN: 248529)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2091/0647/0627
Facsimile: (213) 894-7631
E-mail: Mack.Jenkins@usdoj.gov
Veronica.Dragalin@usdoj.gov
Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE LUIS HUIZAR,

Defendant.

No. CR 20-326-JFW

MEMORANDUM OF LAW IN RESPONSE TO DEFENSE MOTION TO INSPECT GRAND JUROR SELECTION RECORDS PURSUANT TO 28 U.S.C. § 1867(f)

Hearing Date: October 19, 2020
Hearing Time: 8:00 a.m.

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files a memorandum of law in response to defendant's motion to inspect grand juror selection records pursuant to 28 U.S.C. § 1867(f) (CR 65).

Dated: September 22, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

MELISSA MILLS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF LAW**

**I. Introduction**

Defendant has moved for access to certain materials in preparation for a motion challenging the Court's grand juror selection methods. Defendant has an absolute right to some, but not all, of the information that he seeks. The records to which defendant is entitled are clearly delineated in the Court's Jury Plan. As further detailed below, those specific requests should be granted. As to all other information to which defendant is not expressly entitled under the Court's Jury Plan, the Jury Plan provides that defendant must apply to the Chief Judge of this Court with a showing of *particularized need* for the information. Accordingly, those specific requests should be denied without prejudice to seek them in accordance with the Jury Plan.

**II. Overview of the Right of Access to Jury-Selection Records**

Defendant's right to some of the materials he seeks is "essentially . . . unqualified" pursuant to the Jury Selection and Service Act (28 U.S.C. § 1861, "the Act"). United States v. Test, 420 U.S. 28, 29 (1975). Thus, defendant need not make a particularized showing of need for certain jury records. Id. However, courts have also recognized that while defendants have an "unqualified" right to certain types of jury records, they do not have an "unlimited" right to all grand jury records. See United States v. Ciancia, 2015 WL 13798661, at *2 (C.D. Cal. 2015); United States v. Rice, 489 F.Supp.2d 1312, 1316 (S.D. Ala. 2007) (noting that after Test, "federal courts have uniformly declined to allow unfettered access to all jury-related documents and records"); United States v. Diaz, 236 F.R.D. 470, 482 (N.D. Cal. 2006) ("The right to

discovery by the Act and Test is not limitless"); United States v. Savage, 2012 WL 4616099 (E.D. Pa. 2012) (defendant was "not entitled to unencumbered access to juror information"), quoting United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. 2004).

Pursuant to 28 U.S.C. § 1867(f) and to General Order 19-07 of this Court, defendant's rights under the Act are limited to certain materials identified in the Plan of the United States District Court, Central District of California, For the Random Selection of Grand and Petit Jurors (the "Jury Plan"). Defendant may obtain specified additional materials by submitting to the Chief Judge a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" the Act. 28 U.S.C. § 1867(d); Jury Plan § 12.

**III. Defendant's Requests**

In preparation for a motion to challenge grand jury selection procedures, defendant has requested a broad range of jury records, some of which are related to the grand jury in his case and some of which are not. Exh. A to Def. Mot. As delineated in the Jury Plan and as detailed below, he is entitled to some, but not all, of these materials.

As an initial matter, defendant is only entitled at this stage to materials from the Master Jury Wheel from which a jury in his case was selected. Jury Plan § 12. Some of defendant's requests expressly request records related to "each grand juror that returned the indictment in this case"; some requests pertain to "persons selected as prospective grand jurors from January 1, 2020 to July 30, 2020"; and some contain no date limitation. Exh. A to Def. Mot.

To the extent that defendant's requests seek records that are not limited in time or are otherwise not restricted to "the Master Jury Wheel from which [the grand jury] in the case was selected," defendant is not entitled to those records —— including records that the Jury Plan designates as Juror Selection Records —— absent a particularized showing to the Chief Judge of need for that information. Id.; see also Diaz, 236 F.R.D. at 482 (noting that the Act does not permit defendants to inspect past jury records, and limiting production to the jury wheel from which the defendants' jury was drawn). If defendant ultimately mounts a constitutional challenge, he may then be entitled to records from other years, after first presenting evidence tending to show the existence of the essential elements of his challenge. Id., citing Douglas Oil Co. of California v. Petrol Stops Northwest et al., 441 U.S. 211, 221 (1978).

The grand jury in this case was seated in October 2019, as noted on the first page of the indictment. To the extent that defendant intended to seek records relating to the 2020 Master Jury Wheel in preparation for a motion challenging grand juror selection methods, he is not entitled to that information. For purposes of this response, the government assumes that defendant intended to seek records relating to the Master Jury Wheel related to the grand jurors in his case and erroneously believed that to be the 2020 Master Jury Wheel; it will therefore construe defendant's requests to pertain to the 2019 Master Jury Wheel. If that assumption is misplaced and defendant in fact intended to seek records from the 2020 Master Jury Wheel in preparation for a motion challenging his grand jury

selection procedures, then those requests should be denied without prejudice.

