CUAUHTEMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
Carel Alé (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
Charles Snyder (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>JOSE LUIS HUIZAR,<br><br>           Defendant. | Case No. 20-CR-0326-JFW<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO INSPECT JUROR SELECTION RECORDS PURSUANT TO 28 U.S.C. § 1867(f)** |

Defendant Jose Luis Huizar, by and through his attorneys of record, Deputy Federal Public Defenders Carel Alé and Charles Snyder, files this reply in support of his motion to inspect juror selection records.

                              Respectfully submitted,

                              CUAUHTEMOC ORTEGA
                              Interim Federal Public Defender

DATED: October 13, 2020       By /s/ Carel Alé
                              Carel Alé
                              Charles Snyder
                              Deputy Federal Public Defender

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government agrees that Mr. Huizar has an absolute right to certain grand juror selection records. (Memorandum of Law in Response to Defense Motion to Inspect Grand Juror Selection Records Pursuant to 28 U.S.C. § 1867(f) ("Response") at 1 (No. 66).) Because the parties have no dispute as to those records, they should be disclosed.[1]

The government believes, however, that Mr. Huizar is only entitled to subset of grand juror selection records under the JSSA: those "clearly delineated in the Court's Jury Plan" as "Juror Selection Records." (*Id.* at 1).[2] Any records sought beyond that subset, the government asserts, require an application to the Chief Judge "with a showing of particularized need" for such records. (*Id.* at 1). Accordingly, the government asserts that Requests 2, 3, 6-12, 17 and 18 should be denied.

Mr. Huizar agrees that some of his request seek records about the juror selection process not specifically defined as "Juror Selection Records" by this District Jury Plan. That is so because Mr. Huizar is not limited only to "Juror Selection Records" as defined by this District's Jury Plan. Neither the Jury Selection Service Act ("JSSA") nor this District's Jury Plan create such a limitation. Nor do they create a heightened, "particularized need" requirement to obtain records not specifically deemed "Juror Selection Records" by Jury Plan. Further, Mr. Huizar's Motion to this Court is the

---

[1] Those Requests are 1, 4, 5 and 13-16. The government notes that Requests 5, 13, 14, 15, and 16, are not limited in time. (Response at 5-6 and 8-9). Mr. Huizar limits his Request 5, 13, 14, 15 and 16 to information pertaining to the 2019 Master Jury Wheel. Mr. Huizar reserves his right to seek information beyond that time period at a later date.

[2] The government construed Mr. Huizar's request as seeking records related to the 2019 Master Jury Wheel. (Response at 3). Mr. Huizar intended to request records of the Master Jury Wheel related to the grand jurors in his case and appreciates the government construing his requests as such. Mr. Huizar amends his request to seek records related to the 2019 Master Jury Wheel.

1

1 appropriate method by which to obtain grand juror selection records, regardless of
2 whether they are defined as "Juror Selection Records" by this District's Jury Plan.
3       This Court should grant Mr. Huizar's request. To the extent that the Court
4 determines that any materials requested are beyond those which this Court can order
5 disclosed, Mr. Huizar requests that the Court refer his request to the Chief Judge as
6 contemplated by § 12 of the Jury Plan.

## II. LEGAL ANALYSIS

Mr. Huizar is entitled to inspect grand juror selection records pursuant to 28 U.S.C. §1861, *et seq*. (Motion at 1-2). *See Taylor v. Louisiana*, 419 U.S. 522, 528 (1975); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980). The Jury Selection and Service Act ("JSSA") creates an unqualified right to the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process." 28 U.S.C. § 1867(f); *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) ("The right to inspect jury lists is essentially unqualified."). Pursuant to the JSSA, this District adopted General Order 19-07 (the "Jury Plan") to effectuate the aims of the JSSA. The Jury Plan defines certain documents as specifically being "Juror Selection Records." Those records specifically considered "Juror Selection Records" are made public pursuant to § 12 of the Jury Plan. Section 12 explains the procedures for the disclosure of both "Juror Selection Records" as well as "anything not identified as Juror Selection Records . . . ." General Order 19-07 at § 12.

