UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CRIMINAL MINUTES</u>

Case No.   **CR 20-326-JFW**                                                                 Dated: October 29, 2020

===========================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
|---|---|---|
| Courtroom Deputy | Court Reporter | Veronica Dragalin |
| | | Melissa E. Mills |
| | | Asst. U.S. Attorney |
| | | Not Present |

===========================================================================

U.S.A. vs (Dfts listed below)                    Attorneys for Defendants

1)   Jose Luis Huizar                             1)   Carel Alé, DFPD
     Not Present                                        Charles James Snyder, DFPD
                                                        Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING IN PART DEFENDANT'S MOTION TO INSPECT GRAND JUROR SELECTION RECORDS PURSUANT TO 28 U.S.C. § 1867(f) [filed 9/15/2020; Docket No. 65]**

On September 15, 2020, Defendant Jose Luis Huizar ("Defendant") filed a Motion to Inspect Grand Juror Selection Records Pursuant to 28 U.S.C. § 1867(f) ("Motion to Inspect").  On September 22, 2020, the Government filed its Response.  On October 13, 2020, Defendant filed his Reply.  On October 15, 2020, the Court ordered the parties to file a joint statement regarding Defendant's Motion to Inspect.  As required by the Court's Order, on October 22, 2020, the parties filed a Joint Statement.  The Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 2, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, the Joint Statement, and the arguments therein, the Court rules as follows:

Pursuant to 28 U.S.C. § 1867(f) and General Order 19-07, Defendant is entitled to inspect, reproduce, and copy certain types of juror selection records.  As indicated in the Joint Statement, the parties agree that Defendant is entitled to inspect, reproduce, and copy the records responsive

Initials of Deputy Clerk __sr__

to Requests 1, 12, 13, and 14 because they constitute Juror Selection Records as identified in the Court's General Order No. 19-07 (the Jury Plan"). The Court agrees, except that the Court concludes that, at this stage, Defendant is only entitled to inspect, reproduce, and copy "Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected." Jury Plan § 12. In other words, without an order of the Chief Judge, Defendant is only entitled to inspect, reproduce and copy Jury Selection Records relating to the 2019 Western Division Master Jury Wheel. Accordingly, the Court **GRANTS** Requests 1, 12, 13, and 14  to the extent Defendant seeks records relating to the 2019 Western Division Master Jury Wheel.

With respect to Requests 4 and 5, the parties agree that the Source Data and Master Jury Wheel data are Juror Selection Records pursuant to the Jury Plan, but they are uncertain as to whether the Source Data and Master Jury Wheel data contains all of the information requested (e.g., race, gender, ethnicity). The Court **GRANTS** Defendant's Requests 4 and 5 to the extent such information is included and/or available in the Source Data and Master Jury Wheel data (and only to the extent such requests seek records relating to the 2019 Western Division Master Jury Wheel).

With respect to Request 16, the parties agree that the record of "whether each prospective juror was postponed, disqualified, exempted, or excused; whether each prospective juror was directed to report during the on-call period; and whether each prospective juror reported as directed" is a Juror Selection Record and that Defendant is entitled to it.  *See* Jury Plan § 6. Accordingly, the Court **GRANTS** Request 16 to the extent it seeks such information (and only to the extent it seeks records relating to the 2019 Western Division Master Jury Wheel).

The Court **DENIES** the remaining requests **without prejudice**. The Clerk of the Court's responses to Requests 1, 4, 5, 12, 13, 14, and 16 will likely reveal much of the information sought by the remaining requests, and Defendant will likely find that many of the remaining requests are unnecessary and/or duplicative. To the extent Defendant wishes to pursue any of the remaining requests *after reviewing* the responses to Requests 1, 4, 5, 12, 13, 14, and 16, Defendant may file a renewed motion, which shall include a joint statement prepared in accordance with the Court's October 15, 2020 Order.

For the foregoing reasons, Defendant's Motion to Inspect is **GRANTED in part, DENIED in part (without prejudice)**. Within 14 days of this Order, the Clerk of the Court shall make available or provide the following information in response to Requests 1, 4, 5, 12, 13, 14, and 16 to Defendant:

1. Any AO-12 form or JS-12 form created that relates to the 2019 Western Division Master Jury Wheel.

4. The Source Data in electronic form for the 2019 Western Division Master Jury Wheel. The data shall include, as available, Race, Gender, Ethnicity, Year of Birth, Zip Code, and County.

5. The 2019 Western Division Master Jury Wheel data, in electronic format which shall include, as available, Juror Number, Race, Gender, Ethnicity, Year of Birth, Zip Code, and County.

12. For the 2019 Western Division Master Jury Wheel, the juror qualification forms (i.e., completed Questionnaires) for the persons summoned as potential grand jurors.[1]

13. The Questionnaire, as defined by § 6 of the Jury Plan, sent to the prospective grand jurors on the 2019 Western Division Master Jury Wheel.

14. The records of the prospective jurors from the 2019 Western Division Master Jury Wheel who failed to return the Questionnaire.

16. The record of whether each summoned prospective grand juror was postponed, disqualified, exempted, or excused; whether each summoned prospective grand juror was directed to report during the on-call period; and whether each summoned prospective grand juror reported as directed.

IT IS SO ORDERED.

---

[1] Defendant has withdrawn his request for summons forms at this time. With respect to the Questionnaires, "Questionnaires may be completed and submitted online through the Court's website, or completed and returned to the Clerk by mail, e-mail, or fax." Jury Plan, § 6. It is the Court's understanding that the majority of jurors complete the Questionnaire online, and that, for these jurors, there is no physical Questionnaire to examine. The information or data collected from the online Questionnaires is stored in electronic format and will be reflected in the data produced in response to Request 5. With respect to the jurors who return the form via mail, e-mail, or fax, the data from the answers in those returned Questionnaires is also stored in electronic format and will be reflected in the data produced in response to Request 5. Although data will be produced in electronic format, Defendant is also entitled to inspect, reproduce, and copy the physical copies of the Questionnaires returned by mail, e-mail, or fax. However, in light of the pandemic, the Court recommends that Defendant first review the electronic data produced in response to Request 5 before determining if he wishes to personally inspect the Questionnaires.

Initials of Deputy Clerk  sr