UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 20-326(A)-JFW**                                              Dated: April 2, 2021

===============================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Veronica Dragalin |
| | | Melissa E. Mills |
| | | Asst. U.S. Attorney |
| | | **Not Present** |

===============================================================
U.S.A. vs (Dfts listed below) - **Not Present**      Attorneys for Defendants - **Not Present**

| 1. Jose Luis Huizar | 1. Carel Ale, DFPD; Charles James Snyder, DFPD |
| 2. Raymond She Wah Chan | 2. Harland W Braun, Retained |
| 4. Shen Zhen New World I, LLC | 4. Richard M. Steingard, Retained |
| 5. Dae Yong Lee | 5. Ariel A Neuman, Retained |
| 6. 940 Hill, LLC | 6. Ariel A Neuman, Retained |

_____

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING DEFENDANT JOSE HUIZAR'S MOTION
TO COMPEL DISCOVERY
[filed 2/22/2021; Docket No. 160]**

On February 22, 2021, Defendant Jose Huizar ("Huizar") filed a Motion to Compel Discovery ("Motion"). On February 24, 2021, Defendants Dae Yong Lee, 940 Hill, LLC, and Shen Zhen New World I, LLC filed Joinders in Defendant Huizar's Motion. On March 1, 2021, the Government filed its Opposition. On March 8, 2021, Defendant Huizar filed a Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 5, 2021 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On June 22, 2020, the Government filed a criminal complaint charging Defendant Huizar with one count of Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d), with an accompanying 116-page affidavit setting forth the Government's theory of the case and a detailed presentation of evidence in support of the charge.

On July 30, 2020, the grand jury returned a 113-page indictment, charging Defendant Huizar in thirty-four counts with violations of 18 U.S.C. § 1962(d) (RICO Conspiracy), 18 U.S.C. §§ 1341, 1343, 1346 (Honest Services Mail and Wire Fraud), 18 U.S.C. § 1952(a)(3) (Interstate and Foreign Travel in Aid of Racketeering), 18 U.S.C. § 666(a)(1)(B) (Bribery Concerning Programs Receiving Federal Funds), 18 U.S.C. § 1956(a)(1)(B)(i), (a)(2)(B)(i) (Money Laundering), 18 U.S.C. § 1014 (False Statements to a Financial Institution), 18 U.S.C. § 1001(a)(2) (Making False Statements), 31 U.S.C. § 5324(a)(3) (Structuring of Currency Transactions to Evade Reporting Requirements), and 26 U.S.C. § 7201 (Attempt to Evade and Defeat the Assessment and Payment of Income Tax).

On November 12, 2020, the grand jury returned a 138-page First Superseding Indictment, charging Defendant Huizar and five other defendants (Raymond She Wah Chan, Wei Huang, Shen Zhen New World I, LLC, Dae Yong Lee, and 940 Hill, LLC).  The substantive crimes charged against Defendant Huizar in the First Superseding Indictment are the same as charged in the original Indictment.

On February 22, 2021, Defendant Huizar filed a motion to compel production of two categories of grand jury records:  (1) information regarding "any modification(s) to [the U.S. Attorney's Office's] pre-COVID (i.e., normal) grand-jury procedures" for the grand jury proceedings in this case, such as grand jurors appearing by video, witnesses wearing masks, or witnesses testifying remotely;[1] and (2) legal instructions that the U.S. Attorney's Office ("USAO") used to inform the grand jury regarding the counts charged in the Indictment.

## II.     LEGAL STANDARDS

### A.     Grand Jury Materials

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Grand jury secrecy serves the following purposes:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of

---

[1]Defendant Huizar also seeks any orders requiring or authorizing these modifications.  The Court notes that the General Orders and Orders of the Chief Judge issued in the Central District of California to address the COVID-19 pandemic are publicly available on the Court's website.  These orders do not authorize grand juries to deliberate remotely by video or telephonic conference.  In addition, the parties are undoubtedly well aware of all of the publicly available guidance issued by the CDC and state and local authorities.

standing trial where there was no probability of guilt.

*In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781–82 (9th Cir. 1982) (quoting *Douglas Oil*, 441 U.S. at 219 n.10.)

