TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0647/0627
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
             Veronica.Dragalin@usdoj.gov
             Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOSE LUIS HUIZAR, et al.,<br><br>        Defendants. | No. 2:20-CR-326(A)-JFW-1,2,4,5,6<br><br>JOINT STATUS REPORT REGARDING REQUEST FOR SETTING TRIAL AND RELATED DATES<br><br>**CURRENT TRIAL DATE:**  Vacated<br>**PROPOSED TRIAL DATE:**  05/24/2022<br><br>**Hearing Date:** May 10, 2021<br>**Hearing Time:** 8:00 a.m.<br>**Location:** Courtroom of the Hon.<br>                John F. Walter |

     Pursuant to the Court's April 5, 2021 Order, plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, Melissa Mills, and defendants JOSE LUIS HUIZAR, RAYMOND SHE WAH CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL, LLC

(collectively, "defendants"), both individually and by and through their respective counsel of record, hereby file the attached Joint Status Report.

Dated: May 5, 2021                Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____
MACK E. JENKINS
VERONICA DRAGALIN
MELISSA MILLS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: May 5, 2021         /s/ via e-mail authorization
CAREL ALE
CHARLES SNYDER
Attorneys for Defendant
JOSE LUIS HIUZAR

Dated: May 5, 2021         /s/ via e-mail authorization
HARLAND W. BRAUN
Attorneys for Defendant
RAYMOND CHAN

Dated: May 5, 2021         /s/ via e-mail authorization
RICHARD M. STEINGARD
Attorneys for Defendant
SHEN ZHEN NEW WORLD I, LLC

Dated: May 5, 2021         /s/ via e-mail authorization
ARIEL A. NEUMAN
Attorneys for Defendants
DAE YONG LEE and 940 HILL, LLC

**JOINT STATUS REPORT**

**A.    Request for May 24, 2022 Trial Date**

1.    In a stipulation filed on March 31, 2021, defendants moved to set a trial date of May 24, 2022, and the parties jointly requested certain pre-trial briefing dates, for the reasons set forth in the stipulation (CR 170).

2.    On April 5, 2021, this Court held a status conference regarding the trial date and related deadlines.  The Court ordered the parties to meet and confer regarding the proposed dates to advance deadlines for pre-trial motions to occur all in 2021 and to consider advancing the May 24, 2022 trial date.

3.    Between April 27, 2021 and May 5, 2021, the parties met and conferred multiple times regarding the proposed trial schedule. Defendants continue to request a May 24, 2022 trial date, and, based on the additional information below, the government has no objection. The parties agree on certain pre-trial deadlines, as set forth in more detail below.

4.    In addition to the reasons set forth in the March 31, 2021 Stipulation, defendants request the May 24, 2022 trial date based upon the following additional facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    The government produced supplemental discovery to all defendants on April 22, 2021 and April 29, 2021, including video footage intercepted pursuant to Court-authorized video bugs in two target locations for the interception periods for which audio interceptions had previously been produced, electronic data intercepted pursuant to Court-authorized Title III orders for five

target phones for the interception periods for which audio and text message interceptions had previously been produced, and 58 audio and video files of recorded interviews for which reports had previously been produced.  The government currently anticipates producing additional discovery and will continue to produce discovery that is generated as part of trial preparation during the pendency of this case.

  b. Counsel for defendant HUIZAR, Carel Alé, is presently scheduled to be in the following trials: (1) United States v. Remy Navar, CR-20-374-RGK, 06/08/2021, trial estimate 2-3 days, on bond; (2) United States v. Micah Tillmon, CR-20-289-MWF, 06/22/2021, trial estimate 2-3 days, on bond; (3) United States v. Jazzmon Russell, CR-17-533-RGK, 08/17/2021, trial estimate 2-3 days, in custody; (4) United States v. William Acosta, CR-20-389-AB, 08/24/2021, trial estimate 2-3 days, on bond; (5) United States v. James Ball, CR-21-0094-VAP, 09/14/2021, trial estimate 2-3 days, in custody; (6) United States v. David DeMulle, CR-15-141-ODW, 11/09/2021, trial estimate 2-3 days, on bond; and (7) United States v. Andrew Madi, CR-18-846-PSG, 04/12/2022, trial estimate 4-5 days, on bond.  Counsel for defendant HUIZAR, Charles Snyder, is presently scheduled to be in the following trials: (1) United States v. Ramon Lopez-Garcia, CR-19-244-DSF, 5/18/2021, trial estimate four days, in custody; (2) United States v. Paul Torres, CR-19-490-CAS, 5/25/2021, trial estimate four days, in custody (court has asked the parties to reserve June 8 or June 15, 2021 for trial); (3) United States v. Angel Gonzalez-Sanchez; CR-19-77-DSF, 6/22/2021, trial estimate two days, in custody (4) United States v. John Ortiz, CR-19-748-RGK, 6/29/2021, trial estimate three days, on bond after a year in custody; (5) United States v. Ammarie

