# Exhibit C



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Mack E. Jenkins*
*Chief, Public Corruption and Civil Rights Section*
*Phone:  (213) 894-2091*
*E-mail:mack.jenkins@usdoj.gov*

*1500 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*

May 28, 2021

**<u>VIA E-MAIL</u>**

*All Counsel*

Carel Alé
Charles Snyder
Office of the Federal Public Defender
321 E. 2nd Street
Los Angeles, CA 90012
Carel_Ale@fd.org
Charles_Snyder@fd.org

Harland Braun
Braun & Braun LLP
10250 Constellation Blvd., Suite 1020
Los Angeles, CA 90067
harland@braunlaw.com

Richard Steingard
Law Offices of Richard M. Steingard
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017-2672
richard@steingardlaw.com

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
aneuman@birdmarella.com
rseilie@birdmarella.com

Re:    <u>United States v Jose Huizar et al</u>, CR No. 20-326(A)-JFW
       Requests for Four Reverse Proffers and Related Matters

Dear Counsel:

We write in response to emails from Mr. Steingard of May 11, 2021 and May 24, 2021 that request four separate reverse proffers and reference the May 10 hearing in this matter.  Because Mr. Steingard's latest email copied all defense counsel and because we think our response is relevant to all, we include each counsel in this response.

## I.    <u>Overt Act Project</u>

At the May 10 hearing, the Court heard from the parties about disputed deadline dates for the trial.  At that hearing, the Court ruled in the government's favor as to each of the disputed dates.[1]

---

[1] As to the deadline for government's exhibit and witness lists, the Court set a deadline two months earlier than the government's proposed date but eight months later than requested by the defense.

All Counsel
RE:  Requests for Four Reverse Proffers and Related Matters
May 28, 2021
Page 2

In so doing, the Court largely pushed back on or rejected the defense's proffered reasons for their earlier deadlines.  The Court also made clear it did not intend the deadline setting to be a game of "gotcha;" instead, it was an effort to ensure that the parties were ready to proceed to trial on May 24, 2022 -- the date requested by the defense -- and that both sides be treated fairly.  We appreciate that each of you have that same goal in mind.

Notwithstanding the Court's rulings favorable to the government, as we stated at the May 10 hearing, and unrelated to any legal requirement, we are currently working on identifying Bates-stamped versions of the documents quoted or cited in the First Superseding Indictment ("FSI").  Once we complete this project in the coming months, consistent with our continued efforts to facilitate your trial preparation and exceeding the requirements of any discovery obligation, we intend to share that specific work product with all counsel.  We are also working on creating an initial witness list.  While we are unable to give a more precise timeline now, we fully expect it to be well in advance of the Court's Feb. 15, 2022 draft exhibit and witness list deadline.  We will notify defense counsel once we have compiled the list of documents and witnesses.  In addition, not only will we produce this Bates-stamped enumerated list of exhibits well in advance of the Court's deadline for an exhibit list, we expect it will be organized by overt act.[2]  This will make it even easier than a traditional exhibit list to identify specific documents relevant to each respective defendant/scheme.  Please note that, for this overt act project, we are using the same process that has been available to the defense during the pendency of this case (e.g., searching the discovery database for dates and quoted language to find the corresponding email, text message, linesheet/wire call, etc. by Bates number).

## II.    The Speaking Indictment Aids Understanding the Case and Discovery

As we have previously stated, the FSI in this matter is deliberately specific, detailed, and comprehensive in order to make clear the government's theories of criminality, the manner in which those crimes occurred, and outline much of the evidence in support of the same.  This type of "speaking indictment" is done, in large part, to put the defendants on notice of the charges and evidence against him/her.  Further, we disagree with defense counsel's repeated contention that this case is so unprecedented.  Without question, the case has complicated aspects and the discovery is voluminous and analyzing the two takes significant and diligent effort.  That said, the racketeering and bribery theories and the evidence we have relied upon here are not uncommon much less unprecedented.  Moreover, they were set forth deliberately in the FSI to avoid any significant surprises at trial and consistent with other pay-to-play local bribery schemes.  While you, the Court, and/or a jury may ultimately disagree as to whether we can prove our case beyond a reasonable doubt, we believe we have repeatedly made clear in the

---

[2] To be clear, this will serve as an early version of the government's initial exhibit list but is not meant to be exhaustive or final.

All Counsel
RE:  Requests for Four Reverse Proffers and Related Matters
May 28, 2021
Page 3

complaint, the indictment, the superseding indictment,[3] and in individual conversations with counsel (and, in one case, the defendant) about what our case is and what our evidence is.  We have no desire to hide any ball, as we do not believe doing so furthers the interests of the case, and we have acted and will continue to act consistent with that representation.

## III.   Record Corrections

With the foregoing in mind, we take issue with certain representations made by defense counsel to the Court at the May 10 hearing.  First, as part of his argument that the discovery was so unwieldy -- which was a basis for the request that the Court set a witness/exhibit list deadline 11 months prior to trial[4] -- counsel for SZNW referred to Overt Act 57 and described his accidental discovery of the quoted email that names a specific defendant related to an identified corruption scheme as an illustration as what makes it so difficult to understand the government's case.    However, we believe this argument actually supports the government's position asserted above as to how the case can be reasonably navigated.  A simple word search of the OCR'd discovery for the phrase "maximum allowable development" (specifically quoted in OA 57) identifies the specific quoted email, produced multiple times as part of Ricky Zheng's email account (e.g., Casino_0044203, Casino_0044205).  In our view, the fact that a third party *also* produced a version of this email (the version to which counsel referred in court) does not make it difficult to find the evidence supporting this overt act, understand the government's case, or prepare for trial.

