Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260-9449
Facsimile: (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC
[And on Behalf of All Defendants]

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSE LUIS HUIZAR, ET AL.,<br><br>   Defendants. | CR-20-326(A)-JFW<br><br>**DEFENDANTS'** *EX PARTE* **APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR DEFENDANTS' MOTION FOR RECONSIDERATION OF DATE FOR GOVERNMENT'S DISCLOSURE OF EXHIBIT LIST; DECLARATION OF RICHARD M. STEINGARD**<br><br>**Current Hearing Date: September 20, 2021**<br>**Proposed Hearing Date: September 2, 2021** |

The defendants hereby apply *ex parte* for an order shortening time to hear the Defendants' Motion for Reconsideration of Date for Government's Disclosure of Exhibit List.

///
///
///

1

The grounds for this *ex parte* application are set forth in the attached declaration of counsel.

DATED: August 20, 2021          Respectfully submitted,

                                LAW OFFICES OF RICHARD M. STEINGARD


                                */s/ Richard M. Steingard*
                                RICHARD M. STEINGARD
                                Attorney for Defendant
                                SHEN ZHEN NEW WORLD I, LLC

                                [And on Behalf of All Defendants]

**DECLARATION OF RICHARD M. STEINGARD**

I, Richard M. Steingard, state and declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Honorable Court. My firm represents Shen Zhen New World I, LLC in the above-captioned matter.

2. On August 16, 2021, I submitted Defendants' Motion to Reconsider Date for the Government's Disclosure of Exhibit List and an Ex Parte Application to Shorten Time. On August 19, 2021, the Court issued an order striking the motion and ex parte and ordering as follows: "Defendants shall re-file their Motion for Reconsideration of Date for Governments Disclosure of Exhibit List ("Motion") no later than August 23, 2021 setting it for hearing on September 20, 2021 at 8:00 a.m. If counsel still intend for the Court to consider advancing the hearing, they shall then file an Ex Parte Application to Have the Motion Heard on Shortened Time ("Application"). The Application must explain the reasons and must contain admissible evidence to support the need to have the Motion heard on shortened notice. Counsel shall also set forth a proposed briefing schedule and new date for the hearing. A proposed order should be attached to the Application. If granted, this would advance the motion from September 20, 2021 to the date requested in Defendants' Ex Parte Application. If denied, the hearing date will remain set for September 20, 2021 at 8:00 a.m. Counsel shall also review the documents before refiling to correct any errors contained in the filings. The docket text must also correctly identify the filing(s) and match exactly."

3. As ordered, my office is refiling the Motion and setting it for hearing on September 20, 2021 at 8 a.m. For the reasons that follow, I ask that the Court consider setting a briefing schedule and advancing the date for the hearing on this Motion:

    a. At a hearing on May 10, 2021, the Court considered when the government should disclose its trial exhibits. The Court ultimately set the date as

  February 15, 2022, but in doing so, proposed that the government meet with defense counsel and informally disclose its trial exhibits. The government agreed to do so. The Court also stated, "[I]f there is an issue, I would encourage you to bring it to the attention of the Court as early as possible so I can figure out what the problem is and hopefully resolve the problem so we can move forward." (5/10/21 RT 27, 28, attached as Exhibit A.)

 b. Since that date, the government has declined to meet with defense counsel and, instead, is producing its trial exhibits at an unreasonably slow rate. After a three month wait, the government recently provided a list of exhibits for 4 of its 40 non-RICO counts (10 percent), and 75 of the 452 overt acts (approximately 16 percent). The government has advised it will not provide another partial list for three more months, to be followed by a two-month gap before a final production. See correspondence between counsel attached collectively as Exhibit B.

 c. The defense seeks reconsideration of the government's disclosure date. The defendants are attempting to prepare for trial on May 23, 2022—although that date is still nine months away, the massive amount of government discovery already produced (with a large amount still to come), and the government's unwillingness to informally provide its exhibits at a reasonable pace, continue to hinder my trial preparation. I have already filed a severance motion even though I still am unfamiliar with much of the government's evidence against my client, and am now working on motions to dismiss under the same handicap. The defense believes this matter should come before the Court as soon as possible and asks for an order shortening time to allow for an expedited hearing schedule on this issue.

4. We ask that the Court set this matter for hearing on September 2, 2021, order the government to respond on or before August 27, 2021, and afford

the defense to file an optional reply brief on or before August 30, 2021. I have confirmed these dates with counsel for all defendants.

5. On August 19, 2021, I emailed the prosecutors assigned to this case to ask for their position on this *ex parte* application, including the proposed hearing date and briefing schedule. On August 20, 2021, AUSA Jenkins emailed me as follows: "(1) The government maintains its objection to the application to shorten time as unnecessary and because defendant has articulated no urgent need to calendar a separate hearing on this issue 18 days before the next scheduled hearing date. (2) If the Court grants your application to shorten time, a 9/2 hearing works for the government. (3) If the Court grants your application to shorten time, an 8/27 response date also works for the government." A copy of the email correspondence is attached as Exhibit C to this application.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of August, 2021, at Los Angeles, California.

_____
Richard M. Steingard