1   Richard M. Steingard (SBN 106374)
    *rsteingard@SteingardLaw.com*
2   LAW OFFICES OF RICHARD M. STEINGARD
    800 Wilshire Boulevard, Suite 1050
3   Los Angeles, California 90017
    Telephone:  (213) 260-9449
4   Facsimile:   (213) 260-9450

5   Attorney for Defendant
6   Shen Zhen New World I, LLC

7   [And on Behalf of All Defendants]

8

9           **IN THE UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

12   UNITED STATES OF AMERICA,          CR-20-326(A)-JFW

13              Plaintiff,              **DEFENDANTS' REPLY TO**
                                        **GOVERNMENT'S OPPOSITION**
14        v.                            **TO MOTION FOR**
                                        **RECONSIDERATION OF DATE**
15   JOSE LUIS HUIZAR, ET AL.,          **FOR GOVERNMENT'S**
                                        **DISCLOSURE OF EXHIBIT LIST**
16              Defendants.

17

18                                      **Hrg Date: September 20, 2021**
                                        **Hrg Time: 8:00 a.m.**
19

20

21

22

23

24

25

26

27

28

1

1    The defendants submit this reply to the government's opposition to the

2  motion to reconsider the government's disclosure date for its trial exhibit list.

3

4                                    Respectfully submitted,

5  Dated: September 7, 2021          **LAW OFFICES OF RICHARD M.**

6                                    **STEINGARD**

7

8

9                          By:  /s/ Richard M. Steingard

10                                  Richard M. Steingard
                                    Attorney for Defendant
11                                  **SHEN ZHEN NEW WORLD I, LLC**

12
                                    [And on Behalf of All Defendants]
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW
OFFICES OF
RICHARD M.
STEINGARD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The government's opposition misses on all points.  It completely disregards the court proceedings on May 10, 2021, when it committed to informally meeting with defense counsel to provide its trial exhibits.  It mischaracterizes the defense's next-day *suggestion* – what the government calls a "directive" and an "unprecedented demand" – that, instead of meeting separately with each defense attorney, the government could more efficiently meet with groups of attorneys who are jointly involved in different aspects of the case, thereby avoiding having to repeat itself over and over.  It then manufactures a claim that the defense "essentially order[ed] the government to prepare and provide four separate reverse proffers specially tailored to each defendant," when that never occurred.  It even misrepresents defendants' basis for seeking reconsideration, claiming, incorrectly, "[t]he issue is whether defendants can force the government to create something for defendants' use at a time that is optimally convenient to defendants, notwithstanding that defendants can create that very same work product on their own."

To be clear, the defendants seek reconsideration because, after the government assured the Court and counsel that it would informally "meet and confer" to disclose its trial exhibits (Mr. Jenkins: "the short answer is yes"), it reversed course and refused to do so.  After much prodding by defense counsel, the government announced that it would identify its trial exhibits in three installments spread over an eight-month span (May to January).  Still the defendants did not seek the Court's intervention.  Because the government's first tranche of exhibits addressed only 4 of the 40 non-RICO counts and 75 of the 452 overt acts – 10 and 16%, respectively – with no government disclosures to occur for another *three*

*months* and then a *two-month* gap before the last disclosure – the defendants sought reconsideration.

When the Court set the government's exhibit disclosure date in mid-February 2022, it stated, "I will ask counsel to embark upon this effort to meet and confer and maybe have a status conference at some point in time later to see how that process is going. Certainly by the time we are going to have a hearing on the first wave of the pretrial motions, I will be -- I'm sure counsel will be able to inform me at that point in time how the exhibit issue is progressing. That will then determine what we do with these dates." (5/10/21 RT 27.) The first round of pretrial motions – the severance motions – are to be heard on October 4. Because the government has advised that it will not provide another list of trial exhibits until November 1, the Court now knows the parties' respective positions on "how the exhibit process is going." The government claims they have gone above-and-beyond what the Court proposed while the defense believes the government's disclosure pace is unreasonably and deliberately slow.

## II.

## THE GOVERNMENT'S KEY ARGUMENTS

The government's opposition does not dispute any of the facts or exhibits in the defendants' motion, nor do they add any new facts or exhibits to the issue. Accordingly, we respond below to the government's key arguments.

