**DECLARATION OF CHARLES J. SNYDER**

I, Charles J. Snyder, declare as follows:

1. I am a California-licensed DFPD and one of the lawyers appointed to represent Jose Huizar in this matter. Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2. During a call on August 17, 2021, the government provided additional detail about the bribery theories that it intends to pursue at trial. For the honest-services fraud and Federal Program Bribery counts, the government explained that it would rely on the alleged benefits and acts specified in the Federal Program Bribery counts (Counts 22-30). For the RICO, Travel Act, and money-laundering counts, the government explained that it would rely on those same benefits and acts for the honest-services and Hobbs Act predicates, but believed that the California bribery predicates may reach "quos" not otherwise covered by federal law. The government further explained that, for the state-law predicates, it had not yet decided whether it intended to proceed on the broader state-law theories or if it intended to limit itself as in *United States v. McDonnell*, 136 S.Ct. 2355 (2016).

3. I have attached as Exhibit 1 an email exchange with the government that confirms this explanation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed September 7, 2021 at Los Angeles, California.

                                                           */s/ Charles J. Snyder*
                                                            Charles J. Snyder

# EXHIBIT 1

# Charles Snyder

| | |
|---|---|
| **From:** | Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov> |
| **Sent:** | Tuesday, August 17, 2021 2:39 PM |
| **To:** | Charles Snyder |
| **Cc:** | Carel Ale; Adam Olin; Jenkins, Mack (USACAC); Mills, Melissa (USACAC) 2 |
| **Subject:** | RE: Huizar |

Charles,

Thanks for confirming your understanding in writing. Your description below is accurate. (One minor correction: we assume your second reference to § 1346 was meant to be § 1962.)

Glad the call today was helpful and productive.

Regards,

**Veronica Dragalin | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1500 United States Courthouse | 312 N. Spring St. | Los Angeles, California 90012
T: 213.894.0647 | F: 213.894.0141 | Veronica.Dragalin@usdoj.gov

---

**From:** Charles Snyder <Charles_Snyder@fd.org>
**Sent:** Tuesday, August 17, 2021 11:52 AM
**To:** Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Mills, Melissa (USACAC) 2 <mmills2@usa.doj.gov>
**Cc:** Carel Ale <Carel_Ale@fd.org>; Adam Olin <Adam_Olin@fd.org>
**Subject:** Huizar

Veronica,

Thanks again for the call today.

As discussed, we were trying to get clarity on exactly what bribery theories the government intends to pursue at trial, including the specific benefits and official acts that the government believes constitute the charged bribes. For the § 666 and § 1346 counts, you indicated that we should look at the benefits and acts specified in the § 666 counts. For the RICO count – (and presumably the Travel Act and money-laundering counts) – we understand the government's position to be that the same benefits and acts identified in the § 666 counts would apply to the § 1346 and § 1951 predicates, but that the state-bribery predicates may reach "quos" not otherwise covered by federal law. We also understand that the government has not yet decided whether it will proceed on the broader state-law theories or limit itself like in McDonnell.

Please let me know if anything about this is wrong. Otherwise, thanks again for the time.

Charles