## DECLARATION OF CHARLES J. SNYDER

I, Charles J. Snyder, declare as follows:

1.     I am a California-licensed DFPD and one of the lawyers appointed to represent Jose Huizar in this matter.  Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2.     Exhibit 1 is a warrant for Huizar's personal email account.

3.     Exhibit 2 is a warrant application for Huizar's personal email account. Because the government has designated the warrant application in a way that subjects it to the sealing requirement in the protective order, I am filing it provisionally under seal.

4.     I know from reviewing the discovery that the government obtained trap-and-trace authorization for Huizar's personal email account in November 2015, granting it access to pen-register data for email traffic into and out of the account.  Over the next six months, the government obtained four additional extensions, the last of which was granted on June 16, 2016.  Along with obtaining pen-register data for Huizar's email account, the government also obtained pen-register data for email accounts associated with Wei Huang, Ricky Zheng, and George Esparza.

5.     Because the pen-register data for these accounts is in Excel form and contains substantial PII, I am submitting it manually and provisionally under seal. Exhibit 3 is the pen-register data for Huizar's email account.  Exhibit 4 is the pen-register data for an email account associated with Huang.  Exhibit 5 is the pen-register data for an email account associated with Zheng.

6.     I have attached as Exhibit 6 a FD-302 produced in discovery summarizing SA Andrew Civetti's review of Huizar's email account.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed November 15, 2021 at Los Angeles, California.

        */s/ Charles J. Snyder*
        Charles J. Snyder

## TABLE OF EXHIBITS

| Exhibit | Description | Page(s) |
|---|---|---|
| 1 | July 1, 2016 Warrant for Jose Huizar's Email Account | *passim* |
| 2 | July 1, 2016 Warrant Application for Jose Huizar's Email Account | *passim* |
| 3 | Pen-Register Data for Jose Huizar's Email Account | 7 |
| 4 | Pen-Register Data for Wei Huang's Email Account | N/A |
| 5 | Pen-Register Data for Ricky Zheng's Email Account | N/A |
| 6 | FD-302 for Review of Jose Huizar's Email Account Dated January 25, 2017 | 8 |

# EXHIBIT 1

ORIGINAL

AO 93  (Rev. 12/09) Search and Seizure Warrant  (USAO CDCA Rev 01/2013)

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. |
| Information associated with account identified as | ) | |
| Jose▮▮▮▮▮▮▮▮▮▮.net that is stored at premises | ) | |
| controlled by Yahoo!, Inc., Sunnyvale, CA 94089 | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

     An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:
    See Attachment A

     The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
    See Attachment B

     I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

     **YOU ARE COMMANDED** to execute this warrant on or before _____14 days from the date of its issuance_____
                                                     *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

     You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

     The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                *(name)*

     IT IS FURTHER ORDERED that the Provider named in Attachment A shall comply with the further orders set forth in Attachment B, and shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant.

Date and time issued:  7/1/16  11:37 am

               *Alicia G. Rosenberg*
               *Judge's signature*

City and state:   Los Angeles, California         Alicia G. Rosenberg, U.S. Magistrate Judge
                                             *Printed name and title*

AUSA:D. Miller 213-894-2216

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

This warrant applies to information associated with the account identified as █████████████████ .net and believed to be used by JOSE HUIZAR that is stored at premises controlled by Yahoo!, Inc., a company that accepts service of legal process at its headquarters located in Sunnyvale, California.

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

I.   SEARCH PROCEDURE

1.   The search warrant will be presented to personnel of Yahoo!,Inc. (the "PROVIDER"), who will be directed to isolate the information described in Section II below.

2.   To minimize any disruption of service to third parties, the PROVIDER's employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the information described in Section II below.

3.   The PROVIDER's employees will provide in electronic form the exact duplicate of the information described in Section II below to the agent who serves the search warrant.

4.   With respect to contents of wire and electronic communications produced by the PROVIDER (hereafter, "content records," see Section II.10.a below), law enforcement agents and/or individuals assisting law enforcement and acting at their direction (the "search team") will examine such content records pursuant to search procedures specifically designed to identify items to be seized under this warrant.   The search shall extract and seize only the specific items to be seized under this warrant (see Section III below).   In conducting this search, the search team shall take notes regarding how it conducts the search.

5.   If the search team encounters immediately apparent contraband or other evidence of a crime outside the scope of the

i

Casino_0358045

items to be seized, the team shall immediately discontinue its search pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

6.   The search team will complete its search of the content records as soon as is practicable but not to exceed 60 days from the date of receipt from the PROVIDER of the response to this warrant.  If additional time is needed, the government may seek an extension of this time period from the Court within the original 60-day period.

