CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALÉ (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for José Luis Huizar

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ LUIS HUIZAR, *et al.*,<br><br>Defendants. | Case No. 20-CR-326-JFW-1<br><br>**UNOPPOSED *EX PARTE* APPLICATION TO FILE EXHIBITS ISO MOTION TO SUPPRESS PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS UNDER SEAL; MEMORANDUM; DECLARATION; PROPOSED ORDER** |

José Luis Huizar, through counsel, hereby applies *ex parte* for an order that the attached Exhibits (A–G) in support of his Motion to Suppress Privileged Attorney-Client Communications, filed November 15, 2021, be filed under seal.

//

//

//

1      This application is based on the attached Memorandum of Points and Authorities,

2  Declaration of Counsel, and any other evidence the Court may consider.

3

4                                    Respectfully submitted,

5                                    CUAUHTÉMOC ORTEGA
                                     Federal Public Defender
6

7  Dated: November 15, 2021        By      /s/ Carel Alé

8                                        Carel Alé
                                         Charles J. Snyder
9                                        Adam Olin
                                         Deputy Federal Public Defenders
10                                       Attorneys for José Huizar

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *see also* Local Rule 79-5.1 (providing that a party may request that documents be filed under seal). "[T]he need to honor the attorney-client privilege" qualifies as a reason to seal exhibits. *United States v. Pella*, No. 06-MJ-161-RJJ, 2012 WL 5287898, at *1 (D. Nev. Oct. 24, 2012); *see also Asdale v. International Game Technology,* No. 04-CV-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010) ("The public interest in accessing the courts does not outweigh the compelling need to . . . honor the attorney-client privilege and the work-product doctrine.")).

Here, Exhibits A–G, in support of Mr. Huizar's Motion to Suppress Privileged Attorney-Client Communications, were produced pursuant to the Protective Order in this case and contain privileged attorney-client communications. It is submitted that the attached declaration of counsel is sufficient to justify that these Exhibits, filed November 15, 2021, be filed under seal.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

Dated: November 15, 2021     By    */s/ Carel Alé*

Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for José Huizar

1

# DECLARATION OF CAREL ALÉ

I, Carel Alé, hereby state and declare as follows:

1.      I am a Deputy Federal Public Defender in the Central District of California appointed to represent defendant José Huizar in the above-titled action.

2.      Exhibits A–G in support of Mr. Huizar's Motion to Suppress Privileged Attorney-Client Communications were produced pursuant to the Protective Order filed in this case. ECF No. 47.

3.      Exhibits A–G further contain privileged attorney-client communications. Specifically, the Exhibits contain privileged communications between Mr. Huizar and his longtime political attorney Stephen Kaufman, or between Mr. Huizar as a joint client with Morrie Goldman and Justin Kim and attorney Kaufman.

4.      Exhibit A contains notes of the government's interview with Morrie Goldman on December 5, 2018, who unlawfully recounts privileged communications without the permission of all the joint clients.

5.      Exhibit B contains notes of the government's interview on June 6, 2019, with George Esparza who unlawfully recounts privileged communications without the permission of Mr. Huizar (his principal) or the other joint clients.

6.      Exhibit C contains notes of the government's interview with George Esparza on December 12, 2018, who recounts privileged communications without the permission of Mr. Huizar (his principal) or the other joint clients.

7.      Exhibit D is a transcription of a privileged communication between the above-named joint clients and their attorney, Stephen Kaufman, dated June 29, 2017.

8.      Exhibit E contains notes of the government's interview with George Esparza on June 6, 2019, who recounts privileged attorney-client communications without the permission of Mr. Huizar (his principal) or the other joint clients.

9.      Exhibit F is a transcription of a communication between joint client Morrie Goldman, and Mr. Huizar's agent George Esparza, dated May 31, 2017, who discuss privileged attorney-client communications.

10.     Exhibit G is an outline created by the government for an interview of Morrie Goldman that derives from privileged attorney-client communications between the joint clients and Stephen Kaufman.

11.     On November 15, 2021, Assistant United States Attorney Veronica Dragalin informed me that the government agrees that any documents marked subject to the protective order should be filed under seal, at least provisionally. The parties will meet and confer and if appropriate, file redacted version of the documents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 15, 2021, in Los Angeles, California.


       /s/ Carel Alé
       Carel Alé