CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALÉ (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Jose Huizar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JOSE LUIS HUIZAR,<br><br>   Defendant. | Case No. 20-CR-326-JFW-1<br><br>**JOSE HUIZAR'S AMENDED *EX PARTE* APPLICATION FOR ORDER SEALING EXHIBITS 3-5 IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE DERIVED FROM THE UNLAWFUL SEIZURE AND SEARCH OF 39 MONTHS OF PERSONAL EMAILS [DOCKET NO. 274]; MEMORANDUM; DECLARATION** |

Jose Huizar, through counsel, applies *ex parte* for an order sealing three exhibits filed in support of his Motion to Suppress Evidence Derived from the Unlawful Seizure and Search of 39 Months of His Personal Emails. Huizar bases this on the attached memorandum and declaration, the files and records in this case, and any other argument or evidence that the Court may consider.

//

|   |   |
|---|---|
|   | Respectfully submitted, |
|   |   |
|   | CUAUHTÉMOC ORTEGA |
|   | Federal Public Defender |
| Dated: November 18, 2021 | By   */s/ Charles J. Snyder* |
|   | Carel Alé |
|   | Charles J. Snyder |
|   | Adam Olin |
|   | Deputy Federal Public Defenders |
|   | Attorneys for José Huizar |

**MEMORANDUM OF POINTS AND AUTHORITIES**

In support of his Motion to Suppress Evidence Derived from the Unlawful Seizure and Search of 39 Months of Personal Emails, Jose Huizar seeks to file three exhibits (Exhibits 3-5) manually and under seal. Exhibits 3, 4, and 5 contain pen-register data for three email accounts. The pen-register data contains voluminous email account information for a number of individuals, and is only relevant because of that information. The defense is not sure whether this information would technically be covered by Rule 49.1 or Local Rule 49.1-1, but believes that it should be treated similarly because of its similarity to other items covered by those rules. If the defense were to redact all of this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the exhibits would be confusing and irrelevant.

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *see also* Local Rule 79-5.1 (providing that a party may request that documents be filed under seal). For the reasons above, Huizar asks that the Court allow him to file Exhibits 3-5 under seal.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

Dated: November 18, 2021      By    /s/ *Charles J. Snyder*
　　　　　　　　　　　　　　　　Carel Alé
　　　　　　　　　　　　　　　　Charles J. Snyder
　　　　　　　　　　　　　　　　Adam Olin
　　　　　　　　　　　　　　　　Deputy Federal Public Defenders
　　　　　　　　　　　　　　　　Attorneys for José Huizar

1

|   |   |
|---|---|
| 1 | **DECLARATION OF CHARLES J. SNYDER** |
| 2 | I, Charles J. Snyder, declare as follows: |
| 3 | 1.   I am a California-licensed DFPD and one of the lawyers appointed to |

1. I am a California-licensed DFPD and one of the lawyers appointed to represent Jose Huizar in this matter. Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2. Exhibits 3, 4, and 5 in support of Huizar's Motion to Suppress Evidence Derived from the Unlawful Seizure and Search of 39 Months of Personal Emails are spreadsheets containing pen-register data for three email accounts. The spreadsheets are relevant insofar as they show which email accounts were communicating with which email accounts. Because, in 2021, email account information is not dissimilar to other types of PII typically subject to redaction, I believe that it should generally be treated similarly. The spreadsheets contain thousands of email addresses.

3. On November 15, 2021, I communicated with the government about my sealing application. The government indicated that it did not oppose sealing for Exhibits 3-5. In my original sealing application, I also sought to seal Exhibit 2 – a search-warrant affidavit designated "Sensitive" by the government – consistent with ¶ 4.m. of the protective order. *See* Docket No. 47. Following a further meet-and-confer of counsel, it was agreed that Exhibit 2 could be filed publicly with redactions. I have therefore amended this sealing application so that it no longer seeks to seal Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed November 18, 2021 at Los Angeles, California.

　　　　　　　　　　　　　　　　　　*/s/ Charles J. Snyder*
　　　　　　　　　　　　　　　　　　Charles J. Snyder