CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALÉ (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for José Luis Huizar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ LUIS HUIZAR, *et al.*,<br><br>Defendants. | Case No. 20-CR-326-JFW-1<br><br>**AMENDED *EX PARTE* APPLICATION TO FILE UNREDACTED EXHIBITS ISO MOTION TO SUPPRESS PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS, ECF 281, UNDER SEAL; MEMORANDUM; DECLARATION; PROPOSED ORDER** |

José Luis Huizar, through counsel, submits this amended *ex parte* application for an order that the attached Unredacted Exhibits (A–G) in support of his Motion to Suppress Privileged Attorney-Client Communications, filed November 15, 2021, ECF No. 281, be filed under seal.

//

//

//

This application is based on the attached Memorandum of Points and Authorities, Declaration of Counsel, and any other evidence the Court may consider.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

Dated: November 18, 2021   By   */s/ Carel Alé*
Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for José Huizar

## TABLE OF CONTENTS OF EXHIBITS

| Exhibits | Description | Page(s) |
|---|---|---|
| A | 302 Report of Dec. 5, 2018 Interview of Morrie Goldman | 2, 3, 8, 9, 12 |
| B | Government Notes of June 6, 2019 Interview of George Esparza | 2, 3, 7, 10 |
| C | 302 Report of Dec. 12, 2018 Interview of George Esparza | 2, 9 |
| D | Linesheet of Wiretap of June 29, 2017 Conversation | 2, 7, 8 |
| E | 302 Report of June 6, 2019 Interview of George Esparza | 3, 11, 12 |
| F | Linesheet of Wiretap of May 31, 2017 Conversation | 7 |
| G | Government Notes and Outline of Dec. 5, 2018 Interview of Morrie Goldman | 12 |

# MEMORANDUM OF POINTS AND AUTHORITIES

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *see also* Local Rule 79-5.1 (providing that a party may request that documents be filed under seal). "[T]he need to honor the attorney-client privilege" qualifies as a reason to seal exhibits. *United States v. Pella*, No. 06-MJ-161-RJJ, 2012 WL 5287898, at *1 (D. Nev. Oct. 24, 2012); *see also Asdale v. International Game Technology,* No. 04-CV-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010) ("The public interest in accessing the courts does not outweigh the compelling need to . . . honor the attorney-client privilege and the work-product doctrine.")).

Here, Unredacted Exhibits A–G, in support of Mr. Huizar's Motion to Suppress Privileged Attorney-Client Communications, contain privileged attorney-client communications. It is submitted that the attached declaration of counsel is sufficient to justify that these Unredacted Exhibits, filed November 18, 2021, be filed under seal.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

Dated: November 18, 2021      By     */s/ Carel Alé*
　　　　　　　　　　　　　　　　　Carel Alé
　　　　　　　　　　　　　　　　　Charles J. Snyder
　　　　　　　　　　　　　　　　　Adam Olin
　　　　　　　　　　　　　　　　　Deputy Federal Public Defenders
　　　　　　　　　　　　　　　　　Attorneys for José Huizar

## **DECLARATION OF CAREL ALÉ**

I, Carel Alé, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California appointed to represent defendant José Huizar in the above-titled action.

2. On November 15, 2021, I submitted Exhibits A–G in support of Mr. Huizar's Motion to Suppress Privileged Attorney-Client Communications.

3. Exhibits A–G contained only the relevant pages of larger reports, notes, or linesheets.

3. I submitted the exhibits under seal because the exhibits contained information Mr. Huizar asserts is protected by the attorney-client privilege and were produced pursuant to the parties' Protective Order. I also redacted information that was not relevant to the motion.

4. On November 17, 2021, the parties met and conferred about those exhibits.

5. The government advised that it opposed the under seal nature of the filing based on Mr. Huizar's claim of privilege but understood the defense's position. The parties agreed to further meet and confer about unsealing the documents once the Court ruled on Mr. Huizar's claim of privilege.

6. The government also advised that the 302 Report from which Exhibit A had been extracted was erroneously stamped as having been produced pursuant to the Protective Order but should be de-designated. The government advised that it believed Exhibits D and F, which were produced pursuant to the Protective Order, could be filed publicly by redacting PII, and that exhibits B, C, E, and G had not been produced pursuant to the Protective Order.

7. The government advised that it preferred that Exhibits A–G not contain redactions in order to provide context and prevent confusion as to which party created the redactions.

8. The parties agreed that Mr. Huizar would file unredacted exhibits A–G.

//

9. I have therefore redacted PII in Exhibits D and F but otherwise removed the redactions made by the defense in exhibits A–G in support of his Motion to Suppress Privileged Attorney Client Communications, ECF No. 281, according to the parties' agreement. The redaction in Exhibit C was in the version of the document produced to the defense.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 18, 2021, in Los Angeles, California.

                                        */s/ Carel Alé*
                                        Carel Alé