# EXHIBIT B

**From:** Jenkins, Mack (USACAC) <██████████>
**Sent:** Thursday, March 19, 2020 1:38 PM
**To:** Vicki Podberesky <██████████>; Mary Andrues <██████████>
**Cc:** Fox, Brandon (USACAC) <██████████>; Dragalin, Veronica (USACAC) <██████████>
**Subject:** RE: Jose Huizar

Vicki and Mary,

Thanks for your update below.  As we have maintained, we remain very interested in hearing whether your client is willing to accept responsibility regarding the three schemes we have repeatedly outlined, and whether we can expect an attorney proffer regarding the four additional names we initially provided in our January 22, 2020 phone call and again yesterday.  Can you please let us know by **6 p.m. today** what information, if any, your client is willing to provide regarding those names and what facts he willing to admit regarding the three schemes?  For example, now that there has been a public filing and guilty plea related to the Justin Kim bribery scheme, is your client finally ready to come clean on this scheme? (If he still needs a factual basis for it, we direct you to the Information connected to Kim's plea.)  As we mentioned yesterday, we have time pressures in our larger investigation and our request is therefore time-sensitive.  We have already pushed things back a couple times to accommodate you/him and we have now provided even further factual details relevant to evaluating his desire to resolve his case pre-indictment.

Thanks.

**From:** Vicki Podberesky <██████████>
**Sent:** Thursday, March 19, 2020 12:11 PM
**To:** Jenkins, Mack (USACAC) <██████████>; Dragalin, Veronica (USACAC) <██████████>
**Cc:** Fox, Brandon (USACAC) <██████████>; Mary Andrues <██████████>
**Subject:** Jose Huizar

Mack and Veronica:

As a follow up to our conversation yesterday evening, we want you to know that we are in the process of speaking with our client about the subject matters you identified for us.  With respect to the cellphone image and encryption key, we are continuing to do research but our preliminary understanding of the case law is that our client has a fifth amendment testimonial privilege that is not resolved by act of production immunity. We do not think there is any dispute that we clearly revoked, back in December 2018, our client's consent to give up his password. At that time, we suggested that you could get a subsequent warrant, but we agreed, in an effort to show good faith and in a spirit of cooperation to image the cellphone so that the information on it was preserved. We encrypted the hard drive for two purposes (1) so that there would be no accusation that the image had been tampered with, and (2) to maintain our

position that this imaged and encrypted hard drive was the equivalent to the password protected cellphone in our client's possession.

We would like until Friday to continue to research this issue regarding the encryption key and also want to inform you that the encryption key is not at our office. If we cannot resolve this issue by Friday, we would like to speak with you to see if there is an agreed upon procedure we could utilize to have court make a determination on the Fifth Amendment issue. Based on our review of the case law, it would appear that the government needs to compel production of the encryption key, which could be done by way of a grand jury subpoena or search warrant. We would then agree to turn over the key to the court to be held by the court until we had an opportunity to litigate the issue. Alternatively, after further research and discussion with our client it may be that we can resolve this with act of production immunity.

We hope we can move forward professionally on this matter and in a manner that provides us with a fair opportunity to protect our client's constitutional rights.

**Vicki I. Podberesky, Esq.**

ANDRUES/PODBERESKY



T: ▮▮▮▮▮▮▮

F: ▮▮▮▮▮▮▮

C: ▮▮▮▮▮▮▮

E▮▮▮@aplaw.law

[www.aplaw.law](www.aplaw.law)