# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with account identified as<br>Jose▮▮▮▮▮▮▮▮▮▮▮.net that is stored at premises<br>controlled by Yahoo!, Inc., Sunnyvale, CA 94089 | )<br>)<br>) Case No.<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Northern     District of     California    
*(identify the person or describe the property to be searched and give its location)*:

  See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

  See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     14 days from the date of its issuance    
                                                            *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                    *(name)*

IT IS FURTHER ORDERED that the Provider named in Attachment A shall comply with the further orders set forth in Attachment B, and shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant.

Date and time issued:   7/1/16 11:37 am        *Alicia G. Rosenberg*
                                                *Judge's signature*

City and state:   Los Angeles, California        Alicia G. Rosenberg, U.S. Magistrate Judge
                                                *Printed name and title*

AUSA: D. Miller 213-894-2216

## ATTACHMENT A

**PROPERTY TO BE SEARCHED**

This warrant applies to information associated with the account identified as ███████████████.net and believed to be used by JOSE HUIZAR that is stored at premises controlled by Yahoo!, Inc., a company that accepts service of legal process at its headquarters located in Sunnyvale, California.

Casino_0358044

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

I. <u>SEARCH PROCEDURE</u>

1. The search warrant will be presented to personnel of Yahoo!,Inc. (the "PROVIDER"), who will be directed to isolate the information described in Section II below.

2. To minimize any disruption of service to third parties, the PROVIDER's employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the information described in Section II below.

3. The PROVIDER's employees will provide in electronic form the exact duplicate of the information described in Section II below to the agent who serves the search warrant.

4. With respect to contents of wire and electronic communications produced by the PROVIDER (hereafter, "content records," see Section II.10.a below), law enforcement agents and/or individuals assisting law enforcement and acting at their direction (the "search team") will examine such content records pursuant to search procedures specifically designed to identify items to be seized under this warrant. The search shall extract and seize only the specific items to be seized under this warrant (see Section III below). In conducting this search, the search team shall take notes regarding how it conducts the search.

5. If the search team encounters immediately apparent contraband or other evidence of a crime outside the scope of the

i

Casino_0358045

items to be seized, the team shall immediately discontinue its search pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

6.  The search team will complete its search of the content records as soon as is practicable but not to exceed 60 days from the date of receipt from the PROVIDER of the response to this warrant. If additional time is needed, the government may seek an extension of this time period from the Court within the original 60-day period.

7.  Once the search team has completed its review of the content records and created copies of the items seized pursuant to the warrant, the original production from the PROVIDER will be sealed -- and preserved by the search team for authenticity and chain of custody purposes -- until further order of the Court. Thereafter, the search team will not access the data from the sealed original production which fell outside the scope of the items to be seized absent further order of the Court.

8.  The special procedures relating to digital data found in this warrant govern only the search of digital data pursuant to the authority conferred by this warrant and do not apply to any search of digital data pursuant to any other court order.

9.  Pursuant to 18 U.S.C. § 2703(g) the presence of an agent is not required for service or execution of this warrant.

Casino_0358046

## II. INFORMATION TO BE DISCLOSED BY THE PROVIDER

10. To the extent that the information described in Attachment A is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose the following information to the government for each SUBJECT ACCOUNT listed in Attachment A:

    a. All contents of all wire and electronic communications associated with the SUBJECT ACCOUNT, limited to that which occurred on or after April 1, 2013, including:

        i. All e-mails, communications, or messages of any kind associated with the SUBJECT ACCOUNT, including stored or preserved copies of messages sent to and from the account, deleted messages, and messages maintained in trash or any other folders or tags or labels, as well as all header information associated with each e-mail or message, and any related documents or attachments.

        ii. All records or other information stored by subscriber(s) of the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures or photos, videos, notes, texts, links, user profiles, account settings, access logs, and files.

        iii. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

Casino_0358047

      b.    All other records and information, including:

          i.    All user connection logs and transactional information of all activity relating to the SUBJECT ACCOUNT described above in Section II.10.a, including all log files, dates, times, durations, data transfer volumes, methods of connection, IP addresses, ports, routing information, dial-ups, and locations.

          ii.   All subscriber information pertaining to the SUBJECT ACCOUNT, including the date on which the account was created, the length of service, the IP address used to register the account, the subscriber's full name(s), screen name(s), other account names or e-mail addresses associated with the account, telephone numbers, physical addresses, and other identifying information regarding the subscriber, the types of service utilized, account status, account settings, login IP addresses associated with session dates and times, as well as means and source of payment, including detailed billing records.

          iii.  Any information showing the location of the user of a SUBJECT ACCOUNT, including while sending or receiving a message using a SUBJECT ACCOUNT or accessing or logged into a SUBJECT ACCOUNT.

### III. INFORMATION TO BE SEIZED BY THE GOVERNMENT

11.    For each SUBJECT ACCOUNT listed in Attachment A, the search team may seize:

      a.    All information described above in Section II.10.a that constitutes evidence, contraband, fruits, or

Casino_0358048

instrumentalities of violations of 18 U.S.C. §§ 371 (Conspiracy), 666 (Bribery and Kickbacks Concerning Federal Funds), 1341, 1343, and 1346 (Deprivation of Honest Services), 1951 (Extortion), and 1956 (Money Laundering), and 31 U.S.C. § 5324(a)(3) (Structuring a Financial Transaction to Evade a Reporting Obligation), those violations involving JOSE HUIZAR, WEI HUANG, RICKY ZHENG, GEORGE ESPARZA, and RAYMOND CHAN occurring after April 1, 2013, namely:

      i. Information relating to who created, accessed, or used the SUBJECT ACCOUNT, including records about their identities and whereabouts.

      ii. All records relating WEI HUANG, RICKY ZHENG, GEORGE ESPARZA, RAYMOND CHAN, SHENZHEN NEW WORLD GROUP, SHENZHEN NEW WORLD INVESTMENT, INC., and the LA Hotel Downtown.

      iii. All records relating to Las Vegas, including any receipts, reservation confirmations, flight itineraries, photographs, and bank records relating to Southwest Airlines, the Palazzo, Caesar's Palace, the Wynne, and the Cosmopolitan.

      iv. All financial records, including those relating JOSE HUIZAR, his mother, Isidra Huizar, and his brother, Salvador Huizar, and their respective bank accounts ending in #0843, #2634, and #3900.

      b. All records and information described above in Sections II.10.a and II.10.b.

Casino_0358049

## IV. PROVIDER PROCEDURES

12. IT IS ORDERED that the PROVIDER shall deliver the information set forth in Section II within 10 days of the service of this warrant. The PROVIDER shall send such information to:

SA Andrew Civetti


13. IT IS FURTHER ORDERED that the PROVIDER shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant. IT IS FURTHER ORDERED that the PROVIDER shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant.

Casino_0358050