# EXHIBIT H

```
SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
MAY 19 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING (1) THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS; (2) THE INSTALLATION AND USE OF A PEN REGISTER AND A TRAP AND TRACE DEVICE AND (3) THE RELEASE OF SUBSCRIBER INFORMATION AND CELL SITE INFORMATION | CR Misc. No. 17-CM-508-JFW<br><br>[PROPOSED] ORDER SEALING ORIGINAL DISC RECORDINGS FOR TARGET PHONES 1,2 AND DELAYING NOTICE OF INVENTORY<br><br>(UNDER SEAL PURSUANT TO 18 U.S.C. § 2518(8)) |

    This matter having come before the Court, pursuant to 18 U.S.C. § 2518(8)(a), upon the government's Application to Seal Original Disc Recordings for Target Phones 1,2 And Delay Notice Of Inventory and upon the presentation of four compact discs containing wire and electronic interceptions (the "Discs").

    The Discs contain the intercepted wire and electronic communications over ▮▮▮▮▮▮ (**Target Phone 1**) and ▮▮▮▮▮▮ (**Target Phone 2**) (collectively, the **Target Phones**) for the period April 13, 2017 to May 12, 2017.

    IT IS ORDERED THAT that:

    The Discs shall be sealed by placing the Discs into separate

1. envelopes, which shall then be sealed, and the seal verified by the Court;
2. The Federal Bureau of Investigation shall maintain custody of the sealed Discs in a safe and secure place for a period of time not less than ten years from the date of this order;
3. The sealed Discs shall be protected from editing or alteration;
4. Except as provided by 18 U.S.C. § 2517, the Discs shall remain sealed and the contents of the Discs shall be disclosed only upon order of the Court;
5. The sealed Discs shall not be destroyed except upon order of this Court;
6. Good cause having been shown, the serving of an inventory and all notices on named subjects and interceptees, pursuant to 18 U.S.C. § 2518(8)(d), shall be postponed until further order of the Court;
7. Not more than 180 days from the date of this order, the government shall file a report with the Court regarding whether it is necessary to continue the postponement.

JOHN F. WALTER

May 19, 2017
DATE

HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

MACK E. JENKINS
Assistant United States Attorney

2

<u>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AUTHORIZATION TO INTERCEPT WIRE AND ELECTRONIC COMMUNICATIONS OVER TARGET PHONES 1, 2</u>

I, Andrew R. Civetti, being duly sworn, declare and state as follows:

## I.   INTRODUCTION

1.  I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C. § 2516.

2.  I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been so employed since September 2015. I am currently assigned to the public corruption squad, where I specialize in the investigation of corrupt public officials, including, but not limited to, bribery, fraud against the government, extortion, money laundering, mail and wire fraud, and obstruction of justice. My duties have included conducting covert investigations of public officials. I have also conducted physical surveillance and have monitored electronic surveillance. I have assisted in multiple wiretap investigations, including scheduling, monitoring, minimizing and reviewing interception data. I have also discussed with senior agents the process and procedures of Title III interception. In addition, I have received training in the investigation of public corruption and other white collar crimes.

3.  I am currently one of the agents assigned to an investigation of alleged corrupt activities within the City of

1

M.   Search Warrants

138. On July 1, 2016, July 21, 2016 and February 15, 2017, I obtained a search warrant of the personal email accounts for HUIZAR, ESPARZA and ZHENG. The results of the initial search warrants on July 1 and July 21, 2016 provided information regarding HUIZAR's involvement with the multi-use development projects downtown. In addition, the search warrants provided information related to further payments received by HUIZAR indirectly from HUANG and ZHENG, specifically the $600,000 Godoy settlement payment. The email search warrants were successful in providing information to advance the investigation, but they were incomplete in providing the complete understanding of the Violators involvement in the Target Offenses. Specifically, for example, it still remains difficult to identify the specific official acts HUIZAR has performed and is performing on behalf of HUANG, ZHENG and other foreign investors. I am still reviewing the results of the February 15, 2017 warrants.

139. In addition, based on my training, knowledge, experience, and my review of the prior emails, I know political officials involved in corruption matters are conscious of the language they use and much of emails are kept brief, vague and often in code. The political official may use nicknames or codenames when referencing individuals as well as keeping the substance of the message limited in scope. For example, when reviewing the records obtained from the email search warrants, I found that HUANG was not referenced by name, but rather, "the Chairman." In addition, emails would contain only brief

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials                    Casino_0340784