# Exhibit 2

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 2 of 28   Page ID #:7837
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 1 of 27
Page ID #:56

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| In the Matter of the Search of ) | |
| *(Briefly describe the property to be searched or identify the* ) *person by name and address)* | Case No. 2:20-MJ-1445 |
| ) | |
| A digital device in the custody of the ) | |
| Andrues/Podberesky law firm, located at 818 W. 7th ) | |
| Street, Suite 960, Los Angeles, California ) | |
| ) | |
| ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-2

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B-2

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371 666, 1341, 1343, 1346, 1951, 1956, and 31 U.S.C. § 5324(a)(3) | *See attached Affidavit* |

The application is based on these facts:

See attached Affidavit

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Andrew Civetti
_____
*Applicant's signature*

Andrew Civetti, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: ___3/31/2020___

*Patrick J. Walsh*
*Judge's signature*

City and state: Los Angeles, CA

Honorable Patrick J. Walsh, U.S. Magistrate Judge
*Printed name and title*

AUSA: Veronica Dragalin (x0647)

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 3 of 28   Page ID #:7838
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 2 of 27
Page ID #:57

## ATTACHMENT A-2

### PROPERTY TO BE SEARCHED

**TARGET DEVICE 2**, an iPhone 7, serial number F71JL19BHG78, IMEI 353824080856251, currently maintained in the custody of the Andrues/Podberesky law firm, located at 818 W. 7th Street, Suite 960, Los Angeles, California.

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 4 of 28   Page ID #:7839
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 3 of 27
Page ID #:58

## ATTACHMENT B-2

### I.   ITEMS TO BE SEIZED

1.   Law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the Electronically Stored Information ("ESI") and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review and seize the ESI contained on the TARGET DEVICE for evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 371 (Conspiracy), 666 (Bribery and Kickbacks Concerning Federal Funds), 1341, 1343, and 1346 (Deprivation of Honest Services), 1951 (Extortion), 1956 (Money Laundering), and 31 U.S.C. § 5324(a)(3) (Structuring a Financial Transaction to Evade a Reporting Obligation) (collectively the "Target Offenses"), occurring after April 1, 2013 and on or before December 19, 2018, namely:

a.   Evidence of who accessed or used the digital device, including records about their identities and whereabouts.

b.   Records, documents, programs, applications, or materials relating to:

i.   the Target Subjects, entities, and projects identified in Paragraphs 14-20 of the November 7, 2018 affidavit in Case No. 2:18-MJ-2925;

i

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 5 of 28   Page ID #:7840
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 4 of 27
Page ID #:59

ii.   any bank accounts, credit card accounts, other financial accounts, and wire transfer records;

iii. contents of any calendar or date book, including calendars or date books stored on digital devices;

iv.   the Los Angeles Department of City Planning, City Planning Commission, and the City of Los Angeles's Planning and Land Use Management Committee;

v.   trips to Las Vegas and China, including any receipts, reservation confirmations, flight itineraries, photographs, and bank records;

vi.   financial payments or benefits from lobbyists/consultants/developers to City of Los Angeles public officials or their staff;

vii. campaign contributions;

viii.   development projects in and around the City of Los Angeles that relate to foreign and domestic investors;

ix.   meetings, event invitations, dinners, fundraising events, and community events related to the City of Los Angeles or Los Angeles City Council business;

c.   With respect to any digital device used to facilitate the above-listed violations or with respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

i.   Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations;

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials

   ii. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

   iii. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications or other text or written communications sent to or received from any digital device;

   iv. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

   v. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   vi. evidence of the attachment of other devices;

   vii. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials    Casino_0331391

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 7 of 28   Page ID #:7842
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 6 of 27
Page ID #:61

           viii.    evidence of the times the device was used;

           ix.  passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

           x.   applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

           xi.  records of or information about Internet Protocol addresses used by the device;

           xii. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    4.  As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

    5.  As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart

iv

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 8 of 28   Page ID #:7843
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 7 of 27
Page ID #:62

phones; digital cameras; gaming consoles (including Sony
PlayStations and Microsoft Xboxes); peripheral input/output
devices, such as keyboards, printers, scanners, plotters,
monitors, and drives intended for removable media; related
communications devices, such as modems, routers, cables, and
connections; storage media, such as hard disk drives, floppy
disks, memory cards, optical disks, and magnetic tapes used to
store digital data (excluding analog tapes such as VHS); and
security devices.

