Exhibit 4

## Dragalin, Veronica (USACAC)

| | |
|---|---|
| **From:** | Jenkins, Mack (USACAC) |
| **Sent:** | Monday, June 22, 2020 3:46 PM |
| **To:** | Mary Andrues; Vicki Podberesky |
| **Cc:** | Dragalin, Veronica (USACAC); Mills, Melissa (USACAC) 2 |
| **Subject:** | RE: Jose Huizar |

Hi Mary and Vicki:

Thank you for your response on June 3.

As an initial matter, we were surprised to hear on June 4 for the first time that Mr. Huizar was seeking to obtain representation by the Federal Public Defender's Office. This was a surprise to us given you have been retained counsel for Mr. Huizar since November 2018 and given that his known financial circumstances seemingly made him an inappropriate candidate for indigent defense counsel. We also did not hear from you regarding any change in his representation. Unsurprisingly, given this context, the court denied Mr. Huizar's application for court appointed counsel. If Mr. Huizar has terminated you as counsel or you have withdrawn as his counsel, please let us know as soon as possible.

In any event, we write to correct the record and inaccuracies set forth in your emails below.

1. We initially note that despite your prior statement to us that Mr. Huizar has "raised the white flag" and your requests for a factual basis for Mr. Huizar regarding the multiple bribery schemes we have regularly discussed, your response to the requested provision of a detailed factual basis largely ignores its merits and substance; and you offer no edits or suggestions in response. We read this to mean Mr. Huizar is not seriously interested in taking responsibility for his actions.

2. We never promised nor could we ever promise Mr. Huizar could self-surrender. That decision, especially in this case, would involve a decision by the U.S Attorney and ultimately be made by the arresting agency (here, the FBI). Moreover, when there has been no charging decision made or plea agreement offered, even discussing such arrangements would be putting the proverbial "cart before the horse." Here, as you know, we had not made a charging decision and had not issued any written terms of a plea agreement until our 5/29/20 email. That said, throughout the numerous conversations we have had, which we believed were in good faith that Mr. Huizar would accept his criminal liability as to the discussed schemes, we have always maintained that self-surrender was on the table. A self-surrender would be dependent on various factors, and we had explicitly discussed a self-surrender as part of a pre-indictment resolution. You/he have since rejected that offer. We also took notes of all substantive conversations and have specifically written "no promises," with regards to self-surrender. This is to be expected given the standard USAO practice of which you are well aware to only issue agreements in writing; and we never progressed enough to that stage prior to 5/29. You have provided no writing to the contrary and no such writing exists.

3. We agree the underlying facts have not changed, and Mr. Huizar is in the best position to know those underlying facts. Our understanding of the underlying facts and the strength of our evidence, and therefore the proposed factual basis, has continued to evolve over the past several months. As you know, this is the common cost of delay when a target does not resolve his case pre-indictment and the investigation continues (and why many resolve their case pre-indictment). As you are aware, we have continued to vigorously investigate this case since Nov. 2018 in part based on (mis)representations your client made in the multiple proffers. As highlighted by the recent public filings in the case (including plea agreements of three co-conspirators), we believe our case against him has only gained strength and any appropriate plea should reflect the most accurate and up-to-date facts.

4. As is typical in a corruption case involving an elected official who has abused his positon of public trust and continues to profit from this crime at taxpayer expense, we've raised the issue of resignation multiple times in calls and emails.  But we have never conditioned self-surrender on resignation.  (This is also supported by our notes of the calls.)  You have represented numerous times that he's willing to plead guilty, and in our view, resignation would be an important step in demonstrating acceptance of responsibility.  As you know, officials under investigation for serious crimes often resign their position as a way to show contrition, show good faith in resolution negotiations, and mitigate the damage their actions have caused the public trust.  Many want to use it as a positive point should the case be charged or if it reached sentencing.  We further believe public officials should be fully committed to and fully able to perform their duties as required by their oath to the City or otherwise allow someone else who can to get that opportunity.  Since you/he rejected our plea offer, that issue is now moot.

Finally, in the interest of documentation, as we have stated to you on multiple occasions, we believe Mr. Huizar intentionally withheld information, misled, and lied to us regarding material information during his proffer sessions.  (The easiest, but not only, example relates to when he denied having any interest in or ever asking for any share of the bribe cash from David Lee via Justin Kim.)   For that reason, per the terms of the executed proffer letter dated 12/13/18, we find that he has breached his proffer agreement and we intend to use his statements for all purposes, including in charging documents and against him at trial.

Please let us know, to the extent you still represent Mr. Huizar, if you would like to discuss any of the foregoing.

---

**From:** Mary Andrues <mandrues@aplaw.law>
**Sent:** Wednesday, June 3, 2020 5:02 PM
**To:** Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>
**Cc:** Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Vicki Podberesky <vpod@aplaw.law>
**Subject:** Jose Huizar

Mack:

This email is in response to your email of May 29, 2020 regarding the outline of a pre-indictment resolution for Jose Huizar.  After discussing the matter with our client, we have advised him that as it presently stands, it is not in his best interest to accept your proposal.

It also is our position that you have never before made the condition of self-surrender contingent on Mr. Huizar entering into a pre-indictment plea agreement.  In fact, in a conference call on March 13th between you, Alyssa Bell and me, you stated that the government would permit Mr. Huizar to self-surrender and post an unsecured appearance bond of $100K, with a third-party surety.  You stated that the government would not accept Richelle Rios, Isidra Huizar or Salvador Huizar as potential third-party sureties, but had no objection to any other surety.

We find it very troubling that you have reneged on your representations and agreement that Mr. Huizar could self-surrender, particularly in light of the fact that there has been no change in the factual basis since at least January of this year.  Your charging strategy may have changed – but the underlying facts have not.  As you know, Mr. Huizar is not a danger to the community or a flight risk.  Indeed, through counsel he has been in regular contact with the government since November 2018.  We also have advised you of his travel outside the country, to which you had no objection.  He is a longtime resident of Los Angeles, with strong ties to this community.  His immediate family, including his wife, four young children, mother, three brothers, and a sister, all reside in the Los Angeles area.  He also has been aware since the execution of the search warrant at his home that charges would be filed against him, and he has not fled.

We find it most troubling that AUSA Dragalin made the agreement for self-surrender contingent on Mr. Huizar's resignation from the City Council.  It is our position that the government's demand for his resignation to avoid arrest constitutes an impermissible interference in the local political process and is unprecedented.

We remain prepared to self-surrender Mr. Huizar and we have arranged for a third-party surety and we have possession of his passport, which we are prepared to surrender to the court.  Please let us know when you would like to have us arrange for Mr. Huizar to appear in court.

Best regards,
Mary

**Mary Carter Andrues**
Partner

**ANDRUES / PODBERESKY**
818 W. 7th Street, Suite 960, Los Angeles, CA 90017
T: (213) 395-0400 / F: (213) 395-0401 / C: (626) 755-7537
mandrues@aplaw.law

**CONFIDENTIALITY NOTICE**: This message, including attachments, may contain attorney client communications and attorney work-product. This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.