# DECLARATION OF RICHARD M. STEINGARD

I, Richard M. Steingard, state and declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Court. My firm represents Shen Zhen New World I, LLC ("SZNW") in the above-captioned matter. I submit this declaration in support of SZNW's motion for a bill of particulars.

2. On October 28, 2021, I emailed AUSA Mack Jenkins and the other prosecutors asking if they were using the terms "stream of benefits," "as opportunities arise," and "retainer" theories of prosecution interchangeably. (Exhibit A.) Mr. Jenkins responded, "Yes." (Exhibit B.)

3. On November 2, 2021, I emailed the prosecutors stating that the defense viewed the three theories as each being different, citing and attaching *United States v Silver, supra*. I wrote, "[i]n lieu of a bill of particulars, we ask that you identify which of the three theories, if any, you are relying on for each of the various alleged schemes." (Exhibit C.) On November 4, 2021, Mr. Jenkins responded, "Thanks for sending the case. We will take a look at *Silver* and get back to you." (*Id.*)

4. On November 4, 2021, the defendants filed their Reply in Support of Motions to Dismiss and/or Strike. (ECF 270.) In our brief, we outlined the three different theories of prosecution, cited cases defining the elements of each theory, and advised that we were in the process of addressing this issue with the government. *Id.* at 4-6.

5. In anticipation of the motions hearing scheduled for November 15, 2021, I emailed the prosecutors on November 8, 2021, stating that it would be helpful to know the government's position on the various theories prior to the hearing. (Exhibit D.) The government did not respond.

6. On November 24, 2021, I again emailed the prosecutors asking the government to respond to my earlier email. (Exhibit E.) On November 26, 2021,

Mr. Jenkins emailed stating that he did not fully understand the defense's request, the government's opposition to the motions to dismiss contains the law in the Ninth Circuit, and that "what you call the theory [sic] is irrelevant beyond trying to find a pithy description for a series of interrelated acts." (Exhibit F.) As to a bill of particulars, Mr. Jenkins cited and quoted *Rose v. United States*, 149 F.2d 755, 758 (9th Cir. 1945), for the proposition that "[t]he purpose of a bill of particulars is to secure facts, not legal theories." (*Id.*)

7. On December 1, 2021, I emailed Mr. Jenkins and the other prosecutors to clarify the defense's position. (Exhibit G.) I explained the different theories and how they placed different obligations on the government. (*Id.*) I also noted that the *Rose* decision was 75 years old and that the Ninth Circuit, in a far more recent case, stated, "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (citations omitted; emphasis in original). (*Id.*) Again, I asked that the government identify which of the three prosecutorial approaches, if any, it was proceeding under for each of the alleged schemes. (*Id.*)

8. On December 14, 2021, I emailed the prosecutors seeking a response to my earlier email. (Exhibit H.) On January 3, 2022, AUSA Jenkins responded stating, in part, "We think it makes sense to wait and see how the Court resolves some of these issues on the motions to dismiss, and then further discuss these issues in the context of jury instructions, if necessary." (*Id.*)

9. On January 7, 2022, I attended a court hearing on the defendants' motions to dismiss. During the hearing, the Court referenced the three alternative theories of prosecution and, from my notes and memory, commented that the theories appear to overlap. I also believe the Court stated that the government may be pursuing an "as the opportunities arise" theory against SZNW and that the Court

would require the government to identify the specific "official acts" associated with each scheme in the jury instructions.

I declare the foregoing to be true and correct under penalty of perjury. Executed this 10th day of January, 2022, in Los Angeles, California.

/s/
Richard M. Steingard