# Exhibit F

**From:** Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>
**Sent:** Friday, November 26, 2021 4:40 PM
**To:** Richard Steingard <richard@steingardlaw.com>
**Cc:** Mills, Melissa (USACAC) 2 <Melissa.Mills@usdoj.gov>; Quach, Lynda (USACAC) [Contractor] <Lynda.Quach@usdoj.gov>; Adam_Olin@fd.org; rcapata@birdmarella.com; Carel_Ale@fd.org; Harland Braun <harland@braunlaw.com>; Anthony Wong <awong@steingardlaw.com>; Charles_Snyder@fd.org; rseilie@birdmarella.com; aneuman@birdmarella.com; Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>
**Subject:** RE: U.S. v. Huizar, et al. - Correspondence and Production

Hi Richard:  We took a look at your email and *Silver* again and discussed both.  Apologies but of the delay was that I am still not sure I completely understand what you are specifically seeking.  In short, my answer is the same as it was

law in the Ninth Circuit and how it relates to the extremely detailed facts (bribe participants, payments, matters, agreements, official acts, etc) in our Indictment.  In our view, what you call the theory is irrelevant beyond trying to find a pithy description for a series of interrelated acts.

As to your request "in lieu of a bill of particulars" to identify our legal theories, that is not the purpose of a bill of particulars.  Rose v. United States, 149 F.2d 755, 758 (9th Cir. 1945) ("The purpose of a bill of particulars is to secure facts, not legal theories.").

Hope everyone has a great holiday weekend.