# Exhibit G

**From:** Richard Steingard
**Sent:** Wednesday, December 1, 2021 12:24 PM
**To:** 'Jenkins, Mack (USACAC)' <Mack.Jenkins@usdoj.gov>
**Cc:** Mills, Melissa (USACAC) 2 <Melissa.Mills@usdoj.gov>; Quach, Lynda (USACAC) [Contractor] <Lynda.Quach@usdoj.gov>; Adam_Olin@fd.org; rcapata@birdmarella.com; Carel_Ale@fd.org; Harland Braun <harland@braunlaw.com>; Anthony Wong <awong@steingardlaw.com>; Charles_Snyder@fd.org; rseilie@birdmarella.com; aneuman@birdmarella.com; Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>
**Subject:** RE: U.S. v. Huizar, et al. - Correspondence and Production

Mack—
Thank you for the response and apologies if the prior emails were vague or confusing.  Let me see if I can explain our requests and advise you specifically what we are seeking.

As stated in our reply to the motions to dismiss at pages 4-6, the Second Circuit in *Silver* (which you cited several times in the government's opposition brief) clarified that what you refer to as the "stream of benefits" theory of bribery is actually three different and distinct theories, each with different constructs: (1) under an "as opportunities arise" theory, the parties enter an agreement whereby a benefit is conferred for one or more official acts on specific matters identified <u>at the time of that agreement</u>, and that the elected official will take official action on those specific, previously identified matters as the opportunities arise; (2) in a "retainer" theory, the bribe giver confers a benefit pursuant to an agreement with the bribe recipient that the bribe giver would <u>later</u> identity the specific matter or official act at some point in the future and that the official would act on that <u>later</u>-identified matter or official act (we question whether this theory survives *McDonnell*); and (3) the "stream of benefits" theory requires that there be an agreement between the bribe giver and recipient that the bribe giver would provide a "stream" of benefits to the elected official for one or more official actions on specific matters identified <u>at the time the agreement is made</u>.

We do not view these as "pithy descriptions" but rather as different theories of liability which impose different obligations of proof on the government.  So, for instance, if the government is prosecuting SZNW under a "stream of benefits" theory, the government must present proof that SZNW/Wei Huang and Huizar entered into an agreement that (1) SZNW/Huang would provide Huizar with a stream of benefits and (2) in exchange, Huizar would take official action on a specific and focused matter that SZNW/Huang identified at the time of the agreement.  Not so under an "as opportunities arise" theory, which would have different proof requirements as outlined above.

Our initial question asked whether the government agreed with the Second Circuit's clarification that these are three different theories of bribery liability. We cannot tell what your position is from your response, ostensibly because you state that you did not understand our question. Hopefully, the above solves that problem and we ask that you advise us on that point.  If you agree that the three theories are in fact different, we are asking a second question: to identify which theory the government is pursuing as to each of the charged schemes.  We ask that you answer that question as well.

We hope this clarifies our requests and that we can resolve this without litigation.  But, as far as a bill of particulars is concerned, we note that the *Rose* case you cited was decided approx. 75 years ago.  More recently, in *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986), the Court stated, "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." (citations omitted; emphasis in original).  Some quick research shows that since *Ryland,* was decided, two district courts in this circuit have cited *Rose* for the proposition that the purpose of a bill of particulars is to secure facts and not legal theories, while scores of courts in the Ninth Circuit have cited *Ryland* for the quoted passage.
Thanks—as we see it, the specific theory of prosecution impacts our defenses and we are anxious to resolve it soon.  Of course, let me know if you have any questions or want to discuss this matter further.