# Exhibit H

**From:** Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>
**Sent:** Monday, January 3, 2022 8:17 PM
**To:** Richard Steingard <richard@steingardlaw.com>
**Cc:** Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>; Mills, Melissa (USACAC) 2 <Melissa.Mills@usdoj.gov>; 'Harland Braun' <harland@braunlaw.com>; Adam Olin <Adam_Olin@fd.org>; Carel Ale <Carel_Ale@fd.org>; Charles Snyder <Charles_Snyder@fd.org>; Ray S. Seilie <rseilie@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>
**Subject:** RE: U.S. v. Huizar, et al. - Correspondence and Production

Hi Richard – we hope you and yours had a nice holiday season and New Year's (all other things considered).

We think we have responded with our position; but it appears you simply disagree with our response or seek a different format or timing.

Silver did not change Ninth Circuit law and dealt with jury instructions, which is an issue that is premature given we are currently not litigating jury instructions. It's clear from the motions to dismiss briefing that the parties disagree on what McDonnell requires and what the government must prove at trial. As we've detailed in our brief, we believe our theory of the case, as charged in the indictment, satisfies McDonnell, regardless of the fungible nomenclature used to define various related theories. We think it makes sense to wait and see how the Court resolves some of these issues on the motions to dismiss, and then further discuss these issues in the context of jury instructions, if necessary.

In our view, it seems a waste of judicial resources (and the parties' time) to file a motion for a bill of particulars on this issue, when the law is clear that the government need not disclose its *legal* theories before trial. Nothing in Ryland or any other case in the Ninth Circuit (or other Circuits) supports the proposition that the government must disclose its *legal* theories of the case before trial, in response to a bill of particulars or otherwise. In Ryland, the Ninth Circuit held that a defendant was not entitled to know the content of the testimony of each of the government witnesses before trial, so we don't see how that case supports your position. As other cases make clear, the government's "theory" refers to *factual* theories, not legal theories. See, e.g., United States v. Williams, No. 13-CR-00764-WHO-1, 2015 WL 3830515, at *2 (N.D. Cal. June 19, 2015) ("[T]he bill of particulars does not limit the legal theories under which the government may seek to hold the defendants liable; it only relates to the factual theories of the defendants' involvement."); United States v. Diaz, 05–CR–00167 WHA, 2006 WL 1833081, at *6 (N.D. Cal. June 30, 2006) (denying motion for bill of particulars to require government to disclose its legal theory). The fact that Rose was decided 75 years ago and continues to be cited today does not undermine, but rather bolsters, its holding, which is supported by common sense. Your proposal would be similar to requiring us to preview for you in what manner we will examine a government witness, or cross examine a defense witness, or what analogies we may use in argument. See, e.g., United States v. Sherwood, No. CR20-0155-JCC, 2021 WL 4893507, at *2 (W.D. Wash. Oct. 20, 2021) (citing Rose for holding "[t]he purpose of a bill of particulars is to secure facts, not legal theories"); see also United States v. Buckner, 610 F.2d 570, 574 (9th Cir. 1979) (affirming denial of bill of particulars because when "all relevant facts were disclosed and available, the government is not obliged to disclose the theory under which it will proceed"); See also United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983) ("A bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'").

Notwithstanding the precedent above, if you still persist in your request, in lieu of further mutually unsatisfying email exchanges, we will not take offense if you seek court intervention via a motion for bill of particulars as your next step to clear this impasse.

**From:** Richard Steingard <richard@steingardlaw.com>
**Sent:** Tuesday, December 14, 2021 8:53 AM
**To:** Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>
**Cc:** Mills, Melissa (USACAC) 2 <mmills2@usa.doj.gov>; Quach, Lynda (USACAC) [Contractor] <lquach1@usa.doj.gov>; 'Adam_Olin@fd.org' <Adam_Olin@fd.org>; 'rcapata@birdmarella.com' <rcapata@birdmarella.com>; 'Carel_Ale@fd.org' <Carel_Ale@fd.org>; 'Harland Braun' <harland@braunlaw.com>; Anthony Wong <awong@steingardlaw.com>; 'Charles_Snyder@fd.org' <Charles_Snyder@fd.org>; 'rseilie@birdmarella.com' <rseilie@birdmarella.com>; 'aneuman@birdmarella.com' <aneuman@birdmarella.com>; Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>
**Subject:** [EXTERNAL] RE: U.S. v. Huizar, et al. - Correspondence and Production

Mack—
Following up on the below. Can you pls advise whether the government intends to respond. Thx.

**Richard M. Steingard**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com


The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above. This message may not be shared with, or forwarded

to, third parties without the express written permission of the sender. If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.

---

**From:** Richard Steingard
**Sent:** Wednesday, December 1, 2021 12:24 PM
**To:** 'Jenkins, Mack (USACAC)' <Mack.Jenkins@usdoj.gov>
**Cc:** Mills, Melissa (USACAC) 2 <Melissa.Mills@usdoj.gov>; Quach, Lynda (USACAC) [Contractor] <Lynda.Quach@usdoj.gov>; Adam_Olin@fd.org; rcapata@birdmarella.com; Carel_Ale@fd.org; Harland Braun <harland@braunlaw.com>; Anthony Wong <awong@steingardlaw.com>; Charles_Snyder@fd.org; rseilie@birdmarella.com; aneuman@birdmarella.com; Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>
**Subject:** RE: U.S. v. Huizar, et al. - Correspondence and Production

Mack—
Thank you for the response and apologies if the prior emails were vague or confusing. Let me see if I can explain our requests and advise you specifically what we are seeking.

As stated in our reply to the motions to dismiss at pages 4-6, the Second Circuit in *Silver* (which you cited several times in the government's opposition brief) clarified that what you refer to as the "stream of benefits" theory of bribery is actually three different and distinct theories, each with different constructs: (1) under an "as opportunities arise" theory, the parties enter an agreement whereby a benefit is conferred for one or more official acts on specific matters identified <u>at the time of that agreement</u>, and that the elected official will take official action on those specific, previously identified matters as the opportunities arise; (2) in a "retainer" theory, the bribe giver confers a benefit pursuant to an agreement with the bribe recipient that the bribe giver would <u>later</u> identity the specific matter or official act at some point in the future and that the official would act on that <u>later</u>-identified matter or official act (we question whether this theory survives *McDonnell*); and (3) the "stream of benefits" theory requires that there be an agreement between the bribe giver and recipient that the bribe giver would provide a "stream" of benefits to the ~~elected~~ official for one or more official actions on specific matters identified <u>at the time the agreement is made</u>.

We do not view these as "pithy descriptions" but rather as different theories of liability which impose different obligations of proof on the government. So, for instance, if the government is prosecuting SZNW under a "stream of benefits" theory, the government must present proof that SZNW/Wei Huang and Huizar entered into an agreement that (1) SZNW/Huang would provide Huizar with a stream of benefits and (2) in exchange, Huizar would take official action on a specific and focused matter that SZNW/Huang identified at the time of the agreement. Not so under an "as opportunities arise" theory, which would have different proof requirements as outlined above.

Our initial question asked whether the government agreed with the Second Circuit's clarification that these are three different theories of bribery liability. We cannot tell what your position is from your response, ostensibly because you state that you did not understand our question. Hopefully, the above solves that problem and we ask that you advise us on that point. If you agree that the three theories are in fact different, we are asking a second question: to identify which theory the government is pursuing as to each of the charged schemes. We ask that you answer that question as well.

We hope this clarifies our requests and that we can resolve this without litigation. But, as far as a bill of particulars is concerned, we note that the *Rose* case you cited was decided approx. 75 years ago. More recently, in *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986), the Court stated, "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." (citations omitted; emphasis in original). Some quick research shows that since *Ryland,* was decided, two district courts in this circuit have cited *Rose* for the proposition that the purpose of a bill of particulars is to secure facts and not legal theories, while scores of courts in the Ninth Circuit have cited *Ryland* for the quoted passage.
Thanks—as we see it, the specific theory of prosecution impacts our defenses and we are anxious to resolve it soon. Of course, let me know if you have any questions or want to discuss this matter further.
Richard

Richard M. Steingard
Law Offices of Richard M. Steingard
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com

The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.