# EXHIBIT 7

```
 1  EILEEN M. DECKER
    United States Attorney
 2  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
 3  Chief, Criminal Division
    DOUGLAS M. MILLER (SBN: 240398)
 4  Assistant United States Attorney
    Public Corruption & Civil Rights Section
 5       1500 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone:  (213) 894-2216
 7       Facsimile:  (213) 894-7631
         E-mail: douglas.m.miller@usdoj.gov
 8
    Attorneys for Applicant
 9  UNITED STATES OF AMERICA
```

[FILED stamp: 2016 JUN 16 PM 3:53, Clerk U.S. District Court, Central District of California, Los Angeles]

                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND A TRAP AND TRACE DEVICE | No. 15-2199M(D)<br><br>APPLICATION<br><br><u>FOURTH EXTENSION</u><br><br>[UNDER SEAL PURSUANT TO 18 U.S.C. § 3123(d)] |
|---|---|

I. **INTRODUCTION**

Douglas M. Miller, an Assistant United States Attorney for the Central District of California, hereby applies to the court for an order, pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing the continued use of a pen register and trap and trace device[1] on the

---

[1] Section 216 of the USA PATRIOT Act of 2001 (P.L. 107-56) updated the definitions of a pen register and trap and trace device to clarify that law enforcement officers may use such orders to trace communications on the Internet and other computer networks. A "pen register" is now defined as a "device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication . . . ." 18 U.S.C. § 3127(3). A "trap and trace device" is defined as "a device or process which captures the
(footnote cont'd on next page)

following account of a provider of wire or electronic communication service:[2]

    a. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (the "Subject Account"), an electronic mail ("e-mail") account provided by Yahoo! Inc. (the "Provider"), located in Sunnyvale, California, and subscribed to by JOSE HUIZAR.

II.   CERTIFICATION FOR A PEN REGISTER AND A TRAP AND TRACE DEVICE PURSUANT TO 18 U.S.C. §§ 3122 AND 3123

In support of this application, I state the following:

1.   I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an order authorizing the continued use of pen registers and trap and trace devices. Pursuant to 18 U.S.C. § 3123(a)(1), the requested order may authorize the continued use of a pen register and a trap and trace device anywhere within the United States.

---

incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, [or] signaling information reasonably likely to identify the source of a wire or electronic communication, provided, however, that such information not include the contents of any communication." 18 U.S.C. § 3127(4). Finally, an "electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce . . . ." 18 U.S.C. § 2510(12); see also 18 U.S.C. § 3127(1).

[2] Section 3123, as amended (P.L. 107-56 (2001)), empowers courts to authorize the installation and use of pen registers and trap and trace devices in other districts. Section 3123(a)(1) provides that the court may enter an order authorizing a pen register or trap and trace device "anywhere within the United States. . . ." Moreover, Section 3127(2)(A) now defines a "court of competent jurisdiction" as "any district court of the United States (including a magistrate judge of such a court) . . . having jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A).

2.  I certify that the information likely to be obtained from the pen register and trap and trace device on the Subject Account is relevant to an ongoing criminal investigation being conducted by the FBI (the "Agency") in connection with possible violations of federal criminal statutes, including specifically: Title 18, United States Code, Sections 371 (Conspiracy), 666 (Theft or Bribery Concerning Programs Receiving Federal Funds), 1341 (Mail Fraud), 1343 (Wire Fraud), 1346 (Honest Services), 1951 (Extortion Under Color of Official Right), and 1956 (Money Laundering), being committed by subjects including JOSE HUIZAR and WEI HUANG. On April 25, 2016, the Honorable Suzanne H. Segal, United States Magistrate Judge, signed an order in Case No. 15-2199(C) authorizing the continued use of a pen register and trap and trace device on the Subject Account. I certify that the information likely to be obtained from a renewed pen register and trap and trace device on the Subject Account is relevant to the ongoing investigation referenced above.

3.  In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. I am informed and believe that similar principles apply to other kinds of wire and electronic communications, as described below.

4.  The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol, or "IP" address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous

to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content.

5. A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves. The equipment that connects a computer or other device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be unique, a MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

6. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

4

7. Source and destination port numbers are also included in specific fields within the headers of data packets. Sometimes these port numbers identify the type of service that is connected with a communication (for example email or web-browsing), but they can also be used to identify a specific device on a private network, thus enabling multiple devices to share a single physical connection to a network. In either case, port numbers are used to route data packets either to a specific device or a specific process running on a device. Thus, in both cases, port numbers are used by computers to route data packets to their final destinations. When combined with the source and destination IP addresses, this routing information identifies the source device transmitting an IP packet and the destination device receiving the IP packet.

8. Mobile devices like cellular phones can connect to the Internet via a cellular data network and can be used just like desktop computers. When connecting through the cellular network, Internet communications sent and received by a cellular phone or other mobile device will contain unique identifiers that are embedded in the mobile device. These identifiers include an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEID"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI"). Internet communications sent to and from a cellular phone also contain the header information referenced above in each data packet, such as the source and destination IP addresses and the source and destination port numbers associated with that cellular

phone at the specific time of the communication. Each of these unique identifiers can be used to identify devices that are party to a communication without revealing the communication's contents. The IP addresses and port numbers recorded in the headers of data packets also are readily available to the cellular service provider in each and every data packet for proper routing, and can easily be extracted by a pen register and trap and trace device.

9. Therefore, based upon the above Certification,[3] and pursuant to 18 U.S.C. §§ 3122 and 3123, I request that the court issue an order authorizing:

a. The continued use of a pen register anywhere in the United States to record or decode all non-content dialing, routing, addressing, or signaling information originating from or destined to the Subject Account, including Internet Protocol ("IP") addresses, source and destination port numbers (including all login, logout and transactional port numbers), e-mail or other messaging header information excluding the contents of the subject line of the e-mail or message and excluding the names of any attached files, and IP packet header information, to record the date and time of such

---

[3] Section 3122 "was not intended to require independent judicial review of relevance; rather, the reviewing court need only verify the completeness of the certification." In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (citing S. Rep. No. 541, 99th Cong., 2d Sess. 47 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3601); see also United States v. Fregoso, 60 F.3d 1314, 1320 (8th Cir. 1995) (holding that the judicial role under Section 3123(a) is ministerial in nature because a proper application under Section 3122 mandates entry of the order); Brown v. Waddell, 50 F.3d 285, 290 (4th Cir. 1995) (Section 3122 does not require the government to establish probable cause to obtain a pen register or trap and trace device); United States v. Newman, 733 F.2d 1395, 1398 (10th Cir. 1984) ("[N]o showing of probable cause -- or even 'sufficient cause,' as defendant suggests -- is necessary to justify authorization of a pen register.").

6

transmissions, for a period of 60 days from the date the order is filed by the court.

     b.   The continued use of a trap and trace device on the Subject Account anywhere in the United States to capture and record the incoming electronic or other impulses that identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication and to record the date, time, and duration of communications created by such incoming impulses, for a period of 60 days from the date the order is filed by the court.

     c.   The IP addresses called for by the pen register and trap and trace device include the source and destination IP addresses for incoming and outgoing e-mail or other messages, and the IP addresses for any computer used to log in to the Subject Account, as well as the IP addresses for any computers accessed by the user while logged into the Subject Account, and the date, time, and duration associated with all such transmissions, logins, or accesses to, from, or by the Subject Account.

     d.   The information called for by the pen register and trap and trace device includes device-identifying information, including any MAC address, ESN, MEID, a MIN, SIM, IMSI, MSISDN, or IMEI.

   10.   Pursuant to 18 U.S.C. § 3123(a)(1) and § 3123(b)(2), I further request that the court direct that upon service of the order upon it, the provider(s) of wire or electronic communication service listed in the proposed order, any other communication service provider providing service to the Subject Account, and any other person or entity providing wire or electronic communication service

in the United States whose assistance may facilitate execution of the order, furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the continued use of the pen register and trap and trace device and with minimum interference with the services that are accorded the persons with respect to whom the continued use is to take place, with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

11. I further request that the order direct such provider(s) to facilitate execution of the order, to furnish the results of the pen register and trap and trace device to Special Agents of the Agency as soon as practicable, on a continuing basis, 24 hours a day for the duration of the order.

### III. REQUEST THAT ORDER PRECLUDE NOTICE AND THAT APPLICATION AND ORDER BE FILED UNDER SEAL

12. Based upon the information provided in this application, my training and experience as a prosecutor, and discussions with Special Agents of the Agency, I believe disclosure of the requested court order may result in flight from potential prosecution or the destruction of or tampering with evidence, or may otherwise seriously jeopardize the investigation. Therefore, pursuant to 18 U.S.C. § 3123(d), I request that this application and order be sealed and that the court direct the provider(s) not to disclose in any manner, directly or indirectly, by any action or inaction, to the listed subscriber(s) for the Subject Account, the occupant of said premises, the subscribers of the incoming communications to or outgoing communications from the Subject Account, or to any other person, the existence of this order, in full or redacted form, of the pen

8

register or trap and trace device, or of this investigation, unless otherwise ordered by this court.

    13.  I further request that the offense under investigation, the subscriber name if known, and the subjects of the investigation may be redacted from any copy of the order that is served on Yahoo, Inc., so as not to disclose the nature of the investigation, and that this order and application be SEALED until otherwise ordered by the court.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 16, 2016.

                                    /s/ Douglas M. Miller
                                    DOUGLAS M. MILLER
                                    Assistant United States Attorney
                                    Public Corruption & Civil Rights Section