1   TRACY L. WILKISON
    United States Attorney
2   SCOTT M. GARRINGER
    Assistant United States Attorney
3   Chief, Criminal Division
    MACK E. JENKINS (SBN: 242101)
4   Assistant United States Attorney
    Chief, Public Corruption & Civil Rights Section
5   VERONICA DRAGALIN (SBN: 281370)
    MELISSA MILLS (SBN: 248529)
6   Assistant United States Attorneys
    Public Corruption & Civil Rights Section
7        1500 United States Courthouse
         312 North Spring Street
8        Los Angeles, California 90012
         Telephone: (213) 894-2091/0647/0627
9        Facsimile: (213) 894-7631
         E-mail: Mack.Jenkins@usdoj.gov
10               Veronica.Dragalin@usdoj.gov
                 Melissa.Mills@usdoj.gov
11
    Attorneys for Plaintiff
12  UNITED STATES OF AMERICA

13                  UNITED STATES DISTRICT COURT

14              FOR THE CENTRAL DISTRICT OF CALIFORNIA

15  UNITED STATES OF AMERICA,          No. CR 20-326(A)-JFW

16            Plaintiff,               GOVERNMENT'S OPPOSITION TO
                                       DEFENDANTS' MOTION FOR BILL OF
17            v.                       PARTICULARS (CR 334)

18  JOSE LUIS HUIZAR, et al.,          Date:      February 14, 2022
                                       Time:      8:00 a.m.
19            Defendants.              Location: Courtroom of the Hon.
                                                  John F. Walter
20

21
            Plaintiff United States of America, by and through its counsel
22
    of record, the United States Attorney for the Central District of
23
    California and Assistant United States Attorneys Mack E. Jenkins,
24
    Veronica Dragalin, and Melissa Mills, hereby files its Opposition to
25
    Defendants JOSE HUIZAR and SHEN ZHEN NEW WORLD I, LLC' Motion for a
26
    Bill of Particulars (CR 334).  This opposition is based upon the
27
    attached memorandum of points and authorities, the files and records
28

1    in this case, and such further evidence and argument as the Court may

2    permit.

3    Dated: January 24, 2022          Respectfully submitted,

4                                     TRACY L. WILKISON
                                      United States Attorney
5
                                      SCOTT M. GARRINGER
6                                     Assistant United States Attorney
                                      Chief, Criminal Division
7

8                                     _____
                                      MACK E. JENKINS
9                                     VERONICA DRAGALIN
                                      MELISSA MILLS
10                                    Assistant United States Attorneys

11                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    Defendants JOSE HUIZAR and SHEN ZHEN NEW WORLD I, LLC ("SZNW")

3  seek a bill of particulars to which they are not entitled and which

4  is wholly unnecessary.  Defendants stand charged in a highly detailed

5  138-page First Superseding Indictment, and they have received fulsome

6  discovery of hundreds of thousands of documents, many hours of

7  recordings, and numerous other evidentiary items supporting the

8  charges, along with a corresponding detailed index.  Collectively,

9  the FSI and the discovery process more than adequately inform

10  defendants of the nature of the charges, and no bill of particulars

11  is warranted.

12    The purposes of a bill of particulars are: 1) to advise the

13  defendant of the nature of the charge against him with sufficient

14  precision to enable him to prepare for trial; 2) to avoid or minimize

15  the danger of surprise at trial; and 3) to protect against double

16  jeopardy.  See United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir.

17  1991).  In determining whether to order a bill of particulars, the

18  Court should consider "whether the defendant has been advised

19  adequately of the charges through the indictment and all other

20  disclosures made by the government."  United States v. Long, 706 F.2d

21  1044, 1054 (9th Cir. 1984); see also United States v. Giese, 597 F.2d

22  1170, 1180 (9th Cir. 1979) ("Full discovery also obviates the need

23  for a bill of particulars.").  The purpose of a bill of particulars

24  is "not for the government to walk the defendant through its strategy

25  or process, but rather 'to apprise the defendant of the specific

26  charges' against him."  United States v. Zweig, 2017 WL 3996177, at

27  *3 (N.D. Cal. 2017), quoting Long, 706 F.2d at 1054.

28

1    It is well settled that "[the] purpose of a bill of particulars
2  is to secure facts, not legal theories."  Rose v. United States, 149
3  F.2d 755, 758 (9th Cir. 1945); see also United States v. Burgin, 621
4  F.2d 1352, 1359 (5th Cir. 1980) (bill of particulars is "not designed
5  to compel the government . . . to explain the legal theories upon
6  which it intends to rely at trial"); United States v. Musick, 291
7  Fed.Appx. 706, 724 (6th Cir. 2008) (unreported decision) ("The bill
8  of particulars is not intended as a means of learning the
9  government's evidence and theories"); United States v. Ansani, 240
10 F.2d 216, 223 (7th Cir. 1957) (motion for bill of particulars
11 "properly denied because defendants attempted to secure legal theory,
12 not facts"); Kempe v. United States, 151 F.2d 680, 685 (8th Cir.
13 1945) ("purpose of a bill of particulars is to secure facts, not
14 legal theories"); United States v. Gabriel, 715 F.2d 1447 (10th Cir.
15 1983) (quoting Burgin); United States v. Roberts, 174 Fed.Appx. 475,
16 477 (11th Cir. 2006) (unreported decision) (quoting Burgin).

17   Defendants dismiss the government's reliance on Rose v. United
18 States on the basis that the case is 75 years old, but valid Ninth
19 Circuit jurisprudence does not bear an expiration date.  The Rose
20 case continues to be good law —— as do the many cases, a handful of
21 which are cited above, from other circuits similarly rejecting the
22 use of a bill of particulars as a mechanism to discover the
23 prosecution's legal theories and strategies.  During the parties'
24 meet-and-confer dialogue preceding the instant motion, the government
25 called to defendants' attention United States v. Buckner, a case of
26 the same vintage as many of those cited in the defendants' motion.
27 610 F.2d 570, 574 (9th Cir. 1979); Ex. H to Def. Mot.  In Buckner,
28 the Ninth Circuit cited Rose in support of its holding that when "all

1 relevant facts were disclosed and available, the government is not

2 obliged to disclose the theory under which it will proceed."  610

3 F.2d at 574 (9th Cir. 1979).

4     Defendants' motion does not mention the <u>Buckner</u> case in arguing

5 for a conclusion directly contrary to its holding.[1]  Instead,

6 defendants seize on one clause in <u>Yeargain v. United States</u>, a brief

7 opinion from 1963 upholding the district court's denial of a bill of

8 particulars and briefly noting, without elaboration, that a defendant

9 is "not entitled to know all the evidence the government intends to

10 produce but only the theory of the government's case."  314 F.2d 881,

11 882 (9th Cir. 1963).

12     As defendants further note, this passage from <u>Yeargain</u> was

13 echoed, without further clarification, in <u>Giese</u>, 597 F.2d at 1180-81,

14 and then in <u>United States v. Ryland</u>, 806 F.2d 941, 942 (9th Cir.

15 1986).  In <u>Giese</u>, the Ninth Circuit upheld the district court's

16 denial of the defense motion for a bill of particulars, finding that

17 the indictment and the government's discovery collectively provided

18 defendant "more than he had a right to demand."  597 F.2d at 1181.

19 Immediately before the citation to defendants' preferred passage from

20 <u>Yeargain</u>, the <u>Giese</u> court noted that defendant was not entitled to

21 "the 'when, where, and how' of every act in furtherance of the

22 conspiracy."  <u>Id.</u>  Similarly, in <u>Ryland</u>, the Ninth Circuit cited to

23

24     [1] Like the <u>Rose</u> case, <u>Buckner</u> continues to be cited for the

25 unremarkable proposition that "the government is not obliged to
disclose the theory under which it will proceed."  <u>See, e.g.</u>, <u>United</u>

26 <u>States v. Sherwood</u>, 2021 WL 4893507, at *2 (W.D. Wash. 2021) (also
citing <u>Rose</u> for holding "[t]he purpose of a bill of particulars is to

27 secure facts, not legal theories"); <u>United States v. Bundy</u>, 2016 WL
9045854, at *5 (D. Nev. 2016) <u>United States v. Ellis</u>, 121 F.Supp.3d

28 927, 942 (N.D. Cal. 2015); <u>United States v. McClelland</u>, 571 F.Supp.
759, 761 (D. Nev. 1983).

1  the same Yeargain passage in support of the denial of the defense

2  motion for a bill of particulars, and immediately after observing

3  that the defendant's argument "misconstrue[d] the purpose of the bill

4  of particulars."  806 F.2d at 942.

5       Contrary to defendants' suggestion, the reference to the

6  government's "theory" without elaboration in this trio of cases ——

7  all of which made the reference in the context of upholding the

8  *denial* of motions for bills of particulars based on established

9  precedent —— did not purport to overrule Rose or to upend the well-

10 established purpose of a bill of particulars.  Rather, although

11 Yeargain's use of the word "theory" may have led to defendants'

12 confusion, it is clear from the context of that case that the term

13 "theory of the government's case . . . was meant to designate the

14 government's theory of *events*, as opposed to information on its

15 evidence of those events."  United States v. Diaz, 2006 WL 1833081,

16 at *6 (N.D. Cal. 2006) (unreported decision, emphasis in original).

17 As the court in Diaz noted, "Yeargain and Rose lead to the conclusion

18 that evidence and legal theories are not proper subjects of bills of

19 particulars but that the government's theory of the facts of the case

20 is a proper subject of such bills."[2]  Id.  Yeargain, Rose, and Ryland

21 all support the proposition that a detailed indictment and fulsome

22 discovery sufficiently inform defendants of the nature of the charges

23 against them —— that is, the government's *factual* theory —— and that

24

25      [2] In Diaz, as in some of the district court cases cited by
   defendants, the court ordered the government to produce information
26 as to the government's *factual* theories —— for instance, what the
   defendant's role was in a murder (2006 WL 1833081, at *6); whether
27 the defendant possessed and/or fired a firearm (United States v.
   Williams, 2015 WL 3830515 (N.D. Cal. 2015)); and what other
28 participants were involved (United States v. Etienne, 2018 WL 1456658
   (N.D. Cal. 2018)).

1    in such a case, no further bill of particulars as to the government's

2    *legal* theories is warranted.

3         In Rose, the court denied the defendants' request for a bill of

4    particulars as to the statute and regulations they had allegedly

5    conspired to violate, as well as "how conspiring to violate such

6    provisions constituted an offense."  Rose, 149 F.2d at 758.

7    Defendants here are fully on notice of what statutory provisions

8    apply in this case, and they are indisputably aware of all relevant

9    facts alleged to constitute the charged offenses.  Like the Rose

10   defendants, they demand to know exactly how the government believes

11   their conduct constituted an offense —— in this case, by pinning the

12   government down to one of three overlapping purported legal theories

13   identified in a footnote of a case in another circuit involving a

14   question of jury instructions.  United States v. Silver, 948 F.3d

15   538, 553, n. 7.  As this Court observed on January 7, 2022, before

16   denying defendants' motion to dismiss bribery counts of the

17   indictment as duplicitous on the ground that they alleged multiple

18   counts with separate legal theories, those three purported theories

19   "are not as clearly defined in the cases as the defendants suggest."

20   Transcript of January 7, 2022 Hearing (CR 346), at 44:14-23.[3]

21

22

23   _____

24        [3] The following example provided by the Court illustrates the
     inherently overlapping nature of the purported legal theories
25   identified by defendants and the futility of trying to draw sharp
     lines between them:  "For example, the counts can be read to allege
26   that the stream of benefits from October 28, 2015, to December of
     2018 including casino gambling chips, accommodations, travel
27   expenses, and the $575,000 used as collateral to secure Mr. Huizar's
     personal loan from Bank 1 were cumulatively offered with the intent
28   to influence Mr. Huizar in connection with the L.A. Grand Hotel
     project as opportunities arose."  Transcript of January 7, 2022
     Hearing (CR 346), at 46:8-17.

1   Defendants have all the facts they need to prepare to defend

2   this case.  In the event that, notwithstanding the government's

3   arguments to the contrary and the Court's skepticism expressed at the

4   January 7, 2022 hearing, the Court ultimately concludes that the

5   "stream of benefits," "retainer," and "as opportunities arise"

6   theories are indeed three distinct legal theories with separate

7   elements of proof, the question of precisely what findings would be

8   required for each is a jury instruction question for a later day.

9   In such an instance, the government may decide to argue that the

10  facts of this case evidence defendants' agreement to provide and

11  accept a "stream of benefits."  Alternatively, the government might

12  argue that the facts support an agreement that defendant HUIZAR would

13  take actions "as opportunities arose," or an agreement that defendant

14  SZNW would provide benefits to defendant HUIZAR and then later

15  identify the actions to be taken by its "retained" councilmember.  Or

16  the government could argue for all three of these as alternative

17  theories of liability.[4]  What legal theory the government intends to

18  argue is not a proper matter for a bill of particulars.  All facts

19  supporting those various potential agreements, each of which is, at

20  best, an abstract legal construct that may come into play in crafting

21

22  _____

23      [4] Assuming these are ultimately deemed to be separate legal
    theories, the government may proceed on multiple alternative
    theories, with the jury being appropriately instructed on the
24  relevant proof requirements, or the government could elect among
    those theories after seeing how the evidence comes in at trial.  See
25  Transcript of January 7, 2022 Hearing (CR 346), 46:23-47:1 ("after
    hearing the evidence at trial, the Court may provide a specific
26  unanimity instruction to the jury if necessary or require the
    Government to make an election.");  see also United States v. Tuan
27  Ngoc Luong, 965 F.3d 974, 985-86 (9th Cir. 2020) (jurors may find
    criminal liability based on alternative means of committing a
28  particular element of a crime, even without a specific unanimity
    instruction in some circumstances).

                                  6

jury instructions or selecting what specific phrasing to use in argument, have been provided to the defendants.  Nothing more is required.

For the foregoing reasons, the government respectfully requests that this Court deny defendants' motion for a bill of particulars.