CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Jose Huizar

[And on Behalf of Defendants Ray Chan
and Shen Zhen New World I, LLC]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS HUIZAR,<br>RAYMOND SHE WAH CHAN<br>SHEN ZHEN NEW WORLD I, LLC,<br><br>Defendants. | Case No. CR-20-326-JFW<br><br>**JOSE HUIZAR, RAYMOND CHAN, AND SHEN ZHEN NEW WORLD I, LLC'S JOINT MOTION TO DISMISS COUNTS 22 AND 23**<br><br>Date: February 28, 2022<br>Time: 8:00 a.m.<br>Ctrm: 7A – Hon. John F. Walter |

TO THE ACTING UNITED STATES ATTORNEY AND HER COUNSEL OF

RECORD: PLEASE TAKE NOTICE THAT, at 8:00 a.m. on February 28, 2022, or as

soon thereafter as may be heard, Jose Huizar, Raymond Chan, and Shen Zhen New

World I, LLC ("SZNW") will, and hereby do, jointly move for an order dismissing Counts 22 and 23 as untimely.  Huizar, Chan, and SZNW base this motion on the attached memorandum, the files and records in this case, and any other argument or evidence that the Court may consider.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: January 31, 2022                    /s/ *Charles J. Snyder*

Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for Jose Huizar

[And on Behalf of Defendants Ray Chan and Shen Zhen New World I, LLC]

# I. <u>INTRODUCTION</u>

The Court recently denied Jose Huizar's motion to dismiss and/or strike Counts 22 and 23 as duplicitous and partly time-barred.  In so doing, it rejected Huizar's argument that the unit of prosecution for bribery is *each* corrupt demand, solicitation, acceptance, or agreement to accept a thing of value with the intent to be influenced in connection with government business worth at least $5,000 (making Counts 22 and 23 duplicitous), and instead accepted the government's argument that the conduct alleged in Counts 22 and 23 was properly charged as a *single* stream-of-benefits bribe directed at obtaining assistance with the L.A. Grand Hotel.  Docket No. 346, 1/7/22 Tr. at 44:11-14, 46:21-23.  At the same time, relying on the Seventh Circuit's decision in *United States v. Yashar*, 166 F.3d 873, 879-80 (7th Cir. 1999), the Court concluded that § 666 bribery is not a continuing offense for statute-of-limitations purposes.  Docket No. 346, 1/7/22 Tr. at 47:25-48:10.  The net result of the Court's decisions is that Counts 22 and 23 must be dismissed in their entirety.  If Counts 22 and 23 allege a *single* stream-of-benefits bribe that began with trips to Las Vegas in 2013 and includes a loan transaction from 2014, all of the elements of that bribe existed more than five years before the FSI was returned.  And because § 666 is not a continuing offense, the statute started to run once all of the elements existed, not when the last act occurred. The single offenses charged in Counts 22 and 23 are therefore time-barred.

# II. <u>ARGUMENT</u>

Criminal statutes of limitations must "be liberally interpreted in favor of repose[.]" *Toussie v. United States*, 397 U.S. 112, 115 (1970) (everything omitted). Because § 666 is not a continuing offense, the crime is committed and the statute begins to run once all of the elements exist "regardless of whether the defendant continues to engage in criminal conduct."  *Yashar*, 166 F.3d at 879-80; *United States v. Drebin*, 557 F.2d 1316, 1333 (9th Cir. 1977) (explaining that, for non-continuing offenses, "a statute of limitations begins to run when the crime is complete," and a "crime is complete as soon as every element . . . occurs").

1

Here, the government successfully avoided a duplicity challenge by arguing that Counts 22 and 23 charged a *single* ongoing bribery offense directed at the same ultimate object – obtaining assistance with the L.A. Grand Hotel.[1]  According to the FSI, that single offense included, among other things, many trips to Las Vegas and the acceptance of collateral to secure a loan with the corrupt intent "to be influenced and rewarded in connection with the L.A. Grand Hotel Project[.]"  FSI ¶ 49; *see also* FSI at 16:1-27:17.  As Overt Act 42 makes clear, Huizar first received the loan collateral in 2014.  If the bribe alleged in Counts 22 and 23 is a single, non-continuing offense, and if Huizar began going on trips to Las Vegas in 2013 and received the loan collateral in 2014, all with the corrupt intent to be influenced in connection with the L.A. Grand Hotel project, every element for the single offenses charged in Counts 22 and 23 existed no later than 2014 regardless of what happened after.  *Yashar*, 166 F.3d at 879-80; *see also* Gov't Opp'n to Mot'n to Dismiss, Docket No. 259 at 9:26-10:1 (confirming that a bribe occurs at the time the official receives a thing of value with the corrupt intent to be influenced in connection with qualifying government business regardless of what, if anything, occurs after).  Because neither the Indictment nor the FSI was returned until more than five years later, the single offenses charged in Counts 22 and 23 are untimely.

Though this conclusion is compelled by applying settled statute-of-limitations concepts to the Court's prior ruling, Huizar anticipates that the government may make four arguments in response.

---

[1] *See* Gov't Opp'n to Mot'n to Dismiss, Docket No. 259 at 38:20-22 ("Counts 22, 23, and 29 are not duplicitous, because they each allege a *single continuing offense* – specifically, an ongoing stream-of-benefits bribery scheme") (emph. added); *id.* at 39:10-15 ("[T]he indictment alleges *a stream-of-benefits bribery scheme involving numerous individual benefits to defendant Huizar to influence his expected support of defendant SZNW's L.A. Grand Hotel Project* . . . . In light of the *continuous nature* of the bribery scheme, Counts 22, 23, and 29 were properly charged.") (emph. added); *id.* at 39:20-24 ("Charging *a single ongoing scheme in a single count* simplifies and streamlines the charges, more accurately reflects the course of the defendants' conduct, avoids concerns about overcharging, and *appropriately limits the defendants' sentencing exposure to a single punishment for a single ongoing scheme*.") (emph. added).

2

*First*, the government may attempt to argue that the stream-of-benefits bribe targeting assistance with the L.A. Grand Hotel began in 2013 for the RICO and wire-fraud charges, but, solely for purposes of § 666 and Counts 22 and 23, that the stream-of-benefits bribe targeting assistance with the L.A. Grand Hotel project began in October 2015.  Huizar is aware of no authority that would allow the government to artificially carve up the same conduct into different factual theories as necessary to avoid statutory time bars.  *See, e.g., United States v. Rajarantnam*, No. 13 Cr. 211(NRB), 2014 WL 1554078, at *6-7 (S.D.N.Y. Apr. 17, 2014) (holding that certain charges in Indictment were logically and internally inconsistent and requiring government to elect a factual theory under repugnancy doctrine); *Lehman v. United States*, 127 F. 41, 45 (2d Cir. 1903) ("Repugnancy consists in two inconsistent allegations which destroy the effect of each other") (everything omitted).  To the contrary, if the government wants to enjoy the benefits of starting the RICO conspiracy and wire-fraud schemes in 2013 based on the alleged stream-of-benefits bribe involving SZNW and Wei Huang, and if it wants to avoid a duplicity bar by characterizing that stream-of-benefits bribe as a single offense, it must also be bound to that choice for limitations purposes.  In this case, the consequence of characterizing the SZNW/Huang bribe as a single offense is that, for § 666 purposes, all of its elements existed more than five years before the Indictment and FSI were returned.

*Second*, the government may argue that, because the FSI, on its face, purports to rely only on conduct occurring between October 28, 2015 and December 2018, the offenses alleged in Counts 22 and 23 cannot be time-barred.  But, as the FSI's allegations and the government's duplicity arguments make clear, the alleged-stream-of-benefits bribe involving SZNW and Wei Huang stretches back to 2013 and certainly includes the 2014 loan.  FSI at 16:1-27:17 & ¶ 49.   The government cannot treat the same alleged bribe as a unitary offense for duplicity purposes, but then subdivide it into a timely offense and an untimely one for statute of limitations purposes.  If it's a single offense it must be a single offense for all purposes.  *Rissetto v. Plumbers & Steamfitters*

3

*Loc. 343*, 94 F.3d 597, 600 (9th Cir. 1996) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position").

*Third*, the government may argue that, even if some of the alleged stream-of-benefits bribes fell outside the limitations period, the untimely conduct can simply be carved off and presented as evidence to supporting the timely conduct. But the only logical way to proceed under that carving-up theory would be to employ the unit of prosecution that Huizar originally advanced, which treats each individual transaction as a separate offense. The Court expressly rejected that analysis, holding instead that the government properly aggregated multiple transactions into a single § 666 offense. The Court further accepted the government's claim that, *in this case*, Counts 22 and 23 each charge one unitary stream-of-benefits bribe directed at obtaining assistance with the L.A. Grand Hotel project. Because Counts 22 and 23 each charge a single, unitary stream-of-benefits bribe, the offenses must rise or fall together in their entirety.

*Finally*, as suggested in meet-and-confer conversations, the government may try to characterize this motion as an improper request for reconsideration. But this motion doesn't ask the Court to reconsider anything. Before the hearing, Huizar argued that Counts 22 and 23 were duplicitous because § 666's unit of prosecution was transaction-specific and also that § 666 was not a continuing offense. The government argued the opposite. The Court decided the first issue in the government's favor and the second in Huizar's. While Huizar previously expressed his disagreement with the Court's ruling, this motion *assumes its correctness* for purposes of trial court proceedings and simply asks the Court to further apply the law to its recently-announced holdings. Barring some breach in the linear progression of time, it would not have been possible to bring a motion based on the content of the Court's ruling until that ruling was issued. And because it is not possible to reconsider something that hasn't been considered in the first place, this is not a reconsideration motion, let alone an improper one.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III. CONCLUSION

For the reasons above, the Court should dismiss Counts 22 and 23 as time-barred.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: January 31, 2022

/s/ *Charles J. Snyder*

Carel Alé
Charles J. Snyder
Adam Olin
Attorneys for Jose Huizar

[And on Behalf of Defendants Ray Chan
and Shen Zhen New World I, LLC]

5