CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
Email:  Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
Jose Huizar

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSE HUIZAR,<br><br>        Defendant. | Case No. CR-20-326-JFW<br><br>**EX PARTE APPLICATION FOR ORDER SEALING EXHIBIT 1 ISO JOSE HUIZAR'S EX PARTE APPLICATION FOR ORDER ISSUING EARLY-RETURN SUBPOENA DUCES TECUM** |

Jose Huizar, through counsel, applies ex parte for an order sealing Exhibit 1 filed in support of his Ex Parte Application for Order Issuing Early-Return Subpoena Duces Tecum.  Huizar bases this application on the attached memorandum and declaration, the files and records in this case, and any other argument or evidence that the Court may consider.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  February 2, 2022        By  */s/ Charles J. Snyder*

CHARLES J. SNYDER
Attorneys for Jose Huizar

# **TABLE OF EXHIBITS**

| Ex. 1 | FD-302 from Morrie Goldman Interview dated December 5, 2018 | 2:4-3:28 |
| --- | --- | --- |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In support of his Ex Parte Application for Order Issuing Early-Return Subpoena Duces Tecum ("Subpoena Application"), Jose Huizar seeks to file as Exhibit 1 a complete, unredacted copy of the FD-302 from Morrie Goldman's December 5, 2018 proffer.  As discussed in a prior motion (which the Court denied without prejudice), Huizar contends that portions of Exhibit 1 contain attorney-client privileged information.  See Docket Nos. 281, 287, 289, 341, 342, 348, 362.  Concurrently with the Subpoena Application, Huizar filed a version of Exhibit 1 publicly with redactions to protect his claims of privilege.  By this filing, he seeks to submit the fully-unredacted version of Exhibit 1 with the Court under seal.

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *see also* Local Rule 79-5.1 (providing that a party may request that documents be filed under seal).  "[T]he need to honor the attorney-client privilege" qualifies as a reason to seal exhibits. *United States v. Pella*, No. 06-MJ-161-RJJ, 2012 WL 5287898, at *1 (D. Nev. Oct. 24, 2012); *see also Asdale v. International Game Technology,* No. 04-CV-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010) ("The public interest in accessing the courts does not outweigh the compelling need to . . . honor the attorney-client privilege and the work-product doctrine.")).  For the reasons above, Huizar asks that the Court allow him to file Exhibit 1 under seal.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  February 2, 2022        By  */s/ Charles J. Snyder*
CHARLES J. SNYDER
Attorneys for Jose Huizar

1

## <u>DECLARATION OF CHARLES J. SNYDER</u>

I, Charles J. Snyder, declare as follows:

1.      I am a California-licensed DFPD and one of the lawyers appointed to represent Jose Huizar in this matter.  Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2.      In support of Jose Huizar's <u>Ex</u> <u>Parte</u> Application for Order Issuing Early-Return Subpoena Duces Tecum, I publicly filed as Exhibit 1 a redacted copy of the FD-302 from Morrie Goldman's December 5, 2018 proffer.  The redactions to Exhibit 1 are consistent with Huizar's claims of attorney-client privilege, which he previously made in connection with a motion to suppress that was denied without prejudice.  <u>See</u> Docket Nos. 281, 362.

3.      By this application, I seek to file a complete, unredacted copy of Exhibit 1 under seal so that the Court has access to the whole document.

4.      On February 2, 2022, I communicated with the government about this sealing application.  The government indicated that its position on sealing was unchanged since the last sealing application, which appears at Docket 287.

5.      For the same reasons as before, I believe that sealing is appropriate.  Prior to filing the aforementioned suppression motion, the parties agreed that Huizar could file the now-redacted portions of Exhibit 1 under seal pending the Court's ruling on Huizar's privilege claim.  <u>See</u> Docket No. 287.  Because the Court denied Huizar's suppression motion without prejudice and without rejecting his privilege claims, and because Huizar intends to renew that motion, the same justifications that supported sealing previously continue to support sealing now.[1]

---

[1] The Court previously entered orders sealing the redacted portions of Exhibit 1. Docket Nos. 289, 295.  In the event that the Court denies this sealing application, it can see the unredacted portions of the redacted version of Exhibit 1 there.  I am seeking to file a complete, unredacted version of Exhibit 1 under seal in light of the Court's recent comments and solely for the Court's convenience – so it doesn't have to cobble together one 302 by reviewing multiple filings made at different points in time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed February 2, 2022 at Los Angeles, California.

*/s/ Charles J. Snyder*
Charles J. Snyder