Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260-9449
Facsimile: (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE LUIS HUIZAR, ET AL,

Defendants.

CR-20-326(A)-JFW

**DEFENDANT SHEN ZHEN NEW WORLD I, LLC'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF RE DEFENDANTS' MOTIONS TO SEVER; DECLARATION OF RICHARD M. STEINGARD**

Defendant Shen Zhen New World I, LLC ("SZNW"), by and through its attorney of record, Richard M. Steingard, hereby submits this response to the Government's Supplemental Brief in Support of Omnibus Opposition to Defendants Dae Yong Lee, 940 Hill, LLC and Shen Zhen New World I, LLC's Motions to Sever. (ECF 353.)

**SZNW's RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF**

## I.

## INTRODUCTION

On January 7, 2022, in response to defendants' supplemental motion to dismiss the honest services fraud counts (ECF 251), the Court issued a tentative finding that the government's opposition brief "does not support a finding that [defendants] 940 Hill, Lee and Shen Zhen were participants in the alleged single scheme by a preponderance of the evidence." (RT 1/7/22 at 97-98.) The Court ordered the government to file an offer of proof showing that its honest services fraud charges – Counts 2-17 of the First Superseding Indictment ("FSI") – establish a single bribery scheme. (*Id*. at 97-98.) In clear terms, the Court directed that the government's offer of proof should "set forth all of the *evidence* it intends to offer to establish that 940 Hill, Lee, and Shen Zhen were participants in the alleged scheme." (*Id*.; emphasis added here and throughout this paragraph and the next paragraph.) The Court stated several times, in similar terms, that it needed to see the "*evidence* … that you intend to put on." (*Id*. at 100; *see also id.* at 104 ("you know what your *evidence* is"); *id.* at 105 ("it is going to give me a better understanding of the nature and extent of the *evidence* with respect to Shen Zhen and Hill and Lee").)

That same day, the Court issued its minutes of the in-court proceedings and reiterated that the government's offer of proof should "set forth the *evidence* it intends to offer to establish that Defendants 940 Hill, LLC, Dae Yong Lee, and Shen Zhen New World I, LLC were participants in the single scheme alleged in the First Superseding Indictment." (ECF 330.) The Court then stressed that "[t]he Government shall *narrowly tailor and limit* the Offer of Proof only to the *evidence* relevant to the existence of a single scheme and Defendants 940 Hill, LLC, Dae Yong Lee, and Shen Zen New World I, LLC's participation in that scheme." (*Id*.)

On January 28, 2022, the government filed a lengthy brief that addresses numerous legal issues, arguments, and theories. (ECF 353, hereinafter "Govt. Supp. Br.".) First and foremost, the government did not "narrowly tailor and limit" its brief to the "evidence" of a single bribery scheme. In fact, it does not present any evidence showing a single scheme. Rather, the portion of the brief purportedly presenting the government's fact-based offer of proof consists of the following: (1) selected passages from the factual bases sections of four cooperating witnesses' plea agreements, three of whom have no connection to or involvement with SZNW whatsoever; (2) the Statement of Facts for two Non-Prosecution Agreements, which are completely unrelated to SZNW; (3) Bates citations to a handful of documents produced in discovery, none of which show any "crossover" between the alleged schemes and most of which do not appear to be trial exhibits; and (4) various allegations in the First Superseding Indictment ("FSI"), which, of course, are not evidence and which fail to connect the defendants or show that the alleged schemes were co-dependent. Indeed, rather than provide the Court with any meaningful testimonial or documentary evidence, the government primarily directs the Court to pleadings already in the Court's possession.

As discussed below, the proffered "offer of proof" is not an offer of proof at all and, in any event, fails to show SZNW's *knowledge* or *awareness* of the other developers or their alleged schemes, much less SZNW's *interdependence* on the success of the other defendants, developers, or their alleged schemes.

## II.

## GOVERNMENT'S OFFER OF PROOF

### A. Portions of the Government's Brief Should Be Disregarded or Stricken

As noted above, during the January 7, 2022 hearing, the Court emphasized that the government's offer of proof should focus solely on the evidence allegedly establishing a single scheme. As to other issues – single versus multiple conspiracies, admissibility of co-schemer evidence, limiting instructions, etc. – the

Court stated that it understood those issues and "if I decide based upon what I see in those pleadings that I'm inclined to grant the motion to sever, I will let counsel know, and I will ask for some supplemental briefing which will be directed toward the issues that have arisen based upon my review of the offer of proof." (RT 1/7/22 at 106.)

Disregarding the Court's instructions, the government submitted a 25-page brief arguing the elements of wire fraud (Govt. Supp. Br. at 2), the admissibility of co-schemers evidence at joint and separate trials (*id*, at 2-3), and, at great length, the law on single and multiple conspiracies (*id*. at 15-25).[1] In light of the Court's unambiguous instructions that the offer and proof be "narrowly tailor[ed] and limit[ed]" to evidence establishing a single fraud scheme (ECF 330), SZNW does not respond to the government's brief on these extraneous issues and will await the Court's directive should it want briefing on such matters. Further, SZNW asks that these sections of the government's offer of proof be disregarded or stricken as failing to comply with the Court's order.

**B. The Factual Bases of Four Cooperating Witnesses' Guilty Pleas and Two Unrelated Developers' Non-Prosecution Agreements Fail to Establish Interdependence Between the Various Schemes**

The government begins its evidence-based offer of proof with a section entitled, "Four Key Participants in the CD-14 Enterprise Admitted the Existence of a Single Scheme and Described its Method of Operation." (Govt. Supp. Br. at 4.) In support of this bold claim, the government proffers selected passages from four cooperators' plea agreements. (*Id*. at 4-6, citing ECF 353-1, 2, 3 & 4.) The factual basis of a plea agreement does not constitute an offer of proof—it merely reflects the government's version of a defendant's conduct, as drafted by a prosecutor and

[1] All page citations to the government's brief and exhibits refer to internal page numbers, rather than the ECF-generated pagination.

adopted by a defendant. Moreover, the guilty pleas and factual bases for three of the cooperators were for crimes that SZNW is not charged with: Esparza and Chiang—RICO conspiracy; and Goldman—Conspiracy to defraud the United States.[2] Additionally, for reasons unknown, the government later cites to its non-prosecution agreements with two unrelated developers. (*Id*. at 11-12, citing ECF 353-5 & 6.) These documents, which cannot plausibly be considered as evidence or offers of proof, do not mention SZNW, Wei Huang, or the LA Grand Hotel; do not show any linkage between the various developers or their development projects; and add nothing to the Court's analysis of the interrelatedness of the alleged schemes.

Even if the Court considered the factual bases and non-prosecution agreements as evidence, they still fall far short of showing a single bribery scheme. The full plea agreements for George Chiang, Justin Kim, and Morrie Goldman do not mention SZNW, Huang or the alleged LA Grand Hotel Scheme;[3] unsurprisingly, then, their factual bases do not mention SZNW, Huang, or the LA Grand Hotel. (ECF 353-2 (Chiang), 353-3 (Kim), 353-4 (Goldman).) Nor do these factual bases provide any explicit or implicit linkage between the SZNW, Huang, the alleged LA Grand Hotel Scheme, and the other charged schemes. Similarly, the non-prosecution agreements of two unrelated developers do not mention SZNW, Wei Huang, or the LA Grand Hotel, nor do they provide any connection, interrelatedness, or interdependence between the various schemes.

---

[2] The fourth cooperator, Justin Kim, pled guilty to federal program bribery, which SZNW is charged with. However, his plea agreement makes no reference to SZNW or Wei Huang, nor does it show any interrelationship between SZNW and the other defendants, developers, or alleged schemes.

[3] The plea agreements for all four cooperators can be found at *United States v. Esparza*, CR 20-208-JFW at ECF 9; *United States v. Justin Kim*, CR 20-154-JFW at ECF 7; *United States v. George Chiang*, CR 20-203-JFW at ECF 7; and *United States v. Morris Goldman*, CR 20-369-JFW at EC 9.

LAW OFFICES OF RICHARD M. STEINGARD

The only factual basis that does mention SZNW, that of cooperator George Esparza (ECF 353-1), does not reflect any interdependence between SZNW, Huang, and any other developer, or between the alleged LA Grand Hotel Scheme and the other alleged schemes. Rather, Esparza's factual basis states that he "facilitated and participated in the following *schemes*" (*id*. at 4, emphasis added), not that he "facilitated and participated in a *single* scheme," as the government now claims. Esparza's factual basis then *separately* discusses his role in three of the five-plus alleged schemes by dividing the alleged schemes into sections – the Project E Bribery Scheme,[4] the Project C Bribery Scheme, and the Businessperson A Retainer Payment Scheme. None of the three alleged schemes show or suggest any connection to each other or to the other alleged schemes. (*Id*. at 4-15.)

In sum, contrary to the government's brash pronouncement in its section header, Esparza, Chiang, Kim, and Goldman never "admitted the existence of a single scheme" and their factual bases fail to establish that the various schemes were codependent. Indeed, the government has previously represented to the Court that all the alleged schemes were "separate" and "distinct." (*See e.g.*, ECF 228 at 23–4.) The factual bases for the cooperators' plea agreements – with or without the two non-prosecution agreements – wholly support *that* position.

**C. The Discovery Documents Referenced in the Government's Offer of Proof Do Not Show a Single Scheme**

The government's evidentiary offer of proof cites to eleven documents that were produced in discovery. (Govt. Supp. Br. at 8, 10, & 13.) Although these are the only items referenced in the government's brief that the Court did not already possess, the government did not attach them as exhibits, thereby leaving it to the Court to divine their full import, place them into context, and ascertain their

---

[4] The Project E Bribery Scheme, when unmasked, is the LA Grand Hotel Scheme.

LAW OFFICES OF RICHARD M. STEINGARD

significance, if any, to the interrelatedness issue.[5]

At best, the documents are of marginal significance. Only four of the eleven documents relate to Wei Huang and SZNW, and two of those concern Huang and SZNW's plans to redevelop their *other* local hotel, the Sheraton Universal, which sits in a different council district and is unconnected to the alleged LA Grand Hotel Scheme. (*Id*. at 8.) The remaining documents do not involve or mention Huang or SZNW, nor do they connect the various schemes. And none of the eleven documents shows any interrelatedness or codependency among the defendants, developers, or the alleged schemes

It also appears that most of the cited documents are not even trial exhibits. Eight of the eleven documents – including all four concerning Huang and SZNW – are *not* listed on the government's latest iteration of its informal exhibit list. (Declaration of Richard M. Steingard at ¶ 2.) The three documents that are listed on the government's exhibit list are Casino_1680603, which appears in connection with Counts 5, 24, and 25; Casino_1677845, which appears in connection with Counts 24 and 25; and Casino_0057665, which appears in connection with Count 1, Overt Act 91. (*Id*.) These counts and the overt act all concern the alleged 940

---

[5] Upon request, SZNW's counsel will promptly file these documents with the Court. To that end, the government misrepresents at least one of the documents. The government cites to Casino_814808, claiming that it is a "report from consultant to SZNW regarding LA Grand Hotel Project." (Govt. Supp. Br. at 8, n.4.) The government then provides an excerpt from the "report" indicating that the development project will need union support. (*Id*.) What the government omits – and the Court cannot know because the document was not attached as an exhibit – is that this document is a draft, red-lined memorandum written by an unknown person and apparently edited by three different people, as some edits appear in blue ink, some in green, and others in red. The quoted passages contain significant revisions, with portions stricken or added by the anonymous editors. If these edits made the final cut, and whether the memorandum was ever transmitted, is entirely unknown.

Hill Bribery Scheme; SZNW is not named in or connected to these counts, the overt act, or the alleged scheme. (*Id*.)[6]

**D. Allegations in the First Superseding Indictment Are Not Evidence**

Lastly, as part of its fact-based offer of proof, the government relies on allegations in the FSI to claim that there is a single bribery scheme. (Govt. Supp. Br. at 1, 6, 8, 11-12.) As this Court well knows, allegations in an indictment are not evidence and, thus, cannot form an evidentiary basis for an offer of proof. Moreover, the cited allegations do not establish a codependence among the defendants, developers, and alleged schemes. If they had, the Court would not have requested an offer of proof or engaged counsel in this exercise.

***

The government's evidentiary offer of proof fails to establish by a preponderance of the evidence that there was an overall agreement among all the alleged schemers, that the "spokes" knew of each other, that each spoke's benefits were probably dependent on the success of the others, or that they shared a common goal. Because the government, like all counsel, fully understood the Court's instructions that the offer of proof focus solely on the *evidence* of a single scheme, the only reasonable conclusion here is that the government failed to

//

//

[6] The government also quotes from a few wiretap interceptions without citation and without attaching the transcripts as exhibits. (Govt. Supp. Br. at 9, 14-5.) Because of the lack of citations, counsel cannot determine whether these recordings are on the government's exhibit list. Regardless, like the above-referenced discovery documents, the intercepted conversations fail to connect the various alleged schemes.



present any such evidence because none exists, and certainly nothing that should dissuade the Court from its tentative findings as stated at the January 7 hearing.

Dated: February 3, 2022

Respectfully submitted,

**LAW OFFICES OF RICHARD M. STEINGARD**

By: /s/
Richard M. Steingard
Attorney for Defendant
**SHEN ZHEN NEW WORLD I, LLC**