TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (SBN: 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (SBN: 281370)
MELISSA MILLS (SBN: 248529)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0627
     Facsimile: (213) 894-7631
     E-mail: Mack.Jenkins@usdoj.gov
             Veronica.Dragalin@usdoj.gov
             Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>JOSE LUIS HUIZAR, et al.<br><br>           Defendants. | No. CR 20-326(A)-JFW-1,2,4<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS 22 AND 23 (CR 359)<br><br>Date:     February 28, 2022<br>Time:     8:00 a.m.<br>Location: Courtroom of the Hon.<br>          John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, and Melissa Mills, hereby files its Opposition to Defendants' Motion to Dismiss Counts 22 and 23, filed on behalf of defendants JOSE HUIZAR, RAYMOND CHAN, and SHEN ZHEN NEW WORLD I, LLC (CR 359).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 7, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Veronica Dragalin*
MACK E. JENKINS
VERONICA DRAGALIN
MELISSA MILLS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I.   INTRODUCTION.................................................1

II.  ARGUMENT.....................................................3

     A.   Legal Standard..........................................3

     B.   Defendants Fail to Meet the Standard for
          Reconsideration.........................................4

III. CONCLUSION..................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Harsco Corp. v. Zlotnicki,
  779 F.2d 906 (3d Cir. 1985).................................... 3

Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian
  Nation,
  331 F.3d 1041 (9th Cir. 2003)................................. 4

Orange Street Partners v. Arnold,
  179 F.3d 656 (9th Cir. 1999).................................. 3

Toussie v. United States,
  397 U.S. 112 (1970)........................................... 4

United States v. Askia,
  893 F.3d 1110 (8th Cir. 2018)................................. 6

United States v. Drebin,
  557 F.2d 1316 (9th Cir. 1977)................................. 4

United States v. Fiorelli,
  337 F.3d 282 (3d Cir. 2003)................................... 3

United States v. Hector,
  368 F. Supp. 2d 1060 (C.D. Cal. 2005)......................... 3

United States v. Keen,
  676 F.3d 981 (11th Cir. 2012)............................... 5, 6

United States v. Mancuso,
  718 F.3d 780 (9th Cir. 2013)............................... 2, 10

United States v. Martin,
  226 F.3d 1042................................................. 3

United States v. Yashar,
  166 F.3d 873 (7th Cir. 1999)............................. passim

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On January 31, 2022, defendants JOSE HUIZAR, RAYMOND CHAN, and SHEN ZHEN NEW WORLD I, LLC, filed a new motion to dismiss Counts 22 and 23 as untimely on the same basis as previously raised, continuing to litigate an issue on which the Court has already clearly ruled. (CR 359.)

On September 7, 2021, the Court-ordered deadline for motions to dismiss, defendants filed a motion to dismiss, among other things, Counts 22 and 23 as untimely.  (CR 235.)  In that motion, which the Court later denied, defendants asked the Court to dismiss these counts as untimely because "many of the quids and quos within Counts 22 and 23 are barred by the statute of limitations."  (CR 235 at 45.) Undeterred by the Court's rejection of these arguments, defendants now raise them again in their new untimely motion to dismiss Counts 22 and 23 as barred by the statute of limitations.  (CR 359.) Defendants do not rely on any new law or new facts for their latest motion but instead rely on the same cases in both motions to argue that the § 666 offenses are time-barred because all the elements existed more than five years prior to the date of indictment.  (CR 235 at 27, 46; CR 359 at 1.)

At a hearing on January 7, 2022, the Court considered defendants' statute of limitations argument and issued its ruling. Specifically, the Court noted: "The defendants next argue that many of the quids and pros in Counts 22 and 23 are barred by the statute of limitations citing conduct that occurred in 2013 and 2014. Defendants' argument fails to recognize that in Counts 22 and 23 the Government specifically alleges that the offending conduct occurred

between October 28, 2015, and December of 2018." (CR 346, 1/7/22 Tr. at 47:2-8.)  The Court agreed with the Seventh Circuit's conclusion in United States v. Yashar, 166 F.3d 873 (7th Cir. 1999), that a § 666 violation is not a "continuing offense" for purposes of the statute of limitations analysis.  (1/7/22 Tr. 48:1-10.)  Thus, with respect to defendant HUIZAR, the Court held that any bribes that occurred before July 31, 2015, are time-barred, and with respect to defendants CHAN and SZNW, any bribes before November 12, 2015, are time-barred.  (1/7/22 Tr. at 47:9-24.)  The Court noted that it would "provide clear instructions to the jury that any conviction with respect to Counts 22 and 23 must rest or rely on post-limitation conduct."  (1/7/22 Tr. at 48:17-20.)  The Court also declined to strike relevant allegations of pre-limitations conduct from the indictment: "In any event, as the 9th Circuit stated in Mancuso [718 F.3d 780, 792 (9th Cir. 2013)], the statute of limitations does not bar the introduction of evidence for acts that occurred outside the limitation period.  Such evidence may be relevant for the purposes of interpreting post-limitation conduct." (1/7/22 Tr. at 48:11-15.)

In short, defendants are asking the Court to reconsider its prior ruling that Counts 22 and 23 are timely, and to once again dismiss those counts as barred by the statute of limitations, after the Court issued its ruling.  Defendants' motion, like many of their recent motions, fails to cite the proper legal standard because it dooms their arguments, preferring instead to pick and choose parts of different legal standards that serve their desired aims while ignoring those that do not.  The Court's prior ruling should stand, because it remains correct and defendants fail to meet the high standard for a motion for reconsideration.

2

**II. ARGUMENT**

    **A. Legal Standard for Reconsideration Motions**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, the Ninth Circuit has held that motions for reconsideration may be filed in criminal cases. See United States v. Martin, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)); see also United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

The purpose of a motion under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made. It is not a substitute for an appeal." United States v. Hector, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007). "Mere disagreement with a previous ruling is not a sufficient basis for reconsideration." United States v. Sullivan, No. CR 17-00104 JMS-KJM, 2020 WL 1482121, at *1 (D. Haw. Feb. 12, 2020) (citation omitted).

Relief under Rule 59(e) "should not be granted ... unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). In the Central District of California, motions for reconsideration are also governed by Local Rule 7-18, which states:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18 (emphasis added).

Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the Court's discretion. Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

### B. Defendants Fail to Meet the Standard for Reconsideration

Defendants are asking the Court to reconsider its ruling not to dismiss Counts 22 and 23 as untimely. Defendants creatively attempt to circumvent the legal standard for reconsideration by claiming that their motion "assumes [the] correctness" of the Court's prior ruling *as to duplicity only*. (CR 359 at 4.) They completely ignore the Court's prior ruling as to the statute of limitations. Because they fail to even admit that they are in fact challenging the Court's prior ruling, defendants do not even attempt to show a "manifest error of law or fact" in the Court's analysis on the statute of limitations issue. Because none exists.

Defendants do not offer new arguments, but simply recycle the same points made in their original motion, relying on the same cases. For example, defendants' statute of limitations argument rests on three cases, Toussie v. United States, 397 U.S. 112, 115 (1970), United States v. Yashar, 166 F.3d 873, 879-80 (7th Cir. 1999), United

4

1 States v. Drebin, 557 F.2d 1316, 1333 (9th Cir. 1977), all of which
2 were cited in the original motion.  Compare CR 359 at 1 with CR 235
3 at 27, 44, 46.  Those cases offer defendants no more support now than
4 they did in the original motion.

5      Although Yashar stands for the proposition that the statute of
6 limitations for § 666 offenses cannot extend beyond five years, the
7 case does not support defendants' argument here.  In Yashar, the
8 indictment "charged that from September 1, 1991 until September 1,
9 1992, Yashar received $9,223 in wage payments and health insurance
10 coverage, for which he did little or no work."  166 F.3d 873, 875.
11 The Seventh Circuit reviewed the statute of limitations issue "as if
12 the indictment were returned on August 13, 1997," meaning the five-
13 year statute of limitations period extended between August 13, 1992
14 and August 13, 1997.  "Because the government conceded that benefits
15 received by Yashar after August 13, 1992 would not meet the statutory
16 minimum of $5,000, the [district] court held that the indictment was
17 barred by the statute of limitation."  Id.  Thus, the issue in Yashar
18 was that the government could not prove that a § 666 violation
19 occurred within the five-year statute of limitations period, asking
20 the Court to extend the limitations period to meet the elements.  The
21 government makes no such request here.

22      As other Circuits have explained, Yashar is inapposite in cases
23 where an indictment alleges a violation of § 666 where all elements
24 were completed within the statute of limitations.  For example, in
25 United States v. Keen, the defendant raised the same argument as
26 defendants do here, claiming that "the only limitations period
27 pertinent to his case began on the date when all the elements of a
28 § 666 offense were first satisfied." 676 F.3d 981, 992 (11th Cir.

5

2012). There too, defendant relied on Yashar, which was found to be inapposite to an indictment that charged an independent commission of a § 666 offense that satisfied all elements within the limitations period. "In contrast with Mr. Keen, Yashar did not involve the independent commission of a second § 666 offense. Rather, Yashar involved a defendant who, while continuing to commit related criminal conduct after completing an earlier § 666 offense, never committed a second § 666 offense. Nonetheless, the government in Yashar argued that the defendant's continuing criminal conduct, though not itself sufficient to constitute a § 666 offense, should effectively extend the statute of limitations." Id. at 993 (citation omitted). As the Eleventh Circuit explained, the Seventh Circuit in Yashar "gave no indication that it was limiting the possibility that a later, independent § 666 offense could define the relevant limitations period." Id.

Similarly, as the Eighth Circuit explained: "nothing in criminal law [] would prevent the prosecution of an individual who commits a series of thefts or embezzlements (which, by their nature, are crimes of concealment) over a number of years from being prosecuted for those crimes that occurred within the limitations period, just because a few of the embezzlements or thefts occurred outside the five years. The government is precluded from prosecuting the violations committed more than five years prior to the date of the indictment, but, would be free to charge and prosecute any § 666(a)(1)(A) violations committed within the limitations period." United States v. Askia, 893 F.3d 1110, 1120 (8th Cir. 2018).

This Court's ruling is consistent with these common-sense holdings. The government can charge and prosecute § 666 violations

6

committed within the limitations period, and at trial, the Court, as it already stated in its holding on this issue, will instruct the jury that it must find all elements of the violation occurred within the limitations period. That defendants committed additional violations of the statute earlier in time does not bar their prosecution for independent commissions of the crime within the statute of limitations. To hold otherwise would lead to an absurd result. So long as a bribe payor and bribe recipient succeeded in concealing their corrupt relationship from law enforcement for five years, they would have everlasting immunity from prosecution for continued violations of law that occur under the same scheme and course of conduct. This is not the law.

Without any citations, defendants argue that "[t]he government cannot treat the same alleged bribe as a unitary offense for duplicity purposes, but then subdivide it into a timely offense and an untimely one for statute of limitations purposes." (CR 359 at 3.) This argument still ignores what the Court recognized in its ruling – that the indictment in fact charges a stream of benefits in exchange for a stream of official acts, not a single bribe. When multiple corrupt agreements occur over a period of time, the government can subdivide and charge a timely offense like in Keen and Askia. Defendants also fail to recognize that the term "continuing offense" for purposes of the statute of limitations is a "term of art" with a specific definition. Yashar, 166 F.3d 873, 875. It is not inconsistent to hold that § 666 is not a "continuing offense" for limitations purposes, while also recognizing that a continuing *course of conduct* can be aggregated into a single count without making the count duplicitous. In fact, Yashar involved such a fact pattern.

While the Seventh Circuit concluded that § 666 was not a continuing offense for limitations purposes, it recognized that multiple payments over a period of time could be charged in a single count if "part of a single scheme." Yashar, 166 F.3d 873, 876. There is nothing unfair or inconsistent with that premise.

Here, unlike in Yashar, defendants committed an independent § 666 offense during the limitations period. At trial, the government will prove that after November 12, 2015,[1] defendants HUIZAR, CHAN, and SZNW agreed to corruptly exchange things of value for a transaction or series of transactions worth at least $5,000. Specifically, the things of value are "any casino gambling chips, accommodations, and travel expenses, and approximately $575,000 in collateral applied to defendant HUIZAR's personal loan from Bank 1," which all occurred within the limitations period.[2] (CR 71, FSI at p. 112-13, Counts 22 and 23.) The government will prove that these things of value were paid with the intent to influence and reward defendant HUIZAR, during the limitations period, "in connection with the L.A. Grand Hotel Project, including in: (1) presenting motions

---

[1] Although defendant HUIZAR's limitations period extends to July 30, 2015, these additional months would capture only one October 2015 Las Vegas trip that is not necessary to reach the $5,000 threshold. To streamline the trial, the government intends to limit the limitations period for Counts 22 and 23 to November 12, 2015 for all defendants.

[2] Although defendants structured a financial transaction in 2014 whereby defendants WEI HUANG and SZNW provided $600,000 in collateral to secure a bank loan to defendant HUIZAR, defendant HUIZAR continued to accept that benefit for the entire time period that the collateral secured his bank loan and allowed him to pay interest only, up to December 12, 2018, when defendant HUIZAR chose to stop making interest payments, which led to the bank applying the collateral to extinguish defendant HUIZAR's obligation to pay $575,269.61. See FSI, O.A. 49. Thus, defendant HUIZAR accepted something of value on December 12, 2018, when he deliberately took action that allowed his bank loan to be paid in full by the collateral arranged by defendants HUANG, SZNW, and CHAN.

8

and resolutions in various City committees to benefit the L.A. Grand Hotel Project; (2) voting on the L.A. Grand Hotel Project in various City committees, including the PLUM Committee, and City Council; (3) taking action in the PLUM Committee to expedite the approval process of the L.A. Grand Hotel Project; and (4) exerting pressure on other City officials to influence the approval process of the L.A. Grand Hotel Project." Id.

Defendants committed additional violations of § 666 before the limitations period, but the indictment does not charge defendants with substantive § 666 violations for that earlier conduct. That the indictment charges defendants with an honest services scheme (and defendants HUIZAR and CHAN with RICO conspiracy) that includes the earlier conduct does not make Counts 22 and 23 untimely. The earlier corrupt agreement from February 2013 to November 12, 2015 involved *different* things of value and certain official acts outside the § 666 limitations period. Specifically, the things of value consisted of earlier trips to Las Vegas, and the posting of collateral that allowed defendant HUIZAR to pay interest only on a loan. The benefit accrued from the agreement to provide the collateral and the provision of the collateral up through November 12, 2015 was less than the full extinguishing of defendant HUIZAR's debt, which did not occur until December 12, 2018. The April 2014 City resolution is an example of an official act outside the § 666 limitations period, which can support an honest services fraud scheme and conspiracy, but is not charged in Counts 22 and 23. The Court will instruct the jury that bribes paid and official acts taken outside the § 666 limitations period cannot, alone, establish a conviction of Counts 22 and 23. Evidence of the earlier conduct can only be considered to

9

determine whether defendants had the requisite corrupt intent during the limitations period in Counts 22 and 23.  This is fully consistent with the law, as the Court has already recognized and ruled.  <u>United States v. Mancuso</u>, 718 F.3d 780, 790 (9th Cir. 2013) ("[T]he statute of limitations does not bar the introduction of evidence of acts that occurred outside of the limitations period."); 1/7/22 Tr. at 48:11-15 ("In any event, as the 9th Circuit stated in <u>Mancuso</u>, the statute of limitations does not bar the introduction of evidence for acts that occurred outside the limitation period.  Such evidence may be relevant for the purposes of interpreting post-limitation conduct.").

Defendants' motion fails to meet the standard for reconsideration, presenting no new evidence, law, or argument, and, in any event, it still fails.  There is no reason to reconsider the Court's correct ruling that Counts 22 and 23 are timely.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendants' latest Motion to Dismiss (CR 359).