UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.     **CR 20-326(A)-JFW**                                   Dated: March 2, 2022

==============================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
|---|---|---|
| Courtroom Deputy | Court Reporter | Veronica Dragalin |
| | | Melissa E. Mills |
| | | Asst. U.S. Attorney |
| | | **Not Present** |

==============================================================================
U.S.A. vs (Dfts listed below) - **Not Present**      Attorneys for Defendants - **Not Present**

1. Jose Luis Huizar                                  1. Carel Alé, DFPD; Charles James Snyder, DFPD
2. Raymond She Wah Chan                              2. Harland W Braun, Retained
4. Shen Zhen New World I, LLC                        4. Richard M. Steingard, Retained
5. Dae Yong Lee                                      5. Ariel A Neuman, Retained
6. 940 Hill, LLC                                     6. Ariel A Neuman, Retained

_____

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING DEFENDANTS SHEN ZHEN NEW
                                 WORLD I, LLC, JOSE HUIZAR AND RAY CHAN'S
                                 MOTION FOR BILL OF PARTICULARS [filed 1/11/22;
                                 Docket No. 334]

   On January 11, 2022 Defendants Shen Zhen New World I, LLC ("SZNW"), Jose Huizar and Ray Chan's ("Defendants'") filed a Motion for Bill of Particulars ("Motion"). On January 24, 2022, the Government filed its Opposition. On January 31, 2022, Defendants filed their Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for March 7, 2022 is vacated. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

   Defendants' Motion requests that the Court order the Government to provide a bill of particulars identifying the specific theory of prosecution for each of the different alleged bribery schemes charged in the First Superseding Indictment. ("FSI"). Defendants cite *United States v. Silver*, 948 F.3d 538, 553 n. 7 (2d Cir. 2020) as support for their contention that there are three

discrete bribery theories, and claim they are entitled to know which theory the Government intends to rely on in order to prove each of the five bribery schemes alleged in the FSI. The Court has already noted that these theories are not as clearly defined as Defendants suggest, and that they overlap. (Docket No. 346 at 44:21-25). However, the Court need not address Defendants' characterization of the *Silver* court's discussion of bribery theories in order to decide the Defendants' Motion.

Decisions on motions for bills of particulars are committed to the trial court's sound discretion. *Tai v. United States*, 273 U.S. 77, 82 (1927).  The purpose of a bill of particulars is to "apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "These purposes are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense."  *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).  "A bill of particulars is not an investigative tool, or a tool of discovery."  *United States v. Ordaz–Gallardo*, 520 F. Supp. 2d 516, 521 (S.D.N.Y. 2007). Accordingly, "[a] bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).

The question for the Court is whether the FSI, discovery and all of the Government's disclosures in this case adequately advise Defendants of the specific charges against them so as to avoid surprise and to allow the Defendants to properly prepare for trial. The Court concludes that the answer to this question is a resounding "yes."  The Government's case here is a virtual open book. The Government has been extremely forthcoming in response to all of the Motions Defendants have filed in this case, the Court's requests for offers of proof and also in responding to the Court's and defense counsels' questions at hearings.[1]  The FSI contains incredibly detailed facts, and full discovery has been provided to the Defendants.[2]  It appears that the Defendants want the Government to disclose its legal theory–how it intends to use all of these facts to prove the charges alleged in the FSI.  But the purpose of a bill of particulars is to secure facts, not legal theories.  *Rose v. United States*, 149 F.2d 755, 758 (9th Cir. 1945); *see also United States v. Diaz*, 2006 WL 1833081 at *6 (E.D. Cal. 2006) (legal theories are not proper subjects of bills of particulars); *United States v. Mitlof*, 165 F. Supp.2d 558, 569 (S.D.N.Y. 2001) (government under

---

[1] The Court also recognizes that the Government has been forthcoming in its private exchanges with defense counsel.

[2]  Although Defendants correctly note that the Government does not fulfill is obligation merely by providing "copious" discovery "without an adequate inventory", the mere fact that voluminous discovery has been provided is not enough by itself to require a bill of particulars. *See United States v. Ferguson*, 478 F. Supp.2d 220, 227 (D. Conn. 2007) ("Just as the government cannot merely produce unlimited documents in lieu of providing sufficient detail as to the charges, the defendants cannot 'use the vastness or complexity of the alleged conspiracy and its attendant documentary evidence as a sword against the government when the Indictment, discovery, and other information provided by the government adequately notify the Defendants of the charges against them' ") (*quoting United States v. Rigas*, 258 F. Supp.2d 299, 305 (S.D.N.Y. 2003)).

no obligation to "disclos[e] the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of [its] evidence or legal theories"); *United States v. Waker*, 463 F. Supp.2d 348, 358–59 (W.D.N.Y. 2006) ( "Defendant's requests seek the Government's theory of prosecution and specific evidence, and are therefore beyond the scope of Rule 7(f)").

Moreover, because it confines the government's case to the particulars furnished, a bill of particulars should not be granted if it would unduly restrict the government's ability to present its case at trial. *United States v. Gibson*, 175 F. Supp.2d 532, 536 (S.D.N.Y. 2001). Given the extensive evidentiary disclosures already provided in this case, the Court simply will not allow Defendants to use a bill of particulars as a weapon to either force disclosure of, or to limit the Governments legal theories at trial.

For the foregoing reasons, Defendants' Motion is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk  sr