# DECLARATION OF COUNSEL

I, Carel Alé, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court.

2. I am counsel of record for defendant Jose Huizar in this action.

**Discovery Requests**

3. On January 13, 2021, the defense sent the government a discovery request. A true and correct copy of that letter is attached as Exhibit B.

4. The defense requested all unproduced communications involving the U.S. Attorney's Office ("USAO") or any agency investigating the matter and the cooperators and witnesses (request no. 1), and complete production of all devices and email accounts for the cooperators, witnesses, and Mr. Huizar (request no. 4).

5. On April 28, 2021, the government provided a letter response. A true and correct copy of that letter is attached as Exhibit C.

6. On September 30, 2021, following the hearing on Defendant David Lee and 940 Hill's motion to compel, the defense reached out to the government asking that the government produce any discovery that had been previously withheld pursuant to the government's claim that there was an investigatory need to withhold the production. The defense also asked for complete copies of the cooperator and witness devices that had yet to be produced.

7. On October 4, 2021, the government responded that it was still unwilling to provide complete versions of the cooperator or witness devices as explained in the April 28, 2021 letter and that it had a different understanding of the Court's comments during the hearing when it denied Defendant Lee's motion to compel.

//
//
//

1

**Meet and Confers**

8. On October 14, 2021, the parties met and conferred about the defendants' request for the production of cooperator/witness devices and accounts, Mr. Huizar's cellphone, and the government's communications with cooperators and their counsel.

9. During the meet and confer the government stated that it would not produce complete cooperator devices or accounts because producing them would infringe the cooperators' privacy interests since the devices contained sensitive material, that devices contained material that could be used as "oppo research" related to other public officials, that some material could "chill testimony," and that there were safety concerns with producing the devices and accounts.

10. I proposed that the government allow for an attorneys'-eyes-only review as a compromise position. The government advised that it would consider the proposal but was concerned about the scope of the warrants.

11. On February 22, 2022, the parties met and conferred about these requests again.

12. The government stated that it was no longer relying on the need to protect the cooperators' privacy or that the devices and accounts contained information about other politicians as a basis to withhold the requested discovery. The government stated that the only grounds that it asserted to withhold the devices and accounts were that the devices and accounts contained information outside of the scope of the warrants and that producing the devices and accounts to defendants would violate the cooperators' Fourth Amendment rights.

13. I explained that it was my understanding that Agent Andrew Civetti, the case agent, had reviewed all of the devices and accounts regardless of the scope of any warrant or waiver. AUSA Veronica Dragalin confirmed that "Agent Civetti did see everything."

14. The government also stated that, consistent with its April 28, 2021 letter, it would only produce communications between the government and cooperators and their

counsel if the testifying witness had first-hand knowledge of the communications and would produce the materials on the *Brady/Giglio* deadline. I explained that since this information is relevant to the defense investigation and in the government's possession now, it seemed to me withholding production was an attempt to obtain a strategic advantage or hinder the defense's investigation. The government reiterated it would provide the requested discovery if necessary, by the *Brady/Giglio* deadline.

15. As to Mr. Huizar's phone, the government stated that it had not yet been able to access the phone and had sought an extension of the warrant in September 2021. The extension was set to expire, and that government advised it would likely seek another extension.

16. The government could not provide an estimate of when their review of Mr. Huizar's phone would be completed or when they would make his phone available to the defense.

17. Attached as Exhibit A is a true and correct copy of a "Consent to Search" waiver signed by George Esparza on February 7, 2019.

18. Attached as Exhibit D is a true and correct copy of the 302 Report related to the Government's June 20, 2017 interview of George Esparza.

19. Attached as Exhibit E, and filed separately under seal, is a true and correct copy of extracted pages of a 302 Report related to the Government's July 19, 2017 interview of Businessperson A.

20. Following the parties, February 22, 2022 meet and confer, the government advised that it believed the language "may be related to their investigation" in the Esparza waiver attached as Exhibit A meant "within the scope of the Nov. 2018 Esparza search warrants, executed on 2/7/19."

//
//
//
//

3

21. On February 25, 2022, I asked the government to provide any documents or communications with Esparza or his counsel that would support that interpretation. The government has not responded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2022, at Los Angeles, California.

                          */s/ Carel Alé*            .
                          Carel Alé