# Exhibit B

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854

| | |
|---|---|
| **CUAUHTEMOC ORTEGA**<br>*Federal Public Defender*<br>**AMY M. KARLIN**<br>*Chief Deputy* | **AMY M. KARLIN**<br>*Directing Attorney*<br>*Santa Ana Office*<br>**ANGELA VIRAMONTES**<br>*Directing Attorney*<br>*Riverside Office* |

Direct Dial:

January 13, 2021

**VIA EMAIL**

Mack Jenkins
Melissa Mills
Veronica Dragalin

Re:     **Discovery Request, United States v. Jose Huizar, CR-20-326-JFW**

Mack, Melissa, and Veronica,

    We write to request the following discovery under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, and their progeny:

    1.     All unproduced communications involving (a) any member of the U.S. Attorney's Office or any agency investigating this matter (the "prosecution team") and (b)(i) George Esparza, George Chiang, Justin Kim, Morrie Goldman, Andy Wang, Ricky Zheng, Fuer Yuan, Neils Cotter, Hazens (or any affiliated person), Carmel Partners (or any affiliated person), or the City of Los Angeles (or any officer, agent, or employee), or (ii) any person representing or acting on behalf of Esparza, Chiang, Kim, Goldman, Wang, Zheng, Yuan, Cotter, Hazens (or any affiliated person), Carmel (or any affiliated person), or the City (or any officer, agent, or employee).  For purposes of this request, "communications" includes emails, letters, voicemails, text messages, document exchanges (including all draft plea agreements, factual bases, NPAs, and related communications), and any other form of written or recorded communication.

    2.     For any witness, subject, or target who has made a factual presentation or submission to the USAO (including, but not limited to, Hazens and Carmel), all documents and communications relating to that presentation or submission, including documents prepared by the presenter, agent notes taken during any presentations, and communications between the presenter, the presenter's counsel, and the prosecution team regarding the presentation or submission.

January 13, 2021
Page 2

    3.    All documents relating to the decision to enter into non-prosecution agreements with Hazens and Carmel Partners, the rationale for which is partially summarized in both publicly-disclosed NPAs.

    4.    A complete production of all emails and cell-phone records seized or obtained from Esparza, Chiang, Kim, Goldman, Wang, Zheng, Chan, Cotter, Shawn Kuk, Jose Huizar, and John Carlin. For purposes of this request, a complete production means <u>all</u> emails and cell-phone records, not just emails and records deemed pertinent or responsive by the government. It also includes, for former public employees, emails obtained from government email accounts, not just personal email accounts. In responding to this request, please produce any cell-phone records in UFED reader format rather than PDF.

    5.    The names of your experts, if known, and the general subject matter on which you plan to offer expert testimony.

    6.    A complete description of all unrecorded Rule 16, <u>Brady</u>, <u>Giglio</u>, and <u>Henthorn</u> information known to any member of the prosecution team, including information learned during phone calls or in-person conversations with witnesses, law-enforcement personnel, or counsel for any witness, subject, target, entity, or defendant.

    This is a continuing discovery request. Please produce all documents in original form with associated metadata. Thank you in advance for your prompt response and for your continuing cooperation in providing discovery. Please don't hesitate to call us if you have any questions.[1]

    Sincerely,
    */s/ Charles J. Snyder*
    Carel Alé
    Charles J. Snyder
    Deputy Federal Public Defenders

---

[1] "A defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be." <u>United States v. Hernandez-Meza</u>, 720 F.3d 760, 768 (9th Cir. 2013). For purposes of Rule 16, "materiality" exists "so long as 'the information . . . help[s] [the defendant] prepare," even if that help is "simply caus[ing] a defendant to completely abandon a planned defense and take an entirely different path." <u>United States v. Hernandez-Meza</u>, 720 F.3d 760, 768 (9th Cir. 2013) (everything omitted). Further, the government's <u>Brady</u> obligations (and, <u>a fortiori</u>, its <u>Giglio</u> obligations) are broader pre-verdict than on appeal. <u>United States v. Bundy</u>, 968 F.3d 1019, 1033 (9th Cir. 2020) ("[T]he retrospective definition of materiality is appropriate only in the context of appellate review; thus, trial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial") (citing <u>United States v. Safavian</u>, 233 F.R.D. 12, 16 (D.D.C. 2005) ("[T]he government must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed . . . as affecting the outcome of the trial. The question before trial is not whether the government thinks that disclosure of the information or evidence . . . might change the outcome of the trial going forward, but whether the evidence is favorable and therefore must be disclosed.")) (other citations omitted).