TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
CASSIE D. PALMER (Cal. Bar No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2091/0647/0627
      Facsimile: (213) 894-6436
      E-mail:   Mack.Jenkins@usdoj.gov
                Veronica.Dragalin@usdoj.gov
                Melissa.Mills@usdoj.gov
                Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-CR-326(A)-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S STATUS REPORT REGARDING PROPOSED SCHEDULE FOR THREE TRIALS AND PRETRIAL DEADLINES |
| v. | |
| JOSE LUIS HUIZAR, et al., | **CURRENT JOINT TRIAL DATE:** 10/18/2022 |
| Defendants. | **PROPOSED NEW TRIAL DATES:** 06/14/2022 (940 HILL/LEE) 08/02/2022 (SZNW) 10/18/2022 (HUIZAR/CHAN) |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Mack E. Jenkins,

Veronica Dragalin, Melissa Mills, and Cassie D. Palmer, hereby files

1  the Government's Status Report Regarding Proposed Schedule for Three

2  Trials and Pretrial Deadlines.

3       On March 15, 2022, during a telephonic meet and confer, counsel

4  for defendants JOSE HUIZAR, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE,

5  and 940 HILL, LLC, indicated that they oppose the government's

6  proposed schedule, and that they intend to file responses to this

7  filing.

8       This Status Report is based upon the Memorandum of Points and

9  Authorities contained herein, the complete files and records of this

10  case, and any argument upon any hearing on the parties' proposed

11  schedules.

12  Dated: March 15, 2022          Respectfully submitted,

13                                 TRACY L. WILKISON
                                   United States Attorney
14
                                   SCOTT M. GARRINGER
15                                 Assistant United States Attorney
                                   Chief, Criminal Division
16

17                                 _____
                                   MACK E. JENKINS
18                                 VERONICA DRAGALIN
                                   MELISSA MILLS
19                                 CASSIE D. PALMER
                                   Assistant United States Attorneys
20
                                   Attorneys for Plaintiff
21                                 UNITED STATES OF AMERICA

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................1

II.   RELEVANT PROCEDURAL HISTORY.................................2

      A.    Joint Trial Set for May 24, 2022......................2

      B.    Joint Trial Continued to October 18, 2022.............2

      C.    Severance Granted for LEE/940 HILL and SZNW...........3

      D.    Government's Pre-Trial Disclosures....................4

            1.    Expert Disclosures..............................4

            2.    Motions *in Limine* Meet and Confer.............5

            3.    Government's Early Draft Exhibit List...........5

            4.    Government's Revised Draft Exhibit List and Early
                  Draft Witness List to LEE/940 HILL..............6

      E.    Meet and Confer Efforts...............................6

III.  GOVERNMENT'S PROPOSED PRE-TRIAL DEADLINES...................8

IV.   ALTERNATIVELY, DEFENDANT SZNW SHOULD BE TRIED LAST.........12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

United States v. Davenport,
    935 F.2d 1223 (11th Cir. 1991).............................14, 15

United States v. Felton,
    592 F. Supp. 172 (W.D. Pa. 1984).............................14

United States v. King,
    134 F.3d 1173 (2d Cir. 1998).................................13

United States v. Novak,
    715 F.2d 810 (3d Cir. 1983)..................................15

United States v. Pena,
    793 F.2d 486 (2d Cir. 1986)..............................14, 15

United States v. Salerno,
    108 F.3d 730 (7th Cir. 1997).................................15

United States v. Sandoval,
    990 F.2d 481 (9th Cir. 1993).............................16, 17

United States v. Tobin,
    840 F.2d 867 (11th Cir. 1988)................................14

**Statutes**

18 U.S.C. § 3161.................................................3

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.   INTRODUCTION**

3      On February 2, 2022, at defendants JOSE HUIZAR and RAYMOND

4 CHAN's request, and with the government's agreement, this Court

5 continued the joint trial in this case to October 18, 2022, and

6 continued the corresponding pre-trial deadlines.  (CR 368.)  Despite

7 objections from defendants SHEN ZHEN NEW WORLD I, LLC ("SZNW"), DAE

8 YONG LEE ("LEE"), and 940 HILL LLC ("940 HILL"), the Court continued

9 the deadlines for all defendants, and found the time period from May

10 24, 2022 to October 18, 2022 to be excludable under the Speedy Trial

11 Act.

12      On March 7, 2022, ruling on severance motions filed by SZNW and

13 LEE/940 HILL on August 9, 2021, the Court severed the trials for

14 these defendants from the joint RICO trial.  At the hearing, the

15 parties discussed proposed dates for the two severed trials.

16 Defendants LEE/940 HILL requested a trial date of June 14, 2022, and

17 SZNW agreed to a trial date of August 2, 2022.  Despite meet and

18 confer efforts on a schedule for the three sequential trials, the

19 parties have been unable to reach a mutually agreeable schedule.  The

20 government respectfully requests that the Court enter an amended

21 trial order advancing the LEE/940 HILL and SZNW trials to the dates

22 discussed at the hearing and setting the below proposed deadlines for

23 each trial.  This proposed schedule is mindful of the fact that the

24 severed trials for LEE/940 HILL and SZNW will be far less complex and

25 less lengthy than contemplated by the original trial schedule in

26 light of the severance and the Court's comments at the hearing.  As

27 described below, the government's proposed schedule is modeled after

28 another complex fraud case that was tried before this Court in

October 2019 (Elmezayen).  Alternatively, the government asks the Court to set the SZNW trial last and keep the current pre-trial deadlines for the RICO trial.  Because SZNW remains joined for trial with fugitive defendant WEI HUANG, its sole owner, and because the government's efforts to secure HUANG's apprehension and appearance are ongoing, any delay caused to SZNW is properly attributable to HUANG's evasion of justice.  Scheduling the SZNW trial after the October 2022 HUIZAR/CHAN trial would streamline pre-trial filings, preserve judicial resources, achieve effective case management, and otherwise serve the interests of judicial economy.

## II.  RELEVANT PROCEDURAL HISTORY

### A.  Joint Trial Set for May 24, 2022

In a stipulation filed on March 31, 2021, all defendants moved to set a trial date of May 24, 2022, and the parties jointly requested certain pre-trial briefing dates.  (CR 170.)  After a hearing and additional submissions by the parties, on May 13, 2021, the Court entered an order setting the trial for May 24, 2022, setting motions deadlines and other pre-trial deadlines, and making findings regarding excludable time periods pursuant to the Speedy Trial Act.  (CR 187.)  On September 21, 2021, the Court issued an amended Criminal Trial Order setting forth deadlines for the government's pre-trial exhibit list as February 15, 2022, and the deadline for the joint pre-trial exhibit stipulation as March 15, 2022.  (CR 254.)

### B.  Joint Trial Continued to October 18, 2022

On January 21, 2022, HUIZAR moved to continue the trial date to August 23, 2022, and requested a modified schedule of the pre-trial deadlines.  (CR 352.)  SZNW and LEE/940 HILL objected to the

2

continuance, and CHAN took no position with respect to the continuance.  (CR 352, 354, 355.)  On January 31, 2022, at a hearing on defendants' various motions to suppress, for the reasons stated on the record, the Court ordered counsel to submit a revised stipulation with a new trial date of October 18, 2022.  (CR 362.)  Among the reasons discussed at the hearing were the complexity of the case and concern with the backlog of trials for in-custody defendants due to the COVID-19 pandemic that has placed a significant burden on the Court for the Central District of California.  The Court instructed SZNW and LEE/940 HILL to file their positions regarding the October 18, 2022 trial date.  (CR 362.)  On February 1, 2022, by stipulation with the government, HUIZAR and CHAN moved to continue the trial date to October 18, 2022.  (CR 360.)  On February 1 and 2, respectively, LEE/940 HILL and SZNW filed their objections to the continuance.  (CR 361, 364.)  On February 3, 2022, the Court entered an order continuing the joint trial to October 18, 2022 for all defendants, and setting pre-trial deadlines for the joint trial.  (CR 368.)  In that order, the Court found that the time period of May 24, 2022 to October 18, 2022, inclusive, as to defendants HUIZAR, CHAN, SZNW, LEE, and 940 HILL, was excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv), and (h)(6).  In addition, the Court found additional time periods excludable pursuant to 18 U.S.C. § 3161(h)(1)(D) for time periods during which motions to dismiss/strike, motions to sever, and motions to suppress were pending.

## C.   Severance Granted for LEE/940 HILL and SZNW

On August 9, 2021, SZNW and LEE/940 HILL each moved to sever their trials from co-defendants, each arguing at length that the

3

overwhelming majority of the evidence against others did not involve them and thus that separate trials would be far shorter, less complex, and less prejudicial.  (CR 200 at 1-15; CR 201 at 17-23.)

On March 7, 2022, the Court granted both motions to sever.  (CR 390.)  At the hearing, the Court and parties discussed the following trial dates: (1) June 14, 2022 trial against LEE/940 HILL; (2) August 2, 2022 trial against SZNW; and (3) October 18, 2022 trial against HUIZAR and CHAN.  The Court ordered the parties to meet and confer regarding proposed pre-trial deadlines, and to file proposed deadlines.

### D.  Government's Pre-Trial Disclosures

#### 1.  Expert Disclosures

On December 15, 2021, the government made its expert disclosure to all defendants.  On January 14, 2022, LEE/940 HILL made reciprocal expert disclosures to the government.  On January 15, 2022, SZNW sent a letter to the government styled as "expert designations," but stating that "SZNW is not in a position to designate any experts to testify at trial," in contravention of the Court's scheduling order requiring it to do so.  Instead, asserting that defense expert disclosures were "not called for by the rules," SZNW provided a list of three broad subject areas for which it might call experts to testify and reserved its right to designate experts in the future.  Despite the January 15, 2022 court deadline, HUIZAR and CHAN have yet to make any expert disclosures.

On March 7, 2022, counsel for LEE/940 HILL requested that the government send a revised expert disclosure for the LEE/940 HILL trial by March 18, 2022.  The government has agreed to do so and will

provide such a letter by March 18, 2022.  Defense counsel agreed to
provide defense revised expert disclosures by March 25, 2022.

### 2.   Motions *in Limine* Meet and Confer

At the government's request, on January 26, 2022, counsel for
the government and counsel for HUIZAR, CHAN, LEE, and 940 HILL
participated in a telephonic meet and confer to discuss motion *in
limine* issues for the joint trial.  On January 28, 2022, counsel for
the government and counsel for SZNW participated in a separate
telephonic meet and confer to discuss motion *in limine* issues.
Counsel for the government and counsel for LEE/940 HILL have
continued to engage in meet and confer regarding anticipated motion
*in limine* issues for the June 14, 2022 trial.

On February 1, 2022, the government provided its 404(b) notice
to all defendants.

### 3.   Government's Early Draft Exhibit List

On August 2, 2021, November 1, 2021, and January 11, 2022, the
government provided a "Draft Exhibits Project Index" to the defense,
which listed the Bates numbers, corresponding Overt Act number(s),
and Count number(s), for the documents the government anticipated
including on its exhibit list for the joint trial.  The most recent
iteration of the Draft Exhibits Project Index contained 1,062
documents.

On February 28, 2022, the government produced approximately 287
documents in a folder labeled "Draft Exhibits," representing specific
text message chains, data extracted from digital devices,
photographs, and other records the government anticipates will be
included on its final exhibit list.  In many cases, the document
titles correspond to specific Overt Acts (*e.g.*, a pdf titled "OA005"

1  is text message chain between HUIZAR and Ricky Zheng regarding a Las
2  Vegas trip charged as Overt Act No. 5).

3      4.  Government's Revised Draft Exhibit List and Early
4         Draft Witness List to LEE/940 HILL

5      On March 10, 2022, the government provided an updated Draft
6  Exhibits Project Index to counsel for LEE/940 HILL, upon their
7  request, listing only those exhibits that correspond to Overt Acts
8  and Counts relevant to LEE/940 HILL (67 documents total).  In
9  addition, the updated Index listed the Bates numbers of 58 additional
10  documents from the recent "Draft Exhibits" production that were
11  relevant specifically to LEE/940 HILL.  Also on March 10, 2022, the
12  government provided counsel for LEE/940 HILL, upon their request, an
13  early draft Witness List, listing 25 witnesses.  The government
14  explained to defense counsel that it anticipates narrowing this list
15  closer to trial to eliminate duplicative fact witnesses and to remove
16  certain witnesses if the parties enter into stipulations regarding
17  facts and/or authentication and admissibility.

18      **E.  Meet and Confer Efforts**

19      One day after the March 7, 2022 hearing, counsel for the
20  government and counsel for SZNW met and conferred by telephone
21  regarding, among other things, proposed pre-trial deadlines.  The
22  government proposed trying SZNW last, in late 2022.  While defense
23  counsel expressed interest in that possibility during the call and
24  confirmed in a subsequent email that he would review the proposal
25  with his client, counsel ultimately rejected that proposal on March
26  11, 2022.

27      Beginning on March 9, 2022, counsel for the government and
28  counsel for LEE/940 HILL met and conferred by telephone, and later

exchanged e-mails regarding potential proposed pre-trial deadlines. During those meet and confer efforts, the government believed, based on its discussion with counsel for SZNW, that it could reach agreement with SZNW to set deadlines that would not overlap with or interfere with preparation for the LEE/940 HILL trial.

On March 14, 2022, after it became clear that SZNW requested dates that would overlap with the June 14, 2022 trial, the government sent the below proposed schedule to all defense counsel in the case. The government's initial efforts to separately coordinate, with each individual counsel, pretrial schedules for three related trials that were recently severed and set in very close succession resulted in confusion and dissatisfaction by various defense counsel.  During these discussions, the government recognized the need for a coherent schedule that would account for each of these related trials and permit the government and the Court to fulfill their respective obligations as to each trial.  Accordingly, the government requested that all counsel participate in a joint meet and confer on the below proposed schedule and solicited input from the defense.

On March 15, 2022, counsel for the government and counsel for HUIZAR, SZNW, and LEE/940 HILL participated in telephonic meet and confer to discuss the proposed deadlines.[1]  Counsel for LEE/940 HILL noted that the government's new proposed schedule contained different dates than those initially discussed in the parties' preliminary discussions last week.  Counsel for SZNW expressed his belief that the government was operating in bad faith by continuing to advocate

---

[1] Harland Braun, counsel for CHAN, represented by email on March 14, 2022, that he would be in court during the time scheduled for the joint meet and confer call.  The government does not yet know CHAN's position with respect to the below proposed schedule.

for the government's proposed schedule, but he offered no counterproposal on this call.  Counsel for HUIZAR noted that the current HUIZAR trial date afforded her team more time for ongoing negotiations and agreed to continue those efforts.  She further indicated that because her co-counsel was then in trial, their team would be unable to provide further feedback before this filing, which counsel for LEE/940 HILL requested be lodged today.

Thus, the parties have been unable to reach agreement on the proposed pre-trial deadlines.

**III. GOVERNMENT'S PROPOSED PRE-TRIAL DEADLINES**

The government has been diligently working on this complex case and has already made many pre-trial disclosures as outlined above. On March 7, 2022, the government added another AUSA to the case, bringing the number to four AUSAs who will continue to work on the case to prepare for three separate back-to-back trials beginning in June.

The deadlines proposed below follow the pre-trial schedule of another complex fraud case before this Court that involved two murders and an attempted murder and voluminous discovery, United States v. Ali Elmezayen, CR-18-809-JFW.  That case was tried in 9 court days and included 24 government witnesses, over 450 government exhibits, and over 100 marked defense exhibits.  The government respectfully submits that following the same approximate pre-trial schedule in each of the three trials in this case will allow ample time for the defense to prepare for trial and will serve the interests of justice.  Given the government's disclosures to date far in advance of any of the trial dates, the defense teams not only have an early start with respect to the government exhibit list, but they

8

also have a draft exhibit list keyed to particular overt acts, giving them a significant preview of how the government will prove its case and ample time to prepare for trial.

Importantly, given the Court's severance of what would have been one large trial, the trials against LEE/940 HILL and SZNW are no longer as lengthy or complex as the joint RICO trial that initially warranted exceptionally early deadlines.  Indeed, both severance motions were premised on an argument that the overwhelming majority of the evidence against other defendants did not involve the moving defendants, and both defendants reasoned that the severed trials would be far simpler, shorter, and more limited than the joint RICO trial for which the Court previously scheduled significantly advanced deadlines.  See, e.g., CR 200 at 1 (LEE/940 HILL argued that the evidence against them would be "a very small part of the overall case that the government intends to present at a joint trial"); CR 201 at 20 (SZNW argued that "the great majority of the government's evidence of other schemes is necessarily unrelated to SZNW").

The Court agreed, expressing concern that these developer defendants might suffer prejudice from the overwhelming amount of evidence that HUIZAR solicited and accepted bribes from other developers.  Defendants have prevailed on this argument, and they are now bound by it.  They cannot now reap the benefits of the contrary position by claiming that their cases are so complex that they are entitled to special treatment that would not apply in any other trial that, in LEE/940 HILL's words, is "relatively small," "do[es] not require presenting evidence about anything especially intricate," and "would be a relatively contained event in terms of witnesses and evidence."  (CR 200 at 3, 6.)

Furthermore, given that HUIZAR and CHAN will now have the benefit of a preview of a majority of their case, the pre-trial deadlines for the RICO trial similarly do not warrant such an advanced timeline.  The government estimates that its final Pre-Trial Exhibit List for the joint trial would have contained approximately 1,000 exhibits (removing certain documents from the Draft Exhibits Project Index and adding others).  Of the total exhibits and the evidence in the overall case, approximately 40% pertains to the L.A. Grand Hotel Project Overt Acts and Counts (approximately 400 exhibits), approximately 20% pertains to the 940 Hill Project Overt Acts and Counts (less than 200 exhibits), and the remaining approximately 40% pertains to the additional Overt Acts and Counts charged against HUIZAR and CHAN (approximately 400 exhibits).  Thus, after the June 14, 2022 trial, HUIZAR and CHAN would have a full preview of 20% of their trial, including a complete Exhibit List, Witness List, witness testimony, corresponding Brady/Giglio/Jencks materials, and government closing arguments.  After the August 2, 2022 trial, HUIZAR and CHAN would have a full preview of 60% of their trial to include the L.A. Grand Hotel Project exhibits, witnesses, materials, and government arguments.

The below proposed deadlines are sufficiently far apart to avoid overlapping filings and hearings between the three trials, allowing the Court sufficient time to consider motions in connection with each trial.  For example, the government estimates that the LEE/940 HILL trial will conclude no later than around July 1, 2022.  Setting the SZWN motions *in limine* hearing for July 8, 2022 avoids having the parties brief issues and having the Court hold hearings for the second trial while the first trial is still ongoing.  Similarly, the

current motions *in limine* hearing for the October 18, 2022 trial is scheduled for August 22, 2022, a date when the second trial may still be ongoing.  Setting the below deadlines for all three trials takes into account the Court's and the parties' schedules to ensure efficient case management and preserve judicial resources.

| Event | LEE/ 940 HILL Trial | SZNW Trial | HUIZAR/ CHAN Trial |
|---|---|---|---|
| <u>Giglio</u>/<u>Brady</u> Declaration | 4/29/2022 | 6/17/2022[2] | 9/2/2022[3] |
| MIL Filing | 5/2/2022 | 6/20/2022 | 9/6/2022 |
| **MIL Hearing** | **5/20/2022** | **7/8/2022** | **9/23/2022** |
| Gov Pre-Trial Exhibit List | 5/23/2022 | 7/11/2022 | 9/26/2022 |
| Meet & Confer re Exhibit List | 5/27/2022 | 7/15/2022 | 9/30/2022 |
| Joint Exhibit Stipulation | 5/31/2022 | 7/18/2022 | 10/3/2022 |
| Certified Translations | 5/31/2022 | 7/18/2022 | 10/3/2022 |
| Expert Offer of Proof | 5/31/2022 | 7/19/2022 | 10/4/2022 |
| Gov Pre-Trial Witness List | 5/31/2022 | 7/19/2022 | 10/4/2022 |
| Def Resp to Witness List | 6/02/2022 | 7/21/2022 | 10/6/2022 |
| Proposed Voir Dire | 6/03/2022 | 7/22/2022 | 10/7/2022 |
| Gov Trial Brief | 6/06/2022 | 7/25/2022 | 10/10/2022 |
| Jury Verdict Form | 6/06/2022 | 7/25/2022 | 10/10/2022 |
| Jury Instructions | 6/06/2022 | 7/25/2022 | 10/10/2022 |
| **Pretrial Conference** | **6/08/2022** | **7/27/2022** | **10/12/2022** |
| Joint Statement of Case | 6/09/2022 | 7/28/2022 | 10/13/2022 |

---

[2] This deadline would be for any supplemental witnesses that did not previously testify in the first trial.

[3] This deadline would be for supplemental witnesses that did not previously testify in the first or second trials.

| Event | LEE/ 940 HILL Trial | SZNW Trial | HUIZAR/ CHAN Trial |
|---|---|---|---|
| Def Pre-Trial Witness List | 6/13/2022 | 8/1/2022 | 10/17/2022 |
| **TRIAL** | **6/14/2022** | **8/2/2022** | **10/18/2022** |
| Def Exhibit Stipulation | *(start of Δ case)* | *(start of Δ case)* | *(start of Δ case)* |

## IV.   ALTERNATIVELY, DEFENDANT SZNW SHOULD BE TRIED LAST

Alternatively, if the Court prefers the early pre-trial deadlines already set for the October 2022 trial (CR 368), defendant SZNW should be tried last, shortly after the RICO trial against HUIZAR and CHAN.  If SZNW were tried last, it should still follow the current pre-trial deadlines for the October 2022 trial, allowing the parties to brief evidentiary and other trial issues on the same schedule to avoid duplicative pleadings and arguments.[4]  The government estimates that the SZNW trial could proceed in late November or early December 2022, allowing all trials in this case to be concluded before the end of this year.

Defendant WEI HUANG, the sole owner of SZNW, is aware of the indictment against him,[5] but has thus far successfully evaded arrest

---

[4] For example, the government anticipates that approximately 400 exhibits will be introduced both in the SZNW trial and the RICO trial.  Combining the meet and confer for this set of exhibits will streamline the case and avoid burdening the Court with multiple rounds of the same arguments.  Similarly, based on early meet and confer regarding motions *in limine* issues, defendants HUIZAR, CHAN, and SZNW will have overlapping *in limine* arguments, such as the prejudicial nature of certain benefits provided to by HUANG/SZNW to HUIZAR and the scope of co-conspirator statements.  Briefing these issues on the same schedule will avoid wasting judicial resources and the potential of inconsistent rulings.

[5] The assigned AUSAs have participated in discussions with attorneys who represent defendant HUANG individually, both before and after the indictment was filed in this case.

and refused to appear in this jurisdiction to face the charges against him.  Instead, HUANG is getting a full preview of the government's case against him as the sole owner and decision-maker for SZNW, putting on a defense for his company from afar while evading justice.[6]  In this way, HUANG hopes to get two bites at the apple in defending his actions--once on behalf of the company SZNW, and a second time in his individual capacity when he is apprehended or elects to submit to the jurisdiction of this Court in order to regain freedom of movement among the many countries with extradition treaties with the United States.

In evaluating SZNW's assertion of its speedy trial right and the need to try SZNW (a corporate entity) before individual defendants HUIZAR and CHAN in this case, the Court can consider co-defendant HUANG's fugitive status for purposes of calculating excludable time under the Speedy Trial Act.  To date, SZNW remains joined for trial with HUANG,[7] who has yet to make an appearance in this district and

---

[6] In fact, counsel for SZNW informed the government during a call on March 8, 2022, that an attorney who represents HUANG individually intends to join the trial team for SZNW to participate as trial counsel in the August 2, 2022 trial.

[7] Defendant SZNW's severance motion only addressed prejudice from being tried with co-defendants HUIZAR, CHAN, LEE, and 940 HILL. Defendant SZNW did not claim, nor could it, any spillover prejudicial effect with respect to co-defendant HUANG, since the two are in essence one and the same for many purposes in this criminal case. See, e.g., United States v. King, 134 F.3d 1173, 1176 (2d Cir. 1998) ("We fully appreciate that state law recognizes the separateness of a wholly owned corporation from its sole shareholder for purposes of insulating the shareholder from liability for the corporation's debts, at least in the absence of circumstances warranting piercing the corporate veil.  But the state law principle that insulates the shareholder from the debts of his corporation does not warrant insulating the corporation under the Confrontation Clause.... Corporate separateness need not be recognized for all purposes."). Courts have recognized that constitutional principles of criminal law "should not be construed to aid the sole owner of a corporation to adjust his testimony in the hope of shifting blame from himself to his wholly owned company." Id.

13

for whom the Speedy Trial clock has not begun.  "Although the unapprehended codefendants in the instant case had been indicted, their speedy trial clock clearly could not begin until they were apprehended and appeared before the court." United States v. Davenport, 935 F.2d 1223, 1229-30 (11th Cir. 1991) (citing 18 U.S.C. §§ 3161(c)(1) & (h)(3)(A)).  "Because appellant was properly joined with the unavailable codefendants during the relevant time period and no motion to sever had been granted, the delay occasioned by those codefendants under 3161(h)(3)(A) is charged to appellant under § 3161(h)[6]." Id.  *This is even more true when SZNW is wholly owned by the fugitive co-defendant HUANG, who has freely chosen to evade justice in this case.*  The delay occasioned by HUANG can and should be charged to SZNW under subsection (h)(6).  See also United States v. Pena, 793 F.2d 486, 488-89 (2d Cir. 1986) (clock never begins to run on defendants who are fugitives and never arraigned, and any delay attributable to one defendant is attributable to all co-defendants); United States v. Tobin, 840 F.2d 867 (11th Cir. 1988) (eight-month reasonable delay attributable to the fugitive status of a co-indictee was excludable as to those defendants awaiting trial); United States v. Felton, 592 F. Supp. 172, 184-85 (W.D. Pa. 1984) (delay of almost one year awaiting apprehension of indicted codefendant held reasonable in light of congressional preference for joint trials), rev'd on other grounds, 753 F.2d 256 and 753 F.2d 276 (3d Cir. 1985).

Subsection (h)(6) of the Speedy Trial Act "represents a congressional effort to build into the Speedy Trial Act sufficient flexibility to allow the government to stop criminal activity by arresting the suspected perpetrators as soon as it has probable

14

cause, without precluding a joint trial with compatriots who may be apprehended at a later date." United States v. Novak, 715 F.2d 810, 815 (3d Cir. 1983).  Congress entrusted courts with the responsibility of determining reasonableness based on the facts of each case, taking into account the congressional intent underlying § 3161(h)(6): to permit joint trials of defendants to "continue to be available as a means of promoting judicial efficiency by avoiding duplicative proof at successive trials."  Pena, 793 F.2d at 489.

Determining whether a particular delay is reasonable in a given case requires courts to balance the length of the proposed delay and the reasons for the delay against any prejudice to the defendant. Davenport, 935 F.2d at 1236-37.  Prejudice in this context generally means either impairment of the defendant's ability to put on a defense or prolonged pretrial incarceration.  United States v. Salerno, 108 F.3d 730, 738 (7th Cir. 1997).  Here, the corporate entity SZNW is not detained.  A continuance of the trial against SZNW to allow the RICO trial to proceed first would not impair its ability to put on a defense.  To the contrary, SZNW would get a full preview of the government's case with respect to the L.A. Grand Hotel bribery scheme, including all exhibits, witness testimony, arguments, and relevant pre-trial disclosures.  SZNW would have the added benefit of a full preview of the cross-examination by HUIZAR and CHAN's attorneys and could later cross-examine government witnesses with prior inconsistent statements from the RICO trial.  Trying SZNW second instead prejudices the government's case against the most culpable defendants by allowing HUIZAR and CHAN to take advantage of government witnesses having to testify on the same subjects in two (or even three) separate trials.

In addition, as noted above, the government estimates that 40% of the RICO trial will consist of evidence of the bribery conduct implicating HUANG and SZNW.  Allowing the RICO trial to proceed before the SZNW trial could conceivably lead to pre-trial dispositions for HUANG and SZNW, resulting in effective case management and the conservation of judicial resources.  Conversely, convictions against SZNW are not likely to lead to pre-trial dispositions for HUIZAR and CHAN, who face more serious charges (and the custodial consequences applicable only to a human defendant) than SZNW.  When HUANG is apprehended, the government will have to put on a trial against HUANG as an individual that is entirely duplicative of the trial against SZNW.  A continuance of the SZNW trial to late November or early December 2022 will give the government more time to continue its ongoing efforts to apprehend HUANG, which could result in a joint trial for HUANG and SZNW.[8]

SZNW's speedy trial right is the only basis for allowing it to be tried second.  Courts have been reluctant to allow fugitive defendants to play games in asserting their speedy trial rights when their evasion of justice is the cause of the delay.  See, e.g., United States v. Sandoval, 990 F.2d 481, 484–85 (9th Cir. 1993) ("barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional [speedy trial] right on a record that strongly indicates ... that the defendant did not want a speedy trial") (citation omitted).  "[A] true fugitive, whose location is unknown, or who is successfully

---

[8] The prosecution team has been working with other components of the U.S. government and international authorities on various mechanisms to ensure that defendant HUANG is ultimately brought to face justice in this case.

resisting government efforts to bring him into the jurisdiction, will not be able to obtain dismissal of an indictment.  This is as it should be.  Otherwise, the courts would be sanctioning the playing of games by fugitives." Id. (citation omitted).  Here, setting the SZNW trial for late November or early December 2022 will serve the interests of justice and has the greatest potential to conserve judicial resources.

Once the Court issues a ruling on the trial dates and pre-trial deadlines, the government will prepare and file proposed orders for findings of excludable time periods pursuant to the Speedy Trial Act as necessary for each defendant.