Richard M. Steingard (SBN 106374)
rsteingard@SteingardLaw.com
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260-9449
Facsimile: (213) 260-9450

Attorney for Defendant
Shen Zhen New World I, LLC

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE LUIS HUIZAR, ET AL.,<br><br>　　　　　Defendants. | CR-20-326(A)-JFW<br><br>**DECLARATION OF RICHARD M. STEINGARD IN SUPPORT OF DEFENDANT SHEN ZHEN NEW WORLD I, LLC'S RESPONSE TO GOVERNMENT'S STATUS REPORT REGARDING PRETRIAL SCHEDULE** |

**INDEX OF EXHIBITS**

| Exhibit | Descriptions | Page(s) |
|---|---|---|
| 1 | March 8, 2022 Email from V. Dragalin to R. Steingard with Proposed Trial Schedule Attachment | 3:18 |
| 2 | March 11, 2022 Email from R. Steingard to V. Dragalin, M. Jenkins, M. Mills & C. Palmer with Proposed Trial Schedule Attachment | 3:25 |
| 3 | March 14, 2022 Email from V. Dragalin to R. Steingard, C. Ale, C. Snyder, A. Olin, H. Braun, A. Neuman & R. Seilie with Government Proposed Schedule Attachment | 4:3 |
| 4 | March 14, 2022 Email String from R. Steingard, A. Neuman & C. Ale to V. Dragalin, M. Jenkins, M. Mills & C. Palmer | 4:9 |

# DECLARATION OF RICHARD M. STEINGARD

I, Richard M. Steingard, state and declare as follows:

1. I am an attorney licensed to practice before the courts of this state and before this Court. My firm represents Shen Zhen New World I, LLC ("SZNW") in the above-referenced matter. I submit this declaration in support of SZNW's Response to the Government's Status Report Regarding Pretrial Schedule.

2. On March 7, 2022, I received an email from Assistant U.S. Attorney Veronica Dragalin asking if we could have a phone conversation the next day. I agreed. During that call, the parties addressed a variety of matters, including the government's inquiry whether SZNW would agree to be tried after Huizar and Chan. I advised that I would consider the matter and we agreed to a follow-up call on March 16, 2022.

3. Later that day, the government emailed me a proposed schedule of dates. The government's proposed schedule did not have any events or deadlines for the entire months of March, April, and May. Rather, the government proposed disclosing its witness and exhibit lists on June 7, exchanging draft motions in limine on June 20 (when the 940 Hill trial was likely concluding), and setting all other dates in mid-July or later. Attached as **Exhibit 1** is a true and correct copy of the March 8, 2022 email from the government, along with the proposed schedule that was attached to the email.

4. On March 11, 2022, I emailed the prosecutors to advise them that SZNW would maintain the August 2 trial date. I then addressed the government's proposed schedule, advising that I disagreed with it on many fronts, and explained my concerns. I provided a proposed schedule that advanced or modified the dates for certain events. Attached as **Exhibit 2** is a true and correct copy of my March 11, 2022 email to the government, along with the proposed schedule that was attached to the email.

5.     On March 14, 2022, Ms. Dragalin sent an email to all defense counsel containing a completely new schedule for all three trials, stating that it assumed counsel objected to these dates and that it intended on filing a brief with the proposed schedule the next day. Attached as **Exhibit 3** is a true and correct copy of the March 14, 2022 email from the government, along with the proposed schedule that was attached to the email.

6.     I and my co-counsel responded that if the government proceeded to file its brief, it should not represent that the parties had met and conferred about its proposal, as that had not occurred.  Attached as **Exhibit 4** is a true and correct copy of the March 14, 2022 email string from me, counsel for Jose Huizar, and counsel for 940 Hill and Mr. Lee to the government. Shortly thereafter, the parties agreed to a "meet and confer" call the next day.

7.     On March 15, 2022, the parties had a phone conversation in which the government stated its intention to file its revised schedules for all three trials. Defense counsel stated their positions, but the government was inflexible.

8.     On March 8, 2022, during the above-referenced call with the government, I asked if they still intended to seek the introduction of "other scheme" evidence at SZNW's trial  The government asked for time to consider this and we agreed to address it at our March 16 follow-up call.  During that call, the government advised that it would seek to introduce "other schemes" evidence at the SZNW trial and anticipated addressing it in the in limine motions.

9.     The government's Status Report makes several gratuitous and incorrect statements.  The government's claims do not affect the scheduling issues before the Court.  Nonetheless, I feel compelled to respond.

    a.    The government states, "On January 15, 2022, SZNW sent a letter to the government styled as 'expert designations,' but stating that 'SZNW is not in a position to designate any experts to testify at trial,' in contravention of the Court's scheduling order requiring it to do so.

Instead, asserting that defense expert disclosures were 'not called for by the rules…'" (ECF 403 at 4:15-22.) In fact, on January 15, 2022, I sent the government a letter concerning defense expert disclosures, as required under the Court's schedule. The letter stated, "At this time, SZNW is not in a position to designate any experts to testify at trial. However, SZNW believe it may do so. If SZNW determines it will call expert witnesses at trial, it will timely advise the government of their names, backgrounds, and a summary of their testimony." The letter continued,

> "Although not called for by the rules, and to assist the government in its pretrial preparation, should SZNW designate experts, they anticipate it will be in the following fields:
> 1. **Casino records**: SZNW may call a witness to testify as to the information contained in the casino records produced in discovery. Although more of a summary witness than an expert, the witness would testify to Wei Huang's gambling practices, the 'comps' that the casino extended to him and his guests, and other such matters contained in the records. At this juncture, we do not anticipate that the witness will offer any expert opinions, but merely summarize the various records.
> 2. **Casino gambling**: SZNW may call a witness to testify to 'high roller' gambling activities, as well as casino surveillance and security. We expect this witness would testify to topics the same as or similar to those outlined in your December 15, 2021, disclosure letter.
> 3. **Development Process**: SZNW may call a witness to testify to the process by which a developer in Los Angeles would develop and construct a building. We expect this witness will testify to topics the same as or similar to those outlined in your December 15, 2021, disclosure letter.
> SZNW reserves its right to designate additional experts, or call rebuttal experts, as developments in the case may warrant."

    b.    The government states that during the March 15, 2022 "meet and confer" call, "Counsel for SZNW expressed his belief that the



government was operating in bad faith by continuing to advocate for the government's proposed schedule, but he offered no counterproposal on this call." (*Id*. at 7-8: 24-25, 1-2.)  At no time did I accuse government counsel of "operating in bad faith," although at one point I stated that one of government counsel's questions to defense counsel was "demeaning."  I did in fact offer a counterproposal to the government's new schedule—as did my co-counsel—to wit, the various schedules that we had recently sent the government.

c. The government asserts that Wei Huang "has thus far successfully evaded arrest and refused to appear in this jurisdiction…" (*Id*. at 12-13: 19, 1-2.)  As the government knows, Mr. Huang was in China when the grand jury returned the First Superseding Indictment.  He has remained there during the pendency of these proceedings.  Besides residing in his home country, he has taken no steps to "evade[] arrest."

d. The government states, "In fact, counsel for SZNW informed the government during a call on March 8, 2022, that an attorney who represents Huang individually intends to join the trial team for SZNW…" (*Id*. at 13, n.6.)  During the March 8 call, I asked the prosecutors whether they believed there was a conflict of interest for Craig Wilke—who has been co-representing Mr. Huang—to assist me at trial in representing SZNW.  The government advised that it wanted to consider this issue and we agreed to address it at the March 16 follow-up call.  During that call, the government advised that it did not believe there was a conflict of interest for Mr. Wilke to co-represent SZNW.

//
//

LAW OFFICES OF RICHARD M. STEINGARD

6

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of March, 2022, at Los Angeles, California.

/s/
Richard M. Steingard