1   CUAUHTEMOC ORTEGA (Bar No. 257443)
    Federal Public Defender
2   Carel Alé (Bar No. 283717)
    (E-Mail: Carel_Ale@fd.org)
3   Charles Snyder (Bar No. 287246)
    (E-Mail: Charles_Snyder@fd.org)
4   Adam Olin (Bar No. 298380)
    (E-Mail: Adam_Olin@fd.org)
5   Deputy Federal Public Defenders
    321 East 2nd Street
6   Los Angeles, California 90012-4202
    Telephone: (213) 894-4740
7   Facsimile: (213) 894-0081

8   Attorneys for Defendant
    JOSÉ LUIS HUIZAR
9
    [And on Behalf of
10  Defendant Raymond Chan]

11

12                    **UNITED STATES DISTRICT COURT**

13                  **CENTRAL DISTRICT OF CALIFORNIA**

14                         **WESTERN DIVISION**

15

16   UNITED STATES OF AMERICA,          Case No. 20-CR-0326-JFW-1

17              Plaintiff,              **DEFENDANT JOSÉ LUIS HUIZAR'S
                                        RESPONSE TO GOVERNMENT'S
18        v.                            STATUS REPORT RE: MODIFYING
                                        THE SCHEDULING ORDER**
19   JOSÉ LUIS HUIZAR, *et al.*,

20              Defendants.

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

The government and defendants José Huizar ("Huizar") and Raymond Chan ("Chan") entered a stipulation setting forth a proposed scheduling order which the Court adopted on February 16, 2022. (ECF No. 368.) The likelihood of severance was well-known to the government when it agreed to those dates. By that point, the Court had already expressed its tentative view that there was insufficient evidence establishing a single scheme with respect to co-defendants David Lee/940 Hill and SZNW. (01/07/22 Tr. at 94:24–95:2.) Before formally severing those co-defendants, the Court directed the government to be prepared to promptly make required disclosures in connection with a May 2022 trial for 940 Hill and Lee. (01/31/22 Tr. at 125:12–23, 126:6–10.) The day after the January 31 hearing, the government stipulated to the current dates in this matter. (ECF No. 360.)

On March 7, 2022, the Court severed co-defendants Lee/940 Hill and SZNW. (ECF No. 390.) At the scheduling portion of the hearing, the government did not indicate its intention to seek, nor did the Court invite, changes to the existing scheduling order for Huizar or Chan.

Despite having agreed to the current dates,[1] the government now asks the Court to remake the scheduling order in wholesale fashion. The following table compares the existing, agreed-upon dates with those proposed in the Status Report:

//
//
//
//
//
//

---

[1] As with prior stipulations to continue, the dates in the proposed scheduling order maintained a consistent time period between various dates and the trial date.

2

| Event | Current Date | Govt Proposed Date |
|---|---|---|
| Govt Witness List | 06/07/2022 | 10/04/2022 |
| Govt Exhibit List | 06/07/2022 | 09/26/2022 |
| Conference re: Exhibit List | 07/26/2022 | 09/30/2022 |
| Joint Pre-Trial Exhibit Stipulation | 08/09/2022 | 10/03/2022 |
| Exchange Joint MIL Mtns | 07/11/2022 | Not stated |
| Exchange Joint MIL Opps | 08/01/2022 | Not stated |
| Joint MILs (filing) | 08/03/2022 | 09/06/2022 |
| **Hearing re: MIL** | **08/22/2022** | **09/23/2022** |
| Brady/Giglio | 08/19/2022 | 09/02/2022 |
| Govt Jencks Statements | 08/19/2022 | Not stated |
| Govt Charts & Summaries | 09/16/2022 | Not stated |
| Final Transcripts & Translations | 09/16/2022 | 10/03/2022 |
| **Pretrial Conference** | **10/07/2022** | **10/12/2022** |
| Defense Jencks Statements | 10/10/2022 | Not stated |
| Defense Charts & Summaries | 10/10/2022 | Not stated |
| Defense Witness List | 10/10/2022 | 10/17/2022 |
| Defense Exhibit List | 10/10/2022 | Start of def. case |
| **TRIAL** | **10/18/2022** | **10/18/2022** |

The government's Status Report seeks stark relief. For example, the government proposes disclosing its witnesses nearly four months later than it recently agreed to do. Similarly, the government's exhibit list would be disclosed nearly three months later than the currently agreed date. While some exhibit disclosures have been made, they are incomplete. (*See* ECF No. 404 (Defendant Lee and 940 Hill's Response to the Status Report) at 4 (discussing limited nature of exhibit disclosures to date).) And given the maximalist approach the government has taken to what conduct is admissible to establish the necessary *quid pro quo* bribery in this case, late disclosures inhibit Huizar and Chan's ability to adequately prepare to defend themselves at trial. Huizar and Chan cannot reasonably prepare to meet any and all potentially lurking allegations contained in millions of pages of discovery a mere three weeks before trial, the government's proposed government exhibit list deadline. The government first charged Huizar by complaint in June 2020 (ECF No. 1), following months of back-and-forths with his prior

counsel, which itself followed years of investigation. The government knows or should know what it intends to prove, and should disclose it on the currently stipulated timeline. The case against Huizar and Chan has not changed—they are still charged in a wide-ranging RICO conspiracy and many related counts spanning several years and locations and involving dozens of witnesses. While the co-defendants' severance might change the length of the overall trial, it does not change the scope of the allegations Huizar and Chan will have to defend against at trial.

At bottom, the government approaches the issue of the scheduling order as if it were untrod ground, and the parties had not already entered into a stipulation as to dates and the Court issued an Order as to those dates.[2] In light of the history of this case, there is no basis to do so. Counsel recognize the government, which has added a fourth Assistant United States Attorney, must manage additional responsibilities in light of severance. But the agreed-upon disclosure deadlines are necessary for Huizar and Chan to adequately prepare for trial, a necessity which is not diminished by the government's unsuccessful strategy in joining unrelated conspiracies in a single action.

Huizar remains willing to meet and confer about specific dates the government views as unfeasible in light of the three trials. Given the October 2022 trial date, counsel for Huizar are confident that particular issues may be resolved through additional meeting and conferring. There is no compelling need to significantly rework the scheduling order as to Huizar and Chan at this time.

//

//

//

---

[2] Counsel do not intend on comprehensively responding to the government's attempt to equate this matter to *United States v. Elmezayen*, 2:18-CR-809-JFW in terms of relative complexity. While the subject matter of *Elmezayen* was undoubtedly serious, the legal issues in that case were significantly less complex and the volume of discovery orders of magnitude smaller.

1

## **CONCLUSION**

2       For the foregoing reasons, Mr. Huizar respectfully requests the Court deny the

3   government's request to modify the scheduling order.

4

5                                        Respectfully submitted,

6                                        CUAUHTEMOC ORTEGA
                                         Federal Public Defender
7

8

9   DATED:  March 17, 2022          By:  /s/ Adam Olin
                                         Carel Alé
10                                       Charles J. Snyder
                                         Adam Olin
11                                       Attorneys for José Luis Huizar

12
                                         [And on Behalf of Defendant Raymond Chan]
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28