Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | 2:15-cr-00009-DSF | Date | June 16, 2015 |
|---|---|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Interpreter | N/A |

| Debra Plato | Not Present | Eddie A Jauregui (Not Present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) Guillermo Francisco Alonzo | NOT | | X | 1) Asal Akhondzadeh | NOT | | X |

**Proceedings:** (In Chambers) ORDER REGARDING DEFENDANT'S IN CAMERA REQUEST

   On June 5, 2015, defendant Guillermo Francisco Alonzo filed an ex parte application requesting an early return subpoena duces tecum and permission to file the application and related documents in camera. Dkt. No. 37. On June 9, 2015, the Court signed an order to issue the subpoena. However, the order does not yet appear on the docket. Also on June 9, 2015, the government (unaware of the issuance of the subpoena) filed an opposition to Defendant's in camera request. Dkt. No. 40. It asked the Court to deny the application for the subpoena, to allow the government to inspect the subpoena and any items produced, and, in the alternative, to permit the government to appoint firewall counsel to participate in the litigation of the in camera request. Id. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court declines to modify its order to issue the subpoena or to unseal the ex parte request and all related documents. However, the Court finds the government is entitled to inspect the subpoena and any items produced.

## I.   Application for Subpoena

   A defendant's access to documents from third parties is governed by Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Criminal Procedure 17(c). *United States v. Nixon*, 418 U.S. 683, 698 (1974). Rule 17(c) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

"[A] Rule 17(c) subpoena is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence[.]" *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) (internal citations omitted). To obtain a subpoena under Rule 17(c), "the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699. Stated differently, a defendant seeking a Rule 17(c) subpoena must make a showing of (1) relevancy, (2) admissibility, and (3) specificity. *Id.*

Because the subpoena satisfies the *Nixon* standard, the Court will not modify the order on its issuance.

## II. Application to File <u>In Camera</u>

The government asks the Court to unseal the <u>in camera</u> request "so that the assigned trial attorneys and investigating agents are able to participate in any further proceedings relating to the request." Dkt. No. 40 at 15. Defendant alleges that he is not obligated to disclose his <u>in camera</u> request to the government on the grounds that it constitutes privileged attorney work product that would publicize his strategy and theory of defense.

Rule 17(c) "should be interpreted to provide for <u>ex-parte</u> applications in situations, such as the matter at bar, where the defendant seeks to serve a subpoena <u>duces tecum</u> for the pre-trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

production of documents on a third party, and cannot make the required showing without revealing trial strategy." United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997). The Court will not unseal the ex parte request and all related documents. Although it is not entirely clear what work product or privileged information would be revealed, in an abundance of caution, the Court declines the request to unseal the application.

### III.   Inspection of Subpoena and Any Items Produced

The government requests disclosure of the subpoena. Defendant argues the subpoena and any items produced should remain in camera and under seal, but its argument is vague and unconvincing. "Rule 17(c) provides that if the court determines that documents may be produced before the court prior to trial, the court may allow the documents 'to be inspected by the parties and their attorneys.' Fed. R. Civ. P. 17(c). Rule 17(c) makes no provision for allowing only one party access to the documents." United States v. Jenkins, 895 F. Supp. 1389 (D. Haw. 1995) (finding error in forbidding government from viewing documents produced in response to Rule 17(c) subpoena).

Basic fairness requires the disclosure of the subpoena and responses. The subpoena does not request confidential records, such as medical or financial documents. Under the circumstances, "Defendant cannot unilaterally use helpful information without allowing the Government to rebut using harmful evidence gleaned from the same." United States v. McLaughlin, No. 2:10-cr-00547-RLH-GWF, 2012 U.S. Dist. LEXIS 145772, *7-8 (D. Nev. Oct. 9, 2012) (granting Rule 17(c) subpoena "only to the extent that Defendant serves the subpoena and the produced information to the Government"). The government is entitled to inspect the subpoena and any items produced.

### IV.   Conclusion

For the reasons above, the Court declines to modify its order to issue the subpoena or to unseal the ex parte request and related documents. However, it allows the government to inspect the subpoena and any items produced. Defense counsel should provide a copy of the subpoena forthwith. The clerk will make any documents produced available to both parties.

IT IS SO ORDERED.