Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | LA CR16-00613 JAK | | Date | October 12, 2016 |
|---|---|---|---|---|

| Present: The Honorable | John A. Kronstadt, United States District Judge |
|---|---|
| Interpreter | |

| Andrea Keifer | Alex Joko | Anne C. Palmer; Bryant Yang; Dan O'Brien |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Luke Willis McDermon | Not | X | | Anne Hwant, DFPD | Not | X | |
| | | | | Gabriel L. Pardo, DFPD | Not | X | |

| Proceedings: | **(IN CHAMBERS) ORDER RE GOVERNMENT'S OBJECTION TO EX PARTE APPLICATION FOR SUBPOENAS (DKT. 50)** |
|---|---|

### I. Introduction

Luke Willis McDermon ("Defendant"), an individual who has been convicted of a felony, is accused of knowingly possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g). Complaint, Dkt. 1 at 1. The trial in this matter is scheduled to begin on October 18, 2016. On September 16, 2016, Defendant filed *in camera* and under seal an ex parte application ("Application") for the issuance of several trial subpoenas. Dkt. 24 (notice of filing under seal). Defendant stated that the materials sought were necessary for the preparation of his defense at trial. On September 21, 2016, the Court granted the Application. Dkt. 49 (*In Camera*).

On September 28, 2016, the Government filed an Opposition to the Application. Dkt. 50. The Government apparently became aware of the subpoenas following their service, presumably from the parties who had been served. The Government has not seen either the subpoenas or any documents produced in response to them. *Id.* at 8. However, to the extent that Defendant seeks discovery through the subpoenas pursuant to Fed. R. Crim. P. 17, the Government objects, claiming that this is a misuse of the Rule. The Government seeks access to both the subpoenas and any documents produced in response to them. Alternatively, the Government asks that its counsel in this matter be permitted to consult with any government agency or witness who has been served with a subpoena regarding compliance and documents produced. *Id.* Defendant proffered an in camera and under seal reply to the Government's Opposition. Noticed at Dkt. 56 (*In Camera*).

At the Final Pretrial Conference in this matter, which was held on October 6, 2016, the Court stated that it would deny Defendant's request to file the reply under seal and in camera. The Court noted that the reply contained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

legal argument and did not make any meaningful disclosure of any planned defense strategy. Defendant did not request to file the reply on the docket. Consequently, it is not received in connection with the present issues. The Court also stated that, pursuant to Fed. R. Crim. P. 17, it would permit the Government to have access to copies of documents produced in response to the subpoenas. Of course, Defendant will also have such access given that the subpoenas were issued at his request. The Court stated that it would not require the production of copies of the subpoenas themselves to the Government. This would protect any claimed confidential information as to a defense strategy that might be discerned from the subpoenas.

In response to these statements, as well as the disclosure that certain documents had already been produced in response to one or more of the subpoenas, Defendant stated an intention to withdraw the subpoenas, rather than have the responsive materials made available to either side. The Government opposed this approach. It asserted the right of access to documents that had been subpoenaed. The parties were directed to submit supplemental briefing on the issue whether the subpoenas could be withdrawn, and if so, what effect, if any, such a withdrawal would have on potential access by the Government, pursuant to Rule 17, to materials produced in response to the subpoenas.

Defendant submitted his supplemental brief. Dkt. 59. Defendant sought to withdraw all subpoenas previously issued except the ones directed to the Los Angeles Police Department ("LAPD"). *Id*. at 7-8. To the extent that documents had already been produced in response to a subpoena by any party other than the LAPD, Defendant requested that the documents be retained by the Court, and not disclosed to either party.

The Government also filed its supplemental brief. Dkt. 60. It argued that all documents produced in response to the subpoenas should be made available to the parties, and expressed concern that Defendant may be "seeking to bury documents that are important to the fact-finding process at trial." *Id*. at 3-4. The Government also requested that it be provided with "(1) the dates any Rule 17 subpoenas were served, (2) a list of the items produced in response to those subpoenas, and (3) the dates on which those items were received," so that it can monitor enforcement of any order of production. *Id*. The Government expressed concern that, absent these requirements, it will be unable to ensure full compliance with disclosure requirements.

II. **Analysis**

    A. **Whether the Subpoenas Were Properly Issued**

The Government contends that Defendant may be improperly attempting to use Rule 17(c) to seek discovery. It argues that this is an effort to side-step Rule 16, which governs that process. The Government has not expressly moved to quash the subpoenas. However, the case authority on which it relies applies in that context *See*, e.g., *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (upholding decision to quash overbroad subpoena).

A subpoena duces tecum may be issued under Rule 17 only for the limited purpose of seeking admissible evidence that may be offered at the attendant proceeding -- in this matter, at the trial. *See United States v. Nixon*, 418 U.S. 683 698-99 (1974). "[I]t was not intended to provide a means of discovery for criminal cases"; rather, "its chief innovation [is] to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id*. Therefore, the party seeking a subpoena under Rule 17(c) must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id*. at 700.[1]

---

[1] Defendant argues that Rule 17(c) has a different scope and effect when the subpoena is served on a non-party. He claims that such a subpoena may be issued so long as the requested information is material to the defense and its production

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Thus, under Rule 17, a trial subpoena must identify the documents sought with specificity, and such materials must not be ones that were otherwise reasonably available in advance of trial without a subpoena. *Id.* at 699-700. A subpoena is only appropriate if the application is made in good faith, and not intended as a general "fishing expedition." *Id.*

Here, the determination to grant the subpoenas was based on a showing of good cause by Defendant. The subpoenas are not overly broad, and comply with the standards of *Nixon*. Therefore, there is no basis to modify or reverse the prior order permitting the issuance of the subpoenas.

    **B.**    **Whether to Unseal Defendant's Ex Parte Application for Subpoenas and Related Filings**

The Government requests access to the Application, the subpoenas and copies of any documents produced in response to them. It argues that this will ensure that Defendant cannot use any information obtained in a manner that will permit an unwarranted tactical advantage to Defendant or cause an unfair surprise to the Government at trial. Dkt. 50 at 8. In response, Defendant argues that the *in camera* filings constitute attorney work product. He also argues that their disclosure would be inappropriate because this would compromise his right to maintain confidential any planned trial strategy, including any potential defenses.

Unsealing both the Application and the subpoenas would risk disclosure of confidential information related to Defendant's defense strategy. "Since a defendant seeking pre–trial production must make a demonstration of relevancy, admissibility and specificity. . . requiring that defendant share the showing with the government would effectively force the defendant to reveal his or her theory of the case." *United States v. Tomison*, 969 F. Supp. 587, 593–94 (E.D. Cal. 1997) (citing *Nixon*, 418 U.S. at 700). Therefore, the Government's request for access to the Application, including the subpoenas, is **DENIED**.

    **C.**    **Whether to Make Subpoenaed Documents Available to the Government**

A district court may, in the exercise of its discretion, require the production of materials produced in response to a subpoena. Fed. R. Crim. P. 17(c). *Nixon*, 418 U.S. at 698. Rule 17(c) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court *may* direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1) (italics added).

It is appropriate to require disclosure of certain documents produced in response to the subpoenas. Rule 17 does

---

would not be unduly burdensome on the non-party. In support of this position, Defendant cites *United States v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1997). It contains dicta stating that, because Fed. R. Crim. P. 16 only applies to documents in the Government's possession, "Rule 17(c) may well be a proper device for discovering documents in the hands of third parties." *Id.* Defendant's argument is unpersuasive. *See* Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Crim. § 275 (4th ed. 2016) ("[t]he availability of Rule 16 makes it almost impossible for a defendant to show good cause for use of Rule 17(c) as a discovery device."); *United States v. Fields*, 663 F.2d 880 (9th Cir.1981) ("[W]e see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States."). Therefore, the standard established in *Nixon* is applied here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

not state that materials produced in response to a subpoena are to be made available only to one side. Basic fairness warrants their production to both sides, absent unique or compelling circumstances, none of which has been shown here. Having elected to seek the materials through the subpoenas, Defendant cannot justify keeping them from the Government unless and until Defendant concludes that his discovery obligation requires their disclosure under fed. R. Crim. P. 16. Moreover, there is no showing that the subpoenas request any confidential materials, such as medical records. For these reasons, the Government's request to have access to the materials produced in response to the subpoenas is **GRANTED**.

        **D.**        **Whether Defendant May Withdraw Subpoenas Issued to Entities Other Than the LAPD**

Defendant has requested to withdraw the subpoenas issued to entities other than the LAPD. Dkt. 59. The Government does not object to the withdrawal of any subpoenas as to which no documents have been produced. Dkt. 60 at 4. Therefore, those subpoenas shall be withdrawn; Defendant shall notify each such party that no response is required. With respect to documents that were produced either to the Clerk or to Defendant on or before October 6, when Defendant first raised this issue, for the reasons stated above, they shall be made available by the Clerk to both parties pursuant to Rule 17. Although Defendant made a general statement about a potential withdrawal at the Final Pretrial Conference, his position was not finalized until his supplemental brief was filed on October 7, 2016. This justifies the production of the documents produced on or before October 6. With respect to the documents, if any, produced to the Clerk after October 6, they shall be maintained by the Clerk, but not produced to either party. With respect to the documents, if any, produced to Defendant on or after October 6, they shall be made available to the Government within three business days of the issuance of this Order. The same fairness considerations that arise from Rule 17 apply to these materials.

**III.**    <u>**Conclusion**</u>

For the foregoing reasons, the relief sought by each party is **GRANTED IN PART** and **DENIED IN PART** in accordance with the terms of this Order.

**IT IS SO ORDERED.**

                                                                                                                                     :

Initials of Deputy Clerk   ak

cc: