Exhibit D



U.S. Department of Justice

United States Attorney
Eastern District of New York

NB:JMM
F. #2014R00552

*610 Federal Plaza*
*Central Islip, New York 11722*

November 6, 2015

By ECF

Hon. Raymond J. Dearie                           **To Be Filed Under Seal**
United States District Judge
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Angelo Gigliotti et al.
                Criminal Docket No. 15-204 (S-1)(RJD)

Dear Judge Dearie:

        The government submits this letter in response to the Court's order to report on policies and practices of the United States Attorney's Office for the Eastern District of New York (hereafter "the Office") regarding the issuance of grand jury subpoenas directing recipients not to disclose the existence of responses to such subpoenas without a court order or other legal authority to do so.

Background

        On August 19, 2015, defendants in the above-captioned matter jointly moved for, among other things, the suppression of evidence obtained through the issuance of grand jury subpoenas that directed any recipients to maintain secrecy of the subpoenas without court authorization or other authority. (Def. Mtn. at 25; ECF Doc. No. 71) The motion was based on discovery of a subpoena for records issued to an accounting firm that contained on the face of the subpoena the following: "YOU ARE HEREBY DIRECTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA, AS IT MAY IMPEDE AN ONGOING CRIMINAL INVESTIGATION." Id., Exhibit 8.

        In its response to this motion, the government acknowledged that the use of the non-disclosure language was improper because Federal Rule of Criminal Procedure 6(e) imposes no such obligation of secrecy upon the recipient of the subpoena in question. (Gov. Resp. at 28; ECF Doc. No. 95). Although the government argued, and maintains, that suppression of evidence is not warranted, the government offered that it would notify recipients of any subpoenas containing the unauthorized non-disclosure command that such

language was inappropriate and that the recipients were in fact under no such obligation. Id, 28-29 (citing In re Grand Jury Proceedings (Diamante), 814 F.2d 61, 68, 70 (1st Cir. 1987)).

At oral argument on October 8, 2015, the Court ordered the government to report on the extent to which such non-disclosure language is used by the Office, whether it was the policy and practice of the Office to include such language in grand jury subpoenas, as well as to report what training or policies were in effect to prevent such unauthorized non-disclosure commands to grand jury subpoena recipients.

Government's Practice Regarding the Use of
Non-Disclosure Commands in Grand Jury Subpoenas

It is not the Office's practice and policy to command, direct or otherwise prevent recipients of grand jury subpoenas from disclosing matters occurring before the grand jury, including the fact that a witness has received a subpoena. Internal memoranda and training of Assistants make clear that the grand jury secrecy provisions embodied in Federal Rule of Criminal Procedure 6(e)(2) do not apply to witnesses. Fed. R. Cr. P. 6(e); see also, Federal Grand Jury Practice, U.S. Department of Justice, Office of Legal Education (2008 ed.) at § 5.71.

Certain exceptions exist and where appropriate, the Office does include non-disclosure warnings along with service of grand jury subpoenas. However, such non-disclosure subpoenas are issued by the Office only where permitted by statute. For instance, non-disclosure automatically applies by statute where grand jury subpoenas are served pursuant to investigations relating to certain crimes against financial institutions or drug-trafficking crimes, see 12 U.S.C. § 3420(b) and 18 U.S.C. § 1510(b). Sections 943 and 962 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 and Section 1532 of the Annunzio-Wyle Anti-Money Laundering Act of 1992 provide for both automatic non-disclosure of subpoenas as well as penalties for disclosure. Id. § 3420(b) and 18 U.S.C. § 1510(b).

In other cases, the Office does seek judicial orders for non-disclosure pursuant to statutory authority. For instance, the government routinely seeks court orders to providers of electronic communications or computing services prohibiting recipients from notifying subscribers about the subpoena's request for records where the government can show that providing notice will result in: (a) endangering the life or physical safety of another person; (b) flight from prosecution; (c) destruction or tampering with evidence; (d) intimidation of potential witnesses; or (e) or otherwise seriously jeopardizing the investigation. 18 U.S.C. § 2705(b). Pursuant to 20 U.S.C. 1232g(b)(1)(J)(i), the government can request a judicial order, upon a showing of "good cause," barring an educational institution from disclosing the existence of a grand jury subpoena. 20 U.S.C. 1232g(b)(1)(J)(i). Finally, where non-disclosure is not otherwise provided by statute, the Office has sought non-disclosure orders pursuant to the district court's inherent authority under the All Writs Act. 28 U.S.C. § 1651. Federal Grand Jury Practice, §5.75.

2

Absent a judicial order or other legal authority for non-disclosure, it has been the Office policy to include a request, not a command, for recipients not to disclose the existence or compliance with a subpoena, using the following: "PLEASE DO NOT DISCLOSE THE EXISTENCE OF THIS SUBPOENA, AS IT MAY IMPEDE AN ONGOING INVESTIGATION."

As previously noted in the government's response to the motion to suppress, the Second Circuit has not addressed what, if any, remedy must follow the unauthorized use of non-disclosure orders in grand jury subpoenas. In United States v. Bryant, 655 F.3d 232, 237-38 (3d Cir. 2011), similar language that merely requested the use of discretion in revealing the existence of a subpoena was found by the district court to have violated Rule 6(e), which then ordered the issuance of corrective letters to witnesses. On appeal, the Third Circuit rejected arguments that the mere request for non-disclosure because of its potential for impeding an on-going criminal investigation violated due process or required further remedy than that ordered by the district court. Id.

Following the Court's order directing a review and report of the Office's policies in this area, the Office has directed all Assistants to discontinue the use of language quoted above asking recipients to please not disclose. To avoid any appearance that such language carries with it judicial authority, such request will now be made in a separate cover letter rather than on the face of the subpoena or any rider thereto. United States v. Blumberg, 1998 WL 136174, *1 (D. Conn. 1998) (rejecting the contention that a letter which "requests recipients of grand jury subpoenas not to disclose either the existence or contents of the subpoena, as such disclosure may impede a grand jury investigation," was improper).

To date, a total of 38 grand jury subpoenas have been served in this continuing investigation.[1] Of the total number of subpoenas issued, three included language cited by the defendants in the motion to suppress. The inclusion of such language was inadvertent and unintentional. While the substance of the evidence sought by each grand jury subpoena was reviewed and discussed to insure the evidence was relevant and demand for records was made in good faith given the objectives of the investigation, the offending language was missed by undersigned counsel when the subpoenas were finalized by support staff. Had undersigned counsel caught the language purporting to direct non-disclosure, the subpoenas would not have been issued but would have been revised to comply with Departmental and Office policy prior to being served. Furthermore, in light of the error revealed by the present motion, the government has issued letters to the three recipients of the grand jury subpoenas in question notifying them of the error and advising them that they are under no legal obligation not to disclose their receipt or responses to the subpoenas.

---

[1] Subpoenas continue to issue post-indictment because of a continuing investigation

3

       No other subpoenas included the erroneous language cited in the defense motion. Among a number of grand jury subpoenas to financial institutions, all included accompanying letters warning against disclosure based on statutes cited above. During this Court-ordered review, the government discovered that two such notices were served with subpoenas to ███████████████████████ Out of an abundance of caution regarding whether ███████████████████████ constitute "financial institutions" under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 or Annunzio-Wyle Anti-Money Laundering Act of 1992, the government will also send to those parties letters advising that absent a court order to the contrary, neither are under any obligation to maintain the secrecy of the subpoenas.

Conclusion

       The policy and practices of the Office regarding non-disclosure are consistent with Rule 6(e). Office and Departmental training instructs that non-disclosure may not be imposed on a grand jury witness absent statutory authority or judicial order as summarized above. The three subpoenas served in this matter in violation of such practice and policy were in error but unintentional. A corrective measure in the form of letters to subpoena recipients has been made. The additional remedy sought by the defendants, namely suppression of evidence obtained pursuant to the three subpoenas in question is without authority and should, for the reasons set forth in the government's response in opposition, as supplemented here, be denied.

       Because this letter contains matters that remain under investigation by the grand jury, the government respectfully requests that this letter be filed with the Clerk of the Court under seal. Alternatively, the government requests that the government be permitted to file a redacted version on ECF.

                                 Respectfully submitted,

                                   ROBERT L. CAPERS
                                   United States Attorney

                      By: /S/ James Miskiewicz
                                   James Miskiewicz
                                   Assistant U.S. Attorney
                                   (631) 715-7841