Exhibit E

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00579-RGK-1 | Date | September 11, 2020 |
|---|---|---|---|
| Title | *USA v. Brown* | | |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Assistant U.S. Attorneys |

| U.S.A. v. Defendant | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Jerome Brown | N | X | | Claire Simonich, DFPD | N | X | |

**Proceedings:** **(IN CHAMBERS) Order Re: Ex Parte Application for Sanctions Against the LAPD, the City Attorney's Office, and the USAO [DE 83]; Motion to Dismiss Case or Disqualify and Exclude Evidence [DE 85]**

## I.    INTRODUCTION

On September 26, 2019, Defendant Jerome Brown ("Defendant") was indicted for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). On June 3, 2020, Defendant filed an ex parte application asking the Court to issue a subpoena on the LAPD pursuant to Federal Rule of Criminal Procedure 17(c). Defendant sought to file the application under seal and *in camera*, arguing that it referenced attorney-client communications, litigation strategy, and attorney work product. The Court granted Defendant's application, permitted the under seal and *in camera* filing, and issued the subpoena. At Defendant's request, the Court included the following language in its Order: "the Order issuing the subpoenas, the subpoenas themselves, the application for the subpoenas, and the documents returned on the subpoenas shall remain in camera, and shall not be revealed to any other law enforcement agency or the United States Attorney's Office, but rather shall be revealed only to those parties necessary to effectuate the subpoena, except on further order of the Court." (Order Issuing Subpoenas, ECF No 29.)

On June 16, 2020, the LAPD moved to quash the subpoena. The Court denied the motion but, at the LAPD's request, entered a protective order limiting the disclosure of the subpoenaed materials. The protective order also stated, in relevant part: "This Order, as well as the Order issuing the subpoenas, the subpoena itself, the application for the subpoenas, and the documents returned on the subpoenas shall remain under seal, and shall not be revealed to any other law enforcement agency, including…the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00579-RGK-1 | | Date | September 11, 2020 |
|---|---|---|---|---|
| Title | *USA v. Brown* | | | |

United States Attorney's Office, but rather shall be revealed only to those parties necessary to effectuate the subpoena, or except on further order of the Court." (Order Denying Motion to Quash, ECF No. 50.)[1]

On July 13, 2020, Defendant filed a motion to suppress. The motion was set for hearing on Monday, August 10, 2020. However, the Friday before the hearing, Defendant filed an ex parte application seeking a month-long continuance of the suppression hearing. Alternatively, Defendant asked the Court to preclude the Government from using any of the subpoenaed records during the suppression hearing. In the application, defense counsel explained that she had learned that the LAPD divulged both the existence of the subpoena and the subpoenaed records to the USAO—in apparent contravention of this Court's Orders. Specifically, defense counsel learned that LAPD Custodian of Records James Sumbi ("Sumbi") told AUSA Ali Moghaddas ("Moghaddas") that he had produced a log of database queries to the defense in response to a subpoena. Moghaddas then asked Sumbi to send him the materials the defense had subpoenaed. After Los Angeles Deputy City Attorney Renee Braeunig ("Braeunig") signed off on the disclosure, Sumbi sent the materials to Moghaddas.

The Court continued the suppression hearing for one week, and, on August 11, 2020, denied Defendant's ex parte application, explaining that although the Court would consider any motion for sanctions filed by Defendant, it would not continue the hearing by 30 days nor would it bar the Government from using the Subpoenaed Records at the suppression hearing. The Court noted that "[h]ad the LAPD simply moved the Court to modify its previous Orders to permit the disclosure of the Subpoenaed Records to the USAO, the Court would have in all likelihood granted the motion. Instead, the LAPD provided the Government with the Subpoenaed Materials, in apparent contravention of two of this Court's Orders." (Order Denying Ex Parte App. to Continue Suppression Hearing, ECF No. 82)

Presently before the Court are: (1) Defendant's Ex Parte Application for Sanctions Against the LAPD, the City Attorney's Office, and the USAO; and (2) Defendant's Motion to Dismiss Case or Disqualify and Exclude Evidence.[2] For the following reasons, the Court **DENIES** Defendant's applications.

---

[1] The Court refers to the quoted confidentiality language in the Order Issuing Subpoenas and the Order Denying Motion to Quash collectively as the "Nondisclosure Provisions."

[2] The Court has deemed Defendant's Motion to Dismiss an ex parte application.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00579-RGK-1 | Date | September 11, 2020 |
|---|---|---|---|
| Title | ***USA v. Brown*** | | |

## II.   DISCUSSION

### A.   Defendant's Request for Sanctions

The Court begins with Defendant's request for sanctions. Defendant argues that the Court should impose civil contempt sanctions on the LAPD, the City Attorney's Office, and the USAO (collectively, the "Government Agencies") because the Government Agencies violated the Nondisclosure Provisions. Specifically, Defendant seeks sanctions under Federal Rule of Criminal Procedure 17(g) and Federal Rule of Civil Procedure 37(b). The former provides that a court "may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district." Fed. R. Crim. P. 17(g). The latter "authorizes the district court to impose a wide range of sanctions if a party fails to comply with a discovery order." *United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 910 (9th Cir. 1986).

The Government counters that sanctions are not appropriate under either rule. As an initial matter, the Government contends that it did not violate the Nondisclosure Provisions because it did not know that they existed—indeed, the USAO inquired about the existence of such a provision on two occasions and was told that none existed. The Government also argues that, in any event, sanctions cannot be imposed under Rule 17(g) because this rule applies only to "a witness"—not the Government. Additionally, the Government contends that Rule 37(b) does not govern the Government's conduct in criminal cases, but instead applies only in the civil context.

The determination on whether to impose sanctions is committed to the district court's discretion. *See* Fed. R. Crim. P. 17(g) (the court "*may* hold in contempt….") (emphasis added); Fed. R. Civ. P. 37(b) (using similar language). Exercising that discretion here, the Court declines to impose sanctions against the Government Agencies. First, the Court will not impose sanctions against the USAO because it did not intentionally violate the Confidentiality Provisions. The USAO asked the LAPD about the existence of a nondisclosure provision on two occasions and was explicitly told that none existed. Thus, even if sanctions could be imposed under Rule 17(g) or Rule 37(b), the Court declines to do so.

The Court also declines to impose sanctions against the LAPD and the City Attorney's Office. Braeunig has admitted that she mistakenly informed the USAO that no confidentiality provisions attended the subpoena, even though this was not the case:

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00579-RGK-1 | Date | September 11, 2020 |
|---|---|---|---|
| Title | **_USA v. Brown_** | | |

> As counsel for non-party, LAPD and the City Attorney's Office for this matter I, Renee Braeunig would like to notify the court that I have made a mistake and take complete responsibility for violating the Court's Orders. It was an innocent and inadvertent oversight on my part. In my practice as a Deputy City Attorney I was not accustomed to seeing this type of verbiage and restriction on disclosure in a court order. Rather when I was contacted by the AUSA in this matter, I should have reread the provision restricting disclosure to any other law enforcement agencies including the USAO. I am embarrassed and ashamed that I did not fully read and comprehend the restrictions on disclosure in this Court's orders. The disclosures were made innocently. There was no malice, intent or motive on my part when I permitted the subject disclosures. I am well aware of the seriousness of my error and can assure the Court that I have learned from my mistake. I will surely not commit any such mistake moving forward

(Braeunig Decl., ECF No. 101-1.) Because Braeunig's misstatement to the USAO appears to have been inadvertent, the Court exercises its discretion and will not impose sanctions at this time.

Accordingly, the Court denies Defendant's Ex Parte Application for Sanctions against the LAPD, the City Attorney's Office, and the USAO.

### B. <u>Defendant's Request for Dismissal</u>

The Court turns to Defendant's Motion to Dismiss. Defendant asks that the Court dismiss this case in its entirety or, alternatively, disqualify the Government and bar it from using the evidence at trial.

"A district court may dismiss an indictment under its inherent supervisory powers '(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct.'" _United States v. Bundy_, No. 18-10287, 2020 WL 4517572, at *8 (9th Cir. Aug. 6, 2020) (quoting _United States v. Struckman_, 611 F.3d 560, 574 (9th Cir. 2010)). "When considering an exercise of its supervisory powers, a district court has various options. The court may limit the witnesses or testimony offered by the government, or it may sanction the attorneys. . . _The most drastic remedy is dismissal with prejudice_, because this prevents the government from retrying the defendants at all." _Id._ (emphasis added). "Under its supervisory powers, a district court may dismiss an

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00579-RGK-1 | | Date | September 11, 2020 |
|---|---|---|---|---|
| Title | ***USA v. Brown*** | | | |

indictment with prejudice for prosecutorial misconduct only if there is '(1) flagrant misbehavior and (2) substantial prejudice.'" *Id.* (quoting *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993)). "Further, the district court must approach the remedy with some caution and a with a view toward balancing the interests involved, and have concluded that there is no lesser remedial action available to it." *Id.* (cleaned up).

The Court declines to dismiss the indictment under its supervisory powers. Even if the requisite prejudice exists, there has not been flagrant misbehavior sufficient to warrant the extreme remedy of dismissal. As explained above, the USAO specifically asked the LAPD whether the subpoena included a nondisclosure provision and was told that none existed. And even if Braeunig's conduct could be attributable to the USAO it too does not constitute flagrant misbehavior. As explained in Braeunig's declaration, it appears that she acted inadvertently—not maliciously. In short, her conduct is not sufficiently flagrant to warrant dismissal of the indictment. Nor does the Court find that the less-extreme remedies of disqualification of exclusion of evidence are appropriate. Again, the conduct of the Government Agencies is not sufficiently flagrant to warrant these remedies.

Defendant also argues that dismissal is appropriate because the Government has violated Defendant's Sixth Amendment rights to counsel and cross-examination. The Court disagrees. In its exchange of documents with the LAPD, the Government did *not* receive: Defendant's Rule 17 subpoena; Defendant's *in camera*, ex parte application for a subpoena; any *in camera* documents related to the LAPD's motion to quash; or any Court orders accompanying the subpoena. Instead, the Government received only the law-enforcement records that the LAPD produced to the defense in response to its subpoena. As explained in this Court's previous Order, the Court would have permitted such a disclosure had the LAPD moved to modify the Court's Orders limiting disclosure of the subpoenaed records. The Court would have done so because these records do not by themselves divulge any privileged, work product, or otherwise protected information. The Court thus finds that this disclosure did not violate Defendant's Sixth Amendment right to counsel. Nor do they hamper Defendant's ability to cross-examine witnesses. The Sixth Amendment does not guarantee Defendant the right to surprise the Government at trial with the subpoenaed records. Additionally, this Court's Orders did not prohibit the Government from independently requesting these records from the LAPD. There is therefore no violation of Defendant's Sixth Amendment right to cross examination.

Accordingly, the Court denies Defendant's Motion to Dismiss Case or Disqualify and Exclude Evidence.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00579-RGK-1 | Date | September 11, 2020 |
|---|---|---|---|
| Title | *USA v. Brown* | | |

---

**III.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Ex Parte Application for Sanctions against the LAPD, the City Attorney's Office, and the USAO and **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        _____