TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
CASSIE D. PALMER (Cal. Bar No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0627
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Veronica.Dragalin@usdoj.gov
                Melissa.Mills@usdoj.gov
                Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-CR-326-JFW-5,6 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) SETTING OF TRIAL DATE AND RELATED DEADLINES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 10/18/2022<br>**PROPOSED TRIAL DATE:** 06/14/2022 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, Melissa Mills, Cassie D. Palmer and defendants DAE YONG LEE and 940 HILL LLC, both individually and by and through their counsel of record, hereby stipulate as follows:

1. The First Superseding Indictment in this case was made public on December 1, 2020, and charged defendants JOSE HUIZAR, RAYMOND CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL LLC (collectively, "defendants"). Defendants LEE and 940 HILL, LLC first appeared before a judicial officer of the court in which the charges in this case were pending on December 7, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendants LEE and 940 HILL LLC commence on or before February 15, 2021.

2. The individual defendants are released on bond pending trial. The government estimates that its case-in-chief, including estimated cross examination, in this matter will last approximately 10 trial days. At this juncture, the defendants have not determined whether they will present a defense and, if so, how long their case(s) will take. Defendants LEE and 940 HILL are joined for trial.

3. On August 5, 2020, the Court set a trial date for defendant HUIZAR of September 29, 2020. The Court continued the trial date for defendant HUIZAR from September 29, 2020, to June 22, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

4. On December 14, 2020, the Court set a trial date of June 22, 2021, for defendants CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW WORLD I, LLC.

5. On January 27, 2021, pursuant to the parties' stipulated request, the Court vacated the trial date of June 22, 2021, for all defendants, and found the interim period between the initial appearance of defendants CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW WORLD I, LLC and June 22, 2021, to be excluded in computing the time

within which the trial must commence, pursuant to the Speedy Trial Act.

6. On May 13, 2021, pursuant to the parties' stipulated requests, the Court set a trial date of May 24, 2021, set specific pre-trial deadlines, and found the period of June 22, 2021, to May 24, 2022, inclusive, as to defendants HUIZAR, CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW WORLD I, LLC to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

7. On February 2, 2022, at defendants HUIZAR and CHAN's request, and with the government's agreement, this Court continued the joint trial in this case to October 18, 2022, and continued the corresponding pre-trial deadlines. Despite objections from defendants SHEN ZHEN NEW WORLD I, LLC, LEE, and 940 HILL, the Court continued the deadlines for all defendants, and found the time period from May 24, 2022, to October 18, 2022, to be excludable under the Speedy Trial Act.

8. This Court held a hearing in this matter on March 7, 2022, severing the trial for defendants LEE and 940 HILL from the October 18, 2022 trial. At that hearing, the counsel for defendants LEE and 940 HILL requested a continuance of the trial date to June 14, 2022.

9. By this stipulation, defendants LEE and 940 HILL move to set the trial for June 14, 2022, and the parties jointly request to set the following additional dates (with Court hearings appearing in **bold**):

| Event | Proposed Date |
|---|---|
| Exchange Joint MIL Motions | 04/11/2022 |
| Govt Witness List | 04/15/2022 |

| Event | Proposed Date |
|---|---|
| Govt Exhibit List & Exhibits | 04/15/2022 |
| Exchange Joint MIL Opposition | 04/25/2022 |
| Exchange Joint MIL Replies | 04/28/2022 |
| Joint MILs (filing) | 04/28/2022 |
| Conference re: Exhibit List | 04/29/2022 |
| Brady/Giglio | 04/29/2022 |
| Govt Jencks Statements | 04/29/2022 |
| Govt Charts & Summaries | 04/29/2022 |
| Final Transcripts & Translations | 04/29/2022 |
| Joint Pre-Trial Exhibit Stipulation | 05/16/2022 |
| **Hearing re: MIL** | **05/16/2022 OR 05/23/2022[1]** |
| Government's Proposed Joint Statement of Case (draft to defense) | 05/25/2022 |
| Expert Offer of Proof | 05/31/2022 |
| Government's Proposed Jury Instructions (draft to defense) | 05/31/2022 |
| Joint Statement of Case | 06/01/2022 |
| Proposed Voir Dire | 06/02/2022 |
| **Pretrial Conference** | **06/03/2022** |
| Govt Trial Brief | 06/06/2022 |
| Jury Verdict Form | 06/06/2022 |
| Jury Instructions | 06/06/2022 |
| Defense Jencks Statements | 06/06/2022 |
| Defense Charts & Summaries | 06/06/2022 |
| Defense Witness List | 06/06/2022 |
| Defense Exhibit List | 06/06/2022 |

10. Defendants LEE and 940 HILL request the June 14, 2022 trial date based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

---

[1] The parties defer to the Court on its preference between the two proposed hearing dates.

a.  Defendants LEE and 940 HILL, LLC are charged with violations of 18 U.S.C. §§ 1343, 1346 (Honest Services Wire Fraud), 1519 (Obstruction of Justice), and 666 (Federal Program Bribery).

b.  The discovery produced to date includes over 2,068,000 pages of written documents (including reports, e-mails, third-party productions, and wire linesheets), over 93,000 files of intercepted wire sessions, including audio and data files.  In addition, the productions included extraction reports for over a dozen digital devices, over 260 hours of audio recordings in addition to intercepted wire sessions, pen register data for over two dozen phones, GPS phone tracker data for multiple devices, and dozens of pleadings for wiretap applications, search warrants, cell site and GPS warrants, and pen registers.  The government currently anticipates producing additional discovery (including audio recordings of more recently conducted FBI interviews), and will continue to produce discovery that is generated as part of trial preparation during the pendency of this case.

c.  Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

d.  Due to the limitations of investigating and preparing for a case of this complexity during the national emergency caused by the COVID-19 pandemic, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the Speedy Trial Act time limits.

   e. Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

   f. On August 9, 2021, defendants LEE and 940 HILL filed a motion to sever, which was granted on March 7, 2022. On September 7, 2021, defendants HUIZAR, CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL LLC filed various motions to dismiss and strike allegations from the indictment. On January 7, 2021, the Court denied defendants' motions to dismiss and/or strike.

   g. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   h. The government does not object to the continuance.

   i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

  11. For purposes of computing the date under the Speedy Trial Act by which defendant LEE's and defendant 940 HILL's trial must commence, the parties agree that the time period of May 24, 2022 to June 14, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be

likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, and the limitations the ongoing COVID-19 pandemic places on the defense's ability to investigate the case and prepare for trial, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12. In addition, the parties agree that the following time periods should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) as to defendants LEE and 940 HILL, because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion:

    a. The time period of August 9, 2021, to March 7, 2022, inclusive (date of the resolution of the motion to sever);

    b. The time period of September 7, 2021, to January 7, 2022, inclusive (date of the resolution of the motions to dismiss/strike).

13. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//
//
//

//

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 30, 2022          Respectfully submitted,

                               TRACY L. WILKISON
                               United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                               _____
                               MACK E. JENKINS
                               VERONICA DRAGALIN
                               MELISSA MILLS
                               CASSIE D. PALMER
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

1  I am DAE YONG LEE's and 940 HILL, LLC's attorney.  I have
2 carefully discussed every part of this stipulation and the
3 continuance of the trial date with my clients.  I have fully informed
4 my clients of their Speedy Trial rights.  To my knowledge, my clients
5 understand those rights and agree to waive them.  I believe that my
6 clients' decision to give up the right to be brought to trial earlier
7 than June 14, 2022, is an informed and voluntary one.

_____     March 30, 2022
ARIEL A. NEUMAN                     Date
Attorney for Defendants
DAE YONG LEE and 940 HILL, LLC


    I have read this stipulation and have carefully discussed it
with my attorney.  I understand my Speedy Trial rights.  I
voluntarily agree to vacate the current trial date, and give up my
right to be brought to trial earlier than June 14, 2022.

_____     3-30-22
DAE YONG LEE, in his individual     Date
capacity as a defendant and as
representative for defendant 940
HILL, LLC

**CERTIFICATION OF INTERPRETER**

    I, _____WILLIAM HONG_____, am fluent in the written and
spoken English and Korean languages.  I accurately translated this
entire agreement from English into Korean to defendant DAE YONG LEE
on this date.

_____     3-30-2022
INTERPRETER                         Date

9