# Exhibit 1

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*

AO 93 (Rev. 12/09) Search and Seizure Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. 2:18-MJ-2915
Premises located at [Redacted] Los Angeles, California )
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Central___ District of ___California___
*(identify the person or describe the property to be searched and give its location):*

See Attachment A-4

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B-4

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before ___14 days from the date of its issuance___
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 11/5/2018 @ 11:13 am    /S/   ALEXANDER F. MACKINNON
                                                     *Judge's signature*

City and state: Los Angeles, California    Hon. Alexander F. MacKinnon, U.S. Magistrate Judge
                                                     *Printed name and title*

AUSA: Mack E. Jenkins (x2091)

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials                        Casino_0335890

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 3 of 14   Page ID #:9311
Case 2:18-mj-02915-DUTY *SEALED*   Document 5   Filed 11/20/18   Page 2 of 13   Page ID #:271
Case 2:18-mj-02915-DUTY *SEALED*   Document 1-1 *SEALED*   Filed 11/02/18   Page 2 of 12   Page ID #:118

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 2:18-MJ-2915 | Date and time warrant executed: 11/7/18  6:00 AM | Copy of warrant and inventory left with: George Espurs |
|---|---|---|

Inventory made in the presence of: SA Brent James

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

See attached FD-597

### Certification (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 11/7/18

_Executing officer's signature_

Special Agent Christopher Siliciano
_Printed name and title_

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 4 of 14   Page ID #:9312
Case 2:18-mj-02915-DUTY *SEALED*   Document 5   Filed 11/20/18   Page 3 of 13   Page ID #:272

FD-597 (Rev 8-11-94)

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 194B-LA-255965

On (date) November 7, 2018

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) George Esparza
(Street Address) Redacted
(City) Los Angeles, CA 90063

Description of Item(s):
1) Red iphone, pin Redacted Serial# F4GWPCNJJWF7
2) iphone - gray, Serial# C39TWQE1HFXW, pin Redacted
3) Laptop - silver, HP, Serial# 8CG7266GWG
4) Laptop charger
5) iphone charger

Received By: (Signature)
Received From: (Signature)

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 5 of 14   Page ID #:9313
Case 2:18-mj-02295-DUTY *SEALED* Document 5 *SEALED* Filed 12/05/18 Page 5 of 12 Page ID #:141

## ATTACHMENT A-4

### PROPERTY TO BE SEARCHED

The premises to be searched is a single-family residence located at [Redacted] Los Angeles, California, which is believed to be the residence of GEORGE ESPARZA ("ESPARZA's RESIDENCE").

[Redacted]

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 6 of 14   Page ID #:9314
Case 2:18-mj-02295-DUTY *SEALED* Document 5 *SEALED* Filed 12/07/18 Page 5 of 12 Page ID #:142
Case 2:18-mj-02295-DUTY *SEALED* Document 5 *SEALED* Filed 12/07/18 Page 5 of 12 Page ID #:142

ATTACHMENT B-4

I. ITEMS TO BE SEIZED

1. Law enforcement personnel are authorized to seize the cellphone with telephone number [Redacted] and any cellphone in the possession of GEORGE ESPARZA ("**ESPARZA's PHONE**" or the "digital device").

2. During the execution of this search warrant, law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of GEORGE ESPARZA onto the Touch ID sensor of **ESPARZA's PHONE,** or hold **ESPARZA's PHONE** in front of ESPARZA's face to activate the Face ID sensor, in order to gain access to the contents of any such device as authorized by this warrant.

3. Law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the Electronically Stored Information ("ESI") and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review and seize the ESI contained on **ESPARZA's PHONE** for evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 371 (Conspiracy), 666 (Bribery and Kickbacks Concerning Federal Funds), 1341, 1343, and 1346 (Deprivation of Honest Services), 1951 (Extortion), and 1956 (Money Laundering), and 31 U.S.C. § 5324(a)(3) (Structuring a Financial Transaction to Evade a Reporting Obligation) (the "Target Offenses"), occurring after April 1, 2013, namely:

i

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 7 of 14   Page ID #:9315
Case 2:18-mj-02295-DUTY *SEALED* Document 5 *SEALED* Filed 12/07/18 Page 6 of 12 Page ID #:143

    a. Evidence of who accessed or used the digital device, including records about their identities and whereabouts.

    b. Records, documents, programs, applications, or materials relating to:

        i. the Target Subjects identified in Paragraphs 14-20 of the Affidavit;

        ii. the entities identified in Paragraphs 14-20 of the Affidavit;

        iii. any bank accounts, credit card accounts, other financial accounts, and wire transfer records;

        iv. contents of any calendar or date book, including calendars or date books stored on digital devices;

        v. the Los Angeles Department of City Planning, City Planning Commission, and the City of Los Angeles's Planning and Land Use Management Committee;

        vi. trips to Las Vegas and China, including any receipts, reservation confirmations, flight itineraries, photographs, and bank records;

        vii. financial payments or benefits from lobbyists/consultants/developers to City of Los Angeles public officials or their staff;

        viii. campaign contributions;

        ix. development projects in and around the City of Los Angeles that relate to foreign and domestic investors;

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials
Casino_0335895

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 8 of 14   Page ID #:9316
Case 2:18-mj-02295-DUTY *SEALED* Document 5 *SEALED* Filed 12/07/18 Page 5 of 12 Page ID #:144

    x. meetings, event invitations, dinners, fundraising events, and community events related to the City of Los Angeles or Los Angeles City Council business;

    xi. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Target Offenses, and forensic copies thereof.

  c. With respect to any digital device used to facilitate that above-listed violations or with respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

    i. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations;

    ii. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

    iii. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages, SMS text, email communications or other text or written communications sent to or received from any digital device;

    iv. evidence of who used, owned, or controlled the device at the time the things described in this warrant were

iii

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials
Casino_0335896

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 9 of 14   Page ID #:9317
Case 2:18-mj-02295-DUTY *SEALED* Document 3 *SEALED* Filed 12/07/18 Page 8 of 12 Page ID #:145

created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

       v.  evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

       vi.  evidence of the attachment of other devices;

       vii. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

       viii.  evidence of the times the device was used;

       ix.  passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

       x.  applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

       xi. records of or information about Internet Protocol addresses used by the device;

       xii. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages,

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials    Casino_0335897

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 10 of 14   Page ID #:9318
Case 2:18-mj-02295-DUTY *SEALED* Document 5 *SEALED* Filed 12/05/18 Page 8 of 12 Page ID #:146

search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

5. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

II. SEARCH PROCEDURE FOR DIGITAL DEVICES

6. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

v

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 11 of 14   Page ID #:9319
Case 2:18-mj-02295-DUTY *SEALED* Document 35 *SEALED* Filed 11/20/18 Page 15 of 23 Page ID #:179:147

a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool

vi

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 12 of 14   Page ID #:9320
Case 2:18-mj-02955-DUTY *SEALED* Document 3 *SEALED* Filed 11/20/18 Page 13 of 12 Page ID #:148

Kit), which tools may use hashing and other sophisticated techniques.

    c.    If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

    d.    If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

    e.    If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

    f.    If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

    g.    The government may also retain a digital device if the government, prior to the end of the search period,

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 13 of 14   Page ID #:9321
Case 2:18-mj-02955-DUTY *SEALED* Document 3 *SEALED* Filed 12/07/18 Page 13 of 12 Page ID #:149

obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

      h.    After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

      7.    In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

      a.    Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

      b.    Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

      c.    Any magnetic, electronic, or optical storage device capable of storing digital data;

      d.    Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

      e.    Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

SUBJECT TO PROTECTIVE ORDER – Sensitive Materials    Casino_0335901

*SUBJECT TO PROTECTIVE ORDER – Sensitive Materials*
Case 2:20-cr-00326-JFW   Document 418-2   Filed 03/31/22   Page 14 of 14   Page ID #:9322
Case 2:18-mj-02255-DUTY *SEALED* Document 3 *SEALED* Filed 12/07/18 Page 13 of 13 Page ID #:132
Case 2:18-mj-02955-DUTY *SEALED* Document 5 *SEALED* Filed 12/05/18 Page 2 of 12 Page ID #:150

   f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

   g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

  8. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

ix