TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
CASSIE D. PALMER (Cal. Bar No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0627/0363
     Facsimile: (213) 894-6436
     E-mail:  Mack.Jenkins@usdoj.gov
              Veronica.Dragalin@usdoj.gov
              Melissa.Mills@usdoj.gov
              Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSE LUIS HUIZAR, et al.,<br><br>　　　　Defendants. | No. 2:20-CR-326-JFW<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY MATERIALS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA CASSIE D. PALMER |

　　　Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies ex parte for an order pursuant to Rule

6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide counsel for defendants with copies of the grand jury testimony of witnesses whom the government may call at trial, relevant grand jury exhibits, and unredacted grand jury subpoenas issued during the investigation of this case.

The government makes this application because of defendants' need to prepare for trial and the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500.  This application is based on the attached Memorandum of Points and Authorities and Declaration of Cassie D. Palmer, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: April 5, 2022             Respectfully submitted,

                                 TRACY L. WILKISON
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                    /s/ *Cassie D. Palmer*
                                 MACK E. JENKINS
                                 VERONICA DRAGALIN
                                 MELISSA MILLS
                                 CASSIE D. PALMER
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of grand jury materials. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition). In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

Here, the government seeks an order authorizing disclosure of copies of the grand jury testimony of witnesses whom the government may call at the upcoming trials in this matter, relevant grand jury exhibits, and unredacted grand jury subpoenas issued during the investigation of this case ("grand jury materials"). In this instance, the policy considerations requiring secrecy are inapplicable with respect to any witnesses who may testify at trial and the documentary grand jury materials because the case has been indicted. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, defense counsel has requested disclosure of all relevant discovery, including Jencks Act materials and any materials the government intends to rely on at trial. As such, disclosure to defense counsel of the grand jury materials would be in the interest of justice and

2

1 | allow defense counsel to review materials necessary for preparation
2 | of the defense in advance of trial.
3 |     For the foregoing reasons, the government respectfully requests
4 | that this Court issue an order authorizing the government to provide
5 | defense counsel with the grand jury materials.