TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3289
    Facsimile: (213) 894-0647
    E-mail:   Mack.Jenkins@usdoj.gov
           Veronica.Dragalin@usdoj.gov
           Cassie.Palmer@usdoj.gov
           Susan.Har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-CR-326-JFW-1,2 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 10/18/2022<br>**PROPOSED TRIAL DATE:** 02/21/2023 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, Cassie D. Palmer, and Susan S. Har, and defendant

JOSE LUIS HUIZAR[1] both individually and by and through his counsel of record, hereby stipulate as follows:

1.   The Indictment in this case was filed on July 30, 2020, charging only defendant HUIZAR.  Defendant HUIZAR first appeared before a judicial officer of the court in which the charges in this case were pending on June 23, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant HUIZAR commence on or before October 8, 2020.

2.   The First Superseding Indictment in this case was made public on December 1, 2020, and charged defendants HUIZAR, RAYMOND CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL LLC (collectively, "defendants").  Defendant CHAN first appeared before a judicial officer of the court in which the charges in this case were pending on December 1, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant CHAN commence on or before February 9, 2021.

3.   Defendants HUIZAR and CHAN are released on bond pending trial.  The government estimates that its case-in-chief, including estimated cross examination, in this matter will last approximately 25-30 trial days.  At this juncture, defendant HUIZAR has not

---

[1] Counsel for defendant RAYMOND CHAN does not join in this stipulation, but has represented that defendant CHAN consents to a continuance to January 2023, but does not consent to a February 21, 2023 trial date.  Specifically, counsel for defendant CHAN stated in an email: "Judge Walter said the case should go to trial in January 2023. Chan objects to any date in February. There are SO MANY ausas on this case that the holidays should be no problem."  In a meet and confer call on April 7, 2022, counsel for defendant CHAN reiterated that defendant CHAN consents to a continuance to January 2023, but objects to a trial date in February 2023.  Counsel for defendant CHAN objected to the government's representation of defendant CHAN's position in this stipulation, but has not provided proposed language to include in the stipulation.  See Attachment A.

determined whether he will present a defense and, if so, how long their case will take.  Defendants HUIZAR and CHAN are joined for trial and a severance has not been granted.

4.    On August 5, 2020, the Court set a trial date for defendant HUIZAR of September 29, 2020.  The Court continued the trial date for defendant HUIZAR from September 29, 2020 to June 22, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.    On December 14, 2020, the Court set a trial date of June 22, 2021 for defendant CHAN.

6.    On January 27, 2021, pursuant to the parties' stipulated request, the Court vacated the trial date of June 22, 2021 for all defendants, and found the interim period between the initial appearance of defendant CHAN and June 22, 2021, to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

7.    On May 13, 2021, pursuant to the parties' stipulated requests, the Court set a trial date of May 24, 2021, set specific pre-trial deadlines, and found the period of June 22, 2021 to May 24, 2022, inclusive, as to defendants HUIZAR and CHAN to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

8.    On February 2, 2022, at defendants HUIZAR and CHAN's request, and with the government's agreement, this Court continued the trial in this case from May 24, 2018 to October 18, 2022.

9.    By this stipulation, defendant HUIZAR moves to continue the trial to February 21, 2023.  Defendant HUIZAR and the government

3

1  jointly request to set the following additional dates (with Court

2  hearings appearing in **bold**):

3

| Event | Proposed Date |
|---|---|
| Govt Witness List | 10/11/2022 |
| Govt Exhibit List & Exhibits | 10/11/2022 |
| Exchange Joint MIL Motions | 11/8/2022 |
| Conference re: Exhibit List | 11/15/2022 |
| Brady/Giglio | 12/2/2022 |
| Exchange Joint MIL Oppositions | 12/5/2022 |
| Govt Jencks Statements | 12/23/2022 |
| Exchange Joint MIL Replies | 12/19/2022 |
| Joint MILs (filing) | 12/19/2022 |
| Govt Charts & Summaries | 1/6/2023 |
| Joint Pre-Trial Exhibit Stipulation | 1/17/2023 |
| Final Transcripts & Translations | 1/20/2023 |
| **Hearing re: MIL** | **1/20/2023** |
| Government's Proposed Joint Statement of Case (draft to defense) | 2/1/2023 |
| Expert Offer of Proof | 2/7/2023 |
| Government's Proposed Jury Instructions (draft to defense) | 2/7/2023 |
| Joint Statement of Case | 2/8/2023 |
| Proposed Voir Dire | 2/9/2023 |
| **Pretrial Conference** | **2/10/2023** |
| Govt Trial Brief | 2/13/2023 |
| Jury Verdict Form | 2/13/2023 |
| Jury Instructions | 2/13/2023 |
| Defense Jencks Statements | 2/13/2023 |
| Defense Charts & Summaries | 2/13/2023 |
| Defense Witness List | 2/13/2023 |
| Defense Exhibit List | 2/13/2023 |

    10.  Defendant HUIZAR requests a continuance of the current

trial date based upon the following facts, which the parties believe

demonstrate good cause to support the appropriate findings under the

Speedy Trial Act:

4

1        a.   Defendant HUIZAR is charged with violations of 18

2 U.S.C. § 1962(d) (Racketeer Influenced and Corrupt Organizations

3 Conspiracy); 18 U.S.C. §§ 1341, 1343, 1346 (Honest Services Mail and

4 Wire Fraud); 18 U.S.C. § 1952(a)(3) (Interstate and Foreign Travel in

5 Aid of Racketeering); 18 U.S.C. § 666(a)(1)(B) (Bribery Concerning

6 Programs Receiving Federal Funds); 18 U.S.C. § 1956(a)(1)(B)(i),

7 (a)(2)(B)(i) (Money Laundering); 18 U.S.C. § 1014 (False Statements

8 to a Financial Institution); 18 U.S.C. § 1001(a)(2) (Making False

9 Statements); 31 U.S.C. § 5324(a)(3) (Structuring of Currency

10 Transactions to Evade Reporting Requirements); 26 U.S.C. § 7201

11 (Attempt to Evade and Defeat the Assessment and Payment of Income

12 Tax).  Defendant CHAN is charged with violations of 18 U.S.C.

13 §§ 1962(d) (Racketeering Conspiracy), 1343, 1346 (Honest Services

14 Wire Fraud), 666 (Federal Program Bribery), and 1001 (False

15 Statements).

16        b.   The discovery produced to date includes over 2,068,000

17 pages of written documents (including reports, e-mails, third-party

18 productions, and wire linesheets), over 93,000 files of intercepted

19 wire sessions, including audio and data files.  In addition, the

20 productions included extraction reports for over a dozen digital

21 devices, over 260 hours of audio recordings in addition to

22 intercepted wire sessions, pen register data for over two dozen

23 phones, GPS phone tracker data for multiple devices, and dozens of

24 pleadings for wiretap applications, search warrants, cell site and

25 GPS warrants, and pen registers.  The government currently

26 anticipates producing additional discovery (including audio

27 recordings of more recently conducted FBI interviews), and will

28

continue to produce discovery that is generated as part of trial preparation during the pendency of this case.

c. Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

d. Due to the limitations of investigating and preparing for a case of this complexity during the national emergency caused by the COVID-19 pandemic, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the Speedy Trial Act time limits.

e. Counsel for defendant HUIZAR are presently scheduled to be in the following trials:

i. Cuauhtemoc Ortega: (1) United States v. Erik Herrera, CR 21-619-BAH (District of Columbia), a case alleging obstruction of an official proceeding and trespass- and disorderly-conduct related charges at the U.S. Capitol Building, scheduled for a trial-setting conference on April 29, 2022; (2) United States v. Coleman, CR 21-2627-CAB (Southern District of California), a case alleging first-degree murder of United States nationals in foreign territory, scheduled for a trial-setting conference on May 19, 2022; and (3) United States v. Rios, et al., CR 22-20-PA, a case alleging violent crime (murder) in aid of racketeering, set for trial on February 28, 2023, with a government trial estimate of one week.

ii. Carel Ale: (1) United States v. William Acosta, 20-CR-0389-AB, a single defendant, mail- and aggravated-identity-theft trial set to begin May 17, 2022, estimated to last 2-3 days;

(2) <u>United States v. Limon</u>, 21-CR-122-MCS, a single defendant gun and drug-trafficking trial set to begin May 17, 2022, estimated to last 2-3 days; (3) <u>United States v. Gonzalez</u>, 22-CR-85-SB, a single-defendant gun and drug-trafficking trial set to begin May 20, 2022 and estimated to last 3-4 days; (4) <u>United States v. Aviss</u>, 21-CR-303-SB, a single-defendant securities-fraud and money-laundering trial set to begin July 26, 2022, estimated to last 4-5 days.

        iii. Charles Snyder: <u>United States v. Abel Garcia</u>; CR-20-225-DSF, a two-defendant fraud trial set to begin on June 7, 2022, which is estimated to last approximately four days; <u>United States v. Valencia</u>; CR 19-311-MWF, a one-defendant felon in possession of firearm and ammunition trial set to begin on August 17, 2022, which is estimated to last approximately three days; <u>United States v. Power</u>; CR-20-39-FMO, a one-defendant anti-kickback trial set to begin on August 30, 2022, which is estimated to last approximately four days; and <u>United States v. Heatherington</u>; CR-13-183-JAK, a four-defendant securities-fraud trial set to begin on March 7, 2023, which is estimated to last approximately 15 days.

        iv.  Adam Olin: (1) <u>United States v. Cobb</u>, 21-CR-561-JFW, a single-defendant bank fraud and aggravated identity theft case set for trial May 24, 2022, and estimated to last four days; (2) <u>United States v. Lewis</u>, 19-CR-229-CAS, a single-defendant bank robbery case set for trial July 19, 2022, and estimated to last four days; (3) <u>United States v. Zurbuchen</u>, 21-CR-409-JWF, a single-defendant Arms Export Control Act case set for trial October 4, 2022, and estimated to last seven days; and (4) <u>United States v. Sison</u>, 20-CR-418-MWF-4, a multi-defendant Medicare fraud and Anti-Kickback

Statute case set for trial November 8, 2022, and estimated to last
two weeks.

v.   Accordingly, counsel represent that they will not
have the time that they believe is necessary to prepare to try this
case on the current trial date.

f.   Defendant believes that failure to grant the
continuance will deny him continuity of counsel and adequate
representation.

g.   The government does not object to the continuance.

h.   The requested continuance is not based on congestion
of the Court's calendar, lack of diligent preparation on the part of
the attorney for the government or the defense, or failure on the
part of the attorney for the government to obtain available
witnesses.

11.   For purposes of computing the date under the Speedy Trial
Act by which defendants' trial must commence, the parties agree that
the time period of October 18, 2022 to February 21, 2023, inclusive,
as to defendant HUIZAR, and the time period of October 18, 2022 to
January 31, 2023, inclusive, as to defendant CHAN, should be excluded
pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii)
and (h)(7)(B)(iv) because the delay results from a continuance
granted by the Court at defendant's request, without government
objection, on the basis of the Court's finding that: (i) the ends of
justice served by the continuance outweigh the best interest of the
public and defendants in a speedy trial; (ii) failure to grant the
continuance would be likely to make a continuation of the proceeding
impossible, or result in a miscarriage of justice; (iii) the case is
so unusual and so complex, due to the nature of the prosecution, and

8

the limitations the ongoing COVID-19 pandemic places on the defense's ability to investigate the case and prepare for trial, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12.   In addition, the parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of January 31, 2023 to February 21, 2023, inclusive, constitutes a reasonable period of delay for defendant CHAN, who is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.

//
//
//
//
//
//
//
//

1

2          13.   Nothing in this stipulation shall preclude a finding that

3    other provisions of the Speedy Trial Act dictate that additional time

4    periods be excluded from the period within which trial must commence.

5    Moreover, the same provisions and/or other provisions of the Speedy

6    Trial Act may in the future authorize the exclusion of additional

7    time periods from the period within which trial must commence.

8          IT IS SO STIPULATED.

9    Dated: April 8, 2022              Respectfully submitted,

10                                     TRACY L. WILKISON
                                       United States Attorney
11
                                       SCOTT M. GARRINGER
12                                     Assistant United States Attorney
                                       Chief, Criminal Division
13

14                                     _____
                                       MACK E. JENKINS
15                                     VERONICA DRAGALIN
                                       CASSIE D. PALMER
16                                     SUSAN S. HAR
                                       Assistant United States Attorneys
17
                                       Attorneys for Plaintiff
18                                     UNITED STATES OF AMERICA

19

20

21

22

23

24

25

26

27

28

1    I am JOSE LUIS HUIZAR's attorney.  I have carefully discussed

2   every part of this stipulation and the continuance of the trial date

3   with my client.  I have fully informed my client of his Speedy Trial

4   rights.  To my knowledge, my client understands those rights and

5   agrees to waive them.  I believe that my client's decision to give up

6   the right to be brought to trial earlier than February 21, 2023 is an

7   informed and voluntary one.

8    /s/ Charles J. Snyder                    April 8, 2022
    _____    _____
9   CUAUHTEMOC ORTEGA                        Date
    Federal Public Defender
10  CAREL ALE
    CHARLES SNYDER
11  ADAM OLIN
    Deputy Federal Public Defenders
12  Attorneys for Defendant
    JOSE LUIS HUIZAR
13

14        I have read this stipulation and have carefully discussed it

15  with my attorney.  I understand my Speedy Trial rights.  I

16  voluntarily agree to vacate the current trial date, and give up my

17  right to be brought to trial earlier than February 21, 2023.

18

19  _____    _____
    JOSE LUIS HUIZAR                         Date
20  Defendant

21

22

23

24

25

26

27

28

1    I am JOSE LUIS HUIZAR's attorney.  I have carefully discussed
2  every part of this stipulation and the continuance of the trial date
3  with my client.  I have fully informed my client of his Speedy Trial
4  rights.  To my knowledge, my client understands those rights and
5  agrees to waive them.  I believe that my client's decision to give up
6  the right to be brought to trial earlier than February 21, 2023 is an
7  informed and voluntary one.

8

9  _____        _____
   CUAUHTEMOC ORTEGA                       Date
   Federal Public Defender
10 CAREL ALE
   CHARLES SNYDER
11 ADAM OLIN
   Deputy Federal Public Defenders
12 Attorneys for Defendant
   JOSE LUIS HUIZAR
13

14

15    I have read this stipulation and have carefully discussed it

16 with my attorney.  I understand my Speedy Trial rights.  I

17 voluntarily agree to vacate the current trial date, and give up my

   right to be brought to trial earlier than February 21, 2023.
18

19 _____        _____
                                          April 8, 2022
20 JOSE LUIS HUIZAR                        Date
   Defendant

21

22

23

24

25

26

27

28

# Attachment A

| | |
|---|---|
| **From:** | Harland Braun |
| **To:** | Dragalin, Veronica (USACAC); Charles Snyder; Carel Ale; Adam Olin; Cuauhtemoc Ortega |
| **Cc:** | Jenkins, Mack (USACAC); Har, Susan (USACAC); Palmer, Cassie (USACAC) 2 |
| **Subject:** | RE: [EXTERNAL] RE: Huizar/Chan - Signature Required |
| **Date:** | Friday, April 8, 2022 10:08:41 AM |
| **Attachments:** | image001.png |

Unlike you, I have a practice and a family. You waited to the last minute to mispresent our discussions.

You also lied in your e-mail on the 7th. You have to wait for my response.

Why don't you quit and get a real job!!

Sincerely,
Harland Braun

**BRAUN & BRAUN** LLP
Trial Lawyers | Trusted Counsel
10880 Wilshire Blvd., Suite 1020
Los Angeles, CA  90024
(310) 277-4777
harland@braunlaw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Braun & Braun LLP

**From:** Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>
**Sent:** Friday, April 8, 2022 9:54 AM
**To:** Harland Braun <harland@braunlaw.com>; Charles Snyder <Charles_Snyder@fd.org>; Carel Ale <Carel_Ale@fd.org>; Adam Olin <Adam_Olin@fd.org>; Cuauhtemoc Ortega <Cuauhtemoc_Ortega@fd.org>
**Cc:** Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Har, Susan (USACAC) <Susan.Har@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: Huizar/Chan - Signature Required

Harland,

We asked you yesterday by email to send us your proposed language of your position in the stipulation, and did not hear back from you.  Please send us the exact quote you'd like us to include in the stipulation as soon as possible given that the deadline for filing is today.

Thanks,

**Veronica Dragalin | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1500 United States Courthouse | 312 N. Spring St. | Los Angeles, California 90012
T: 213.894.0647 | F: 213.894.0141 | Veronica.Dragalin@usdoj.gov

---

**From:** Harland Braun <harland@braunlaw.com>
**Sent:** Friday, April 8, 2022 9:39 AM
**To:** Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Charles Snyder
<Charles_Snyder@fd.org>; Carel Ale <Carel_Ale@fd.org>; Adam Olin <Adam_Olin@fd.org>;
Cuauhtemoc Ortega <Cuauhtemoc_Ortega@fd.org>
**Cc:** Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Har, Susan (USACAC) <SHar@usa.doj.gov>;
Palmer, Cassie (USACAC) 2 <cpalmer2@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Huizar/Chan - Signature Required

The stipulation misrepresents Chan's position. Please be honest, if that is possible.

Sincerely,
Harland Braun

**BRAUN & BRAUN** LLP
Trial Lawyers | Trusted Counsel
10880 Wilshire Blvd., Suite 1020
Los Angeles, CA  90024
(310) 277-4777
harland@braunlaw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole
use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express
permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and
delete all copies.

Braun & Braun LLP

---

**From:** Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>
**Sent:** Friday, April 8, 2022 8:28 AM
**To:** Charles Snyder <Charles_Snyder@fd.org>; Carel Ale <Carel_Ale@fd.org>; Adam Olin
<Adam_Olin@fd.org>; Cuauhtemoc Ortega <Cuauhtemoc_Ortega@fd.org>; Harland Braun
<harland@braunlaw.com>
**Cc:** Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Har, Susan (USACAC)
<Susan.Har@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>
**Subject:** Huizar/Chan - Signature Required
**Importance:** High

All,

Attached please find a stipulation to continue the Oct. 18, 2022 trial date.  We set forth that Mr.
Chan consents to a January 31, 2023 trial date, while Mr. Huizar consents to a February 21, 2023

trial date.  Please return the signature pages back to us so we can take care of filing this stipulation, which is due today per the Court's order.

Thanks,

**Veronica Dragalin | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1500 United States Courthouse | 312 N. Spring St. | Los Angeles, California 90012
T: 213.894.0647 | F: 213.894.0141 | Veronica.Dragalin@usdoj.gov

| | |
|---|---|
| **From:** | Harland Braun |
| **To:** | Dragalin, Veronica (USACAC) |
| **Cc:** | Raymond Chan; Jeremy Chan; Jenkins, Mack (USACAC); Palmer, Cassie (USACAC) 2; Har, Susan (USACAC) |
| **Subject:** | RE: [EXTERNAL] New Trial Date |
| **Date:** | Friday, April 8, 2022 9:57:39 AM |
| **Attachments:** | image001.png |

You are lying again. I have no time to exposé the lies this week—but will in about 10 days.

Sincerely,
Harland Braun

**BRAUN&BRAUN** LLP
Trial Lawyers | Trusted Counsel
10880 Wilshire Blvd., Suite 1020
Los Angeles, CA  90024
(310) 277-4777
harland@braunlaw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Braun & Braun LLP

**From:** Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>
**Sent:** Thursday, April 7, 2022 12:38 PM
**To:** Harland Braun <harland@braunlaw.com>
**Cc:** Raymond Chan <ray.sw.chan@gmail.com>; Jeremy Chan <jeremy.b.chan@gmail.com>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>; Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Subject:** RE: [EXTERNAL] New Trial Date

Harland,

We will circulate the stipulation for your review and approval before filing, as we have always done in the past.  If you have specific language you would like us to include in the stipulation to articulate your position, please email that to us, and we will include it in the draft stipulation.  We are still waiting to receive conflicts from Mr. Huizar's attorneys, but expect to circulate the stipulation for your review and Mr. Chan's review and signature later this afternoon.  Mr. Huizar has agreed to a February 21, 2023 trial date.

As we stated on the call this morning, we understand that you are requesting a trial date in January 2023.  On the call, I once again reiterated the government's offer to meet with you and your client to outline the evidence in this case (or "reverse proffer").  You stated that you are not interested in such a meeting or a reverse proffer at all, because your client has already been indicted.  We assume you have discussed our offers with your client and that he was not and remains not interested to

have such a meeting or to have plea discussions.  Please confirm that your client is not interested in any plea discussions or reverse proffer meetings.

Thank you,

**Veronica Dragalin | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1500 United States Courthouse | 312 N. Spring St. | Los Angeles, California 90012
T: 213.894.0647 | F: 213.894.0141 | Veronica.Dragalin@usdoj.gov

---

**From:** Harland Braun <harland@braunlaw.com>
**Sent:** Thursday, April 7, 2022 10:50 AM
**To:** Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>
**Cc:** Charles Snyder <Charles_Snyder@fd.org>; Raymond Chan <ray.sw.chan@gmail.com>; Jeremy Chan <jeremy.b.chan@gmail.com>
**Subject:** [EXTERNAL] New Trial Date

Do not mispresent my position to Judge Walter. We will not waive time and want a trial date in January.

If you do misrepresent, I will file a rebuttal.

Sincerely,
Harland Braun

**BRAUN & BRAUN** LLP
Trial Lawyers | Trusted Counsel
10880 Wilshire Blvd., Suite 1020
Los Angeles, CA  90024
(310) 277-4777
harland@braunlaw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Braun & Braun LLP