# Exhibit A

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Friday, July 8, 2022 8:14 AM
**To:** Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>
**Subject:** SZNW - Concealment texts

Hi Richard,

As we continue our trial prep in this case, we wanted to make you aware that the government will be seeking to introduce the text messages between George Esparza and Jose Huizar that are referenced and quoted in OA 362-366 and OA 429-433 of the FSI; the texts themselves are available in the Esparza extraction reports produced on January 12, 2021, as well as in the native Cellebrite file marked as Casino Cellebrite_7 from March 3, 2021.

These texts pertain to Esparza and Huizar's efforts to conceal the cash from Australia, as well as avoid identification for Vegas trips.  Because this is a topic of defense MIL No. 1, we wanted to flag this sooner rather than later for you.  If you feel you need a few days to revise MIL No. 1 to include specific references to these communications (as you did other pieces of evidence), we have no objection.

Thanks,
Susan

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Wednesday, July 13, 2022 12:30 PM
**To:** Richard Steingard <richard@steingardlaw.com>; Anthony Wong <awong@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>
**Subject:** RE: SZNW follow-up

Hi Richard,

Based on your response, we understand that you will <u>not</u> be consolidating or withdrawing any of the eleven MILs that you have now sent over; accordingly, the government will prepare a response to each.

As you noted, the parties did already discuss our respective positions regarding modifying the exhibit and witness lists back in June (please see attached).  Our position remains the same as what we previously explained in our June 14 email, including our description of how the exhibit list was largely narrowed and streamlined.  This is also consistent with the Court's comments at prior hearings on this precise topic that these lists are intended as a tool to ensure both sides are prepared for trial and that both sides do not conduct a trial by surprise.  The Court made clear he did not intend the lists to be weaponized or used for "gotcha" exclusionary litigation.  Consistent with the Court's comments and practice, for the last trial, the Court permitted both sides to add items to the exhibit lists, including during trial.  The Court's only concern with such exhibits was unrelated to the "deadlines" and required only that each side attempt to address/resolve any actual <u>evidentiary</u> objections prior to a party seeking to admit the exhibit, if possible.   At present, it

appears your sole objection is based on the disclosure date and not any true legal objection.  While the early disclosure deadlines are helpful insofar that they help facilitate trial prep, including MILs, and narrow the issues as we move closer and closer to trial, it is impractical for exhibit/witness lists disclosed in early June to be "final" for purposes of an Oct. 18 trial.  Nor is there any prejudice to the defense, particularly with the exhibits we have more recently identified, like the money laundering acts and specifically quoted concealment texts that are described in the FSI and for which the defense has had 1.5 years of notice.  For that matter,  (1) we specifically advised that we would seek to admit those items (after we were able to touch base with the rest of the team who were engaged in the Lee/940 Hill trial); (2) you have already briefed full motions to exclude both money laundering acts and acts of concealment; and (3) we further advised that we have no objection if you'd like a few days to revise the concealment MIL—an offer you have seemingly declined.

Based on the Court's comments, the practice in the last trial, the fact that trial is 3 months away, and the lack of any prejudice, we believe involving the Court for such matters at this point is unnecessary and occupies the parties' and Court's time that is better spent on preparing the case for trial.  That said, if you feel you need to seek some sort of relief with the Court, we'd ask that as part of the required meet and confer process, you provide us with the specific relief sought, supporting legal authority (case law, rule, etc.), and a reasonable proposed briefing schedule so that neither side is jammed up, given the many other pending filings and upcoming deadlines.

Thanks,
Susan

**Susan Har** | **Assistant United States Attorney**
O: 213.894.3289 | C: 213-503-4070

**From:** Richard Steingard <richard@steingardlaw.com>
**Sent:** Sunday, July 10, 2022 1:31 PM
**To:** Har, Susan (USACAC) <SHar@usa.doj.gov>; Anthony Wong <awong@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>; Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Palmer, Cassie (USACAC) 2 <cpalmer2@usa.doj.gov>
**Subject:** [EXTERNAL] RE: SZNW follow-up

Susan—
I apologize for the delay in responding but I was occupied with a  personal matter out of state.  Let me respond to your email below, as well as your email dated July 8, 2022.
Re your email of July 6:

1. We patterned our MILs on the 940 Hill/Lee MILs, ECF 439 & 442-3, which the Court accepted.  We can certainly explore changing the formatting prior to the filing date.
2. As set forth in MIL 7 at pp. 1 & 6, we are asking that the Court direct the govt to file a pre-trial offer of proof establishing a prima facie case that there was an unlawful scheme.
3. We believe there is a difference between asking Ms. Fistrovic whether this project was handled in the same manner as other prior projects, and the govt posing hypothetical "if you knew…" type questions.  We do not believe our questions would "open the door" to the hypotheticals posed during Ms. Fistrovic's interview.
4. We object to the govt's addition of any witnesses or exhibits that are not contained on the 6/7/2022 witness and exhibit lists.  As we explained in our emails of June 10 and June 14, we negotiated the dates for these lists (including the possibility of "straggler" exhibits discovered during witness prep). During those discussions, the govt never requested or claimed that the lists would be drafts, the defense never agreed that they would be drafts, and we (the govt and defense) never set a date for more final lists.  In fact, the witness list that was provided on April 5 identified 46 witnesses -- including Salvador and Isidra Huizar.  The witness list produced on June 7 contained 36 names, many of them new but several previously identified witnesses were omitted, including Salvador and Isidra

Huizar.  Similarly, the exhibit list produced on April 5 included approximately 630 trial exhibits.  Per govt counsels' representations to the Judge, this constituted 90% of all the trial exhibits.  The exhibit list provided on June 7 contained approximately 380 exhibits.  It deleted almost 500 of the previously-identified exhibits and added 200 new exhibits.  We consider both June 7 lists as final.  If you disagree, we suggest that we proceed back to Court and address the issue with the Judge.  Until the Judge rules otherwise, we object to Salvador and Isidra Huizar as witnesses, just as we object to any bank records as exhibits, including in summary charts.

As to consolidating the MILs, we attempted to do so but thought the record was cleaner and clearer this way.  We recognize that in one or two MILs, the govt may have to repeat an argument.  And thank you for explaining your use of the term "Joint MIL."  I suggest we discuss naming and numbering protocols as we get closer to the filing  date.

Re your email on June 8, the text messages referred to in the overt acts were not on the June 7 exhibit list.  We therefore object to their admission.  As to these text messages, as well as Salvador and Isidra Huizar as witnesses and the bank records as exhibits, it is apparent that the govt only sought to include them after we noted in our MILs that they are not on the June 7 witness and exhibit lists.  Again, if your position is that the govt can add witnesses and exhibits beyond the deadline set for the govt's production of witness and exhibit lists, as it appears you believe, we should raise the issue with the Judge as soon as possible.  Let us know how you would like to proceed.

**Richard M. Steingard**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com

The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Wednesday, July 6, 2022 9:23 PM
**To:** Richard Steingard <richard@steingardlaw.com>; Anthony Wong <awong@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>
**Subject:** RE: SZNW follow-up

Hi Richard,

Got it, we appreciate the heads up.

A couple of things:

1. Judge Walter's standing order (Dkt. No. 150) instructs that the JMIL contain an "identification of the matters in dispute" section that is then to be "followed by each party's contentions and each party's memorandum of points and authorities." We've outlined our portion in our motions and left a space for the defense to insert its position. Assuming you agree this is the proper protocol, we should add a similar "identification of  matters in dispute" section to the defense motions.

2. MIL No. 7 (Co-schemer statements) – It is not really clear to us what you are moving the Court in limine to do. The standard for the co-schemer hearsay exception is well-established, and the parties can elaborate on that standard in trial memoranda. As you know, we will file the exhibit stipulation with exhibit-by-exhibit objections. And, indeed, the parties litigated this exact issue as part of the Lee trial's exhibit stipulation with reference to specific exhibits, which made it a much more functional/helpful way for the Court to proceed. In the absence of identifying the specific evidence you are seeking to exclude, it is unclear what relief you are seeking from the Court in MIL No. 7 (and how to frame any opposition on our part).

   a. Please let us know if we can resolve this MIL without filing.

3. MIL No. 9 (Rose Fistrovic) – Our understanding of this MIL is that the defense seeks to preclude Ms. Fistrovic from testifying at trial about whether and why it would have been a "red flag" if she had known that Huizar and Huang had a close relationship and that Huang provided him with financial benefits. To be clear, the government does not intend to elicit this type of testimony (or pose such hypothetical questions) during the direct examination of this witness. However, should the defense on cross open the door by asking Ms. Fistrovic whether she believed there was anything unusual/wrong/improper/illegal about the LA Grand Hotel project, then the government would be entitled on redirect to pose the hypothetical questions. The same is true if in opening statement or examination of other witnesses you argue or suggest that other real estate professionals who worked on the project felt there was nothing concerning or improper regarding the relationship between Huang and Huizar.

   a. Please let us know if this clarification resolves this MIL.

4. MIL No. 11 (Money Laundering) – As you know, we have had some back and forth on whether the government was seeking to introduce evidence of Huizar's money laundering in the SZNW trial. During our 6/24 call, you asked whether the government would be putting on such evidence, and we advised we would need to check with the rest of team (who were in the Lee/940 Hill trial) and get back to you. During our 6/28 follow-up call, we advised that we would, in fact, seek to admit such evidence. To the extent it was not clear, the government will be seeking to call Salvador Huizar and Isidra Huizar as percipient witnesses to the money laundering scheme, and they will be reflected in the witness list closer to trial. Likewise, when we prepare the relevant summary charts, we will include select excerpts of the bank records on which the summary charts are based.

Last, we want to re-emphasize that we believe the Court will really appreciate it if the parties can consolidate and reduce the number of MILs, where possible. To that end, we propose grouping certain of the defense MILs, since they seem to overlap at least in part, and the same will be true of the government's opposition:

- Group MIL Nos. 4 and 7 re: co-schemer statements (if we cannot resolve MIL No. 7)
- Group MIL Nos. 5 and 9 re: hypotheticals (if we cannot resolve MIL No. 9)
- Group MIL Nos. 2, 3, and 8 re: inextricably intertwined (from the government's perspective)

Of course, grouping the MILs would not require you to cut any substance from the motions – it would just mean having the specific examples as sub-sections.

Best,
Susan

P.S. In case you were looking for a response: our MILs are called "Joint" because they will contain both parties' submissions in one filing and because Judge Walter's standing order refers to them as such, but the naming convention probably doesn't matter much.

**Susan Har | Assistant United States Attorney**
O: 213.894.3289 | C: 213-503-4070

---

**From:** Richard Steingard <richard@steingardlaw.com>
**Sent:** Wednesday, July 6, 2022 9:36 AM
**To:** Har, Susan (USACAC) <SHar@usa.doj.gov>; Anthony Wong <awong@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>; Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Palmer, Cassie (USACAC) 2 <cpalmer2@usa.doj.gov>
**Subject:** [EXTERNAL] RE: SZNW follow-up

The other MIL, MIL #8, concerns what I referred to as "legal favors," that is, SZNW and Huang's requests for assistance from Huizar or his office to arrange meetings with unions, etc.
I agree that down the road we should talk about numbering, etc.(not sure why you call yours "Joint" MILs).
One last thing.  Unexpectantly, I have to go out of town tomorrow on a personal matter.  I hope to finish the concealment MIL today, but the other one may not be done until the beginning of next week.  Obviously, you'll get as much time as you need to respond to these last two and all the others.


**Richard M. Steingard**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com



The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.

---

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Wednesday, July 6, 2022 9:29 AM
**To:** Anthony Wong <awong@steingardlaw.com>; Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>
**Subject:** RE: SZNW follow-up

Thanks.  We've gleaned from the briefing that forthcoming defense MIL No. 1 will be about acts of concealment; what is the topic of forthcoming MIL No. 8?

Also, we should discuss closer to the time of filing the numbering of both parties' MILs, so that they are all consecutive and not overlapping.

**Susan Har** | **Assistant United States Attorney**
O: 213.894.3289 | C: 213-503-4070

---

**From:** Anthony Wong <awong@steingardlaw.com>
**Sent:** Tuesday, July 5, 2022 3:51 PM
**To:** Har, Susan (USACAC) <SHar@usa.doj.gov>; Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>; Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Palmer, Cassie (USACAC) 2 <cpalmer2@usa.doj.gov>
**Subject:** [EXTERNAL] RE: SZNW follow-up

Good afternoon everyone,

Please find the aforementioned 9 MILs in the attached zip file. There are both Word and PDF versions.

Thank you,

**Anthony K. Wong**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Direct: (213) 260-9438
Office: (213) 260-9449
Facsimile: (213) 260-9450
E-mail: awong@steingardlaw.com
www.steingardlaw.com

---

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Tuesday, July 05, 2022 12:36 PM
**To:** Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>; Anthony Wong <awong@steingardlaw.com>
**Subject:** RE: SZNW follow-up

Thank you – hope you had a good Fourth as well.  Agreed on waiting to do the tables.  We'll let you know about any exhibits we need from you.  Please send us both pdf and word versions, and we'll do the same (with the same request re: metadata).

**Susan Har** | **Assistant United States Attorney**
O: 213.894.3289 | C: 213-503-4070

---

**From:** Richard Steingard <richard@steingardlaw.com>
**Sent:** Tuesday, July 5, 2022 11:20 AM
**To:** Har, Susan (USACAC) <SHar@usa.doj.gov>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>; Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Palmer, Cassie (USACAC) 2 <cpalmer2@usa.doj.gov>; Anthony Wong <awong@steingardlaw.com>
**Subject:** [EXTERNAL] RE: SZNW follow-up

All—

Hope you had an enjoyable holiday.  We will be sending you 9 MILs today with 2 more to follow, hopefully before Friday.  A couple of things to note.  We have not prepared the TOC, TOA or TOE—we think it's best to wait until we have your positions before taking on that task.  Most MILs refer to exhibits. With a few exceptions, we are not providing any exhibits—most are either referenced in your exhibit list or we provide Bates numbers from the discovery.  Still, if there are any exhibits you want us to provide, let us know.  We can provide each MIL as a pdf, in Word, or both.  Let us know your preference.  If Word, we ask that you not inspect the MIL's metadata for prior iterations.  If you have questions or want to discuss any of the MILs, let us know—it's best that we attempt to clarify or resolve matters wherever we can before filing.

**Richard M. Steingard**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com

The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Thursday, June 30, 2022 11:04 AM
**To:** Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>
**Subject:** RE: SZNW follow-up

Hi Richard,

Thanks for sending this along to help facilitate our discussion on this topic.  It was helpful to see the language.  After our internal review and discussion, we're not prepared to agree to an in-trial limiting instruction at this time.  The acts are not unduly prejudicial insofar that they are of the type that might need such an instruction.  There will be substantive jury instructions defining official act.  And we are open to discussing a special verdict form on that point as needed later on down the road.  In short, you can go ahead and prepare your motion if the defense has a basis to move to exclude these acts in the absence of a mid-trial instruction.

Thanks,
Susan

**Susan Har | Assistant United States Attorney**
O: 213.894.3289 | C: 213-503-4070

**From:** Richard Steingard <richard@steingardlaw.com>
**Sent:** Tuesday, June 28, 2022 5:51 PM
**To:** Har, Susan (USACAC) <SHar@usa.doj.gov>; 'Craig Wilke' <craig@craigwilkelaw.com>

**Cc:** Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>
**Subject:** [EXTERNAL] RE: SZNW follow-up

Susan & Jamari—

Per our conversation today, here is a draft of the in-trial instruction we will propose whenever there is evidence of a "legal favor", such as when Huizar wrote a letter regarding a visa application, arranged a meeting, made a call, etc.  In other words, actions by an elected official that, under *McDonnell*, are not "official acts."  Please be advised that this is a work in progress, not a final draft, and that we are sending this to you seeking your position and any proposed modifications.

> You [are about to receive/have received] evidence that (describe the request or assistance -- *e.g.,* "a Shen Zhen New World employee asked Huizar to arrange a meeting with a labor union leader regarding a dispute between the union and the LA Grand Hotel"). There is nothing illegal or improper about this (request from Shen Zhen New World/assistance by Huizar). It is common and entirely permissible for constituents to make such requests of their elected official and for elected officials to provide such assistance to their constituents. This (request by Shen Zhen New World/assistance  by Huizar) does not constitute an "official act" for which the *quid pro quo* necessary for bribery may be based. You may consider this evidence only for the limited purpose of (government to fill in) and for no other purpose.

**Richard M. Steingard**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com

The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Monday, June 27, 2022 2:43 PM
**To:** Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>
**Subject:** RE: SZNW follow-up

Great, talk to you then.

**Susan Har** | **Assistant United States Attorney**
O: 213.894.3289 | C: 213-503-4070

**From:** Richard Steingard <richard@steingardlaw.com>
**Sent:** Monday, June 27, 2022 2:41 PM

**To:** Har, Susan (USACAC) <SHar@usa.doj.gov>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>
**Subject:** [EXTERNAL] RE: SZNW follow-up

Let's do tomorrow at 11:30.  My call in number, 213-293-2551.  Thx.

---

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Monday, June 27, 2022 1:43 PM
**To:** Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>
**Subject:** SZNW follow-up

Hi Richard and Craig,

Are you two free to continue our MIL meet and confer call from Friday?  We have some updates, including answers to the questions we tabled from last week.  Jamari and I are available today between 3 and 4:30 p.m. or tomorrow starting from 11:30 a.m. on.

Thanks,
Susan

**Susan Har** | **Assistant United States Attorney**
United States Attorney's Office | Central District of California
United States Courthouse, Suite 1200 | 312 N. Spring St. | Los Angeles, CA 90012
O: 213.894.3289 | C: 213-503-4070
susan.har@usdoj.gov

**Susan Har** | **Assistant United States Attorney**
United States Attorney's Office | Central District of California
United States Courthouse, Suite 1200 | 312 N. Spring St. | Los Angeles, CA 90012
O: 213.894.3289 | C: 213-503-4070
susan.har@usdoj.gov

**From:** Richard Steingard
**Sent:** Tuesday, June 14, 2022 4:17 PM
**To:** 'Har, Susan (USACAC)' <Susan.Har@usdoj.gov>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>
**Subject:** RE: SZNW - Ex. and Wit Lists


Susan—

Thank you for your message and consolidating the different email strings. Let me respond to each area.

First, as noted earlier, I do not agree with your characterization about the exhibit or witness lists being working drafts. We've had considerable litigation and discussions about this issue going back almost a year. The government started with informal discovery lists from October 2021 to January 2022. We then had the govt's March 2022 representation that we (SZNW) now had 90% of the trial exhibits, and the production of an informal list in early April. We thereafter negotiated for the final trial exhibit and witness list with a carve-out for stragglers resulting from pre-trial prep sessions. We also agreed to dates for charts, transcripts and the like. In short, based on this process, we do not view the government's witness and exhibit lists in the loose and informal manner which you present.

Second, as to the trial exhibit list and the MILs, I appreciate your attempt to assuage our concerns, but it's to no avail. Of the 387 exhibits on the list (and disregarding the occasions in which the lists states "intentionally left blank"), there are roughly 220 new exhibits that we must review to determine whether they impact the MILs are currently being drafted or require new MILs. All of this is to repeat what I said before: based on these events, we need to discuss a new schedule for the exchange of MILs.

I think your suggestion for a call is a good one.  Craig and I are both available tomorrow (6/15) at 11 am.  If that doesn't work, pls let me know and we'll pick a new time.  Assuming you are available at that time, we can use my conference call number, 213-293-2551.  Thank you.


**Richard M. Steingard**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com




The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.

---

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Tuesday, June 14, 2022 1:43 PM
**To:** Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>
**Subject:** RE: SZNW - Ex. and Wit Lists

Richard,

In an effort to consolidate emails, this email responds to both the below and your latest other email regarding the changes to the exhibit list.

1.  As you know, we are currently more than four months out from trial.  While the exhibit list reflects the government's current anticipated exhibits for the trial, there will be changes for charts and summaries, transcripts, and translations (all due in September), and there may be changes based on pre-trial litigation and, as you note, pre-trial prep.  The same is true for the witness list.  Indeed, in the 940 Hill/Lee trial, the government has continued to make modifications to the exhibit list, and the Court acknowledged at the final status conference that the government may continue to revise its exhibit list.  We are working in good faith and will keep you apprised as is reasonable, but the fact of the matter is that these lists are (very robust) working drafts.  This is also a reason why these extremely early exhibit/witness lists and schedules are not necessarily advantageous, including for the defense.

2.  We can certainly have a call this week, but just so you have the benefit of our thoughts, here are some preliminary observations:

    a.  I don't believe the changes to the latest exhibit list are as extensive as you describe and a strict numerical analysis doesn't reflect the substance.  For instance, you identify "approximately 220 exhibits" as new – taking your word on the number (I have no reason to doubt it), I know for instance that ~70 of those are photos, which I don't expect will be overly onerous to review.  As you also probably noticed, the earlier exhibit list you received contained many duplicates of the same document.  This latest exhibit list retains much of the same substantive documents, while de-duping the same versions or incomplete versions that were previously individually numbered.  Other deletions are consistent with what we

discussed during our last meet and confer; for instance, that we did not expect to introduce evidence regarding the LADBS consolidation at this trial.

b. With respect to the newly added exhibits, those should be substantively consistent with the same categories of evidence and topics that you've known about, including the significance of documents related to the LA Grand Hotel project, the Sheraton hotel (as discussed during our meet and confer), and the topics we previewed as "inextricably intertwined" evidence, like the AUP graduation and the Shanghai construction wire call.

c. I will also reiterate that the government views MILs as pertaining to categories of evidence (for which you have the added benefit of an exhibit list that provided categorial headers), and not an exhibit-by-exhibit exercise, which we will cover at the exhibit conference on 7/26.

If you'd still like to talk regarding the schedule, at least some of us can be available on 6/15.  If that date works for you, please let us know some available times.

Best,
Susan

**Susan Har** | **Assistant United States Attorney**
O: 213.894.3289 | C: 213-503-4070

---

**From:** Richard Steingard <richard@steingardlaw.com>
**Sent:** Friday, June 10, 2022 11:27 AM
**To:** Har, Susan (USACAC) <SHar@usa.doj.gov>; 'Craig Wilke' <craig@craigwilkelaw.com>; Anthony Wong <awong@steingardlaw.com>
**Cc:** Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>; Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>; Dragalin, Veronica (USACAC) <VDragalin@usa.doj.gov>; Palmer, Cassie (USACAC) 2 <cpalmer2@usa.doj.gov>; Quach, Lynda (USACAC) [Contractor] <lquach1@usa.doj.gov>
**Subject:** [EXTERNAL] RE: SZNW - Ex. and Wit Lists

Susan—
Thank you for sending these over.  I noticed that you've labelled these "draft" witness and exhibit lists, called them "early" exhibit and witness lists, and entitled one as the "early draft witness list – 6/7/2022."  It may have been before your involvement in the case but these are final exhibit and witness lists—in other words, there are no other dates for the government's disclosure of witness and exhibit lists.  There is an agreed upon carve-out for additional exhibits that you subsequently decide to use based on witness prep sessions.  Of course, you can strike a witness or exhibit, but if you decide to do so, we would appreciate knowing it as we may want to call that witness or use that exhibit and would need to make the appropriate arrangements.  Let us know if you disagree with any of the above.  On a related note, in light of these witness/exhibits lists, I suggest that we schedule another meet and confer for later this month to discuss in limine motions.  I know timing is complicated for your team as the 940 Hill trial starts next week.  Let me know how you think it's best to proceed and we'll try to accommodate.  Thx.
Richard

**Richard M. Steingard**
**Law Offices of Richard M. Steingard**
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260 – 9449
Direct: (213) 260 - 9436
Facsimile: (213) 260 - 9450
E-mail: RSteingard@SteingardLaw.com

The information contained in this electronic mail message is privileged and confidential and is intended for use by the sender and the addressees named above.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete the message and all copies. Thank you.

**From:** Har, Susan (USACAC) <Susan.Har@usdoj.gov>
**Sent:** Tuesday, June 7, 2022 3:44 PM
**To:** Richard Steingard <richard@steingardlaw.com>; 'Craig Wilke' <craig@craigwilkelaw.com>; Anthony Wong <awong@steingardlaw.com>
**Cc:** Buxton, Jamari (USACAC) <Jamari.Buxton@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Dragalin, Veronica (USACAC) <Veronica.Dragalin@usdoj.gov>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>; Quach, Lynda (USACAC) [Contractor] <Lynda.Quach@usdoj.gov>
**Subject:** SZNW - Ex. and Wit Lists

Hi Richard and Craig,

Attached are the government's early exhibit list and witness list, pursuant to the schedule set forth in Dkt. No. 428.  Copies of the exhibits themselves will be provided to you via USAfx.  Please let me and Lynda Quach know if you have any issues accessing the exhibits.

I also want to flag that we are concurrently preparing for production certain documents you will see in the exhibit list, including a recent production we received from HVS, translations for several texts and wire calls, as well as a variety of open-source materials.  If an exhibit in the exhibit set does not have a bates number, it likely means that document is forthcoming in this next production.

Best,
Susan

**Susan Har | Assistant United States Attorney**
United States Attorney's Office | Central District of California
United States Courthouse, Suite 1200 | 312 N. Spring St. | Los Angeles, CA 90012
O: 213.894.3289 | C: 213-503-4070
susan.har@usdoj.gov