CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALÉ (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
CHARLES SNYDER (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4740
Facsimile: (213) 894-0081

Attorneys for Defendant
José Luis Huizar

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE LUIS HUIZAR, *et al.,*<br>Defendants. | Case No. 20-CR-0326-JFW<br><br>**DEFENDANT JOSE LUIS HUIZAR'S NOTICE OF MOTION AND MOTION TO VACATE COURT'S *SUA SPONTE* ORDER PROHIBITING DEFENSE TEAM CONTACT WITH JURORS ABSENT A COURT ORDER; MOTION FOR ORDER PERMITTING CONTACT WITH LEE/940 HILL AND SHEN ZEN NEW WORLD JURORS**<br><br>**Hearing Date: November 7, 2022 at 8:00 a.m.** |

TO THE ACTING UNITED STATES ATTORNEY AND HIS COUNSEL OF RECORD: Please take notice that defendant Jose Luis Huizar will, and hereby does move the Court as follows:

//

//

//

Defendant José Luis Huizar, by and through his counsel of record, moves to vacate the Court's July 8, 2022 order prohibiting Huizar's counsel from contacting any jurors who served on the *United States v. Lee and 940 Hill* trial. Mr. Huziar also moves for an order allowing his defense team to contact *Lee* and *United States v. Shen Zen New World, LLC* jurors who have concluded their service and expressly consent to being interviewed and directing counsel to act consistent with the Rules of Professional Conduct.

This motion is supported by the below memorandum of points and authorities, all other records in this case, and any argument the Court will allow. Mr. Huizar is not requesting a hearing on this Motion unless it would further aid the Court's determination.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: October 11, 2022

/s/ *Carel Alé*

Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for Jose Luis Huizar

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After the conclusion of the *United States v. David Lee, 940 Hill* ("*Lee* trial") trial, Jose Huizar's defense team requested interviews with jurors who served on the trial. Huizar himself was not present during any interview request and did not contact any jurors. When approaching jurors, the Huizar defense team members clearly identified themselves and spoke only with those jurors who expressed interest in a consensual interview. Decl. of Counsel, ¶3. There is nothing impermissible about a defense team having consensual contact with jurors who have concluded their service and are free to discuss the case.

On July 8, 2022, the Court *sua sponte* entered an order prohibiting Jose Huizar's defense team—and not the government or any other defense team—from contacting jurors who sat for the *Lee* trial absent a court order. (ECF No. 600 ("Court's Order") ("Counsel shall not contact any of the jurors in U.S. v. Lee, et al. without an order of this Court.").). In a few weeks, *United States v. Shen Zen New World, LLC* ("*Shen Zen*") trial is set to commence. Though the Court's order does not address *Shen Zen* jurors, the defense files the instance request anticipating that the Court might extend the *Lee* juror order to include *Shen Zen* jurors.

Huizar and his counsel move to vacate the Court's order as an unconstitutional prior restraint in violation of the First Amendment and a violation of their First Amendment right to receive information. Huizar further moves to vacate the Court's Order as violative of Huizar's Fifth and Sixth Amendment rights to counsel and to prepare a defense. Additionally, Huizar moves for an order allowing his counsel to communicate with *Lee* and *Shen Zen* jurors on the condition that they have concluded their service and expressly consent to being interviewed.

## II. ARGUMENT

### A. The Court's Order Prohibiting Huizar's Defense Team from Any Contact with *Lee* Jurors Absent a Court Order Unconstitutionally Infringes Huizar's Defense Counsel's First Amendment Rights.

The Court's order broadly prohibiting Huizar's counsel from contact with any *Lee* juror, absent a court order, is a prior restraint on speech and presumptively unconstitutional. *United States v. Sherman*, 581 F.2d 1358, 1361 (9th Cir. 1978). *See Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 595 (9th Cir. 1985) ("agree[ing] that the district court's order" prohibiting all parties from making statements to the media "is properly characterized as a prior restraint.") "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). As such, prior restraints on speech are "subject to strict scrutiny because of the peculiar dangers presented by such restraints." *Levine*, 764 F.2d at 595. A prior restraint is prohibited absent a showing (1) "that the activity restrained poses a clear and present danger or a serious and imminent threat to a protected competing interest," *Sherman*, 581 F.2d at 1361; *Levine*, 764 F.2d at 595; (2) that any such restraint is "narrowly drawn," *id.*; and (3) that "no reasonable alternatives, having a lesser impact on First Amendment freedoms," are available, *id*. The Supreme Court has since reframed the first part of this test replacing "clear and present danger" with a "substantial likelihood of material prejudice" standard, which it maintains "constitutes a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991); *see also Clifford v. Trump*, 2018 WL 5273913, at *3 (C.D. Cal. July 31, 2018) ("*Levine*'s requirement that prohibited extrajudicial speech must present 'a serious and imminent threat to the administration of justice' no longer applies to attorneys presently participating in a proceeding before a court. Instead, these attorneys are subject to the

requirement that the statements are 'substantially likely to have a materially prejudicial effect' on that proceeding") (citing *Gentile*).

The Court's *sua sponte* order prohibiting Huizar's defense counsel from contacting the *Lee* jurors overruns each of these safeguards and violates the First Amendment.

**1. There Is No Substantial Likelihood of Material Prejudice to a Protected Competing Interest**

The Court's *sua sponte* Order does not cite any protected interest that faces a substantial likelihood of material prejudice if Huizar were to interview the *Lee* jurors. None exists. Defense counsel did not (and would not) speak to any juror until after they completed their service and were discharged and only after the Court advised the jurors that they were "now at liberty to discuss this case with anyone." (ECF No. 567, 06/27/2022 Tr. Trial Day 9, 2084:20-21). Communications and voluntary interviews with discharged jurors by a party who was not subject to their verdict do not materially prejudice any protected interest.

The Ninth Circuit has identified certain interests that can justify limiting a party's post-verdict access to the jury. *See Mitchell v. United States*, 958 F.3d 775, 792 (9th Cir. 2020). Such interests include "(1) encourag[ing] freedom of discussion in the jury room; (2) reduc[ing] the number of meritless post-trial motions; (3) increas[ing] the finality of verdicts; and (4) further[ing] Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from post-verdict scrutiny." *Id.* at 787 (internal quotation marks omitted). *See United States v. Venske*, 296 F.3d 1284, 1291–92 (11th Cir. 2002) (explaining that "interests important to the integrity of the judicial process" justify prohibiting post-verdict juror contact and that "[o]ne such interest is the court's strong interest in protecting jurors from threats and needless harassment from unsuccessful parties"). But these interests are not similarly implicated by the Court's order where it restricts a *non-party* defendant's contact with a juror who consents to be interviewed after trial. Here, Huizar was not subject to the jury's verdict in *Lee.* Any contact between Huizar's defense team and a *Lee* juror cannot reasonably lead to meritless post-trial

motions, a challenge to the finality of the verdict, or implicate Federal Rule of Evidence 606(b). Nor does any particular juror's consent to communicate with Huizar's defense team more generally limit "freedom of discussion in the jury room." As the Court advised the jurors upon discharge, the jurors are already free to speak with the media, their friends and family, and anyone else they choose. (ECF No. 567, 06/27/2022 Tr. Trial Day 9, 2084:22-23 ("Now that the case is over, you are, of course, free to discuss it with any person you choose.").) Given that the purpose of Huizar's communication with the jury is not to file post-trial motions or affidavits in a trial he was not a party to but simply to aid in his upcoming defense and trial preparation, any such communication does not pose the sort of risk the Ninth Circuit has explained can warrant restricting defense counsel's speech consistent with the First Amendment. *Sherman*, 581 F.2d at 1361–62.

To the extent the Court's order was intended to protect the jurors from undue harassment, not only is there is no evidence of harassment, but that object is satisfied by California's Rules of Professional Conduct ("RPC") which protect jurors from inappropriate communication with counsel, beyond the laws applicable to the general public. RPC Rule 3.5(g)(2) prohibits a lawyer from any post-verdict communication with a juror either directly or indirectly "if the juror has made known to the lawyer a desire not to communicate." In addition, RPC Rule 3.5(g)(3) prohibits any communication with a juror that "involves misrepresentation, coercion, or duress, or is intended to harass or embarrass the juror or to influence the juror's actions in future jury service." As members of the California bar, and officers of this Court, defense counsel are aware of and abide by these obligations and ensure their staff do the same. *See* Decl. of Counsel, ¶3.

There is no material prejudice that would arise from Huizar's contact with the *Lee* jurors or with future *Shen Zen* jurors following termination of their service, much less a substantial likelihood of material prejudice.

**2. The Court's Order is Not Narrowly Tailored**

Even assuming that compelling interests exist to justify the Court's order, it is not narrowly tailored to comply with the First Amendment.

"[T]he regulation of attorneys' speech is limited—it applies only to speech that is substantially likely to have a materially prejudicial effect; it is neutral as to points of view, applying equally to *all attorneys* participating in a pending case; and it merely postpones the attorneys' comments until after the trial." *Gentile*, 501 U.S. at 1076 (emphasis added). The Court's order is facially unconstitutional on this basis alone. The Court's order prohibits Huizar's defense team, but no other member of the public, other defendant, or the government, from post-verdict communication with the *Lee* jurors, absent a court order. (ECF No. 600.)

Further, the order is overbroad as it precludes Huizar's defense team from *any* contact with a *Lee* juror on any subject absent a court order, including topics wholly unrelated to deliberations, in perpetuity. (*Id.*) *See Clifford*, 2018 WL 5273913, at *5 (rejecting similar proposed protective order because it was "specific to only one party [and] plausibly prohibits [counsel] from commenting on matters that are not substantially likely to have a materially prejudicial effect on these proceedings"); *Journal Pub. Co. v. Mechem*, 801 F.2d 1233, 1236–37 (10th Cir. 1986) (explaining that the court's "order restricting press contact with former jurors was impermissibly overbroad" because it "contained no time or scope limitations and encompassed every possible juror interview situation"). And the order is vague in that it does not specify what applicable standard or showing the defense must meet to obtain an order from the court to contact the jurors. (*See* ECF No. 600.).

Huizar was not tried by this jury, is presumed innocent, and the concerns that might animate a post-verdict limitation are not present here. But even in the post-verdict context, courts have found similarly broad restrictions on post-verdict contact with jurors to be unconstitutional. *Rapp v. Disc. Bd. of Hawaii S. Ct.*, 916 F. Supp. 1525, 1539 (D. Haw. 1996). *Rapp*, for example, held that Rule 3.5(b) of the Hawaii Rules of Professional Conduct was unconstitutional in mandating that a lawyer "shall not . . . seek to influence a . . . juror . . . by means prohibited by law." *Id.* at 1528 n.2. The rule was both "unconstitutionally vague and overbroad" in providing no standard or guidance on the

relevant showing that would permit counsel to interview jurors. *Id.* at 1537-38. In addition, the rule was not well tailored to satisfy the compelling interest of preventing juror harassment because it still allowed for *ex parte* communications that defeated its stated purpose. *Id.* at 1537. Similarly, the Court's order here does not preclude all contact with the *Lee* jury, only contact by Huizar's defense team, subject to a court order. *Id.* at 1537. Like the rule at issue in *Rapp*, the Court's Order is not narrowly tailored to satisfy any compelling interest and is unconstitutional.

**3. There Are Less Restrictive Alternatives That Have A Less Restrictive Impact on First Amendment Rights**

Finally, the Court's blanket order prohibiting Huizar's defense team from any contact with the *Lee* jurors without prior court approval is unnecessary where there are less restrictive alternatives.

The Court's *sua sponte* order did not explain the reason for its issuance. Counsel suspects it is probable that a juror who was contacted by the Huizar defense team did not want to be contacted; if that is the case, the Huizar defense team has no interest in speaking with that juror or with any other juror not interested in a consensual interview. As previously mentioned, Huizar's defense counsel are aware of and abide by their ethical and professional obligations under the California Rules of Professional Conduct. There is no evidence or reason to believe that these already established rules aimed at protecting jurors have not been or will not be followed. Nor is there any reason to believe that these rules are not already the least restrictive alternatives needed to protect the interests of safeguarding jurors from harassment.

There are less restrictive alternatives to the Court's *sua sponte*, vague, and overbroad order. The Court's order is a prior restraint and violates the First Amendment. The Court should vacate its order prohibiting Huizar from contacting any *Lee* juror absent prior court approval.

**B. The Court's Order Violates Huizar and Defense Counsel's First Amendment Right to Receive to Information**

Separate and apart from being an unconstitutional prior restraint, the Court's Order also violates Huizar and his counsel's First Amendment Right to receive information. *Kleindienst v. Mandel*, 408 U.S. 753, 762–63 (1972); *Martin v. City of Struthers*, 319 U.S. 141, 143 (1943); *Stanley v. Georgia*, 394 U.S. 557, 564 (1969).

It is "well established" that the First Amendment "protects the right to receive information and ideas." *Stanley*, 394 U.S. at 564 (citing *Martin*, 319 U.S. at 143 ("This freedom (of speech and press) . . . necessarily protects the right to receive")). The right to receive information "is an inherent corollary of the rights of free speech and press that are explicitly guaranteed by the Constitution," because it "follows ineluctably from the *sender's* First Amendment right to send them" and it "is a necessary predicate to the *recipient's* meaningful exercise of his own rights of speech, press, and political freedom." *Board of Educ., Island Trees Union Free School Dist. No. 26 v. Pico*, 457 U.S. 853, 867 (1982) (emphases in original). "[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government," in this case, the Court, "from limiting the stock of information from which members of the public may draw." *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978).

The Court's order unconstitutionally limits the stock of information from which Huizar and his counsel may draw. It is not narrowly tailored nor the least restrictive means to accomplish a legitimate government interest. While the Court may place some limits on Huizar's defense team's conduct, those limits must still be consistent with the First Amendment. *Cf. Pico*, 457 U.S. at 870 (explaining that even in a school setting where student's First Amendment rights are limited, a school's exercise of discretion must still be consistent with the First Amendment). The Court's order prohibiting Huizar and his counsel from receiving information from jurors who are willing to speak to them is not consistent with the First Amendment and is an unconstitutional violation of their

right to receive information. Huizar and his counsel's First Amendment rights cannot be arbitrarily curtailed.[1]

**C. The Court's Order Violates Huizar's Fifth and Sixth Amendment Rights to Due Process, to the Assistance of Counsel, and to Prepare a Defense.**

In addition to being an unconstitutional prior restraint, the Court's order violates Huizar's Fifth and Sixth Amendment Rights.

Huizar awaits trial and is presumed innocent. The Due Process Clause and the Sixth Amendment right to counsel encompasses Huizar's right to prepare an effective defense, including, at the very least, a right to access all publicly available information that might be helpful to the defense. U.S. CONST. AMEND V, VI. Counsel must investigate "plausible lines of defense" and "may not exclude certain lines of defense for other than strategic reasons." *Strickland v. Washington*, 466 U.S. 668, 681 (1984). In addition, "[t]he right to effective assistance extends to closing arguments," where counsel has "wide latitude in deciding how best to represent a client," including "which issues to sharpen and how best to clarify them" for a jury. *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).

The Court's order bans Huizar's counsel from pursuing available information that could aid in his representation. Typically, defendants are entitled to discovery if the documents or other objects would be material to preparing the defense, a "low threshold" satisfied if the requested information would have "helped" prepare a defense. *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016) (citation omitted). While this "low threshold" is the standard for obtaining Rule 16 discovery, it stands to reason that a defendant's right to obtain *publicly available* information should, at a minimum, not require a higher burden. Further, unlike cases involving access by a defendant to jurors

---

[1] Further, the First Amendment violation is particularly salient in this case because unlike any member of the public, here, Huizar's defense counsel's right to receive information buttresses Huizar's Fifth and Sixth Amendment rights to counsel and to prepare a defense. *See Faretta v. California*, 422 U.S. 806, 832–33 (1975) (explaining that "the help of a lawyer is essential to assure the defendant a fair trial").

after a conviction, where the defendant's liberty interests and due process rights are limited by a presumptively lawful conviction, Huizar remains fully entitled to a presumption of innocence and due process. In this posture, there is no reasonable justification, much less a compelling reason, to limit Huizar's defense team from seeking out potentially "helpful" information and speaking to a juror that any free member of the public would be free to talk to, particularly considering the heightened rules already applicable to Huizar's counsel through the rules of professional conduct.

### D. The Court Should Issue an Order Permitting the Defense to Contact Any *Lee* or *Shen Zen* Juror Who Consents to be Interviewed.

Huizar further moves for an order permitting his counsel to contact any *Lee* or *Shen Zen* juror who does not object to such communications and consents to be interviewed and directing counsel to act consistent with the rules of professional conduct. Such an order will place Huizar on the same footing as other non-parties to both cases and members of the public and is consistent with his rights under the First, Fifth, and Sixth Amendments.

## III. CONCLUSION

For the reasons stated above, Huizar moves the Court to vacate the Court's order prohibiting Huizar's defense from contacting any *Lee* juror. Huizar also moves for an order permitting his counsel to contact any *Lee* or *Shen Zen* juror who does not object to such communications and consents to be interviewed and directing counsel to act consistent with the rules of professional conduct.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: October 11, 2022.

/s/ *Carel Alé*
Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for Jose Huizar