# DECLARATION OF CAREL ALÉ

I, Carel Alé, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court. I have been appointed to represent Jose Huizar in this matter.

2. On June 27, 2022, the jury in *United States v. David Lee, 940 Hills, LLC*, convicted defendants David Lee and 940 Hill, LLC. The Court discharged the jurors that same day and advised the jurors that they were "at liberty to discuss this case with anyone." (ECF No. 567, 06/27/2022 Tr. Trial Day 9, 2084:20-21.)

3. Subsequently, investigators from my office who are members of the Huizar defense team sought out any *Lee/940 Hill* juror who was willing and consented to speak with them. In each instance, the investigators identified themselves as investigators and employees of the Office of the Federal Public Defender and as members of the defense team representing Jose Huizar.

4. On July 8, 2022, the Court *sua sponte* issued a text entry order stating: "The Court has been advised that counsel for Defendant Jose Luis Huizar has been attempting to contact the jurors in U.S. v. Lee, et al. Counsel shall not contact any of the jurors in U.S. v. Lee, et al. without an order of this Court." (ECF No. 600.)

5. On September 27, 2022, Assistant United States Attorney Mack Jenkins asked whether the Huizar defense team planned to contact jurors after the *Shen Zen New World* ("*SZNW*") trial or Huizar's trial. AUSA Jenkins advised that the government is opposed to this practice and noted that the Court had issued an order forbidding this practice.

6. On October 11, 2022, I reached out to the government requesting its position on this motion. The government advised that it continued to oppose and asked that that we include the following recitation of its position:

> We are opposed to the defense team engaging in unsolicited contact with jurors from the Lee/940 Hill trial or SNZW trial

1

outside of the courthouse, such as at the their home or work place, after they have been dismissed from jury service. Absent a showing of juror misconduct, we believe that lawyers or investigators tracking down jurors to ask them about their jury service invades jurors' privacy, can be intimidating, will chill future jury participation, and is unnecessary. If the Court permits defense counsel to speak with jurors, we ask that a government representative be present to participate and document the interview. At this time, the government has made no such unsolicited efforts to interview any jurors and would only do so in this matter with express Court permission. Finally, the government notes that the government and SZNW counsel have entered into an agreement that neither side will contact the SNZW jurors after the trial has concluded, absent a court order.

7. On October 11, 2022, Richard Steingard advised that SZNW did not object to this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 11, 2022, at Los Angeles, California.

*/s/ Carel Alé*                .
Carel Alé