CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Jose Huizar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE HUIZAR,<br><br>    Defendant. | Case No. CR-20-326-JFW<br><br>**EX PARTE REQUEST FOR RULING ON JOSE HUIZAR'S UNOPPOSED EX PARTE APPLICATION FOR ORDER ISSUING EARLY-RETURN SUBPOENA DUCES TECUM** |

On February 2, 2022, Jose Huizar applied publicly and without opposition for an early-return subpoena directed to Steve Meister, a lawyer representing Morrie Goldman, one of the government's cooperating witnesses. Docket No. 365. By this application, Huizar respectfully requests that the Court rule on the unopposed application and issue the requested subpoena, with a return date set two weeks after issuance. Huizar bases this application on the attached declaration, the files and records in this case, and any other argument or evidence that the Court may consider.

DATED: October 10, 2022

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

By  /s/ Charles J. Snyder
CHARLES J. SNYDER
Attorneys for Jose Huizar

## DECLARATION OF CHARLES J. SNYDER

I, Charles J. Snyder, declare as follows:

1. I am a California-licensed DFPD and one of the lawyers appointed to represent Jose Huizar in this matter. Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2. On February 2, 2022, I publicly applied for an early-return subpoena directed at Steve Meister, counsel for Morrie Goldman. Docket No. 365.

3. The government did not oppose the application.

4. The Court has yet to rule on the unopposed application.

5. As described in detail in the original filing, the requested subpoena seeks evidence critical to Huizar's defense to Scheme M.

6. Given the volume and complexity of the evidence in this case, as well as the fast-approaching pretrial deadlines, early return is appropriate so Huizar can reciprocally produce any evidence that he seeks to admit, and more efficiently prepare the subpoenaed information for hearings and trial. I am therefore asking the Court to rule on the subpoena application so, if granted, Huizar can obtain and make use of this key evidence as soon as possible.

7. On October 10, 2022, counsel for the government asked that I include the government's position as follows: "The government does not object to the ex parte application seeking a ruling on Docket. No. 365. The government does object to any order requiring any counsel to disclose attorney-client communications to a third party."

8. As to the second sentence in the government's position, the government lacks standing to assert Goldman's privilege. Takiguchi v. MRI Int'l, Inc., No. 2:13-CV-1183-HDM-VCF, 2016 WL 614393, at *3 & n. 5 (D. Nev. Feb. 16, 2016) ("A third party may not invoke another's attorney-client privilege in order to avoid disclosure of information").

1

9. Its expressed concern is also irrelevant in this instance. Goldman waived any attorney-client privilege claim that he might have asserted over any portion of the Meister recording by voluntarily producing the complete recording to the government and asking the government to redact it for privilege. See Docket No. 365 ¶¶ 11-13 (describing voluntary production to the government); In re Pac. Pictures Corp., 679 F.3d 1121 (9th Cir. 2012) (holding that where, absent a Rule 502(d) order, a party voluntarily produces privileged materials to the government – even with an agreement that the materials will remain privileged as between them – that is a waiver as to third parties); Docket No. 316 at 38:23-25 (government arguing that Huizar waived privilege by voluntarily producing certain documents to the government while stating the rule as follows: "voluntary disclosure of privileged communications to the government is sufficient to destroy the attorney-client privilege").

10. In any event, subpoenaed parties always have the right to assert valid claims of privilege. The correct procedure is to issue the requested subpoena and let Goldman decide whether to assert privilege over certain parts of the recording in light of his earlier voluntary production of the complete recording and In re Pac. Pictures. If he does, the parties with standing can litigate that narrow issue in an adversarial setting at that time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed October 10, 2022 at Los Angeles, California.

                                                                */s/ Charles J. Snyder*
                                                                  Charles J. Snyder