CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Carel Alé (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
Charles J. Snyder (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
Adam Olin (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JOSÉ LUIS HUIZAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOSÉ LUIS HUIZAR,<br><br>        Defendant. | Case No. 2:20-CR-326-JFW-1<br><br>**RENEWED NOTICE OF MOTION AND MOTION TO COMPEL COOPERATOR AND WITNESS DEVICES**<br><br>Hearing Date: November 28, 2022 |

TO THE UNITED STATES ATTORNEY AND HIS COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT, on November 28, 2022 at 8:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John F. Walter, United States District Judge, Defendant José Luis Huizar will move to compel the production of cooperator devices and accounts, as set forth in the attached memorandum of points and authorities.

This motion is based on the Fifth Amendment to the United States Constitution, Federal Rules of Criminal Procedure, attached Memorandum of Points and Authorities, declaration of counsel, exhibits, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion. The parties have met and conferred regarding the discovery and are unable to reach a resolution.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 26, 2022      By  /s/ Adam Olin

CAREL ALÉ
CHARLES SNYDER
ADAM OLIN
Deputy Federal Public Defender
Attorney for JOSÉ LUIS HUIZAR

i

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................2

    A.    The Devices, Which the Government Has Continued to Search, Are in Its Possession ................................................................................................2

    B.    The Devices Contain Material Discovery Under Rule 16 ...........................4

III. CONCLUSION ....................................................................................................5

## **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*United States v. Soto-Zuniga,*
  837 F.3d 992 (9th Cir. 2016) ................................................................................4

**Federal Statutes**

18 U.S.C. § 1961 ...........................................................................................................4

**Other Authorities**

Fourth Amendment ......................................................................................................1

Rule 16 ...........................................................................................................1, 3, 4, 5

iii

## **TABLE OF EXHIBITS**

| **Exhibit** | **Description** | **Page** |
|---|---|---|
| A | April 25, 2022 Transcript Excerpts for Hearing on Defendants' Motion to Compel | 1:9; 1:11; 1:14; 2 n.1; 4:6; 4:8; 5 n.3 |
| B | June 21, 2022 Transcript Excerpts for George Esparza's Testimony | 2:11 |
| C | 5/10/2022 302 Relating to Ricky Zheng | 2:17 |
| D | 6/29/2020 302 Relating to George Chiang | 2:18 |
| E | 11/3/2018 302 Excerpts Relating to George Esparza | 4:20 |
| F | 8/14/2020 302 Excerpts Relating to George Chiang | 4:23 |
| G | 4/4/2019 302 Excerpts Relating to Justin Kim | 4:26 |

## I. INTRODUCTION

Mr. Huizar previously moved to compel, among other things, full copies of imaged devices in the government's possession for witnesses including George Esparza. *See* ECF No. 381 at 10. The Court denied that motion during a hearing on April 25, 2022. ECF No. 436; *see also* Olin Decl. ¶ 3 (detailing Court's prior denial). In doing so, the Court relied on three core premises in finding they were not within the government's possession:

(i) the government lacked authority to access the devices beyond what had already been produced due to the expiration of the warrants or the limited scope of consent; Ex. A (April 25, 2022 Tr.) at 35:25–36:14;

(ii) the owners of the devices objected to further review by the government; *id.* at 36:3–14; and

(iii) the cooperation plea agreements, which contain terms obligating the witnesses to provide objects to the government upon request, did not render the devices within the government's possession, *id.* at 37:3–12.

However, further case developments since the Court's ruling have demonstrated that these premises no longer hold up with respect to the devices sought. While the government successfully solicited objections to additional review from the device owners' counsel in connection with the prior motion,[1] it is now evident that the real objection is to the defendants, rather than the government, examining them. Since the Court's denial, the government has continued to mine the devices for additional evidence. Because the government has demonstrated that they have functional access to these devices and accounts, they are within the government's possession. They moreover contain material information within the meaning of Rule 16, as they will provide key

---

[1] *See, e.g.*, ECF No. 418-4 (email from Esparza's counsel asserting Esparza's "Fourth Amendment rights with respect to those three cell phones and his email accounts accessible therein; that is, Mr. Esparza does not now, as he did not then, consent to the search of those three cell phones and his email accounts beyond the scope of the search warrant parameters. Mr. Esparza does not now, and did not then, consent to a blanket review of all the contents of those phones").

1

evidence with respect to whether the alleged CD-14 enterprise existed. The Court should order the devices' production.

## II. ARGUMENT

### A. The Devices, Which the Government Has Continued to Search, Are in Its Possession

Despite the government's assertion in opposing the original motion that it could not continue to search the devices because the device owners were opposed, it has become clear the owners do not actually oppose their search by the government. For example, during the trial of 940 Hill LLC and Dae Yong Lee, Esparza testified that it was correct that he "gave them [the government] full consent to go through [his] phones without restriction." Ex. B (June 21, 2022 Tr.) at 1188:12–15. This was of course correct; as explained in the prior motion, Esparza agreed to provide any objects to the government upon request. ECF No. 430 at 7–8.[2] Similarly, despite protestations by his counsel that Zheng objected to further disclosure of his digital devices, ECF No. 418-7, Zheng subsequently consented to the government searching his phone beyond the time authorized by warrant (*i.e.*, at a time the government argued it had no ability to access the devices), to seize "any communications with WEI HUANG." Ex. C (Zheng Consent). Chiang similarly consented, prior to the earlier motion's filing. Ex. D (Chiang Consent) (allowing government to search his account beyond temporal limit of search warrant). The government thus has illustrated it has functional access to these devices notwithstanding any limitations in the warrants or prior consents.

That device owners like Esparza, Zheng, and Chiang are willing to permit the government—and only the government—to search without limit is not a surprise. Each

---

[2] In its prior denial, the Court remarked that "[a] cooperating defendant does not give up and, frankly, should not have to give up the right to protect information of the most personal and private nature when entering into a cooperation agreement with the government." Ex. A at 37:9–12. But those are the terms the government and the cooperating defendant negotiated and bound themselves to. The government cannot have an unqualified right of access contractually granted by the device owner and also claim it cannot reach the device.

2

of them has significant incentive to assist the government as much as possible. For the already-convicted, like Esparza and Chiang, their § 5K1.1 credit and sentences hang in the balance. And for others facing significant and yet-undetermined criminal exposure, like Zheng (whom the government contends facilitated bribes) and Businessperson A (whom the government contends paid bribes himself), the government's goodwill is essential in setting the terms of a plea agreement, or whether they are ever charged at all. In contrast, not only can the defendants not offer the device owners a benefit, additional review by the defendants is adverse to their interests. A fuller depiction of Esparza's independent criminal conduct would blunt his effectiveness as a trial witness, and therefore increase his sentence. These blanket assertions against further review are thus illusory, and reflect only a denial of the defendants' access, while leaving the contents functionally within the government's hands. The government need only inform the device owners what it wishes.

The government has accordingly sought to enact a situation where the devices are outside of the defense's reach under Rule 16, while ensuring the government may continue searching the devices at their convenience. The government may do so either by instructing the device's owner to review his or her own device and produce to the government what it seeks, or simply invite the device owner to consent to the government's re-review on terms the government dictates. The government therefore retains unfettered access to search the devices for what it wants, but feigns helplessness when the defendants invoke Rule 16. The defendants are left only with whatever documents the government chooses to formally obtain from those it already functionally does. Rule 16, and the cases interpreting it, do not permit the government to hide behind overly formalistic schemes like this. The devices are squarely within the government's possession.

\* \* \*

There are undoubtedly legitimate privacy concerns relevant to the contents of the devices. But counsel have managed to professionally and ethically review and use highly

3

sensitive discovery with political salience without any issues in the past years. So too would they handle the discovery sought here, which would be covered by appropriate protective orders. The Court should order the devices' production.

**B.     The Devices Contain Material Discovery Under Rule 16**

The Court also orally pronounced that the defendants had failed to establish that the devices contained material information. Ex. A at 37:16–38:20. The Court indicated that it believed the defendants had "fail[ed] to indicate with any particularity what may be missing." *Id.* at 38:14–16. Defendants maintain the devices contain material information under Rule 16.

Rule 16 materiality poses a "low threshold." *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016). Defendants assert that the devices contain evidence relevant to establishing that each of these individuals was simultaneously operating in an antagonistic fashion to Mr. Huizar, such that there was no cognizable enterprise under 18 U.S.C. § 1961. Much of this conduct is also potentially criminal, providing avenues of impeachment. The following examples are instructive and demonstrate that the devices likely contain material information, justifying the production of the devices and accounts:

- Esparza accepted approximately $50,000 from Businessperson A to remain within Mr. Huizar's office and influence his behavior for Businessperson A's benefit, Ex. E (11/13/2018 Esparza 302) at 10;
- Chiang provided gifts to a different member of the Los Angeles City Council for the benefit of a different real estate developer, and provided additional benefits to that councilmember, Ex. F (8/14/2020 Chiang 302) at 2; and
- Kim and Esparza (but not Mr. Huizar) stood to profit from the sale of the 940 Hill property, Ex. G (4/4/2019 Kim 302) at 6.

While this conduct is referenced in the produced 302s, it reflects only a post-hoc description of the events. Contemporaneous communications are necessary to establish

1  that each of these individuals were working on their own behalf, in ways that were often
2  at odds with the alleged goal of ensuring Mr. Huizar's position of power. Given the "low
3  threshold" of Rule 16 materiality, the devices qualify. The Court should order their
4  production.³

## III. CONCLUSION

For the above reasons, Mr. Huizar respectfully requests that the Court order the government to produce the devices and accounts described in the prior Motion to Compel, ECF No. 381.

                                                                              Respectfully submitted,

                                                                              CUAUHTEMOC ORTEGA
                                                                              Federal Public Defender

DATED: October 26, 2022        By  /s/ Adam Olin
                                                                             CAREL ALÉ
                                                                              CHARLES SNYDER
                                                                              ADAM OLIN
                                                                              Deputy Federal Public Defender
                                                                              Attorney for JOSÉ LUIS HUIZAR

---

³ That the defendants are able to cite some items that would be present on the devices does not mean there is nothing "missing." *See* Ex. A at 38:14–16. Lacking appropriate access, defendants are left with only portions of the devices the government, which has focused on Mr. Huizar for a decade, believes to be "related to their investigation." *See, e.g.*, ECF 418-4 at 3 (Esparza consent to search). The defendants should not be required to accept the government's view of the appropriate scope of the case.

5