# EXHIBIT A

1            **UNITED STATES DISTRICT COURT**

2        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

3          **HONORABLE JOHN F. WALTER, U.S. DISTRICT JUDGE**

4

5    UNITED STATES OF AMERICA,        )
                                       )
6              PLAINTIFF,              )      CASE NO.
                                       )
7              vs.                     )      CR 20-326-JFW
                                       )
8    JOSE LUIS HUIZAR, et al.,         )
                                       )      PAGES 1 TO 57
9              DEFENDANTS.             )
     _____)

10

11

12

13                  REPORTER'S TRANSCRIPT OF
                        MOTION TO COMPEL
14                  MONDAY, APRIL 25, 2022
                          9:02 A.M.
15                  LOS ANGELES, CALIFORNIA

16

17

18

19

20

21

22
     _____
23
                **MIRANDA ALGORRI, CSR 12743, RPR, CRR**
24            FEDERAL OFFICIAL COURT REPORTER
              350 WEST 1ST STREET, SUITE 4455
25            LOS ANGELES, CALIFORNIA 90012
                 MIRANDAALGORRI@GMAIL.COM

1    before I rule?  Anything for the Government?

2              MS. DRAGALIN:  No, Your Honor.

3              THE COURT:  Defense?

4              MS. ALÉ:  Nothing else.

09:49AM   5              THE COURT:  The Government makes the -- I'm

6    sorry.  The Court makes the following ruling:

7              With respect to the witness and cooperator

8    devices, the defendants, as I indicated, seek imaged copies of

9    the digital devices for the nine cooperating defendants and

09:50AM  10   witnesses identified in their motion.  Specifically, the

11   devices at issue include forensic copies of imaged devices and

12   accounts for seven of these individuals that were searched

13   pursuant to search warrants.  Esparza also consented to the

14   search and imaging of three additional devices provided the

09:50AM  15   search was consistent with the scope of the original omnibus

16   search warrant that was issued in November of 2018.

17             Businessperson A's phone was searched and imaged

18   pursuant to a limited consent.  Moreover, the Government never

19   executed a search warrant or obtained consent to search and has

09:50AM  20   not searched the devices belonging to Mr. Morrie Goldman.  It,

21   therefore, does not have any forensic imaging of his devices or

22   accounts in his possession.

23             The Government contends the defendants fail to

24   establish that it has possession of the devices or that any

09:51AM  25   information contained therein would be material to their

1    defense.

2             As to possession, according to the 9th Circuit in

3    the *United States versus Bryan*, B-r-y-a-n, at 868 F.2d 1032, a

4    document is in the possession, custody, or control of the

09:51AM    5    Government if the prosecutor has knowledge of and access to the

6    documents sought by the defendant.

7             The Government originally obtained search

8    warrants for most of the digital devices and accounts at issue

9    in this motion.  The Government imaged and searched these items

09:51AM   10    for material that fell within the scope of the warrant and

11    later produced all of that data to the defendants.  The

12    Government utilized the same process with respect to the

13    devices imaged and searched pursuant to the consents.

14             The Government claims it no longer has legal

09:51AM   15    authority to further access and search any of these devices

16    because the warrants have expired and none of the individuals

17    have consented to any further searches or disclosure, and in

18    fact, counsel for those defendants or individuals have

19    submitted written objections which are attached to the

09:52AM   20    Government's opposition.

21             The Court rejects the defendants' contention that

22    the Government continues to have authority to either search the

23    devices again for discoverable material or simply turn them

24    over to the defendants.  The Court finds the district

09:52AM   25    court's -- district court case *United States versus Collins* at

1    409 F.Supp. 3d is instructive.  In *Collins* defendants asked the

2    Court to -- asked the Court to order the Government to search

3    an uncharged co-conspirator's nonresponsive iCloud data that

4    has been searched pursuant to a search warrant for *Brady* and

09:52AM    5    Rule 16 material.  The district court denied the motion because

6    the Government does not have the legal authority to go back and

7    search materials that are outside the scope of the search

8    warrant and thus did not have possession.

9          The Court noted that, as we have in this case,

09:53AM   10    the third party has a privacy interest in the data, the

11    Government obtained that data through the use of a search

12    warrant, and as a result of the Government's possession of and

13    ability to review that data was necessarily circumscribed by

14    the 4th Amendment.

09:53AM   15          Defendants attempted to distinguish *Collins* by

16    arguing that in that case, unlike here, the Government had

17    initially searched the data for potential *Brady* Rule 16

18    material.  The *Collins* court however specifically stated that

19    it found the defendant's argument legally flawed even if it

09:53AM   20    assumed that the Government's initial search pursuant to the

21    warrant was insufficient under *Brady* and Rule 16.

22          Like *Collins,* the basic premise of the

23    defendants' argument is that the *Brady* obligation somehow

24    trumps an individual's 4th Amendment rights, but in my view,

09:53AM   25    that's simply not the case.  The Court concludes that, because

the Government is without the requisite legal authority, it is
not in the possession of the data for discovery purposes.  The
Government's possession of the devices and the data that were
obtained by search warrant is necessarily circumscribed by the
4th Amendment nor have any of the individuals who own the
devices searched pursuant to the warrant consented to a further
review of their data.

        The Court arrives at the same conclusion with
respect to the devices that were searched and imaged pursuant
to the consent agreements.  The two individuals who consented
did so under specific limiting conditions.  Those conditions
circumscribed the Government's legal authority over the data,
devices, and accounts and do not authorize the wholesale
disclosure as sought in this case.

        Defendants also argue that the cooperation plea
agreements with the cooperating defendants establish the
Government's possession of the devices under *Brady* and Rule 16.
The defendants point out that the cooperating defendants
entered into plea agreements whereby they agreed to produce all
documents, records, and other tangible evidence relating to
matters about which the United States Attorney's Office may
require.

        In support of their argument, defendants cite
three district court cases concluding that the Government's
ability to require cooperating defendants to produce evidence

1    at its request may establish the requisite possession and

2    control over such evidence.

3             The Court declines to adopt the reasoning of

4    those cases under the circumstances of this case.  Defendants

09:55AM   5    are asking to examine the entirety of the individual phone and

6    e-mail accounts.  These items contain private, personal, and

7    highly sensitive data.  Indeed, the entirety of people's lives

8    in this day and age are typically reflected on their phones,

9    their messages, and e-mails.  A cooperating defendant does not

09:55AM   10   give up and, frankly, should not have to give up the right to

11   protect information of the most personal and private nature

12   when entering into a cooperation agreement with the Government.

13   This is especially true given that the defendants have failed

14   to show in any meaningful way that the information they seek

09:56AM   15   may be material to their defense.

16            As to materiality, a defendant must make a

17   threshold showing of materiality which requires a presentation

18   of facts that would tend to show that the Government is in

19   possession of information helpful to the defense.  Neither a

09:56AM   20   general description of the information sought nor conclusory

21   allegations of materiality suffice.

22            Defendants make a general claim that the

23   requested data on the devices and accounts is material because

24   it may contain information relating to interactions between

09:56AM   25   Esparza and Kim and other key figures that might allow

1    defendants to develop a defense that cooperators were acting on

2    their own behalf rather than on behalf of the alleged RICO

3    enterprise.

4              Defendants provide no specific information

09:56AM  5    regarding the other cooperating defendants and witnesses.  They

6    offer only a broad general allegation that, because the

7    Government's case stands or falls on the testimony of numerous

8    individuals engaged in varying levels of cooperation with the

9    Government, they're entitled to examine without limitation the

09:57AM  10   complete devices and accounts of each and every cooperating

11   witness.

12             The Court concludes that this showing is

13   speculative and falls well below that required to demonstrate

14   materiality.  Defendants have received voluminous and broad

09:57AM  15   discovery from these devices, yet fail to indicate with any

16   particularity what may be missing.

17             The Court agrees with the Government that what

18   the defendants really seek here is a fishing expedition into

19   each of the witnesses' and cooperating defendants' personal and

09:57AM  20   private information to which they are simply not entitled.

21             The next category, which is the witness and

22   cooperator communications, the Government represents it has

23   made broad disclosures and produced discovery beyond its

24   obligations in this case including reports of witnesses'

09:58AM  25   interviews, notes from these interviews, and text messages and