# EXHIBIT 2

| From: | Steve Meister |
|---|---|
| To: | Charles Snyder |
| Cc: | Natalie Degrati |
| Subject: | Re: Subpoena |
| Date: | Friday, October 21, 2022 2:18:05 PM |

Hi.  Thank you for your thoughts.  I'm mired in a homicide seminar the next two days, so I will get back to you early next week and I appreciate the chance to keep in touch.  Have a good weekend.

SM

Steve Meister, Esq.
MEISTER LAW OFFICES
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071
O:  213.293.3737
C:  213.840.4311


Sent from my iPad

> On Oct 20, 2022, at 12:24 PM, Charles Snyder <Charles_Snyder@fd.org> wrote:
>
> Steve,
>
> I think the Federal Public Defender's Office helicopter is occupied that day.  Thankfully, it's just a deadline to produce documents.  No personal appearance is required.  You can also produce the documents early if that makes it easier logistically.
>
> I appreciate your comments on the subpoena.  Here are my thoughts.
>
>   1.  To take the last part first, yes, all productions go to the Court.  Do not produce anything directly to us.  As far as redacting the recording, our position is that any privilege was waived when you voluntarily produced the recording to the government with a request to redact.  By doing that, you acknowledged that the recording contained privileged material, intentionally shared it outside of the privileged relationship, and thereby waived privilege.  The government has taken the same position for documents that Mr. Huizar's prior counsel shared with the government over which we later attempted to assert privilege.  Our authority for this point includes In re Pac. Pictures Corp., 679 F.3d 1121 (9th Cir. 2012) (holding that where, absent a Rule 502(d) order, a party voluntarily produces privileged materials to the government – even with an agreement that the materials will remain privileged as between them – that is a waiver as to third parties), and the government's argument at Docket No. 316 at 38:23-25, with which Judge Walter agreed.  If you have contrary authority on which you would be relying, please let us know.  Unless you have something we are not aware of, we don't think there would be a proper basis for redaction.
>
>   2.  I realize it can be hard to keep track given the number of filings and hearings, but I think there are several things going on here.  First, and most importantly, Judge Walter never said that we are not entitled to these documents.  Nor has the government.  The best evidence of that is the subpoena in your possession.  Judge Walter is a meticulous judge and is not issuing defense subpoenas on a whim.  We made a specific and detailed showing to him, requested a subpoena with three straightforward requests, and he granted it.  That's all that really matters.  But to briefly address your comments about prior litigation, I think two things are important to know.  First, you and the government are not on equal footing when it comes to disclosure.  Different rules and standards apply, as do different timelines.  The judge agrees that we have satisfied the standard for this subpoena, and that the documents should be produced now.  Second, Judge Walter previously denied our discovery motions without prejudice on two grounds: (1) when requesting communications with all counsel for all cooperators, we had not made a sufficiently specific showing, and (2) the government's deadline for producing Brady and Giglio material had not yet come.  In your case, we have made a specific and detailed showing about the course of your client's cooperation and the handling of the recording, which is why the subpoena request was granted by Judge Walter.  Whether, at some point

in the future, the government ends up producing overlapping documents is immaterial to your obligation to comply. Complying with this request should be straightforward as it involves searching your and your client's emails, texts and app-based communications, voicemails, and recordings for items involving a member of the prosecution team and turning over the results.

>

>   3. I believe that your understanding is correct.  For this request, we are seeking "notes or other documents reflecting or memorializing communications involving you and/or Morrie Goldman and any member of the prosecution team."  Just to provide an example, let's say you were talking to Veronica Dragalin on the phone, Veronica was outlining what she thought your client knew before or after a proffer, and you were taking notes during the call; or, after the first proffer, Mack Jenkins or Brandon Fox called you and said that they believed that your client had lied, that he would be charged with lying if he didn't immediately come back in and correct his statements, and you wrote those things down; or, during a meeting with Agent Civetti, Mr. Goldman took notes on his phone about what the government wanted him to say.  As a general matter, I don't think there is a colorable argument that your notes about what the prosecutors or agents said to you or your client are protected by attorney work product.  They are not your opinions and mental impressions; they are statements made to you by government prosecutors and agents.  With that said, to the extent that you added your mental impressions to the notes, we would agree that those can be redacted.  If you have specific examples where you think this might apply, let's set up a time in the next few days to meet and confer and see if we can work it out.  I'll do my best to work around your schedule.

>

> Thanks,

>

> Charles J. Snyder

> Deputy Federal Public Defender

> 321 E. 2nd St. | Los Angeles, CA 90012

> 213.894.4407

>

> -----Original Message-----

> From: Steve Meister <steve@meisterlawoffices.com>

> Sent: Wednesday, October 19, 2022 6:49 PM

> To: Charles Snyder <Charles_Snyder@fd.org>

> Cc: Natalie Degrati <Natalie_Degrati@fd.org>

> Subject: Subpoena

>

> Hello.  In response to the subpoena, item by item:

>

> 1.    Tape recording (it's digital) - I will make a copy.  A portion of it is just between my client and me, so that's privileged and I will redact that portion only.  I should be able to get this to the Court before November 1; if it's getting tight time-wise I will let you know beforehand, and I appreciate your previous email reference to some flexibility on your part as I endeavor to comply.  I assume it's your expectation that whatever I produce will be delivered directly to the Court, correct?

>

> 2.    I've been following the PACER entries in the case, and from what I can tell, this subject was already extensively litigated between you and the USG, discovery was provided informally to you by the USG responsive to what I'm assuming was your informal request or pursuant to Brady, etc., you filed a motion to compel, the Court heard and denied the motion.  It seems to me this item is covered entirely by the previously denied defense motion to compel, and that if there is any ongoing discovery of this nature to provide, the USG has it and must provide it to you, right?  I can't think of anything I have by way of communications with the USG, that the USG does not.

>

> 3.    At first I thought this item was sort of duplicative of Item 2, but on closer examination if I'm reading it right, it calls for my own notes to myself about my communications with the USG.  How would that not be work product?  Am I interpreting this request correctly?  If I'm misunderstanding please let me know; I'm glad to comply with any request I think is proper and provide whatever might be required under the subpoena.  This item leaves me scratching my head, though.

>

> Finally, in terms of November 1, I think I mentioned in an email to you earlier this week that I will be in Lancaster/Antelope Valley court at 10:00 a.m. that morning for a sentencing hearing.  There's no way I can be downtown by noon unless you let me borrow your helicopter (and pilot).  If we're only talking about a production

deadline, please confirm by email back to me that you do not require my appearance.  The subpoena as worded calls for a personal appearance, again if I'm reading it right.

>

> Please let me know if there's anything you'd like to discuss.  You can email, or my mobile is 213 840 4311.

Thank you and kind regards,

>

> Steve

>

> Steve Meister, Esq.

> MEISTER LAW OFFICES

> 515 S. Flower Street, Suite 1800

> Los Angeles, CA 90071

> O:  213.293.3737

> C:  213.840.4311

>

> Sent from my iPad