# EXHIBIT 4

| | |
|---|---|
| **From:** | Charles Snyder |
| **To:** | Jenkins, Mack (USACAC) |
| **Cc:** | Natalie Degrati; Palmer, Cassie (USACAC) 2; Cuauhtemoc Ortega; Carel Ale; Adam Olin |
| **Subject:** | RE: Meister Subpoena |
| **Date:** | Tuesday, November 1, 2022 11:46:39 AM |

Mack,

I'm also not sure about the source of confusion since the subpoena was clear and publicly filed, and the government did not object at any point in the eight months between filing and issuance, including when it recently had (and took) a chance to interpose late objections last month. Based on your email, it appears that you spoke with a cooperator's lawyer and now intend to interfere with a defense subpoena, for which you continue to lack standing and after the time for compliance has passed, in order to protect your nonprivileged communications with the cooperator's counsel. I think this is highly inappropriate. We made a specific and detailed showing to support this subpoena, and Judge Walter, who has scrutinized defense subpoenas closely, granted our request.

As for your own compliance with **Rule 16**, along with Brady and Giglio, that's a separate matter governed by separate standards and timelines. When Judge Walter denied our earlier motions to compel all communications with all counsel, he did so because we had not made a sufficiently-specific showing, and because your deadline for compliance hadn't come. He didn't render the communications off limits. Here, we have made a sufficiently detailed showing about the course of Goldman's cooperation and the handling of the recording, which is why the subpoena was rightly granted.

At a certain point, I have to ask: why is everyone so resistant us seeing what the government said to the cooperators? In the case of Scheme M, for example, Goldman is the government's case. His statements to the government underwent a significant shift in the government's preferred direction over a short period of time. Anything that was said to him that may have influenced his testimony, either intentionally or not, is material to our defense. Meister's response confirms that the communications occurred and that responsive materials exist. The things we are asking for aren't privileged. I really don't see where the legitimate pushback is coming from.

Thanks,

Charles J. Snyder
Deputy Federal Public Defender
321 E. 2nd St. | Los Angeles, CA 90012
213.894.4407

---

**From:** Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>
**Sent:** Tuesday, November 1, 2022 10:04 AM
**To:** Charles Snyder <Charles_Snyder@fd.org>
**Cc:** Natalie Degrati <Natalie_Degrati@fd.org>; Palmer, Cassie (USACAC) 2 <Cassie.Palmer@usdoj.gov>
**Subject:** RE: Meister Subpoena

[Removing Steve] Hi Charles – I have been distracted a bit on a few matters but wanted to circle back on this and clarify.  I am not sure the source of the confusion but until I spoke with Steve I was under the impression this subpoena was just for the recording that we discussed several times.  So our position I provided you recently after 8 months of the subpoena pending was incomplete as it only related to that item.  As we have previously litigated and discuss on many other occasions, we object to you obtaining our emails with other counsel absent it being Brady/Giglio, and think the proper route to obtain them is through discovery and/or motion to compel, which you have now filed twice.  I understand the Court has nevertheless authorized your subpoena and that your application included that specific item.  But just wanted to give you a heads up that we are going to file an objection and response that corrects the record on our position for the additional item No.2 that you provided and for which we have standing.   To be clear, not saying you did/got anything wrong, but unfortunately there was certainly a disconnect on our end.

**From:** Charles Snyder <Charles_Snyder@fd.org>
**Sent:** Wednesday, October 26, 2022 5:05 PM
**To:** Stephen Meister <steve@meisterlawoffices.com>; Natalie Degrati <Natalie_Degrati@fd.org>
**Cc:** Jenkins, Mack (USACAC) <MJenkins@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Meister Subpoena

Hi, Steve.

Thanks for your response.

For point 1, we provided you with our authority.  For points 2 and 3, the Court order is the subpoena, as I mentioned in our earlier correspondence.  We remain open to meeting and conferring about any of these issues to avoid burdening the Court with litigation, but it's our understanding that you understand our position, and simply disagree.  If you decide that you want to talk about these issues further, we remain open to discussion.

As far as payment, to the extent that it is appropriate for the Court to pay the costs of compliance, we would of course have no problem with that.  We also have no problem with you including Mr. Jenkins in our correspondence, but note that this is a defense subpoena that the government does not have standing to challenge, so his role at this point should be pretty limited.

Thanks,

Charles J. Snyder
Deputy Federal Public Defender
321 E. 2nd St. | Los Angeles, CA 90012
213.894.4407

**From:** Steve Meister <steve@meisterlawoffices.com>
**Sent:** Wednesday, October 26, 2022 4:21 PM
**To:** Charles Snyder <Charles_Snyder@fd.org>; Natalie Degrati <Natalie_Degrati@fd.org>

**Cc:** Mack Jenkins <mack.jenkins@usdoj.gov>
**Subject:** Meister Subpoena

Hi, Charles.

In response to your last email, please see below.  I'm copying the USG on this because in terms of logistics depending on what the Court does, I will ask for both sides' support in my request that the Court allot funds to compensate me for the time I anticipate it will take to search, copy and send material.

To the substance of the subpoena:

1. **Audiotape recording with the USG:**  I do not believe I have waived privilege as to the tape recorded conversation with my client, because if I did not send the recording by email to the USG, then the USG is not in possession of anything, and even if, for the sake of discussion, I did send an email of the recording (as an attachment), the USG would have been instructed not to review the privileged portion.  I will produce a copy of the recorded conversation with the USG but I cannot produce the privileged portion.  At this point I still anticipate being able to deliver a redacted copy at the courthouse by November 1; I will let you know if I encounter any logistical delays and need a little more time.

2. **Emails with the USG**: As we discussed, I understand that the materials you are requesting were covered by the prior motion to compel, which the Court denied.  I was not notified by your office that material in my possession would be the subject of a hearing, so I was not present at the hearing on the motion.  It seems to me this is an issue between you and the USG in ongoing discovery.  Absent a Court order I will not produce the items listed in #2 of the subpoena.  Please note as I indicated above that if the Court orders production, I ask for your and the USG's support in funding the work it will require to produce the material.

3. **Notes of my calls with the USG**:  I still believe that my notes of my calls or communications with the USG are my work product, and it would be harmful to the representation of my clients if I were required to produce them.  In fact, it would have a chilling effect on my representations in the future, because I would have to consider whether to write things down whenever I represent a potential cooperating witness, and that could compromise my ability to represent my clients.  Absent an order of the Court, I am not willing to produce them.

Finally, if you should decide to file a motion in response, I would appreciate the consideration of a call or email from your office before you request a hearing date, so that I may look at my calendar and together we can clear a date and time.  Webex only makes me seem ubiquitous.

Thank you for your correspondence.  Kind regards,

Steve

Steve Meister, Esq.

MEISTER LAW OFFICES
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071
O:  213.293.3737
C:  213.840.4311

Sent from my iPad