CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
CHARLES SNYDER (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4740
Facsimile: (213) 894-0081

Attorneys for Defendant
José Luis Huizar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE LUIS HUIZAR, *et al.*,<br><br>    Defendants. | Case No. 20-CR-0326-JFW<br><br>**NOTICE OF NEW AUTHORITY RE JOSE HUIZAR'S MOTION TO VACATE COURT'S *SUA SPONTE* ORDER PROHIBITING DEFENSE TEAM CONTACT WITH JURORS ABSENT A COURT ORDER, ECF NO. 704,** |

    Defendant José Luis Huizar, by and through his counsel of record, files this notice of new authority related to his Motion to Vacate Court's *Sua Sponte* Order Prohibiting Defense Team Contact with Jurors Absent a Court Order, ECF No. 704.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: November 3, 2022      /s/ *Carel Alé*
Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for Jose Luis Huizar

On November 2, 2022, the court in *Arizona Attorneys for Criminal Justice v. Doug Ducey*, No. CV 17-1422-SPL (D. Ar.), held that an Arizona statute that prohibited only defense counsel and those working with the defense team from speaking directly to victims violated the First Amendment. Decl. of Counsel, Ex. A. The Court's *sua sponte* Order at issue in this case, ECF No. 600, like the Arizona statute, limits only the defense team and is not narrowly tailored nor the least restrictive means to achieve a legitimate interest.

The Arizona court explained that such a restriction regulates speech, not conduct:

> the Statute targets the expression of certain speakers: criminal defense attorneys and those working with them. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011) (finding a statute "impose[d] more than an incidental burden on protected expression" where it did "not simply have an effect on speech, but [was] directed at certain content and [was] aimed at particular speakers."). The fact that the Statute restricts only the defense team's communications and not the prosecution's underscores that it is not a regulation of professional conduct because it does not apply to attorneys in general but rather to attorneys who represent criminal defendants. In other words, the Statute regulates attorneys not based on the fact that they are attorneys but based on who they represent. A statute that does not regulate attorneys equally even within a single case—and in fact, favors one attorney over another by requiring the defense to communicate with the victim through the prosecutor—cannot be said to be a regulation of attorneys' professional conduct. *See NIFLA* [*v. Becerra*], 138 S. Ct. [23611] at 2374 [2018].

*Arizona Attorneys for Criminal Justice*, No. CV 17-1422-SPL, ECF No. 269 (Findings of Facts and Conclusions of Law), 29 at ¶8.

Further and similar to the Court's *sua sponte* order, the court found that the Arizona statute is not narrowly tailored,

> Even if the Statute has a plainly legitimate sweep with respect to speech that is harassing, intimidating, or abusive, that is but a fraction of what the Statute covers. *See supra* Findings of Fact ¶ 39–40. Given that the Statute covers all defense-initiated contact with victims in ongoing proceedings, it is plain that "the presumptively impermissible applications . . . far outnumber any permissible ones." [*United States v.*] *Stevens*, 559 U.S. [460] at 481 [2010] (holding that a statute prohibiting depictions of animal cruelty was facially invalid where it covered protected expression including hunting magazines and videos).

*Arizona Attorneys for Criminal Justice*, No. CV 17-1422-SPL, ECF No. 269 47 at ¶39.

1

1 | Huizar respectfully submits this new authority in support of his previously filed Motion to Vacate the Court's *Sua Sponte* Order Prohibiting Defense Team Contact With Jurors Absent a Court Order, ECF No. 704.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: November 3, 2022.   /s/ *Carel Alé*
Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for Jose Huizar