E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:20-326(A)-JFW-1, 2 |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING DISCLOSURE OF TAX RETURNS AND INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CASSIE D. PALMER |
| v. | |
| JOSE LUIS HUIZAR, RAYMOND SHE WAH CHAN, | |
| Defendants. | [No Hearing Requested] |
| | Trial Date: February 21, 2023<br>Time: 8:00 a.m.<br>Place: Courtroom of the Hon. John F. Walter |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins,

Cassie D. Palmer, and Susan S. Har, hereby files an ex parte for an order permitting disclosure of tax return and return information relating to defendant JOSE LUIS HUIZAR ("HUIZAR") (collectively, "HUIZAR tax materials"), which the United States Attorney's Office has in its possession.

Specifically, the government requests that the Court issue an Order authorizing the government to produce the tax materials to defendants HUIZAR and RAYMOND SHE WAH CHAN, and any other co-defendants who request such materials and for which the government deems the materials discoverable, for the parties' use in any proceedings in this case, including at trial.

The government also seeks an order designating the tax materials as "Sensitive Materials," pursuant to the Protective Order issued in this case on August 3, 2020, which governs the handling and dissemination of sensitive information. (See Dkt. No. 47.)

This Application is brought pursuant to 26 U.S.C. § 6103(i)(1) & (i)(4), the files and records of this case, and such further evidence and argument as the Court may request regarding on this application.

The government is filing this Application with this Court, instead of with the duty Magistrate Judge, because this Court has

//
//

previously issued orders relating to the disclosure of tax returns in this case, and the trials in this matter are scheduled before this Court.

Dated: November 7, 2022           Respectfully submitted,

                                          E. MARTIN ESTRADA
                                          United States Attorney

                                          SCOTT M. GARRINGER
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          */s/ Cassie D. Palmer*
                                          MACK E. JENKINS
                                          CASSIE D. PALMER
                                          SUSAN S. HAR
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants JOSE LUIS HUIZAR ("HUIZAR") and RAYMOND SHE WAH CHAN ("CHAN") are joined for trial, which currently is scheduled to begin on February 21, 2022. The government has alleged that defendants HUIZAR and CHAN engaged in a pay-to-play bribery scheme involving real estate developers who had development projects in Los Angeles. As relevant to this Application, defendant HUIZAR is charged with, among other charges, violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy ("RICO"); 18 U.S.C. §§ 1341, 1343, 1346: Honest Services Mail and Wire Fraud; and 26 U.S.C. § 7201: Attempting to Evade and Defeat the Assessment and Payment of Income Tax. Defendant CHAN is jointly charged with HUIZAR in the RICO conspiracy and several of the honest services fraud counts. With respect to the RICO conspiracy and honest services fraud counts, the government alleges that defendant HUIZAR attempted to conceal the benefits he received from developers by, among other things, failing to report those financial benefits on his tax returns.

In investigating this conduct and preparing for trial in this matter, the United States Attorney's Office for the Central District of California ("USAO") has obtained copies of defendant HUIZAR's tax returns and return information from the Internal Revenue Service for the years 2014, 2015, 2016, and 2017 (collectively, the "HUIZAR tax materials").

Pursuant to the government's discovery obligations, the government seeks an order authorizing disclosure of the HUIZAR tax materials to counsel for defendants HUIAZAR and CHAN. The Court may issue an order authorizing such disclosure to the extent (1) the

materials are "probative of a matter in issue relevant to establishing the commission of a crime or the guilt . . . of a party," see 26 U.S.C. § 6103(i)(4)(A)(i), or (2) disclosure is required to comply with the government's discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3500 (the Jencks Act).  See 26 U.S.C. § 6103(i)(4)(A)(ii). Moreover, the government is required to produce, as a matter of course, all materials that may be exculpatory, pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

Out of an abundance of caution, the government also seeks an order permitting disclosure of the HUIZAR tax materials to counsel for the other co-defendants in this case, to the extent the materials are requested by that defendant and the government determines the materials are discoverable as to that defendant.  The Court may authorize such disclosure pursuant to 26 U.S.C. §§ 6103(i)(4)(A)(i) and (ii) for the reasons stated above.

Based on the foregoing, the government respectfully requests that the Court grant this application and enter an order that:

    a.   The government may produce copies of the HUIZAR tax materials to counsel for defendants HUIZAR and CHAN.

    b.   The government may produce copies of the HUIZAR tax materials to counsel for any other defendant in the case, to the extent that defendant requests the materials, and the government determines the materials are discoverable as to that defendant.

    c.   The HUIZAR tax materials shall be treated as "Sensitive Materials," pursuant to the Protective Order issued in this case on August 3, 2020.  (See Dkt. No. 47.)

    d.   The government and the defense may disclose the

HUIZAR tax materials in any court proceeding relating to this case, including at trial, subject to the provisions for filing and publishing documents contained in the Protective Order and the Local Rules of the Central District of California.

On October 28, 2022, counsel for the government emailed counsel for defendants regarding this Application.  That same day, counsel for defendants HUIZAR, 940 HILL, LLC/DAE YONG LEE, and SHEN ZHEN NEW WORLD I, LLC, informed the government that they do not object to the <u>ex parte</u> nature of the Application.  (Palmer Decl. ¶ 5.)  As of the date of this filing, counsel for defendant CHAN has not responded.