E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSÉ LUIS HUIZAR, et al., <br><br> Defendants. | No. CR 2:20-326(A)-JFW-1 <br><br> OPPOSITION TO DEFENDANT JOSÉ LUIS HUIZAR'S RENEWED NOTICE OF MOTION AND MOTION TO COMPEL COOPERATOR AND WITNESS DEVICES <br><br> Hearing Date: November 28, 2022 <br> Hearing Time: 8:00 AM <br> Location:    Courtroom of the Hon. of the Hon. John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, and Susan S. Har, hereby files its opposition to defendant José Luis Huizar's renewed motion to compel the production of cooperator devices and accounts. (Dkt. 762.)

This opposition is based upon the attached memoranda of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 9, 2022          Respectfully submitted,

                                        E. MARTIN ESTRADA
                                      United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                      */s/ Cassie D. Palmer*
                                      MACK E. JENKINS
                                      CASSIE D. PALMER
                                      SUSAN S. HAR
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND BACKGROUND**

Defendant José Luis Huizar ("Huizar") has filed a renewed motion to compel the production of cooperator devices and accounts ("Renewed Motion to Compel"). (Dkt. 762.) The Court has previously ruled on this issue, and nothing in the Renewed Motion to Compel disturbs that ruling or compels reconsideration. The Court should deny the Renewed Motion.

In March 2022, all defendants, including defendant Huizar, moved to compel the government to produce, among other things, full forensic copies of certain individuals' digital devices and accounts, invoking the government's obligations under Rule 16 and Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, even though the government had already turned over the contents of the various devices and accounts responsive to warrants and/or consents authorizing the searches of those devices and accounts. (Dkt. 381 at 9-10.)[1] The government opposed the motion, arguing that: (1) it had no legal authority or access to the individuals' devices or accounts beyond the scope of limited consents or the search warrants, and consequently, the unseized data on the devices and accounts was not within the government's possession, custody, or control, and (2) in any event, defendants had failed to make a threshold showing of materiality regarding the information sought. (Dkt. 418 at 8-9, 16-28).

---

[1] Specifically, defendants sought "[e]xact duplicate forensic copies of the imaged devices and email, cloud storage, or any accounts in the government's possession, belonging to: (1) George Esparza, (2) Justin Kim, (3) Ricky Zheng, (4) George Chiang, (5) Businessperson A, (6) Shawn Kuk, (7) John Carlin, (8) Morrie Goldman, and (9) Executive M." (Id. at 2.)

After hearing oral argument from the parties on April 25, 2022, the Court rejected defendants' motion to compel.  (See Dkt. 436.)  Regarding possession, the Court "reject[ed] the defendants' contention that the Government continues to have authority to either search the devices again for discoverable material or simply turn them over to the defendants," (Hearing Tr. at 34:21-24 (April 25, 2022)), because the government's possession of the data "is necessarily circumscribed by the Fourth Amendment," and none of the individuals consented to a further search of their data.  (Id. at 36:2-14.)  Regarding materiality, the Court noted that defendants had "offer[ed] only a broad general allegation that, because the Government's case stands or falls on the testimony of numerous individuals engaged in varying levels of cooperation with the Government, they're entitled to examine without limitation the complete devices and accounts of each and every cooperating witness." (Id. at 38:6-14.)  The Court concluded that "this showing [was] speculative and f[ell] well below that required to demonstrate materiality."  (Id. (emphasis added.)  Ultimately, "the Court agree[d] with the Government that what the defendants really seek here is a fishing expedition into each of the witnesses' and cooperating defendants' personal and private information to which they are simply not entitled."  (Id. at 38:17-20 (emphasis added).)

**II.  ARGUMENT**

Defendant Huizar now argues that "further case developments" undermine the "three core premises" upon which the Court based its prior ruling.  (Renewed Mot. at 1.)  Not so.

The first "new case development" defendant cites is George Esparza's testimony at the trial of defendants 940 Hill LLC and Dae

2

Yong Lee that he "gave [the government] full consent to go through [his] phones without restriction." (Trial Tr. 1188:12-15 (June 21, 2022).) Of course, this is not a "new case development" at all, but merely Esparza's (incorrect) understanding of the terms of his cooperation plea agreement and limited consent to search certain of his devices. As a preliminary matter, defendant Huizar's citation to this single sentence from the Esparza's testimony is misleading in several respects. First, although Esparza answered, "That's correct" to defense counsel's question, his testimony about the limited consent to search his devices did not end there. Esparza confirmed that the government was permitted to "go through" his phones to "find what they need <u>relevant to their investigation</u>." (Trial Tr. 1190:3-11 (emphasis added).) In other words, this additional testimony reflects that the scope of Esparza's consent was and always has been limited to the government's seizure items relevant to the investigation (that is, evidence within the scope of the search warrant), which is what the government represented to him. Second, as the government noted previously, prior to Esparza handing over his devices to the government, Esparza agreed "to turn over the cell phones and consent to their search and seizure <u>consistent with the parameters of the underlying warrant</u>" that applied to devices seized by the government pursuant to a search warrant, "and no more." (Dkt. 418-4 at 2 (emphasis added).) Thus, whether Esparza misunderstood defense counsel's question, misspoke, or misapprehended the terms of his agreement with the government does not change the fact that his consent was and always has always been a limited one consistent with the government's obligations to comply with the Fourth Amendment: in other words, subject to the scope of the search warrant.

3

Esparza's testimony is not grounds for reconsideration. Cooperator plea agreements, limited consents, and the scope of the waivers therein were discussed at length in the prior motion practice on this issue. The government noted then, and it is worth repeating now, that it has searched cooperators' devices <u>only within</u> the scope of the search warrants and limited consents provided (which themselves were subject to the scope of the search warrants). (Dkt. 418 at 1, 10-11, 18-20.) It is not (and could not be) the case that every defendant who signs a cooperation plea agreement with the government is effectively punished by making an unlimited agreement to turn over to any other defendant in the case, upon any request, cell phones, email accounts, bank account information, medical records, or other highly personal data for which no showing of materiality has been made. The Court correctly ruled that the government's possession of cooperator devices "is necessarily circumscribed by the Fourth Amendment." (Hearing Tr. at 36:2-14 (April 25, 2022).) Importantly here, Esparza (1) has never consented to an unlimited search of his devices by anyone, including by the government; and (2) has specifically objected to defendants' unfettered access to the totality of his devices. (Dkt. 418-4 at 2.)

The second and third "case developments" are similarly unavailing. These "new case developments" relate to two witnesses' limited consents to search their devices beyond the <u>temporal</u> limits of the original search warrants/consents. (Renewed Mot. at 2-3, Exs. C (Ricky Zheng) & D (George Chiang).) Of course, defendant ignores that these limited consents did not *expand* the scope of *the content* to be searched or seized by the government. In fact, in the case of Ricky Zheng, the limited consent <u>significantly circumscribed the</u>

4

scope, that is, it permitted search and seizure only of communications between Zheng and Wei Huang.  (Renewed Mot., Ex. C.)  In other words, these consents were "necessarily circumscribed by the Fourth Amendment."  Moreover, as with Esparza, these two witnesses have objected to the defense's unfettered access to the entirety of their devices.  (Dkt. 418-6 (Chiang); 418-7 (Zheng).)  Accordingly, the entire contents of these devices are not within the government's possession custody, control, or control.

Thus, defendant Huizar has failed to establish, once again, that he is entitled to access the entire personal phones and personal email accounts of these individuals.

Finally, nothing in the Renewed Motion changes the materiality analysis.  "To receive discovery under [Rule 16], the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense."  United States v. Doe, 705 F.3d 1134, 1150 (9th Cir. 2013) (citations omitted).  Defendant Huizar cites three examples he claims justify the production of the entirety of the devices and accounts.  (Dkt. 762 at 9.)  First, all relate to benefits to public officials and accordingly would have been evidence that fell within the scope of the search warrants/limited consents and accordingly would have been seized.  Second, these "general description[s] of the information sought" and "conclusory allegations of materiality" are insufficient to satisfy the threshold for materiality.  See United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990).  Third, these examples appear to be for impeachment purposes only.  But "requests which are designed to generally cast for impeachment material ... are not

5

material. Such requests are simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." <u>United States v. Liquid Sugars</u>, 158 F.R.D. 466, 472 (E.D. Cal. 1994). Failing to articulate materiality, what defendant Huizar actually seeks by this renewed motion is a renewed fishing expedition into each of the witnesses' and cooperating defendants' personal and private information to which Huizar simply is not entitled. Thus, defendant Huizar still falls "well short" in making a threshold showing of materiality.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant Huizar's Renewed Motion to Compel (CR 762).