E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOSE LUIS HUIZAR,<br>RAYMOND SHE WAH CHAN,<br>　aka "She Wah Kwong,"<br><br>　　　　　Defendants. | No. 2:20-CR-326-JFW-1, 2<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** 02/21/2023<br>**PROPOSED TRIAL DATE:** 04/25/2023 |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, and Susan S. Har, and defendants JOSE LUIS HUIZAR and RAYMOND SHE WAH CHAN, both individually and by and through their respective counsel of record, hereby stipulate as follows:

1. The Indictment in this case was filed on July 30, 2020, charging only defendant HUIZAR. Defendant HUIZAR first appeared before a judicial officer of the court in which the charges in this case were pending on June 23, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant HUIZAR commence on or before October 8, 2020.

2. The First Superseding Indictment in this case was made public on December 1, 2020, and charged defendants HUIZAR, CHAN, SHEN ZHEN NEW WORLD I, LLC ("SZNW"), DAE YONG LEE, and 940 HILL, LLC ("940 HILL") (collectively, "defendants"). Defendant CHAN first appeared before a judicial officer of the court in which the charges in this case were pending on December 1, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant CHAN commence on or before February 9, 2021.

3. Defendants HUIZAR and CHAN are released on bond pending trial. The government estimates that its case-in-chief, including estimated cross examination, in this matter will last approximately 25-30 trial days. At this juncture, the defendants have not determined whether they will present a defense and, if so, how long their case(s) will take. Defendants HUIZAR and CHAN are joined for trial and a severance has not been granted.

4. On August 5, 2020, the Court set a trial date for defendant HUIZAR of September 29, 2020. The Court continued the trial date for defendant HUIZAR from September 29, 2020 to June 22, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. On December 14, 2020, the Court set a trial date of June 22, 2021 for defendant CHAN.

6. On January 27, 2021, pursuant to the parties' stipulated request, the Court vacated the trial date of June 22, 2021 for all defendants, and found the interim period between the initial appearance of defendant CHAN and June 22, 2021, to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

7. On May 13, 2021, pursuant to the parties' stipulated requests, the Court set a trial date of May 24, 2021, set specific pretrial deadlines, and found the period of June 22, 2021 to May 24, 2022, inclusive, as to defendants HUIZAR and CHAN to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

8. On February 2, 2022, at defendants HUIZAR and CHAN's request, and with the government's agreement, the Court continued the trial in this case from May 24, 2018 to October 18, 2022, and found the period of May 24, 2018 to October 18, 2022, inclusive, to be excluded as to defendants HUIZAR and CHAN in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

9. On April 27, 2022, at defendant HUIZAR's request, at defendant CHAN's partial request and partial objection, and with the government's agreement, this Court continued the trial in this case from October 18, 2022 to February 21, 2023, and found the period of October 18, 2022 to February 21, 2023, inclusive, to be excluded as to defendants HUIZAR and CHAN in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

10. The government has completed two of the three severed trials in this matter: defendants LEE/940 HILL (06/14/22), and

3

defendant SZNW (10/27/22). Defendant Wei Huang remains a fugitive. Accordingly, the trial of defendants HUIZAR and CHAN is the final trial scheduled in this matter. On October 21, 2022, at the pretrial conference for the SZNW trial, the Court discussed trial scheduling and invited the parties to discuss a brief continuance of the HUIZAR/CHAN trial. Accordingly, the parties met and conferred on this topic on multiple occasions and ultimately agreed on the below proposal.

11. By this stipulation, defendants HUIZAR and CHAN move to continue the trial date to April 25, 2023. Defendants HUIZAR and CHAN and the government jointly request to set the following additional dates (with Court hearings appearing in **bold**):

| Event | Proposed Date |
|---|---|
| Govt Witness List | 12/16/2022[1] |
| Govt Exhibit List & Exhibits | 12/16/2022 |
| Exchange Joint MIL Motions | 01/02/2023 |
| Conference re: Exhibit List | 01/17/2023 |
| Brady/Giglio | 02/03/2023 |
| Exchange Joint MIL Oppositions | 01/30/2023 |
| Govt Jencks Statements | 02/28/2023 |
| Exchange Joint MIL Replies | 02/16/2023 |
| Joint MILs (filing) | 02/16/2023 |
| Govt Charts & Summaries | 03/10/2023 |
| Joint Pretrial Exhibit Stipulation | 03/21/2023 |
| **Hearing re: MIL** | **03/17/2023** |
| Final Transcripts & Translations | 03/24/2023 |
| Government's Proposed Joint Statement of Case (draft to defense) | 04/05/2023 |
| Expert Offer of Proof | 04/11/2023 |

---

[1] The parties complied with all prior deadlines to date, including the government's production to the defense of the Government Witness List and Government Exhibit List and Exhibits, both on 10/17/22, and the parties' exchange of Joint Motions in Limine (six defense MILs and two government MILs) on 11/08/22.

4

| | |
|---|---|
| Government's Proposed Jury Instructions (draft to defense) | 04/11/2023 |
| Joint Statement of Case | 04/12/2023 |
| Proposed Voir Dire | 04/13/2023 |
| **Pretrial Conference** | **04/14/2023** |
| Govt Trial Brief | 04/17/2023 |
| Jury Verdict Form | 04/17/2023 |
| Jury Instructions | 04/17/2023 |
| Defense Jencks Statements | 04/17/2023 |
| Defense Charts & Summaries | 04/17/2023 |
| Defense Witness List | 04/17/2023 |
| Defense Exhibit List | 04/17/2023 |

12. Defendants HUIZAR and CHAN request a continuance of the current trial date based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant HUIZAR is charged with violations of 18 U.S.C. § 1962(d) (Racketeer Influenced and Corrupt Organizations Conspiracy); 18 U.S.C. §§ 1341, 1343, 1346 (Honest Services Mail and Wire Fraud); 18 U.S.C. § 1952(a)(3) (Interstate and Foreign Travel in Aid of Racketeering); 18 U.S.C. § 666(a)(1)(B) (Bribery Concerning Programs Receiving Federal Funds); 18 U.S.C. § 1956(a)(1)(B)(i), (a)(2)(B)(i) (Money Laundering); 18 U.S.C. § 1014 (False Statements to a Financial Institution); 18 U.S.C. § 1001(a)(2) (Making False Statements); 31 U.S.C. § 5324(a)(3) (Structuring of Currency Transactions to Evade Reporting Requirements); 26 U.S.C. § 7201 (Attempt to Evade and Defeat the Assessment and Payment of Income Tax). Defendant CHAN is charged with violations of 18 U.S.C. §§ 1962(d) (Racketeering Conspiracy), 1343, 1346 (Honest Services Wire Fraud), 666 (Federal Program Bribery), and 1001 (False Statements).

b. The discovery produced to date includes over 2,068,000 pages of written documents (including reports, e-mails, third-party productions, and wire linesheets), over 93,000 files of intercepted wire sessions, including audio and data files. In addition, the productions included extraction reports for over a dozen digital devices, over 260 hours of audio recordings in addition to intercepted wire sessions, pen register data for over two dozen phones, GPS phone tracker data for multiple devices, and dozens of pleadings for wiretap applications, search warrants, cell site and GPS warrants, and pen registers. The government currently anticipates producing additional discovery (including audio recordings of more recently conducted FBI interviews), and will continue to produce discovery that is generated as part of trial preparation during the pendency of this case.

c. Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

d. Counsel for defendant HUIZAR presently are scheduled to be in the following trials:

i. Cuauhtemoc Ortega: (1) <u>United States v. Matthew Taylor Coleman</u>, CR 21-2627-CAB (Southern District of California), a case alleging foreign first-degree murder of United States nationals, scheduled for a trial-setting conference on December 2, 2022; (2) <u>United States v. Luis Alfredo De La Rosa Rios, et al.</u>, CR 22-20-PA, a case alleging violent crime (murder) in aid of racketeering, set for

trial on July 18, 2023, which is estimated to last approximately one week.

ii. Carel Ale: (1) United States v. Marcus Jamal Sanchez (aka Marcus J. Buchanan), CR 22-275-JLS, an arson trial set to begin on December 13, 2022, which is estimated to last approximately four days; (2) United States v. Mohammed Merghani Marzook, CR 22-336-MWF, a theft-of-government-property trial set to begin February 7, 2023, which is estimated to last approximately two days; (3) United States v. Luis Ernesto Barragan, CR 22-304-DSF, a child pornography production trial set to begin April 25, 2023, which is estimated to last approximately four days.

iii. Charles Snyder: (1) United States v. Bray, CR-22-269-GW, a one-defendant criminal-threats trial set to begin November 15, 2022, which is estimated to last approximately two days; (2) United States v. Power, CR-20-39-FMO, a one-defendant anti-kickback trial set to begin on December 6, 2022, which is estimated to last approximately four days; (3) United States v. Smith, CR-19-681-AB, a one-defendant child pornography-possession trial set to begin December 6, 2022, which is estimated to last approximately two days; (4) United States v. Abel Garcia, CR-20-225-DSF, a three-defendant fraud trial set to begin December 6, 2022, which is estimated to last approximately four days; (5) United States v. Zuniga, CR-19-635-FMO, a one-defendant gun-trafficking trial set to begin on February 28, 2023, which is estimated to last approximately four days; (6) United States v. Heatherington, CR-13-183-JAK, a four-defendant securities-fraud trial set to begin on March 7, 2023, which is estimated to last approximately 15 days; (7) United States v. Medina, CR-22-139-MEMF, a two-defendant drug and gun-trafficking trial set to begin March 13,

7

1  2023, which is estimated to last approximately four days; and (8)
2  United States v. Valencia, CR 19-311-MWF, a one-defendant felon in
3  possession of firearm and ammunition trial set to begin on May 23,
4  2023, which is estimated to last approximately three days.
5              iv.  Adam Olin: (1) United States v. McIntyre, CR 21-
6  CR-508-JAK, a single-defendant controlled substance distribution case
7  set for trial December 27, 2022, and estimated to last two days; (2)
8  United States v. Ramirez, 22-CR-315-MEMF, a single-defendant bank
9  fraud case set for trial February 7, 2023, and estimated to last two
10 days.
11             v.   Accordingly, counsel represent that they will not
12 have the time that they believe is necessary to prepare to try this
13 case on the current trial date.
14        e.   Defendants believe that failure to grant the
15 continuance will deny them continuity of counsel and adequate
16 representation.
17        f.   The government does not object to the continuance.
18        g.   The requested continuance is not based on congestion
19 of the Court's calendar, lack of diligent preparation on the part of
20 the attorney for the government or the defense, or failure on the
21 part of the attorney for the government to obtain available
22 witnesses.
23    13.  For purposes of computing the date under the Speedy Trial
24 Act by which defendants HUIZAR and CHAN's trial must commence, the
25 parties agree that the time period of February 21, 2023 to April 25,
26 2023, inclusive, as to defendants HUIZAR and CHAN, should be excluded
27 pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii)
28 and (h)(7)(B)(iv) because the delay results from a continuance

8

granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, and the limitations the ongoing COVID-19 pandemic places on the defense's ability to investigate the case and prepare for trial, that it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//

14. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 13, 2022           Respectfully submitted,

                                   E. MARTIN ESTRADA
                                   United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                     /s/ Cassie D. Palmer
                                   _____
                                   MACK E. JENKINS
                                   CASSIE D. PALMER
                                   SUSAN S. HAR
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

I am JOSE LUIS HUIZAR's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 25, 2023 is an informed and voluntary one.

/s/ Charles J. Snyder                           November 14, 2022
CUAUHTEMOC ORTEGA                               Date
Federal Public Defender
CAREL ALÉ
CHARLES SNYDER
ADAM OLIN
Deputy Federal Public Defenders
Attorneys for Defendant
JOSE LUIS HUIZAR

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to vacate the current trial date, and give up my right to be brought to trial earlier than April 25, 2023.

/s/ Jose Huizar                                 11/14/2022
JOSE LUIS HUIZAR                                Date
Defendant

11

I am RAYMOND CHAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 25, 2023 is an informed and voluntary one.

/s/ Harland Braun                    11/14/2022
HARLAND BRAUN                        Date
BRENDAN PRATT
Attorneys for Defendant
RAYMOND CHAN


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to vacate the current trial date, and give up my right to be brought to trial earlier than April 25, 2023.

/s/ Ray Chan                         11/14/2022
RAYMOND CHAN                         Date
Defendant