CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALÉ (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
CHARLES J. SNYDER (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JOSÉ LUIS HUIZAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSÉ LUIS HUIZAR, *et al.*,<br><br>    Defendants. | Case No. 20-CR-326-JFW-1<br><br>**DEFENDANT JOSÉ LUIS HUIZAR'S REPLY ISO MOTION TO COMPEL [ECF NO. 762]**<br><br>Hearing Date: November 28, 2022<br>Hearing Time: 8:00 a.m. |

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ....................................................................................................1

    A.    The Government Possesses the Devices Within the Meaning of Rule 16 ...............................................................................................................1

        1.    The Devices Are Within the "Possession, Custody, or Control" of the Government ...................................................................1

        2.    Esparza Accurately Testified the Government Has the Right to Search His Devices ........................................................................2

        3.    Rule 16 Requires the Government to Make a Good-Faith Effort to Obtain the Records .....................................................................3

    B.    The Discovery Sought Meets the Low Threshold for Materiality ...............3

III. CONCLUSION .................................................................................................5

## TABLE OF AUTHORITIES

**PAGE(S)**

**Federal Cases**

*United States v. Liquid Sugars, Inc.*,
  158 F.R.D. 466 (E.D. Cal. 1994)..................................................................................4

*United States v. Mandel*,
  914 F.2d 1215 (9th Cir. 1990)................................................................................3, 4

*United States v. Santiago*,
  46 F.3d 885 (9th Cir. 1995)......................................................................................1

*United States v. Soto-Zuniga*,
  837 F.3d 992 (9th Cir. 2016)....................................................................................4

**Other Authorities**

U.S. Const. IV Amendment..........................................................................................3

## TABLE OF EXHIBITS

**PAGE(S)**

| Exhibit | Description | Page |
|---|---|---|
| A | Cooperation Plea Agreement for George Esparza | 2:22 |

## I. INTRODUCTION

The government has access to the devices and accounts sought by Mr. Huizar both in theory and in fact. The government has a contractual right to demand the production of any object it wishes under the terms of the cooperation plea agreements it has with critical witnesses like George Esparza, George Chiang, and Morrie Goldman. And it has this power in fact with respect to the others as demonstrated via a succession of consents to search obtained from witnesses over whom the government has significant leverage. Esparza's testimony at the trial of defendants David Lee and 940 Hill reflects this basic reality: the government can obtain whatever records it wishes from these individuals. There is no realistic dispute that the government could, if it so chose, obtain the records Mr. Huizar seeks. It has simply chosen not to do so here. And the records meet the low threshold for materiality. As set forth in the Renewed Motion, the full accounts and devices will assist the defense in demonstrating that there was no CD-14 enterprise. There is no requirement, as the government seems to suggest, that Mr. Huizar identify the specific communications to be produced. It is enough to demonstrate, as Mr. Huizar has done here, that there will be helpful information relevant to his investigation on those accounts and devices.

For these reasons, Mr. Huizar respectfully requests that the Court grant his Renewed Motion to Compel.

## II. ARGUMENT

### A. The Government Possesses the Devices Within the Meaning of Rule 16

#### 1. The Devices Are Within the "Possession, Custody, or Control" of the Government

Rule 16(a)(1)(E)'s "possession, custody, or control" requirement is pragmatic and directs courts to evaluate the government's access to the objects sought. Thus, the appropriate question is not whether the United States Attorney's Office has the objects within its files, but whether it has "knowledge of and access to" them. *See United States v. Santiago*, 46 F.3d 885, 893–94 (9th Cir. 1995) (rejecting requirement that the agency

1

possessing the objects "have taken part in the particular investigation") (cleaned up). As described in Mr. Huizar's prior Reply, materials obtainable via contracts like plea agreements are within the government's possession for purposes of Rule 16. *See* ECF No. 430 at 7 (citing, *inter alia*, *United States v. Stein*, 488 F. Supp. 2d 350, 360 (S.D.N.Y. 2007)). At bottom, the government's ability to actually obtain the items controls.

### 2. Esparza Accurately Testified the Government Has the Right to Search His Devices

Notwithstanding the email from Esparza's counsel solicited by the government to oppose the earlier Motion to Compel, ECF No. 418-4 at 2, Esparza himself subsequently testified that he gave the government "full consent to go through [his] phone without restriction." ECF No. 762-3 at 1188:12–15. Despite this testimony, the government now speculates that Esparza "misunderstood [the] question, misspoke, or misapprehended the terms of his agreement." ECF No. 805 at 5. If true, and a basis upon which the government asks the Court to deny this motion, then Esparza should explain via declaration why the plain meaning of his testimony is incorrect. Nor, as the government suggests, does his additional testimony—agreeing that he gave the government "the right to go through [his] phones and find what they need relevant to their investigation"—limit Esparza's consent. ECF No. 762-3 at 1190:8–10. His assent did not describe the outer bounds of the consent, it simply confirmed that the government could have seized certain messages counsel for David Lee and 940 Hill believed important.

And proof of Esparza's consent to full government access of his devices is further solidified by his 2020 plea agreement. *See* Ex. A at 16 (reflecting execution on May 21, 2020). The government does not appear to contest that it has the unqualified right under its agreement with Esparza to require him to produce evidence. It is therefore little surprise that Esparza so testified. ECF No. 762-3 at 1188:3–7 ("[Y]ou understand that if the Government asks you to give them evidence, you have an obligation to give them that evidence; right? A. Yes."). The government's only response is to smuggle the materiality requirement into the question of possession. *See* ECF No. 805 at 6 ("It is not

2

(and could not be) the case that every defendant who signs a cooperation plea agreement with the government is effectively punished by making an unlimited agreement to turn over to any other defendant in the case, upon any request, [various objects] for which no showing of materiality has been made."). But that is only misdirection from the fact that the government has itself created this scenario by insisting that its cooperation plea agreements require defendants to provide any object upon request. There is nothing unfair in pointing out contractual rights the government has secured for itself.

The Court may well disagree with Mr. Huizar and conclude there has been no showing of materiality. But there is no basis to conclude that the government lacks access to these devices and accounts.

### 3. Rule 16 Requires the Government to Make a Good-Faith Effort to Obtain the Records

Rule 16 requires the government to produce material records over which it has access. As a matter of bargained-for rights and leverage, the government has the authority to demand various critical individuals produce records. Through Esparza, Zheng, and Chiang,[1] the government has demonstrated its awareness of and intent to exercise this authority. Perhaps Esparza, Chiang, and Goldman breach their plea agreement and refuse to produce the items. In that case, the items are not within the government's possession within the meaning of Rule 16. But the government should not be spared from the bare minimum of invoking its right of access.

### B. The Discovery Sought Meets the Low Threshold for Materiality

The government overstates the "low threshold" imposed by the materiality standard. A defendant need only "present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v.*

---

[1] The Court should reject the government's suggestion that the continued grants of consent to search are somehow unimportant because they "did not *expand* the scope of *the content* to be searched or seized by the government." ECF No. 805 at 6 (both emphases in original). The Fourth Amendment, were it actually an impediment here, equally would have prevented the government from continuing to search the devices beyond the temporal limits.

3

1 | *Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). As set forth more fully in the Motion and Renewed Motion, the full accounts and devices are essential to support or abandon a defense that these key cooperators and witnesses were not participating in an enterprise whose objective was to maintain Mr. Huizar in power. Hence, the government errs in suggesting that the discovery relates to impeachment only. But even if it did, impeachment evidence is squarely within the ambit of Rule 16. *See, e.g.*, *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) ("[E]vidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.") (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). Rather than a "general description of the information sought," Mr. Huizar has identified the specific sort of evidence he anticipates locating in the devices and accounts, based on records he already has, and how it will assist his defense. Requiring more makes little sense; if he already had access to the specific communications, he would not need to invoke Rule 16. In contrast, the cases cited by the government which denied discovery did so on far skimpier showings of materiality. *See Mandel*, 914 F.2d at 1219 (holding defendants "made no threshold factual showing of materiality" to obtain federal agency's records supporting an agency decision because they offered no reason to believe the agency's decision was contrary to law); *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 473 (E.D. Cal. 1994) (concluding defendants had an "unsubstantiated hope that [they] *might* find something amiss with the general performance of the various laboratories" performing scientific analysis in their case) (emphasis in original).

The discovery sought is material, and the Court should order its production.

///

///

///

## III. CONCLUSION

For the above reasons, Mr. Huizar respectfully requests the Court grant the Renewed Motion to Compel.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 16, 2022     By:  /s/ Adam Olin

Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for José Luis Huizar