UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.  **CR 20-326(A)-JFW**                                                                                          Dated: November 21, 2022

================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
| | | Susan S. Har |
| | | Asst. U.S. Attorney |
| | | Not Present |

================================================================

U.S.A. vs (Dfts listed below) - **Not Present**          Attorneys for Defendants - **Not Present**

1. José Luis Huizar                                                    1. Carel Ale, DFPD; Charles James Snyder, DFPD
2. Raymond She Wah Chan                                     2. Harland W Braun, Retained

_____

**PROCEEDINGS (IN CHAMBERS):**      ORDER DENYING DEFENDANT JOSÉ LUIS HUIZAR'S RENEWED MOTION TO COMPEL COOPERATOR AND WITNESS DEVICES [filed 10/26/2022; Docket No. 762]

On October 26, 2022, Defendant José Luis Huizar ("Huizar") filed a Renewed Motion to Compel Cooperator and Witness Devices ("Renewed Motion"). On November 9, 2022, the Government filed its Opposition. On November 16, 2022, Huizar filed a Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 28, 2022 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Nothing in Huizar's Renewed Motion warrants a reconsideration of the Court's prior ruling on this issue. The Court incorporates its ruling at the April 25, 2022 hearing on the Motion to Compel, and for the reasons stated in that ruling, Huizar's Renewed Motion is **DENIED**.  *See* RT 33:5-38:20, Apr. 25, 2022 (Docket No. 436).  Moreover, the Court continues to conclude that Huizar has failed to make a threshold showing of materiality, and that what he really seeks is a fishing expedition into each of the witnesses' and cooperating defendants' personal and private information to which he is simply not entitled.  Indeed, the three examples Huizar cites to justify the production of the entirety of the witnesses' and cooperating defendants' devices and accounts all relate to benefits to public officials. Accordingly, such material would have fallen within the scope of the search warrants/limited consents and accordingly would have already been seized and produced to Huizar, to the extent such material exists.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_