Defendant's motion seeks the following information:

> 1. Any AO-12 form or JS-12 form created that relates to the Master Jury Wheels that were used to summon the grand jurors who returned the Indictment in this case on July 30, 2020. (Exh. A to Def. Mot. ¶ 1)

Defendant is entitled to AO-12 forms related to the Master Jury Wheel used to summon the grand jurors who returned the indictment in this case. Jury Plan § 12. Although JS-12 forms are not specifically identified in the Jury Plan as juror selection records, this Court has previously granted the production of JS-12 forms as juror selection records on the ground that they are similar to the AO-12 forms. See Ciancia, 2015 WL 13798661, *5, note 3.[1]

> 2. Any other statistical or demographic analyses produced to ensure that the Master Jury Wheels that were used to summon the grand jurors who returned the Indictment in this case on July 30, 2020, were in compliance with the Jury Plan, Jury Selection and Service Act, or the Constitution. (Exh. A to Def. Mot. ¶ 2)

Statistical analyses are not juror selection records as defined in the Jury Plan. Jury Plan § 5; see also Ciancia, 2015 WL 13798661, *5. As such, defendant is not entitled to these records absent a showing of particularized need, which he has not made and would have to present to the Chief Judge of this Court. This request should be denied without prejudice.

---

[1] The Jury Plan of this Court that governed the defendant's requests in Ciancia was superseded by the currently applicable Jury Plan. The provisions of both Jury Plans referenced herein are identical or materially similar in substance.

3. The calculation of the number of potential jurors from each county in the Western Division to ensure compliance with the Jury Plan. (Exh. A to Def. Mot. ¶ 3)

The data sought in this request is not a juror selection record as defined in the Jury Plan. Jury Plan § 4; see also Ciancia, 2015 WL 13798661, *5. Defendant is not entitled to these records absent a showing to the Chief Judge of particularized need. This request should be denied without prejudice.

4. The Source Data in electronic form for the Master Jury Wheels used to summon the grand jury who returned the Indictment in this case on July 30, 2020. The data should include, as available, Race, Gender, Ethnicity, Year of Birth, Zip Code, County, and Jury Division. (Exh. A to Def. Mot. ¶ 4)

Source Data as defined in the Jury Plan is considered a juror selection record to which defendant is entitled. (Jury Plan § 4.) It is unclear from the Jury Plan whether the Source Data contains all information sought by defendant as to race, gender, ethnicity, year of birth, zip code, county, and jury division. Any such information not contained in the Source Data would not be considered a Jury Selection Record, and that portion of the request should be denied without prejudice.

5. The Master Jury Wheels data, in electronic and accessible form that includes, Juror Number, Race, Gender, Ethnicity, Year of Birth, Zip Code, County and Jury Division. (Exh. A to Def. Mot. ¶ 5)

To the extent that this request seeks Merged Source Lists as described in Section 5 of the Jury Plan, defendant has an unqualified right to that data only as it pertains to the specific grand jury involved in his case. However, defendant has not limited this request in time. Absent a showing of particularized need made to the Chief Judge, defendant is only entitled to Merged Source Lists for

the specific grand jury involved in his case. It is unclear from the Jury Plan whether the Merged Source Lists contain all information sought by defendant as to race, gender, ethnicity, year of birth, zip code, county, and jury division. Any such information not contained in the Merged Source Lists would not be a Jury Selection Record, and that portion of the request should be denied without prejudice.

6. Any algorithm, in electronic form, used to select names and create the Master Jury Wheels. The algorithm and any data pertaining to that algorithm shall be produced under seal. (Exh. A to Def. Mot., ¶ 6)

Algorithms and related computer data are not Jury Selection Records as defined by the Jury Plan. Jury Plan § 5; see also Ciancia, 2015 WL 13798661, *5. This request should be denied without prejudice.

7. The calculation of proportionality of counties as described in § 5 of the Jury Plan. (Exh. A to Def. Mot., ¶ 7)

This calculation is not a Jury Selection Record as defined by the Jury Plan. Jury Plan; see also Ciancia, 2015 WL 13798661, *5. This request should be denied without prejudice.

8. The records or data of any prospective juror removed from the Western Division's Master Jury Wheel or transferred to another Master Jury Wheel after their names were run through the National Change of Address database. The records or data should include, as available, Race, Gender, Ethnicity, Year of Birth, Zip Code, County, and Jury Division. (Exh. A to Def. Mot. ¶ 8)

Such records are not Jury Selection Records as defined by the Jury Plan. Jury Plan §§ 5-6; see also Ciancia, 2015 WL 13798661, *5. This request should be denied without prejudice.

9. Information regarding how the National Change of Address database is produced or compiled and when and how often it is updated. (Exh. A to Def. Mot. ¶ 9)

This information is not referenced in the Jury Plan; thus, the records sought are not Jury Selection Records as defined by the Jury Plan. This request should be denied without prejudice.

10. The date when the grand jurors who returned the Indictment in this case on July 30, 2020 were summoned. (Exh. A to Def. Mot. ¶ 10)

Such records do not appear to be Jury Selection Records as defined by the Jury Plan, including Section 6 of the Jury Plan, which articulates the specific summons-related data that must be retained as Juror Selection Records. This request should be denied without prejudice.

11. The number of persons summoned from the Master Jury Wheels to be considered as grand jurors. This number should further be categorized by number per jury division. (Exh. A to Def. Mot. ¶ 11)

Section 6 of the Jury Plan provides that the record containing the names of persons to whom a summons was sent is a Juror Selection Record. Defendant does not request the names, but rather the number. While the number of summonses presumably could be ascertained from the list of names, it is for the Court to determine the administrative feasibility of providing the requested information in that format. Defendant’s further request that the number of persons summonsed be broken down by jury division does not appear to request information characterized as a Jury Selection Record and thus should be denied without prejudice. To the extent that defendant’s request seeks records beyond those pertaining to the 2019 Master Jury Wheel, that portion of the request should be denied without prejudice.

12. The juror qualification and summons forms for the persons summoned to potentially become grand jurors. (Exh. A to Def. Mot. ¶ 12)

Section 6 of the Jury Plan prescribes the procedures for sending and processing summons, and it details Juror Selection Records relating to the summons process. Summons forms are not categorized as Juror Selection Records, and the request for this information should be denied without prejudice. Jury Plan § 6; see also Ciancia, 2015 WL 13798661, *3. The Court's record as to "whether each prospective juror was postponed, disqualified, exempted, or excused" is defined as a Juror Selection Record. Jury Plan § 6. To the extent that defendant seeks that defined record in his request for "juror qualification . . . forms," that request should be granted as to the 2019 Master Jury Wheel. Any such request as to other years should be denied without prejudice.

13. The Questionnaire, as defined by § 6 of the Jury Plan, sent to the prospective grand jurors. (Exh. A to Def. Mot. ¶ 13)

"[S]ubmitted and returned Questionnaires" are defined as Juror Selection Records pursuant to the Jury Plan. Jury Plan § 6. Defendant's request for this defined information as to the 2019 Master Jury Wheel should be granted. His request for that information is not time-limited, and to the extent that he seeks it for other years, that request should be denied without prejudice.

14. The records of the prospective jurors who failed to return the Questionnaire. (Exh. A to Def. Mot. ¶ 14)

Section 6 of the Jury Plan directs the Court to maintain, as a Juror Selection Record, a record of "whether each prospective juror submitted or returned a Questionnaire." Defendant's request for this information as 2019 Master Jury Wheel should be granted. His request

for that information is not time-limited, and to the extent that he seeks it for other years, that request should be denied without prejudice.

15. The Juror Numbers for the persons selected as potential grand jurors from January 1, 2020 to July 30, 2020. (Exh. A to Def. Mot. ¶ 15)

It is not clear what, if any, Juror Selection Records defendant intends to seek by this request. To the extent that he seeks to elicit, directly or indirectly, whether specific prospective jurors received a summons for a petit jury or a grand jury service, that information is not a Juror Selection Record. Jury Plan § 6; see also Ciancia, 2015 WL 13798661, *3. To the extent that defendant's date-limited request seeks information that is specifically defined in the Juror Plan as a Juror Selection Record —— which is not clear from the face of the request —— it should be granted only as it pertains to the 2019 Master Jury Wheel.

16. The disposition of each summoned potential grand juror as to excusal, deferment, disqualification or selection as described in §§ 9-11 of the Jury Plan from January 1, 2020 to July 30, 2020. (Exh. A to Def. Mot. ¶ 16)

Section 6 of the Jury Plan categorizes as a Juror Selection Record the Court's record of "whether each prospective juror was postponed, disqualified, exempted, or excused; whether each prospective juror was directed to report during the on-call period; and whether each prospective juror reported as directed." To the extent that defendant's date-limited request seeks that information, his request should be granted as it pertains to the 2019 Master Jury Wheel.

Defendant's request for records relating to "selection" of specific grand jurors might be read to seek "the names of grand

jurors chosen and sworn," which are not Juror Selection Records and which the Jury Plan specifically provides shall not be disclosed except on order of the Court. Jury Plan § 8. Further, as noted above, defendant is not as a matter of right entitled to information on whether specific summonses were for petit or grand jury service. Jury Plan § 6; see also Ciancia, 2015 WL 13798661, *3.

17. The Juror Number for each grand juror who returned the Indictment in this case on July 30, 2020. (Exh. A to Def. Mot. ¶ 17)

This information is not a Juror Selection Record, and the request should be denied without prejudice.

18. The attendance record and reason for absence by date of each grand juror who returned the Indictment in this case on July 30, 2020. (Exh. A to Def. Mot. ¶ 18)

This information is not a Juror Selection Record, and the request should be denied without prejudice.