**A. Mr. Huizar Has an Unqualified Right to the Records in Requests 2, 3, 6-12, 17, and 18 Under the JSSA**

The government objects to Requests 2, 3, 6-12, 17, and 18 because the documents requested are, according to the government, not "Juror Selection Records" to which Mr. Huizar is entitled to under this District's Jury Plan and JSSA. (*See, e.g.*, Response at 4 ("Statistical analyses are not juror selection records as defined in the Jury Plan.")). Mr. Huizar agrees that some of the requests seek records not specifically

2

1 identified as "Juror Selection Records" by the Jury Plan. Mr. Huizar is entitled to those
2 documents anyways pursuant to the Jury Plan and the JSSA. The government disagrees.
3       The government asserts that records other than those defined "Juror Selection
4 Records" require "a showing of particularized need which . . . would have to [be]
5 present[ed] to the Chief Judge of this Court." (*Id.*) The government believes that Mr.
6 Huizar must present a "'sworn statement of facts which, if true, would constitute a
7 substantial failure to comply with the provisions of' the Act." (*Id.* at 2 (citing 28 U.S.C.
8 § 1867(d)). The government misconstrues the statue. No such requirement exists to
9 obtain relevant records outside of those specifically defined as "Juror Selection
10 Records" by the Jury Plan or the JSSA.[3]

11     **1.**    **The JSSA Does Not Require Mr. Huizar to Show a "Particularized**
12              **Need" for the Records**

13       Mr. Huizar does not need to show a "particularized need" for documents that are
14 not specifically defined as "Juror Selection Records." Title 28 U.S.C. § 1867(d)
15 requires Mr. Huizar to provide a "sworn statement of facts" only "[u]pon motion filed
16 under subsection (a), (b), or (c) of this section . . . ." *Id.* Mr. Huizar's motion for
17 inspection of records was filed under subsection (f). The purpose of his motion is to
18 determine whether he can move to dismiss the indictment or stay the proceedings under
19 subsection (a) for "substantial failure to comply with the provisions of th[e] title in
20 selecting the grand or petit jury." *Id.* at (a). Unlike subsection (d), subsection (f) does
21 not require a statement of facts. *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir.
22 1996) ("The procedural mechanisms of the jury selection provisions require the moving
23 party to submit a sworn statement to support a motion to strike a jury venire or
24 challenge the selection processes; such a sworn statement is *not* required to support a
25 motion to inspect the records.") (emphasis added). *See People of the Territory of Guam*

---

[3] The government does not make any other objection to the requests or assert that the requests are overbroad or not relevant to or beyond the scope of Mr. Huizar's potential claims.

3

*v. Palomo*, 511 F.2d 255, 258 (9th Cir.1975) (explaining that a defendant is entitled to inspect and copy jury records in order to prepare a motion to stay or dismiss under § 1867(a) and to comply with § 1867(d)'s requirement of a sworn statement of facts). Indeed, the Supreme Court in *United States v. Test*, 420 U.S. 28 (1975) was explicit that the only limitation authorized by Congress on the disclosure of this information is that it must be made at a reasonable time. *Id.* at 30, fn. 4.

Requiring Mr. Huizar to show a particularized need to obtain the grand jury records he requests, regardless of whether they are specifically defined as "Juror Selection Records" by the Jury Plan, would defeat the purpose of the statute. Mr. Huizar requests inspection of records because he cannot know, for example, whether the quorum of grand jurors that indicted him was a fair cross section without inspecting the records. As the Supreme Court has explained, the JSSA "grants access in order to aid parties in the 'preparation' of motions challenging jury selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious challenge." *Test*, 420 U.S. at 29.

Given this legal framework, this Circuit and others have held that access to grand jury records pursuant to the JSSA may not be conditioned on additional showings. *See, e.g.*, *United States v. Beaty*, 465 F.2d 1376, 1380-81 (9th Cir. 1972) (remanding to allow for inspection of records where the district court had denied petitioner's request because, *inter alia*, "no facts had been given to the court to show probability of merit"); *Royal*, 100 F.3d at 1025; *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (explaining that a defendant's "motion [to inspect jury records] may not be denied because it is unsupported by a 'sworn statement of facts . . .' [n]or . . . because the defendant failed to allege facts which show a 'probability of merit'"); *see also United States v. Diaz*, 236 F.R.D. 470, 477 (N.D. Cal. 2006) ("Access to such records may not be conditioned on the defendants showing a probability of success on the merits of the

4

jury-selection challenge."); *United States v. Cerna*, No. 08-CR-0730-WHA, 2009 WL 2998930, at \*2 (N.D. Cal. 2009) (same).

The JSSA does not require Mr. Huizar to make an additional showing of particularized need to avail himself of his unqualified right to inspect juror selection records pursuant to the JSSA.[4] The government has cited no case to the contrary; in fact, consistent with the JSSA, the case law holds that Mr. Huizar is not required to make this showing. Thus, the records requested in 2, 3, 6-12, 17, and 18 should also be disclosed.

### 2.     Mr. Huizar's Motion Is the Appropriate Means to Obtain the Records Requested

Section 12 of the Jury Plan explains that "[p]arties seeking the disclosure of anything not identified as Juror Selection Records must apply to the Court for an order of disclosure, if such an application is made, *it shall be referred* to the Chief Judge." General Order 19-07, at § 12 (emphasis added). "Court" is defined as "the United States District Court for the Central District of California." *Id.* at 1. Through his Motion, Mr. Huizar moved this United States District Court for an order allowing him access to grand juror selection records. Mr. Huizar does not need to separately petition the Chief Judge for the requested records. Instead, if this Court determines that Mr.

---

[4] Mr. Huizar's Motion was also premised on potential constitutional claims. (Motion at 1-2). Even if any additional showing must be made under the JSSA, which is not required by the plain language of the statute, Mr. Huizar's right to seek documents relevant to potential constitutional challenges are not limited by the requirements of the JSSA. *See United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal. 2006) (explaining that "disclosure requirements under 1867(f) differ from disclosure for a constitutional claim."). Mr. Huizar is entitled to discovery of grand jury data on purely constitutional grounds and no such heightened pleading requirement exists. *See, e.g.*, *Mobley v. United States*, 379 F.2d 768, 773 (5th Cir. 1967) (recognizing a constitutional right to discovery in a case that arose prior to the enactment of the JSSA, and granting access to confidential jury questionnaires); *State ex erl. Garrett v. Saitz*, 594 S.W.2d 606, 608 (Mo. 1980) (ordering disclosure of grand jury data purely on federal constitutional grounds, reasoning that the defendant was entitled to grand jury data to assess whether he had a viable constitutional challenge); *Afzali v. State*, 326 P.3d 1, 3 (Nev. 2014) (same); *State v. Ciba-Geigy Corp.*, 573 A.2d 944, 946 (N.J. Super. Ct. App. Div. 1990) (same). The government does not address Mr. Huizar's constitutional grounds. (*See, generally*, Response).

5

Huizar seeks records that can only be disclosed by the Chief Judge, Mr. Huizar's request for disclosure should be referred to the Chief Judge.

Not only is this the appropriate method per the Jury Plan but logistically, this makes sense, too. Requiring parties to make requests directly to the Chief Judge would prove unmanageable and burdensome, especially without a case docket on which to electronically file requests or responses to the Chief Judge. *Cf. United States v. Cloud*, No. 1:19-CR-02032-SMJ-01, 2020 WL 4381608, at *2, fn. 1 (E.D. Wash. July 27, 2020) (holding that "Defendants' motion was the appropriate mechanism by which to request this information" in part because requiring requests be made to "the Clerk of the Court or the Chief Judge could prove unwieldly" especially when denied).

Mr. Huizar's Motion is the appropriate method to obtain all of the records he seeks. This District's Jury Plan does not require Mr. Huizar to separately petition the Chief Judge for access to non-Jury Selection Records. Instead, § 12 of the Jury Plan allows this Court to refer to the Chief Judge any request that seek documents beyond those defined as "Jury Selection Records."

\* \* \*

Title 28 U.S.C. § 1867(f) grants Mr. Huizar access to records regarding the jury-selection process as may be necessary to prepare or present a motion under this section. Mr. Huizar need not make any other particularized showing of need in order to avail himself of this unqualified right.[5] To the extent that any of the records requested are not Jury Selection Records as defined by the Jury Plan, this Court should refer the request to the Chief Judge as contemplated by § 12 of the Jury Plan.

---

[5] In any event, Mr. Huizar did explain at least one "particularized need" for the information requested. Mr. Huizar explained that running the names through the National Change of Address database and removing or transferring names after the Master Jury Wheels are proportionally populated raises concerns about whether the final Master Jury Wheel complies with the requirements of the Jury Plan, JSSA, and the Constitution. (Motion at 2-3).

6

### III. CONCLUSION

For the reasons stated above, Mr. Huizar respectfully requests that this Court grant his motion to inspect the Jury Selection Records previously requested, and/or refer requests to the Chief Judge pursuant to § 12 of the Jury Plan.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: October 13, 2020

CAREL ALÉ
CHARLES SNYDER
Deputy Federal Public Defenders