Federal Rule of Criminal Procedure 6(e) codifies the principle of grand jury secrecy, and provides that persons present at a grand jury proceeding "must not disclose . . . matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). There are limited exceptions to this rule. For example, the Court "may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs --of a grand-jury matter: . . . (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The Supreme Court has "consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983). To demonstrate particularized need, a defendant must show that the material he seeks "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." *Id.* (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)). It is well established that "mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particularized need required to outweigh the policy of grand jury secrecy." *United States v. Ferrebouef*, 632 F.2d 832, 835 (9th Cir.1980).

Despite the strong interest in maintaining grand jury secrecy, the Ninth Circuit has recognized a limited right of public access to "ministerial records" of a grand jury. *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d at 781 ("[A]s members of the public, the appellants have a right, subject to the rule of grand jury secrecy, of access to the ministerial records in the files of the district court having jurisdiction of the grand jury. Absent specific and substantial reasons for a refusal, such access should not be denied."). The Ninth Circuit defined "ministerial" records as those that "generally relate to the procedural aspects of the impaneling and operation of the ... Grand Jury, as opposed to records which relate to the substance of the ... Grand Jury's investigation." *Id.* at 779 n.1. For example, "the dates that the relevant grand juries were impaneled and excused, as well as their empaneling instructions, are ministerial records which are not entitled to secrecy." *United States v. Pacific Gas & Electric Co.*, 2015 WL 3958111, at * 12 (N.D. Cal. June 29, 2015). The Ninth Circuit, however, noted that its use of the term "ministerial records" "should not be taken to indicate any settled judgment on [its] part" which records could be classified as "matters occurring before the grand jury" as that expression is used in Federal Rule of Criminal Procedure 6(e). *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d at 780 n.1. It declined "to attempt . . . any detailed characterization of the scope of the public access right as it applies in this context," deferring instead to the district court "to work out the details of the access doctrine in an appropriate way." *Id.* at 784. In determining whether records should be disclosed, the Ninth Circuit directed courts to consider "whether their disclosure would, in fact, threaten legitimate interests of the government, the grand jurors, or any other persons connected with the grand jury proceedings," *id.* at 782 n.4. "The Ninth Circuit thus set forth an instructive standard, which permits disclosure of ministerial grand jury records that do not reveal the substance or essence of the grand jury's investigation or deliberations." *United States v. Diaz*, 236 F.R.D. 470, 476 (N.D. Cal. 2006).

### B. Rule 16

Federal Rule of Criminal Procedure 16 grants a criminal defendant the right "to inspect all documents, data, or tangible items within the "[G]overnment's 'possession, custody, or control' that are "material to preparing the defense." *United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) (citing Fed. R. Crim. Proc. 16(a)(1)(E)). To obtain discovery under Rule 16, a criminal defendant "must make a prima facie showing of materiality." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (internal citations omitted). Evidence is "material" if it is "'relevant to the development of a possible defense.'" *Id*. (quoting *United States v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984)). "Materiality is a low threshold . . . . Information is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (quotations and citations omitted). However, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219.

## III. DISCUSSION

### A. Request No. 1: Information related to the modification of the USAO's grand jury procedures in response to the COVID-19 pandemic

As a threshold matter, the Court must determine whether Defendant Huizar's request for information regarding "any modification(s) to [the USAO's] pre-COVID (i.e., normal) grand-jury procedures" relates to a "matter occurring before the grand jury." Although at first glance such a request appears to relate to the "procedural aspects" of the grand jury's operation, the Court agrees with the Government that the records sought cannot be simply discounted as "ministerial."

Unlike the records sought in *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778 (9th Cir. 1982) (e.g., summons authorizations, service extensions, and other records usually maintained by the Clerk of Court), Defendant Huizar does not seek administrative or clerical records of the district court. Rather, Defendant Huizar seeks information from the Government describing specific details of what took place in the grand jury room during the presentation of the Indictment and First Superseding Indictment in this case, including whether grand jurors appeared by video, whether witnesses wore masks, or whether witnesses testified remotely. Such details with respect to a specific grand jury proceeding are closely associated with the deliberative and judgment aspects of the grand jury's function, including, for example, its evaluation of a witness's credibility. The Court agrees with the Government that, "[w]ithout making any showing of need or materiality, defendant is not entitled to know whether a witness testified remotely or wore a facemask any more so than he is entitled to know whether the witness failed to make eye contact, fidgeted, had beads of sweat on his forehead, or exhibited any other signs that might be argued as relevant to evaluating credibility." Opposition at 10. Moreover, if the Court were to grant Defendant Huizar's request, without requiring a showing of particularized need or materiality, it would open the door to a plethora of frivolous and baseless requests for information relating to events transpiring in the grand jury room. Accordingly, the Court concludes that Defendant Huizar must demonstrate a particularized need for this information before disclosure will be permitted.

Initials of Deputy Clerk __sr__

The Court concludes that Defendant Huizar has failed to demonstrate any "particularized need" for information responsive to Request No. 1. Instead, he merely vaguely asserts that the information is needed to "evaluate potential motion practice." Motion at 2-3. Defendant Huizar effectively concedes he has not demonstrated a "particularized need" for information responsive to Request No. 1, arguing instead that the grand jury secrecy rule is inapplicable and that he need only meet the materiality standard under Rule 16. However, even assuming that the information sought is not covered by the grand jury secrecy rule, the Court concludes that Defendant Huizar has not even met the low threshold of materiality under Rule 16, let alone the standard for particularized need for grand jury materials. Accordingly, Defendant Huizar's Request No. 1 is **DENIED**.

**B.    Request No. 2: Legal Instructions Used to Inform the Grand Jury About the Counts Ultimately Returned in the Indictment**

As an initial matter, the Court must determine whether Defendant Huizar must demonstrate a particularized need for the legal instructions provided to the grand jury. "A split of authority has developed regarding whether the legal instructions provided by the prosecutor to the grand jury are the kind of 'ground rules' subject to disclosure, or rather whether they go to the substance of the grand jury's deliberation and are therefore afforded a presumption of secrecy." *United States v. Pacific Gas & Electric Co.*, 2015 WL 3958111, at *12 (N.D. Cal. June 29, 2015). The Court is persuaded that "[t]he instructions to the grand jury are intimately associated with the deliberation and judgement aspects of the grand jury function." *United States v. Welch*, 201 F.R.D. 521, 523 (D. Utah 2001). *See also United States v. Larson*, No. 07CR304S, 2012 WL 4112026, at *4 (W.D.N.Y. Sept. 18, 2012). Accordingly, the Court concludes that Defendant Huizar must demonstrate a particularized need for the legal instructions provided to the grand jury.

The Court concludes that Defendant Huizar has failed to make the requisite showing of a particularized need. The Court notes that the Government is not required to provide *any* legal instructions to the jury in order to secure an indictment. *See United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir. 1981). And, even where instructions are given, "the prosecutor has no duty to outline all the elements of [the offense] so long as the instructions given are not flagrantly misleading or so long as all the elements are at least implied." *United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989), *overruled on other grounds by Midland Asphalt Corp. V. United States*, 489 U.S. 794, 799-800 (1989). Defendant Huizar has failed to make any showing that the instructions to the grand jury may have been misleading, let alone flagrantly misleading. Indeed, Defendant Huizar relies on sheer speculation and fails to identify any valid basis for the Court to presume that the grand jury was improperly instructed or otherwise presented with material omissions and/or false information.[2]

Accordingly, Defendant Huizar's Request No. 2 is **DENIED**.

---

[2] Apparently recognizing that he has failed to show any particularized need, Defendant Huizar proposes that the Court, in the alternative, "can simply require the government to produce an early copy of the instructions that it believes apply to the charged offenses." Motion at n.9. Clearly if such a proposal would satisfy Defendant Huizar, he has no basis to believe that the instructions to the grand jury were misleading.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Huizar's Motion, joined by Defendants Dae Yong Lee,  940 Hill, LLC, and Shen Zhen New World I, LLC, is **DENIED**

IT IS SO ORDERED.