<u>Nicasio</u>, CR-19-187-FMO, 6/15/2021, trial estimate four days, on bond (parties have agreed to move trial to open date on 8/3/2021); (6) <u>United States v. Bryan Smith</u>, CR-19-681-AB, 4/27/2021, trial estimate three days, on bond; (7) <u>United States v. Ricardo Valencia</u>, CR-19-311-MWF, 8/17/2021, trial estimate three days, on bond; (8) <u>United States v. Abel Garcia</u>, CR-20-225-DSF, 9/14/2021, trial estimate four days, on bond; (9) <u>United States v. Bernard Davis</u>, CR-21-76-ODW, 9/14/2021, trial estimate two days, on bond; (10) <u>United States v. Jonathan Zuniga</u>, CR-19-635-FMO, 11/9/2021, trial estimate four days, on bond; (11) <u>United States v. Brandon Tilley</u>; MJ-21-183-KEW (E.D. Okla.), no current trial date, trial estimate seven days, in custody; (12) <u>United States v. Colin Heatherington</u>; CR-13-183-VAP/JAK, no current trial date, trial estimate 10 days, en route via extradition.

c.     Counsel for defendant CHAN is presently scheduled to be in the following trials: (1) <u>United States v. Justin Cozart</u>, CR-20-40-DOC, 11/2/21, on bond.

d.     Counsel for defendant SHEN ZHEN NEW WORLD I, LLC is presently scheduled to be in the following trial: <u>United States v. Loh, et al.</u>, CR-19-193-DSF, 03/15/2022, trial estimate two to three weeks, on bond.

e.     Counsel for defendants LEE and 940 HILL, LLC is presently scheduled to be in the following trials: (1) <u>John Bedrosian, et al. v. Mohamed Hadid, et al.</u>, Los Angeles Superior Court, Case No. SC129388, 6/1/21, trial estimate 4 weeks; (2) <u>United States v. Michael Lacey, et al.</u>, District of Arizona, CR-18-422-PHX-SMB, 8/23/21, trial estimate 3 months; (3) <u>United States v. Weaver, et al.</u>, CR 19-527-ODW, 2/15/22, trial estimate 3 weeks

3

**B.   Proposed Dates**

5.   The parties jointly request that the Court set the following additional agreed-upon dates, and resolve the five disputed dates as indicated in the chart and addressed in Section C below (Court hearings appear in **bold**):

| Event | Agreed Dates | Disputed Dates Defense | Disputed Dates Govt |
|---|---|---|---|
| Pretrial Motions (Severance) | 8/9/2021 | | |
|     Oppositions | 9/7/2021 | | |
|     Replies | 9/27/2021 | | |
| Pretrial Motions (Dismiss) | 9/7/2021 | | |
|     Oppositions | 10/4/2021 | | |
|     Replies | 10/25/2021 | | |
| **Hearing re: Pretrial Mtns** | **11/15/2021** | | |
| Suppression Motions | 11/1/2021 | | |
|     Oppositions | 12/6/2021 | | |
|     Replies | 1/3/2022 | | |
| **Hearing re: Suppression Mtns** | **1/31/2022** | | |
| Govt Witness List | | 6/15/2021 | 4/22/2022 |
| Govt Exhibit List | | 6/15/2021 | 4/22/2022 |
| Govt 404(b) | | 6/15/2021 | 2/1/2022 |
| Brady/Giglio | | 6/15/2021 | 3/25/2022 |
| Govt Experts | 2/1/2022 | | |
| Defense Experts | 3/1/2022 | | |
| Exchange Joint MIL Mtns | 2/14/2022 | | |
| Exchange Joint MIL Opps | 3/7/2022 | | |
| Joint MILs (filing) | 3/9/2022 | | |
| **Hearing re: MIL** | **3/28/2022** | | |
| Final Transcripts & Translations | 4/22/2022 | | |
| Govt Jencks deadline | 3/25/2022 | | |
| Def Jencks statements | 5/16/2022 | | |
| Govt Charts & Summaries | 4/22/2022 | | |
| Def Charts & Summaries | 5/16/2022 | | |
| Defense Witness List | 5/16/2022 | | |
| Defense Exhibit List | 5/16/2022 | | |
| **Pretrial Conference** | **5/16/2022** | | |
| **TRIAL** | **5/24/2022** | | |

**C.    Disputed Dates**

    **1.**  <u>Defense's Position</u>

The defense requests that the Court order the government to disclose its witness list and exhibit list (including Bates stamp numbers corresponding to each exhibit) on or before June 15, 2021 in order to provide each defendant sufficient time to meaningfully prepare their defense in what is undeniably a sprawling and complicated case involving millions of pages of discovery and, at a minimum, scores of potential witnesses and exhibits.

In *United States v. Grace*, 526 F.3d 499 (9th Cir. 2008), a case similarly complex in nature and large in scope and discovery, the trial court ordered the government to produce finalized witness and exhibit lists approximately sixteen months prior to trial.  The government appealed "challeng[ing] the district court's authority to require or enforce a finalized pretrial list of witnesses and trial exhibits, and argu[ing] that, even if authorized, the enforcement orders were an abuse of the court's discretion." 526 F.3d at 505. The Ninth Circuit, sitting *en banc*, concluded that the trial judge had not abused his authority in issuing the orders, noting, "The charged conspiracy reaches back nearly 30 years, the government now proposes to call more than 200 witnesses, there are many defendants and allegations, and millions of pages of documents have been produced during discovery.  Such a complex case poses special challenges to the parties in preparing for trial and to the court in managing the litigation."  *Id*. at 513-4.

The circumstances of the instant case largely mirror those in *Grace*.  Although here, the government's investigation "only" dates back fifteen years, the case is equally complex and expansive in

scope and discovery.  The indictment is 138 pages long, charges six
defendants, and alleges 41 counts (and six forfeiture counts),
including a RICO count with 452 overt acts.  The government's
discovery, to date, exceeds two million pages and includes, but is
not limited to, over 93,000 files of wire interceptions in several
languages, an additional 260 hours of audio recordings in several
languages, an unknown number of hours of video recordings, extraction
reports for over a dozen digital devices, pen register data for over
two dozen phones, GPS phone tracker data for multiple devices,
thousands of pages of pleadings for wiretaps, search warrants, cell
site and GPS warrants, pen registers, and the seizures from numerous
searches.  The complex nature of the case and the many issues that
will need to be resolved before trial are manifest; indeed, the
Court's recent comment about the nature of the case practically
quoted the Ninth Circuit in *Grace*: "[O]bviously this is a complex
case because it involves a very long and detailed investigation, and
certainly there are many issues that we are going to have to work
through to get to trial." (Reporter's Transcript of Proceedings,
April 5, 2021 at 32-3.)[1]

Further, the government has admitted that it *currently* knows
what evidence it will be seeking to admit at trial; there is thus no
reason to allow it to postpone production to the defense until closer
to trial.  At the last court appearance, the prosecutor stated,
"[T]he evidence that the Government intends to rely on in its case in
chief, I would say 90 to 95 percent of that has been produced."  (*Id.*

---

[1]    The government filed a notice that the case was complex at its
inception and, again, after the First Superseding Indictment issued.
(ECF Nos. 36, 86.)

1    at 35.)  Thus, the government is aware of which exhibits it will seek

2    to introduce at trial, which have been produced, and which are

3    outstanding.  In light of this representation, there is no basis for

4    the government to delay disclosure of its witness and exhibit lists

5    other than to gain a strategic advantage over the defense.

6        The government notes below that the contours of the case may

7    change based on subsequent motion practice. But it can surely produce

8    witness and exhibit lists in good faith based on the case as it

9    stands right now.  At worst, the witnesses and exhibits will be

10   circumscribed as litigation proceeds.  Providing the lists now will

11   allow defense counsel to focus their efforts as they wade through the

12   millions of pages, hundreds of hours of recordings, and reams of data

13   produced in discovery.[2]

14       Likewise, the defense seeks disclosure of all *Brady* and *Giglio*

15   material by June 15, 2021, in order to facilitate defendants'

16   investigations and trial preparations.  First, the Court's Criminal

17   Trial Order in this case clearly and unequivocally states, "Upon

18   government counsel's discovery of any evidence within the scope of

19   *Brady v. Maryland*, 373 U.S. 83 (1963), such evidence shall be

20   produced forthwith to counsel for the defendant." (*See e.g.*, ECF 150

21   at 4.)  Second, the government cannot offer any persuasive reason to

22   further delay production of this material. The government has never

23   claimed that there is any threat of violence against cooperators and

24

25   [2]   The government's excuse that it cannot produce the lists because
     it is responding to discovery requests is not well-taken.  The
26   government has taken extended periods of time to respond to the
     defendants' discovery letters sent in this case.  Moreover, there is
27   no doubt the government can quickly pin-point each document,
     recording, or interview supporting each of its allegations after
28   preparing the First Superseding Indictment, whereas the defense has
     been left to scour the discovery in hopes of finding them.

1   has not identified any other legitimate basis to withhold *Brady* and

2   *Giglio* materials until shortly before trial.

3         The need for a deadline is made manifest by the government's

4   incorrect position, articulated below, that there are no outstanding

5   requests for particularized *Brady* material, and that the "most

6   significant" *Giglio* material has been produced.  As the government

7   well knows, the parties have exchanged meet-and-confer letters on

8   these very issues and a number of requests for material that is

9   either *Brady* or "significant" *Giglio* are outstanding.[3]

10

11   [3]     By way of example, on January 13, 2021, Mr. Huizar sent the
     government a letter seeking six specific categories of discovery
12   primarily relating to known cooperators.  The government did not
     answer Mr. Huizar's letter in any form for nearly three months, at
13   which point it claimed not to understand some of the requests.  Mr.
     Huizar responded to the government's stated confusion within two
14   days, identifying 10 specific types of information and documents
     while providing several specific sub-examples.  Among many other
15   things, the requests sought draft factual bases exchanged with
     cooperators; communications with cooperators and counsel about the
16   veracity of statements made during government proffers;
     communications with cooperators and counsel about expected or
17   anticipated statements during government proffers; threats or
     inducements conveyed to cooperators and counsel; and many other
18   discoverable categories of documents and information.  On April 28,
     2021, the government formally responded to Mr. Huizar's January 13
19   letter by refusing to produce some information, requesting further
     clarification about other information, and agreeing to produce some
20   information and documents while stating: "Given the nature of your
     requests, they will also require further time processing for
21   production, including by making any necessary redactions since your
     requests require review of attorney work product, internal
22   deliberative process of the USAO, and the review of handwritten
     notes. This is all relevant context for the timing of potential
23   productions."  Again, by way of example, the government wrote that it
     would produce draft factual bases from plea agreements for George
24   Esparza, George Chiang, Justin Kim, and Morrie Goldman 60 days before
     trial, and the requested communications with them and their counsel
25   60 days before trial.  Setting aside Rule 16, to say that there is no
     *Brady* or *Giglio* (which is a subset of *Brady*) information outstanding,
26   or that the defense has not made particularized *Brady* requests, is
     inconsistent with the parties' actual communications.

27

28

                                      8

The same rationale supports the defense's request that the government produce all Rule 404(b) evidence by June 15, 2021. As it does for *Brady* and *Giglio* materials, the Court's Pretrial Order states, "Upon proper request by the defendant for the disclosure of the government's intent to offer evidence pursuant to Federal Rule of Evidence 404(b), the government shall promptly provide a list of all witnesses and documents that the government intends to offer during trial, and in no event shall the government provide such information later than eleven (11) calendar days prior to trial." (*See e.g.*, ECF 150 at 11.)

Rule 404(b) itself requires that the government give "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial… [and] articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Although the rule does not identify a specific date by which the government must disclose Rule 404(b) evidence, the government's request to delay this disclosure until February 2022 is neither "prompt" nor "reasonable." That is especially true here where some Rule 404(b) evidence may be admitted against defendants charged in the conspiracy but not others who are not so charged. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995) (explaining that "policies underlying rule 404(b) are inapplicable when offenses committed as part of a single criminal episode"). Thus, early clarity on the government's proposed Rule 404(b) evidence will assist the defendants to determine as expeditiously as possible what Rule 404(b) evidence, if any, is admissible and against which defendants.

## 2. Government's Position

As already conveyed to defense counsel, the government has been providing Brady, Giglio, and Jencks Act statements soon after the material is in the government's possession and on a rolling basis. At this time, the government is not aware of any Brady material in the government's possession that has not been produced to the defense and defense counsel have not made any particularized Brady request. As for Giglio, to the government's knowledge and as conveyed to defense counsel, the most significant Giglio information for the key government witnesses of which the government is aware has been previously produced via FBI reports of interviews and/or is publicly available (plea agreements and media reports). Further, the government is not yet in a position to have a finalized witness list given that defendants have not yet filed severance, dismissal, and suppression motions, which could materially alter the trial in this case. Pretrial resolutions may also alter the government's case-in-chief, witness list, and exhibit list. The government proposes March 25, 2022 (60 days before trial) as the deadline for production of Giglio and Jencks Act statements, as it will be in a better position with respect to its case-in-chief at that time, post pre-trial motions and the filing of motions in limine. The government has a continuing obligation to provide this type of discovery up to and continuing through trial. To the extent that in the ordinary course of trial preparation additional Jencks Act statements are obtained after March 25, 2022 (the agreed-upon deadline) and additional Giglio discovery comes within the government's possession after March 25, 2022 (the disputed deadline), the government will promptly provide

1   such discovery after processing.

2        As to the Government's 404(b) notice, the government proposes

3   February 1, 2022, 112 days before trial.  After the public filing of

4   charges in this case, the government received and continues to

5   receive complaints from the public which the government continues to

6   investigate.  Discovery productions to date have included complaints

7   and reports of the government's continued investigation on a rolling

8   basis.  Evidence resulting from this continued investigation may form

9   the basis for 404(b) notice.  Providing notice 112 days before trial

10  will give defendants sufficient time to investigate.

11       As to the government's exhibit list and witness list, at the

12  last status conference, the Court suggested a deadline 30 days in

13  advance of trial, with which the government agreed.  Given the

14  Court's numerous interactions with this case, the Court is very well

15  aware of the facts, discovery, and complexity of the case.  The

16  government presumes the Court's suggestion took such factors into

17  account, since the point of the status conference was to set

18  realistic dates for the parties and ones that the Court would

19  approve.  The Court also conveyed at the hearing, in response to a

20  defense counsel inquiry, that it was not seeking to order arbitrary

21  deadlines simply so that one side could then later use them to run to

22  court and seek to exclude otherwise admissible evidence.

23        As the Court is aware, there is no statutory, rule, or case law

24  requirement for the government to provide witness and exhibit lists

25  in advance of trial.  Moreover, in the undersigned government

26  counsel's experience, many courts in this district set a deadline for

27  the government to produce these lists one week before or on the first

28  day of trial.  Yet here, defendants ask the government to provide its

1    final witness and exhibit list approximately <u>11 months before trial</u>,

2    and approximately 6 weeks from now.  Given defendants' joint request

3    for a mid-2022 trial date, the government has focused on organizing

4    and completing discovery, including responding to discovery questions

5    and supplemental requests, instead of preparing its trial witness and

6    exhibit lists, making such a deadline unfeasible.  Furthermore, this

7    also means the deadline would be two months before the filing of

8    defendants' severance motions, three months before the filing of

9    motions to dismiss, and many more months in advance of the resolution

10    of suppression motions and motions <u>in</u> <u>limine</u>.  The filing and

11    resolution of defense motions, as well as potential pre-trial

12    resolutions, may significantly alter the government's case-in-chief,

13    and therefore its witness and exhibit list.  Moreover, given the

14    high-level of detail in the FSI, the over 400 Overt Acts, and the

15    fact that the overwhelming majority of the evidence underpinning

16    these charges has been in defense counsel's possession for many

17    months, any claim that setting a deadline 30 days in advance of trial

18    gains the government any tangible tactical advantage is not

19    compelling.  Quite the opposite, setting a premature cut-off date in

20    this context is designed set the government up to fail.  That is, it

21    would allow defense counsel to then cite the deadline to unreasonably

22    exclude otherwise admissible evidence (that likely had already long

23    been in the defense possession).  These lists should be a meaningful

24    tool for the parties and the Court to reasonably prepare for trial,

25    not a weapon to force exclusion.  This is why there is no set rule as

26    to the timing of these disclosures and why the case law gives great

27    deference to the trial court to fashion a schedule that does not

28    unduly burden the government but also ensures it does not permit the

government to try its case by surprise.  Given the context of this case, the Court's suggested 30-day disclosure deadline satisfies both aims.

Defendants' reliance on United States v. W.R. Grace, 526 F.3d 499 (9th Cir. 2008) is misplaced.  In a May 2005 order, the district court exercised its considerable discretion to set, without objection by the government, a September 2005 deadline for the government's exhibit and trial list, with a September 2006 trial.  Id. at 514. For the reasons discussed above, this Court should exercise its discretion to set the timeline discussed at the status conference and requested by the government herein.