Second, in similarly making an argument as to why such lengthy time was needed to prepare for motions and/or trial, counsel for Mr. Huizar  told the Court that the government represented that it would produce one terabyte of data, but that it in fact recently produced *two* terabytes.  That is incorrect.  Although we asked for a two terabyte hard drive because we initially believed the data may be that voluminous, production volume 24 (Prod 024) was only 435 GB, which is less than half of a terabyte, meaning that counsel for Mr. Huizar, in asserting that the government had understated the amount of recently produced discovery, in fact *overstated* the actual discovery the defense had then received by 1.5 TB.[5]

---

[3] Each of these public documents, the first of which was unsealed June 23, 2020 – at  a time when each defendant was already aware of the government's investigation into each defendant and all of whom had criminal counsel – set forth extensive details about the allegations that would make up the FSI, which has now been pending since November 12, 2020.

[4] At the hearing, the defense appeared to suggest that their proposed final deadline was not intended to be truly final and that the government could later supplement the lists after that deadline; however, the defense filing on that topic did not include such concession.

[5] We are not asserting this misrepresentation was intentional.

All Counsel
RE: Requests for Four Reverse Proffers and Related Matters
May 28, 2021
Page 4

Third, Prod 024 included 20 GB of video from co-defendant Raymond Chan's office. Counsel for Mr. Huizar represented to the Court that it would take months to review this material and represented that there were issues accessing the audio. Counsel for SZNW has also been in touch with our Office regarding his extensive efforts (and difficulty) viewing this video evidence. As we have previously explained in writing, including when producing this data, this video data includes video <u>only</u> (no audio because the audio interception was produced prior to the video). Moreover, we have represented both in court and in letters <u>that only one overt act in the FSI relies on evidence from the video interception, and that overt act (OA 436) involves Raymond Chan only.</u>[6] The remaining 414 GB of data in Prod 024 was comprised of intercepted <u>electronic</u> data (not audio or sms messages) that we have also repeatedly represented has largely not formed the basis for the FSI. Indeed, we created and produced a separate spreadsheet of the limited substantive communications contained in this electronic data in order to further help you navigate the most relevant aspects of this data. This is all to say that, in the government's view, we have repeatedly attempted to help the defense navigate its view of (a) where the most relevant discovery is located and (b) what evidence formed the basis of the FSI.

## IV.  Reasonable Efforts

The May 11, 2021 email references the "spirit" of the Court's comments at the May 10 hearing. As we have previously stated, we take those comments as a guide as to how to best litigate this case fairly and efficiently in that courtroom, while also ensuring we protect our duty to fairly present the case to the jury and the government's right to a fair trial. We believe we have diligently and consistently sought to make reasonable efforts to meet and, where possible, exceed our obligations with those goals in mind. In our view, both the Court's comments and, importantly, its rulings have supported this view of actions up to this point. We believe this has also been reflected in our numerous meet and confers with each of you, even if we do not always agree on an outcome or analysis.

## V.  Reverse Proffers Request

As for your request of four separate sessions for the government to "trek through the overt acts as it applies to each defendant's case," you are essentially asking the government to prepare and provide four separate reverse proffers specially tailored to each defendant. In order to manage expectations, we want to make our position on this request clear. As you know, reverse proffers in general are very rare and there is no rule, case law, or court order directing the government to provide such a service. Indeed, the case law is clear that the defense is not entitled to a dress rehearsal of the government's trial, much less four of them. Moreover, none of the typical factors supporting the basis for a reverse proffer are present here: (1) there are no current plea negotiations with any defendant who has appeared on the case; (2) the case is post-indictment and has been unsealed; (3) that indictment is detailed and comprehensive; and (4) discovery has

---

[6] Counsel for Mr. Chan, Mr. Lee, and 940 Hill LLC have not expressed any difficulty reviewing this video.

All Counsel
RE:  Requests for Four Reverse Proffers and Related Matters
May 28, 2021
Page 5

been produced.  Notably, your requests and statements to us have made clear that you are seeking reverse proffers to make your trial preparation easier not to resolve your client's case.  Reverse proffers are not provided as a shortcut to defense trial preparation.   We do not read anything in the Court's order or its comments at the May 10 hearing as suggesting that it sought to compel the government to take such extraordinary steps at this stage of the proceeding, and we do not intend to do so.

To be clear, we intend to continue our cooperative approach in this case -- for example, by recently providing a more detailed index tailored to a defense request regarding transcripts, individualized explanations and tutorials of discovery issues.  And we remain open to hearing your additional requests.  But we must set reasonable limits.

## VI.   **Reciprocal Request**

As stated above (Section I), we intend to produce a Bates-stamped enumerated list of exhibits organized by overt act and initial witness list well in advance of the Court's February 15, 2022 deadline for production of the government's initial exhibit and witness lists.  In return, we request that you provide an early production of your initial defense exhibit list and witness list[7] similarly in advance of your May 16, 2022 deadline.  Please let us know if you are willing to make this reciprocal early production to allow both sides to ensure they are best prepared for trial by May 24, 2022.

Respectfully,

MACK E. JENKINS
VERONICA DRAGALIN
MELISSA MILLS
Assistant United States Attorneys
Public Corruption & Civil Rights Section

---

[7] As you may recall, the Court stated he will consider advancing this defense deadline of his own accord in any event.