1.  "[Defendants'] demands seek work product to which defendants are not legally entitled, that are not currently in the government's possession, and that otherwise unfairly burden the government and fail to recognize the significant steps taken to date to aid the defendants' trial preparation." (ECF No. 225, Govt. Opp. at 1:13-17)

Defendants have not made any "demands" on the government and have only asked that it adhere to what the Court proposed, and the government agreed to, on May 10, 2021. Defendants do not seek any work product, but only the government's trial exhibits, a small subset of discovery that only the government is

LAW
OFFICES OF
RICHARD M.
STEINGARD

4

aware of.  Defendants do not seek any materials that are not currently in the government's possession.  Defendants' motion for reconsideration acknowledged the government's first production but doubt that three months after claiming to have started its identification of trial exhibits, the government only knows of approximately 15 percent of its RICO exhibits, and even less for the other 40 counts, and needs another five months to identify the remaining exhibits.  This seems inconsistent with the Court's assessment on May 10 when it told government counsel, "I think the bulk of the exhibits are probably already known… [You've] been working on this case for a long time."  (5/10/21 RT 17.)  At the time the government did not disagree.

The government appears to still concede as much, claiming that the issue is not *identifying* its trial exhibits but *locating* them among the millions of pages of discovery materials.  (*Id*. at 1, n.2.)  Defense counsel question this claim and suspect that the prosecution team – including three highly experienced federal prosecutors, an untold number of federal agents, and the staff and resources of the second largest U.S. Attorney's Office in the country – are quite capable of re-locating the trial exhibits among the discovery materials.

To resolve this issue, we ask that the Court order the government to produce to the defense all *un*-Bates numbered exhibits that were used or referenced to generate the Complaint, and issue an order under Rule 6(e), F.R.Cr.P., for the disclosure of exhibits presented or referenced in the grand jury proceedings.  Presumably, the combination of these *un*numbered documents –which the government surely possesses – forms the bulk of the government's trial evidence.  In this way, the defendants can begin reviewing the government's anticipated trial exhibits while the prosecution team continues its search for the Bates-numbered exhibits.

///

///



LAW
OFFICES OF
RICHARD M.
STEINGARD

2. "The government declined defendants' directive for 'a series of four meeting sessions on different days, each focusing on the government's evidence as it relates to the various aspects of the case.' … In making such an unprecedented demand, defendants were essentially ordering the government to prepare and provide four separate reverse proffers specially tailored to each defendant. (*Id.* at 5.)

Defendants never gave the government a "directive" or made a "demand" for a reverse proffer. The email from defense counsel that the government refers to begins, "In keeping with the spirit of the Judge's comments at yesterday's appearance, *we'd like to discuss* how we can go about jointly addressing the specific items of evidence that the government will rely on at trial. We're open to *suggestions* but here's what the defense is *proposing*…" (ECF No. 209, Def. Ex. C) (emphasis added). The email suggested that the parties hold "a series of four meeting sessions on different days, each one focusing on the government's evidence as it relates to the various aspects of the case… In this way, the govt could efficiently address the trial exhibits (by Bates number so we can easily find them) and witnesses for the various counts and overt acts without having to repeat it for each defendant." (*Id.*) The email closed by emphasizing that defendants were open to other proposals, or a further discussion on how to proceed: "Let me know your thoughts and I'll discuss with my co-counsel. We're *open to alternative ideas* but the sooner we get started on this, the better. As always, I'm *available to discuss* by phone." (*Id.*; emphasis added)

This is hardly a "directive" or an "order" that the government provide a reverse proffer. In fact, following this email, defendants acquiesced to the government's pronouncement that it would not meet with defense counsel but, instead, would disclose the exhibits after it completed its "Draft Exhibit Project." Defense counsel only asked that the government consider providing a timetable for its disclosures and a rolling production. When the government agreed to this request and provided a timeline spanning eight months, the defendants did not

challenge the dates for the productions.  The defendants only sought the Court's reconsideration after having waited three months, received the first list of exhibits, found that the production was unreasonably slight, and realized that another production would not take place for another three months.

    3. "Defendants fail to meet the standard for reconsideration…" (*Id*. at 4:1-2.)

Again, the government's argument is misplaced.  First, the issue is the *timetable* for the government's production of its exhibit list, not an evidentiary ruling of some sort.  The timing of such a disclosure is clearly within the discretion of the court, *United States v. Grace*, 526 F.3d 499 (9th Cir. 2008), as the Court so noted at the May 10 hearing.  (5/10/21 RT 1727) ("I'm sure counsel will be able to inform me" at the time of the first pretrial motions hearings "how the exhibit issue is progressing. That will then determine what we do with these dates.").

Second, case law specifically allows a motion for reconsideration for changed circumstances.  *United States v. Jennings*, 2021 WL 289390 (E.D. CA., decided Jan. 21, 2021).  Here, from the defense perspective, the government's in-court representations to work with defense counsel and informally provide its trial exhibits is far different from what is occurring. Third, during the proceedings on May 10, 2021, the Court encouraged defense counsel to return to court should issues arise.  (5/10/21 RT 27-28) ("[I]f there is an issue, I would encourage you to bring it to the attention of the Court as early as possible so I can figure out what the problem is and hopefully resolve the problem so we can move forward.").

    4. "[T]he evidence supporting the Overt Acts of Count One will also prove the other 38 substantive counts in the FSI (Counts 2-36 and 39-41)." (*Id*. at 5:5-7.)

As the government knows, the exhibit list spreadsheet provided to the defense identifies exhibits for only 4 of the 40 non-RICO offenses.  More

specifically, the spreadsheet identified 13 exhibits as applying to one of 4 non-RICO counts.

The government does not dispute these facts but insists that they are somehow "misleading" (*id* at 5:9-12), as if to suggest that its spreadsheet says something different. It does not and if, as the government implies, the *disclosed* exhibits on the spreadsheet apply to *other* substantive counts, we do not understand why the government omitted that pairing information from its spreadsheet or failed to correct any error while this motion was pending.

Further, many of the overt acts listed on the spreadsheet are completely innocuous events and have no application to any substantive count. For instance, the government disclosed exhibits for Overt Acts 50 and 51 concern an employee of an SZNW affiliate company seeking Huizar's assistance with a visa application for another SZNW affiliate employee; Overt Act 52 concerns Huang's request that Huizar assist him in ascertaining the status of his son's application to USC; and Overt Act 53 concerns an SZNW employee asking Huizar to arrange a meeting with the head of a labor union. Per *McDonnell*, not only are these and many other overt acts completely legal, but – according to the government's own spreadsheet – they do not correspond with any of the substantive counts.

     5.  "Defendants fail to cite any cases – because none exist – supporting their contention that they can compel the government to create an enhanced index that goes far beyond a traditional exhibit list." (*Id*. at 5:20-23.)

Defendants appreciate that the government's spreadsheet includes the overt act and/or count corresponding to each exhibit, but defendants have never "compelled" or even requested that the government create "an enhanced exhibit list," much less one "that goes far beyond a traditional exhibit list." As per the Court's proposal at the May 10 hearing, defendants have only asked that the government provide them with the Bates-numbered trial exhibits, or a list of the

Bates-numbered trial exhibits. If the paring process is causing the delays in producing the trial exhibits, the government could provide the exhibits and explain which overt acts and counts they correspond to at a later date.

6. The government asks that if the Court revises the date to disclose its exhibit list, it should be produced on December 15, 2021. (*Id*. at 8-9.)

The government advises that it needs to December 15, 2021, to locate the remaining trial exhibits. Defendants' moving papers asked that the exhibit list be produced on October 1, 2021, or whatever date the Court thinks is appropriate.

As noted above, the Court has the discretion of setting whatever date for disclosure it believes is appropriate. Regardless of the new date, we again ask that the Court order the government to promptly produce all the *un*-Bates numbered exhibits that were used or referenced to generate the Complaint, as well as issue an order under Rule 6(e) for the disclosure of the exhibits presented or referenced in the grand jury proceedings.

Dated: September 7, 2021

Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By: */s/ Richard M. Steingard*
Richard M. Steingard

[And on Behalf of All Defendants]