7.   Once the search team has completed its review of the content records and created copies of the items seized pursuant to the warrant, the original production from the PROVIDER will be sealed -- and preserved by the search team for authenticity and chain of custody purposes -- until further order of the Court.  Thereafter, the search team will not access the data from the sealed original production which fell outside the scope of the items to be seized absent further order of the Court.

8.   The special procedures relating to digital data found in this warrant govern only the search of digital data pursuant to the authority conferred by this warrant and do not apply to any search of digital data pursuant to any other court order.

9.   Pursuant to 18 U.S.C. § 2703(g) the presence of an agent is not required for service or execution of this warrant.

ii

Casino_0358046

## II.  INFORMATION TO BE DISCLOSED BY THE PROVIDER

10.  To the extent that the information described in Attachment A is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose the following information to the government for each SUBJECT ACCOUNT listed in Attachment A:

a.  All contents of all wire and electronic communications associated with the SUBJECT ACCOUNT, limited to that which occurred on or after April 1, 2013, including:

i.  All e-mails, communications, or messages of any kind associated with the SUBJECT ACCOUNT, including stored or preserved copies of messages sent to and from the account, deleted messages, and messages maintained in trash or any other folders or tags or labels, as well as all header information associated with each e-mail or message, and any related documents or attachments.

ii.  All records or other information stored by subscriber(s) of the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures or photos, videos, notes, texts, links, user profiles, account settings, access logs, and files.

iii. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

iii

Casino_0358047

b.   All other records and information, including:

i.   All user connection logs and transactional information of all activity relating to the SUBJECT ACCOUNT described above in Section II.10.a, including all log files, dates, times, durations, data transfer volumes, methods of connection, IP addresses, ports, routing information, dial-ups, and locations.

ii.   All subscriber information pertaining to the SUBJECT ACCOUNT, including the date on which the account was created, the length of service, the IP address used to register the account, the subscriber's full name(s), screen name(s), other account names or e-mail addresses associated with the account, telephone numbers, physical addresses, and other identifying information regarding the subscriber, the types of service utilized, account status, account settings, login IP addresses associated with session dates and times, as well as means and source of payment, including detailed billing records.

iii. Any information showing the location of the user of a SUBJECT ACCOUNT, including while sending or receiving a message using a SUBJECT ACCOUNT or accessing or logged into a SUBJECT ACCOUNT.

## III.  INFORMATION TO BE SEIZED BY THE GOVERNMENT

11.  For each SUBJECT ACCOUNT listed in Attachment A, the search team may seize:

a.   All information described above in Section II.10.a that constitutes evidence, contraband, fruits, or

iv

Casino_0358048

instrumentalities of violations of 18 U.S.C. §§ 371
(Conspiracy), 666 (Bribery and Kickbacks Concerning Federal
Funds), 1341, 1343, and 1346 (Deprivation of Honest Services),
1951 (Extortion), and 1956 (Money Laundering), and 31 U.S.C. §
5324(a)(3) (Structuring a Financial Transaction to Evade a
Reporting Obligation), those violations involving JOSE HUIZAR,
WEI HUANG, RICKY ZHENG, GEORGE ESPARZA, and RAYMOND CHAN
occurring after April 1, 2013, namely:

      i.    Information relating to who created,
accessed, or used the SUBJECT ACCOUNT, including records about
their identities and whereabouts.

      ii.  All records relating WEI HUANG, RICKY ZHENG,
GEORGE ESPARZA, RAYMOND CHAN, SHENZHEN NEW WORLD GROUP, SHENZHEN
NEW WORLD INVESTMENT, INC., and the LA Hotel Downtown.

      iii. All records relating to Las Vegas, including
any receipts, reservation confirmations, flight itineraries,
photographs, and bank records relating to Southwest Airlines,
the Palazzo, Caesar's Palace, the Wynne, and the Cosmopolitan.

      iv.  All financial records, including those
relating JOSE HUIZAR, his mother, Isidra Huizar, and his
brother, Salvador Huizar, and their respective bank accounts
ending in #0843, #2634, and #3900.

      b.    All records and information described above in
Sections II.10.a and II.10.b.

v

Casino_0358049

## IV.   <u>PROVIDER PROCEDURES</u>

12.   IT IS ORDERED that the PROVIDER shall deliver the information set forth in Section II within 10 days of the service of this warrant.   The PROVIDER shall send such information to:

SA Andrew Civetti



13.   IT IS FURTHER ORDERED that the PROVIDER shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant. IT IS FURTHER ORDERED that the PROVIDER shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant.

vi

Casino_0358050

# EXHIBIT 2

SEALED

# EXHIBIT 3

SEALED

# EXHIBIT 4

SEALED

# EXHIBIT 5

SEALED

# EXHIBIT 6

FD-302 (Rev. 5-8-10)

- 1 of 2 -



## FEDERAL BUREAU OF INVESTIGATION

Date of entry    01/25/2017

    A search warrant, issued in the United States District Court for the Central District of California on 07/01/2016, was served on Yahoo!, Inc. vi a email to the following addresses: lawenforcement-request-delivery@yahoo-inc.com and lawenforcement-inquiries@yahoo-inc.com. The purpose of the search was for e-mails related to account jose█████████████.net.

    On 08/16/2016, the Yahoo!, Inc. response for the above search warrant was received by Special Agent Andrew Civetti (SA Civetti) via Fedex. The original disk was submitted into evidence as 1B2.

    On 08/19/2016, a new disc was received from Yahoo!, Inc., due to the original disc missing information for the time period 01/11/2014 - 02/18/2015 and 03/26/2015 - 07/15/2016. The disc was found to be a duplicate copy of 1B2 and marked as a working copy.

    On 09/15/2016, a USB drive was received from Yahoo!, Inc., due to the same missing information for the time period 01/11/2014 - 02/18/2015 and 03/26/2015 - 07/15/2016 on the original disk (1B2) and the subsequent new working copy disc from 08/19/2016. The USB was found to be a duplicate copy of 1B2 and marked as an additional working copy.

    On 09/16/2016, SA Civetti spoke with Julie Liang (Liang), Yahoo!, Inc. Legal Assistant, to determine the issue with the provided production. Liang and Civetti compared the file sizes on each of the devices and determined them to be roughly the same as the file sizes on the Yahoo!, Inc. server. Subsequently, Liang provided the number of emails contained within each file. It was determined that there were 20,189 emails that were not showing for SA Civetti. Liang could not provided any additional assistance.

    The email correspondence with Liang regarding the 08/19/2016 and 09/15/2016 productions are electronically attached as a 1A.

    On 09/19/2016, SA Civetti met with FBI LA Computer Scientist, Richard Blaine (Blaine) to determine the issue regarding the missing emails. It was determined that the latest version of Mozilla Thunderbird, the email client used to review the production provided by Yahoo!, Inc., was preventing a

Investigation on  07/01/2016  at  Los Angeles, California, United States (Email)

File #  194B-LA-255905                                         Date drafted  07/01/2016

by  Andrew R. Civetti

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

Casino_0358041

FD-302a (Rev. 05-08-10)

194B-LA-255905

(U) Search Warrant re:

Continuation of FD-302 of jose███████████████.net                    , On  07/01/2016 , Page  2 of 2

number of emails from being viewed. It was not determined what "bug" caused
this issue; however, Blaine was able to load the complete production with
an older version of Mozilla Thunderbird and subsequently export each
individual email. These files were imported into the latest version of
Mozilla Thunderbird used by SA Civetti. The complete production was now
accessible for review. During this process the content of the production
was not altered in anyway. The USB drive was determined to contain the same
files and file sizes as the original (1B2) and working copy disc. The USB
drive was therefore used as a working copy to diagnose the issue described
above. The original (1B2) was unaltered and is maintained in evidence.

   On 09/21/2016, United States Magistrate Judge Patrick J. Walsh signed an
order related to case no. 16-1362M and 16-1475M for the first extension of
time within which to retain and search digital evidence. The order allowed
for an addition 60 days beyond the time period previously authorized, or
until December 14, 2016. The application and order are electronically
attached as a 1A.

   After review of the returned record, 27,356 records were reviewed. 496
records were deemed pertinent, 24,440 records were deemed non-pertinent,
2,045 records were deemed attorney-client privilege and 375 records were
deemed spousal privilege.

   The pertinent records included 137 records deemed pertinent, but outside
the scope of the current warrant. These records are anticipated to be
seized under an additional court order. Upon guidance of AUSA Mack Jenkins,
these records were burned to a DVD and maintained as 1A evidence. The
remaining 359 pertinent records were burned to an additional DVD and
maintained as 1A evidence.

   The spousal privilege records are anticipated to be reviewed with an
additional court order. Upon guidance of AUSA Mack Jenkins, the spousal
records were not reviewed and have been burned to a separate DVD and
maintained as 1A evidence.

   The attorney-client privilege records are anticipated to be reviewed by
a taint agent and taint AUSA. Upon guidance of AUSA Mack Jenkins,
the attorney-client privilege records were not reviewed and have been
burned to a separate DVD and maintained as 1A evidence.

   Upon guidance of AUSA Mack Jenkins, the non-pertinent records were
deleted from the review station and no longer accessible.