## II.   SEARCH PROCEDURES FOR HANDLING POTENTIALLY PRIVILEGED INFORMATION

6.    The following procedures will be followed at the time
of the search in order to avoid unnecessary disclosures of any
privileged attorney-client communications, work product, or
marital communications:

7.    The Search Team will search for digital devices
capable of being used to facilitate the Target Offenses or
capable of containing data falling within the scope of the items
to be seized.  The Search Team will seize and transport the
device(s) to an appropriate law enforcement laboratory or
similar facility to be searched at that location.  The Privilege
Review Team will then review the identified digital devices as
set forth herein.  The Search Team will review only digital
device data which has been released by the Privilege Review
Team.

v

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 9 of 28   Page ID #:7844
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 8 of 27
Page ID #:63

8.     The Privilege Review Team and the Search Team shall complete both stages of the search discussed herein as soon as is practicable but not to exceed 180 days from the date of execution of the warrant.  The government will not search the digital device(s) beyond this 180-day period without obtaining an extension of time order from the Court.

9.     The Search Team will provide the Privilege Review Team with a list of "privilege key words" to search for on the digital devices, to include specific words like names of any identified attorneys or law firms, names of any identified spouses or their email addresses, and generic words such as "privileged" "work product."  The Privilege Review Team will conduct an initial review of the data on the digital devices using the privilege key words, and by using search protocols specifically chosen to identify documents or data containing potentially privileged information.  The Privilege Review Team may subject to this initial review all of the data contained in each digital device capable of containing any of the items to be seized.  Documents or data that are identified by this initial review as not potentially privileged may be given to the Search Team.

10.    Documents or data that the initial review identifies as potentially privileged will be reviewed by a Privilege Review Team member to confirm that they contain potentially privileged information.  Documents or data that are determined by this review not to be potentially privileged may be given to the Search Team.  Documents or data that are determined by this

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials                    Casino_0331394

**\*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials\***
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 10 of 28   Page ID #:7845
Case 2:20-mj-01445-DUTY \*SEALED\*   Document 2-1 \*SEALED\*   Filed 03/31/20   Page 9 of 27
Page ID #:64

review to be potentially privileged will be given to the United
States Attorney's Office for further review by a PRTAUSA.
Documents or data identified by the PRTAUSA after review as not
potentially privileged may be given to the Search Team.  If,
after review, the PRTAUSA determines it to be appropriate, the
PRTAUSA may apply to the court for a finding with respect to
particular documents or data that no privilege, or an exception
to the privilege, applies.  Documents or data that are the
subject of such a finding may be given to the Search Team.
Documents or data identified by the PRTAUSA after review as
privileged will be maintained under seal by the investigating
agency without further review absent subsequent authorization.

11.  The Search Team will search only the documents and
data that the Privilege Review Team provides to the Search Team
at any step listed above in order to locate documents and data
that are within the scope of the search warrant.  The Search
Team does not have to wait until the entire privilege review is
concluded to begin its review for documents and data within the
scope of the search warrant.  The Privilege Review Team may also
conduct the search for documents and data within the scope of
the search warrant if that is more efficient.

12.  In performing the reviews, both the Privilege Review
Team and the Search Team may:

a.  subject all of the data contained in each digital
device capable of containing any of the items to be seized to
the search protocols to determine whether the device and any
data thereon falls within the list of items to be seized,

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials                    Casino_0331395

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 11 of 28   Page ID #:7846
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 10 of 27   Page ID #:65

b.    search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized;

c.    use tools to exclude normal operating system files and standard third-party software that do not need to be searched; and

d.    use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

13.   If either the Privilege Review Team or the Search Team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, they shall immediately discontinue the search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

14.   If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

15.   If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials

16.  If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain forensic copies of the digital device but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

17.  The government may also retain a digital device if the government, within 14 days following the time period authorized by the Court for completing the search, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

18.  After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

19.  The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 13 of 28   Page ID #:7848
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 12 of
27   Page ID #:67

custody and control of attorneys for the government and their
support staff for their independent review.

20.  In order to search for data capable of being read or
interpreted by a digital device, the Search Team is authorized
to seize the following items:

a.   Any digital device capable of being used to
commit, further, or store evidence of the offense(s) listed
above;

b.   Any equipment used to facilitate the
transmission, creation, display, encoding, or storage of digital
data;

c.   Any magnetic, electronic, or optical storage
device capable of storing digital data;

d.   Any documentation, operating logs, or reference
manuals regarding the operation of the digital device or
software used in the digital device;

e.   Any applications, utility programs, compilers,
interpreters, or other software used to facilitate direct or
indirect communication with the digital device;

f.   Any physical keys, encryption devices, dongles,
or similar physical items that are necessary to gain access to
the digital device or data stored on the digital device; and

g.   Any passwords, password files, biometric keys,
test keys, encryption codes, or other information necessary to
access the digital device or data stored on the digital device.

21.  The special procedures relating to digital devices
found in this warrant govern only the search of digital devices

x

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 14 of 28   Page ID #:7849
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 13 of 27   Page ID #:68

pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials   Casino_0331399

## AFFIDAVIT

I, Andrew Civetti, being duly sworn, declare and state as follows:

### I.   INTRODUCTION

1.   I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since September 2015.  I am currently assigned to a Public Corruption Squad, where I specialize in the investigation of corrupt public officials, including bribery, fraud against the government, extortion, money laundering, false statements, and obstruction of justice.  In addition, I have received training in the investigation of public corruption and other white-collar crimes.

2.   I am currently one of the agents assigned to an investigation of alleged public corruption throughout the City of Los Angeles (the "City") related to multiple suspected "pay-to-play" schemes (the "Federal Investigation").  The Federal Investigation involves multiple City officials, developers, investors, consultants, lobbyists, and other close associates working in furtherance of the potentially illegal schemes.

3.   As discussed in more detail below and in prior affidavits that I incorporate herein, JOSE HUIZAR, Council District 14 ("CD-14") Councilman and other City officials appear to have taken bribe payments in exchange for using their positions with the City to provide favors by way of subsidies, "overlooking" code enforcement, expediting permitting processes

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW Document 319-3 Filed 12/20/21 Page 16 of 28 Page ID #:7851
Case 2:20-mj-01445-DUTY *SEALED* Document 2-1 *SEALED* Filed 03/31/20 Page 15 of
27 Page ID #:70

and providing unauthorized assistance to foreign, primarily
Chinese, and domestic development companies in CD14.

## II. PURPOSE OF AFFIDAVIT

3.    I make this affidavit in support of applications for
two warrants to search the digital devices described in
Attachment A-1 and A-2, specifically:

        a.    a Western Digital external hard drive, P/N
WD80UZG0010BBK-0B, S/N WXT1A37L2DKV labelled "DELA031319JP1 -
Exported iTunes Backups from QLA020119JP1_1 (1B31) - PA
Reports," currently in the custody of the FBI in Los Angeles,
California, marked as FBI evidence item 1B174, described in
Attachment A-1 (**"TARGET DEVICE 1"**), containing data previously
seized pursuant to a prior federal search warrant, as described
further below; and

        b.    an iPhone 7, serial number F71JL19BHG78, IMEI
353824080856251 (JOSE HUIZAR's Personal Phone), currently in the
custody of the Andrues/Podberesky law firm, located at 818 W.
7th Street, Suite 960, Los Angeles, California, described in
Attachment A-2 (**"TARGET DEVICE 2"**, but which has been agreed to
be turned over to FBI custody on April 1, 2020, together with
**TARGET DEVICE 1**, the **"TARGET DEVICES"**), containing data
previously authorized to be seized and searched by prior federal
search warrants, as described further below.

4.    As discussed below, I respectfully submit there is
probable cause to believe that evidence, fruits,
instrumentalities of violations of 18 U.S.C. §§ 371
(Conspiracy), 666 (Bribery and Kickbacks Concerning Federal

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 17 of 28   Page ID #:7852
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 16 of 27   Page ID #:71

Funds), 1341, 1343, and 1346 (Deprivation of Honest Services), 1951 (Extortion), 1952 (Interstate and Foreign Travel in Aid of Racketeering Enterprises), 1956 (Money Laundering), and 31 U.S.C. § 5324(a)(3) (Structuring a Financial Transaction to Evade a Reporting Obligation) (collectively the "Target Offenses") will be found on the **TARGET DEVICES**, specifically, the items described in Attachment B-1 and B-2 to the search warrant applications.  Attachments A-1, A-2, B-1, and B-2 are incorporated herein by reference.

5.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, information obtained from other agents and witnesses, information obtained from the prior related search warrants, and information obtained from the authorized wire and electronic interceptions in this investigation, as detailed further below. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### III.  STATEMENT OF PROBABLE CAUSE

**A.    Probable Cause to Search and Seize Data from TARGET DEVICE 1 Beyond the Original Review Period**

1.   November 2018 Search Warrant

6.   On November 2, 2018, the government applied for sixteen search warrants in connection with this investigation,

including a search warrant for JOSE HUIZAR's Residence, 605 Brittania Street, Los Angeles, California, in Case No. 2:18-MJ-2925.[1]  On November 5, 2018, the Honorable Alexander F. MacKinnon signed the search warrant authorizing a search of HUIZAR's Residence.  The application for a search warrant in Case No. 2:18-MJ-2925, including my prior affidavit contained a summary of the investigation, background on relevant persons in the investigation, and a detailed statement of probable cause for the sixteen search warrants previously sought.  I do not repeat that information here, but incorporate it in full as though fully set forth herein.[2]

7.   On November 7, 2018, pursuant to the search warrant in Case No. 2:18-MJ-2925, the FBI seized a desktop computer believed to be used by HUIZAR ("HUIZAR's Computer"), marked as FBI evidence number 1B31.  I reviewed data on HUIZAR's Computer pursuant to Attachment B and subsequent digital review extensions in Case No. 2:18-MJ-2925.  During my review, I discovered HUIZAR's Computer was in fact used by HUIZAR.  Among other things, HUIZAR's Computer contained documents relevant to the Target Offenses and five Apple iTunes back-up files.[3]  The

---

[1] The other search warrants included HUIZAR's person, City Hall office, Boyle Heights office, and the search for cellphones and other evidence pertaining to other subjects in this investigation.

[2] The same affidavit was used in support of all sixteen search warrants sought on the same date.  Upon request, the government can provide a copy of the prior affidavit to the Court.

[3] Based on my training and experience, I know that iTunes back-up files can contain content from a cellular telephone that

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 19 of 28   Page ID #:7854
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 18 of 27   Page ID #:73

back-ups were inaccessible through the standard document review and required additional forensic analysis by the FBI Los Angeles Computer Analysis Response Team ("CART").

　　　　　2.　Creation of **TARGET DEVICE 1**

　　8.　On or about March 3, 2019, CART Examiner John Palmieri created **TARGET DEVICE 1**, which contained five Apple iTunes back-ups from HUIZAR's Computer. Palmieri processed the back-up files into a useable format to be reviewed by the investigative team. I reviewed these back-ups and determined them to be three back-ups of HUIZAR's Personal Cellphone (213-215-9910) and two back-ups of RICHELLE RIOS HUIZAR's ("RICHELLE") personal cellphones (213-500-8603). Based on my knowledge of the investigation and review of other seized cell phones in the investigation, I know 213-215-9910 to be used by HUIZAR and 213-500-8603 to be used by RICHELLE. The back-ups were identified as follows:

　　　　　a.　HUIZAR's Personal Cellphone (213-215-9910) device serial DNPNNNELG5MG created on April 18, 2015 and containing data from approximately November 6, 2012 to April 18, 2015;

　　　　　b.　HUIZAR's Personal Cellphone (213-215-9910) device serial DNPP5EBKG5MT created on February 16, 2017 and containing inaccessible encrypted data;

　　　　　c.　HUIZAR's Personal Cellphone (213-215-9910) device serial F71SL19BHG78 created on February 22, 2017 and containing data from approximately November 6, 2012 to February 22, 2017;

---

was "backed-up" to a computer through iTunes, an Apple application, and may include, among other things, iMessages, text messages, photographs, voicemails, e-mails.

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 20 of 28   Page ID #:7855
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 19 of
27   Page ID #:74

        d.    RICHELLE's Personal Cellphone (213-500-8603)
device serial C39LM7AQFNJP created on April 7, 2015 and
containing data from approximately November 16, 2013 to April 7,
2015;

        e.    RICHELLE's Personal Cellphone (213-500-8603)
device serial FK1NVH12G5QL created on April 15, 2017 and
containing data from approximately November 16, 2013 to April
15, 2017.

        3.    <u>Initial Review of the TARGET DEVICE</u>

9.    After **TARGET DEVICE 1** was created, I reviewed the
contents of each of the back-ups. The back-ups contained, among
other things, user information, call logs, contacts, calendar
entries, text messages, iMessages, e-mails, device locations,
installed applications, images, voicemails, and web history.[4]
During my initial review, it did not appear that there was any
substantive content that would be expected for text messages,
iMessages, e-mails, images, and voicemails. For example, the
content displayed the parties involved but did not have the
actual message. Due to the lack of content, a cursory review
was conducted, and the digital review was initially deemed
complete within the timeframe outlined in Attachment B and
extension orders in Case No. 2:18-MJ-2925.

---

[4] Not every back-up contained each of these categories, but
these were the categories in general amongst the back-ups.

      4.   Secondary Review of **TARGET DEVICE 1** and Request for Further Review

10.  On or about March 20, 2020, I conducted a secondary review of the contents of **TARGET DEVICE 1** to determine if **TARGET DEVICE 1** contained the iTunes password for HUIZAR's iTunes account. The iTunes password was necessary to access the data of the forensic image of HUIZAR's Personal Phone contained on a hard-drive seized in Case No. 2:20-MJ-1135, discussed further below. During my secondary review, additional data that was not previously populated now appeared to be contained in the back-ups on **TARGET DEVICE 1.** Based on my experience with digital devices and specifically forensic images of cell phones (similar to iTunes back-up files), when attempting to review the data, it is possible that not all of the data was loaded properly. This could be due to several reasons, including the hard-drive timing out or user interference during the load process. The populated data that I observed on March 20, 2020 (that I had not previously reviewed) contained, among other things, now visible substantive content for text messages, iMessages, voice-mails, and images. Because the digital review was previously deemed completed, I did not review the additional populated data that was not previously reviewed.

11.  This application seeks authorization to search **TARGET DEVICE 1** and seize the data previously authorized by the search warrant in Case No. 2:18-MJ-2925 so I can now review the relevant substantive content. The probable cause for requesting this information is set forth in the affidavit filed in Case No.

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 22 of 28   Page ID #:7857
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 21 of
27   Page ID #:76

2:18-MJ-2925, which I fully incorporate as though fully set
forth herein.

### B.   Probable Cause to Seize and Search TARGET DEVICE 2 for Data Previously Authorized to Be Seized by Prior Warrants

#### 5.   Prior Search Warrants

12.   On November 5, 2018, the Honorable Alexander F.
MacKinnon, United States Magistrate Judge, authorized the search
and seizure of HUIZAR's Personal Phone in Case No. 2:18-MJ-2923.
That search warrant was amended on November 7, 2018 due to a
typographical error in Case No. 2:18-MJ-2923.  The search
warrant was executed on November 7, 2018, and the FBI seized
HUIZAR's Personal Phone.  HUIZAR's Personal Phone was
forensically imaged and then returned to HUIZAR.  Due to
technical difficulties, the forensic image was inaccessible.

13.   On December 18, 2018, the Honorable Maria A. Audero,
United States Magistrate Judge, authorized the search and
seizure of HUIZAR's Personal Phone in Case No. 2:18-MJ-3334 for
the data previously authorized in 2:18-MJ-2923 and additional
evidence from November 7, 2018 to December 18, 2018.  The
warrant was not executed based on negotiations between the
United States Attorney's Office and HUIZAR's counsel.

14.   On or about December 20, 2018, HUIZAR's counsel
forensically imaged HUIZAR's Personal Phone and maintained
custody of the hard-drive containing that image.

15.   On March 13, 2020, the Honorable Alexander F.
MacKinnon, United States Magistrate Judge, signed a search

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 23 of 28   Page ID #:7858
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 22 of 27   Page ID #:77

warrant in case number 2:20-MJ-1135, authorizing the search of the Andrues/Podberesky law firm located at 818 W. 7th Street, Suite 960, Los Angeles, California, for a target device, namely, a hard-drive containing the forensic cell phone extraction of HUIZAR's Personal Phone.

16.   On March 16, 2020, the FBI executed the search warrant authorized in case number 2:20-MJ-1135.  HUIZAR's counsel provided the hard-drive containing the forensic cell phone extraction.  To date, I have been unable to access the data on the hard-drive, because it requires an iTunes password that HUIZAR's counsel has represented that HUIZAR does not recall.

17.   On March 17, 2020, the Honorable Patrick J. Walsh, United States Magistrate Judge, signed two search warrants in case numbers 2:20-MJ-1196 and 2:20-MJ-1197, authorizing the search of HUIZAR's person and HUIZAR's Residence, to "seize the cellular telephone with telephone number 213-215-9910 in the possession of JOSE HUIZAR."  My affidavit in support of these search warrants outlined the probable cause to seize and search HUIZAR's Personal Phone.  I do not repeat that information here, but incorporate it in full as though fully set forth herein.[5]

18.   On March 30, 2020, the FBI executed the search warrant in case number 2:20-MJ-1197, and seized a cellular telephone from HUIZAR's person outside his residence ("HUIZAR's Phone").  I confirmed that the device had the phone number 213-215-9910 by calling the number at the time of the seizure.  I then provided

_____

[5] Upon request, the government can provide a copy of the prior affidavit to the Court.

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 24 of 28   Page ID #:7859
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 23 of
27   Page ID #:78

the device to a Task Force Officer with the Los Angeles Police
Department to aid in the extraction of data from the device.  As
of the time of this application, the device is still undergoing
the extraction process.

19.  On March 30, 2020, after FBI agents seized HUIZAR's
Phone, HUIZAR's counsel contacted AUSAs Mack Jenkins and
Veronica Dragalin, and represented that the cellular telephone
that FBI agents on March 30, 2020 was a new device that HUIZAR
started using in approximately December 2018.  HUIZAR's counsel
also represented that HUIZAR was still in possession of his
prior personal cell phone that was imaged by his counsel in
December 2018 (**TARGET DEVICE 2**).  HUIZAR's counsel represented
that HUIZAR provided **TARGET DEVICE 2** to his counsel on March 30,
2020 after agents executed the search warrant, and that **TARGET
DEVICE 2** was in the custody of HUIZAR's counsel at their law
firm.  AUSAs Jenkins and Dragalin have informed me that HUIZAR's
counsel have agreed to provide **TARGET DEVICE 2** to the FBI on
April 1, 2020.

6.  Request for Additional Warrant

20.  Based on the above, I make this application for a
warrant authorizing the FBI to seize HUIZAR's prior personal
cellular telephone (**TARGET DEVICE 2**) that is currently in the
custody of his defense counsel but expected to be turned over to
the FBI on April 1.  Although the warrants in Case Nos. 2:20-MJ-
1196 and 2:20-MJ-1197 authorized the seizure of a cellular
telephone with phone number 213-215-9910 (including **TARGET**

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 25 of 28   Page ID #:7860
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 24 of 27   Page ID #:79

**DEVICE 2**), the time period for executing those search warrants expires today, March 31, 2020, and **TARGET DEVICE 2** is no longer located on HUIZAR's person or at HUIZAR's Residence.  Thus, in the abundance of caution, I am therefore seeking a warrant authorizing the seizure of **TARGET DEVICE 2**, which will be turned over to the FBI on April 1, 2020, and the search and seizure of data previously authorized in the warrants issued in Case Nos. 2:20-MJ-1196 and 2:20-MJ-1197.

### IV.   TRAINING AND EXPERIENCE ON DIGITAL DEVICES[6]

21.   Based on my training, experience, and information from those involved in the forensic examination of digital devices, I know that the following electronic evidence, inter alia, is often retrievable from digital devices:

a.   Forensic methods may uncover electronic files or remnants of such files months or even years after the files have been downloaded, deleted, or viewed via the Internet.  Normally, when a person deletes a file on a computer, the data contained in the file does not disappear; rather, the data remain on the hard drive until overwritten by new data, which may only occur after a long period of time.  Similarly, files viewed on the Internet are often automatically downloaded into a temporary

---

[6] As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as paging devices, mobile telephones, and smart phones; digital cameras; gaming consoles; peripheral input/output devices, such as keyboards, printers, scanners, monitors, and drives; related communications devices, such as modems, routers, cables, and connections; storage media; and security devices.

**\*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials\***
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 26 of 28   Page ID #:7861
Case 2:20-mj-01445-DUTY \*SEALED\*   Document 2-1 \*SEALED\*   Filed 03/31/20   Page 25 of 27   Page ID #:80

directory or cache that are only overwritten as they are replaced with more recently downloaded or viewed content and may also be recoverable months or years later.

b.    Digital devices often contain electronic evidence related to a crime, the device's user, or the existence of evidence in other locations, such as, how the device has been used, what it has been used for, who has used it, and who has been responsible for creating or maintaining records, documents, programs, applications, and materials on the device.  That evidence is often stored in logs and other artifacts that are not kept in places where the user stores files, and in places where the user may be unaware of them.  For example, recoverable data can include evidence of deleted or edited files; recently used tasks and processes; online nicknames and passwords in the form of configuration data stored by browser, e-mail, and chat programs; attachment of other devices; times the device was in use; and file creation dates and sequence.

c.    The absence of data on a digital device may be evidence of how the device was used, what it was used for, and who used it.  For example, showing the absence of certain software on a device may be necessary to rebut a claim that the device was being controlled remotely by such software.

d.    Digital device users can also attempt to conceal data by using encryption, steganography, or by using misleading filenames and extensions.  Digital devices may also contain "booby traps" that destroy or alter data if certain procedures are not scrupulously followed.  Law enforcement continuously

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 319-3   Filed 12/20/21   Page 27 of 28   Page ID #:7862
Case 2:20-mj-01445-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 03/31/20   Page 26 of 27   Page ID #:81

develops and acquires new methods of decryption, even for devices or data that cannot currently be decrypted.

22.   Based on my training, experience, and information from those involved in the forensic examination of digital devices, I know that it is not always possible to search devices for data during a search of the premises for a number of reasons, including the following:

a.   Digital data are particularly vulnerable to inadvertent or intentional modification or destruction.  Thus, often a controlled environment with specially trained personnel may be necessary to maintain the integrity of and to conduct a complete and accurate analysis of data on digital devices, which may take substantial time, particularly as to the categories of electronic evidence referenced above.  Also, there are now so many types of digital devices and programs that it is difficult to bring to a search site all of the specialized manuals, equipment, and personnel that may be required.

b.   Digital devices capable of storing multiple gigabytes are now commonplace.  As an example of the amount of data this equates to, one gigabyte can store close to 19,000 average file size (300kb) Word documents, or 614 photos with an average size of 1.5MB.

23.   Other than what has been described herein, to my knowledge, the United States has not attempted to obtain this data by other means.

## V. CONCLUSION

24.   Based on the foregoing, I request that the Court issue the requested search warrant.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this ___31st___ day of
___March___, 2020.

HONORABLE PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE