1  Steve Meister, Esq. (SBN 150395)
   MEISTER LAW OFFICES
2  515 S. Flower Street, Suite 1800
   Los Angeles, CA 90071
3  Tel:  213.293.3737
4  Email:  steve@meisterlawoffices.com
   Attorney for Defendant Morris Goldman
5

6                  UNITED STATES DISTRICT COURT

7                 CENTRAL DISTRICT OF CALIFORNIA

8                        WESTERN DIVISION

9

10

11  The United States of America,        )   **CASE NO. 2:20-CR-00326-JFW**
    Plaintiff,                           )
                                         )   OPPOSITION TO DEFENDANT
12       v.                              )   HUIZAR'S MOTION TO ENFORCE
                                         )   RULE 17 SUBPOENA
13                                       )
                                         )
14  Jose Huizar,                         )   Date:   December 16, 2022
    Defendant.                           )   Time:   8:00 a.m.
15  _____)   Ctrm:  7A, Hon. John F. Walter

16  **TO THE HON. JOHN F. WALTER, U.S. DISTRICT JUDGE, AND DEPUTY FEDERAL**

17
    **PUBLIC DEFENDER CHARLES SNYDER:**
18

19       Steve Meister, counsel for Defendant Morrie Goldman who is being prosecuted in case no.

20  2:20-CR-00369-JFW, submits this opposition to the Federal Public Defender's (FPD) subpoena

21  issued in case no. 2:20-CR-00326-JFW.  The response is based on the attached Memorandum of

22  Points and Authorities and on the Declaration of Counsel.

23

24

25  Date:   November 28, 2022                 Respectfully submitted,

26                                            **Steve Meister** (e-signature)
                                              STEVE MEISTER, ESQ.
27                                            Counsel for Defendant Morris Goldman

28

                                        1

**STATEMENT OF FACTS PERTINENT TO THE SUBPOENA**

The FPD's subpoena seeks three items:  An unredacted recording; copies of email correspondence between the Government and Steve Meister about aspects of the case as they relate to Morrie Goldman; and copies of attorney's private notes.  I have timely provided to the Court a redacted copy of a recording, and the present pleading addresses the items the subpoena seeks.

As for the recording, it is not in the Government's possession nor was it previously, as detailed in the attached declaration of counsel.

In December, 2018, my client and I attended a proffer session at the US Attorney's Office.  I recorded part of that conversation, and part of the conversation was only between myself and my client.

At some point prior to February, 2021 there was discussion between myself and the Government about the Government's seeking a redacted copy of the recording, but I was unable to make a redacted copy by computer.  In February, 2021 the Government arranged for me to send the recording to AUSA Lauren Restrepo, not a member of the trial team.  I was to provide Ms. Restrepo with which time portions to omit, i.e. it was not anticipated that anyone from the Government, including Ms. Restrepo, would ever access or listen to a privileged portion in making a redacted copy of the recording.

During that same month, the Government emailed me and asked me to not send Ms. Restrepo the recording.  I replied that I had already sent it.  The Government emailed me back that Ms. Restrepo had not received it or accessed it.

I never authorized the Government to listen to the recorded conversation between my client and me.  I only authorized the Government to make a copy of the recording and to redact the private portion.  I never intended the Government or any third party to listen to that portion of the tape, and I

did not intend to waive the attorney-client privilege covering that conversation.  Additionally, my client never intended to waive that privilege, and never authorized me to authorize the Government to listen to that privileged conversation.  To my knowledge it was never anticipated that the private portion would be listened to by the Government, were the Government to receive the recording.

In February 2021 I also heard from DFPD Charles Snyder by email, and Mr. Snyder wrote that the recording was evidence and asked me to preserve it, and to preserve all written communications with the Government.  This was around the same time I was in discussion with the Government about sending the recording to Ms. Restrepo for redaction. When the Government, referencing an FPD claim that providing this recording to the Government would waive any privilege, asked me to not send the recording, I replied to the Government that I had in the intervening time sent the recording to Ms. Restrepo.  My email, however, was incorrect, because I had not yet sent it.

I have reviewed my emails and files and determined that I never sent anything – not an email, not an attachment, separately or in combination with one another or any copy of the recording or a portion to it – to Ms. Restrepo or anyone in place of her.  Similarly, a file search does not reveal an unsuccessful attempt to transmit anything.  I do not recall why I did not send it, whether I had just learned of the FPD's claim that production would be a waiver, or I had just not yet gotten around to sending it.

On November 3, 2022, the Government informed me that it has searched its records and has no record now and has no previous record of receiving anything from containing all or any portion of the recording.

///

//

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.  There Has Been No Privilege Waiver, and Nothing Beyond What Has Been Produced Thus Far Is Due Any Party**

On October 31, 2022 the Court timely received from the undersigned a thumb drive containing a redacted recording of a conversation.  The FPD maintains that a redacted portion of the conversation is subject to disclosure and that there has been a waiver of privilege.  Respectfully, the FPD is mistaken and its reliance on *In re Pac. Pictures Corp.*, 679 F.3d 1121 (9th Cir. 2012) is misplaced.

First, there has been no disclosure.  The Government never possessed and does not possess any portion of any copy of the recording, unless it has received from the Court or FPD a copy of the redacted recording on the thumb drive provided in compliance with the subpoena October 31 of this year.

Second, even if there had been disclosure, there has never been a waiver of privilege, express or implied.  No one has ever to the best knowledge of the undersigned waived privilege about the private portion of the recording.  There was similarly no implied waiver; to the contrary, communications provided to the FPD through the discovery process should reflect, to the best knowledge of the undersigned, that efforts would be made to ensure a private portion would not be heard.

Third, there has been no selective waiver as it was discussed in *Pac. Pictures*.  That case is readily distinguishable from the present circumstance, in the following ways:

• In *Pac. Pictures* (for ease of reference, "there"), the petitioner-attorney agreed to provide documents so that the Government would have an unrestricted right to look at everything transmitted but the Government would not disclose any aspect of the documents to non-

governmental third parties "except as required by law or court order."  In the present circumstance (for ease of reference, "here"), the subpoena does not claim or suggest there was any intention for the Government to have carte-blanche to listen to any private portion of a recording, were such material to come into its possession.  *In re Pac. Pictures*, 679 F.3rd at 1125.

- There, petitioner-attorney affirmed he'd obtained "all relevant permissions and consents ...to provide the documents to the Government."  Here, the subpoena does not purport this to be the case.  *Id*.

- There, DC Comics upon learning of the Government's possession of the documents "immediately requested all documents disclosed to the U.S. Attorney, claiming that the disclosure of the unredacted copies waived any remaining privilege."  Here, first, there has been no disclosure; second, there is no indication that any disclosure, had it been made, would include unredacted materials' being listened to by anyone in the Government; and third, the providing of a redacted copy on October 31, 2022 in compliance with the subpoena serves to reiterate that no privileged material has been disclosed and that privilege has been expressly asserted over anything remaining.  *Id.*

**2.    The Subject of Email Communications Between Cooperators' Counsel and The Government Appears To Have Been Addressed by the Court in a Previously Litigated Motion to Compel, and Email Communications Also Appear to Already Have Been Disclosed to the FPD By the Government in Discovery.**

It appears the issue of cooperators' counsels' email correspondence with the Government was settled at a previous hearing wherein the Court denied defendant Huizar's motion to compel.  It

appears to the undersigned that the previous ruling would necessarily include counsel for Mr. Goldman.  If that is correct, then documents in Item 2 should not be ordered produced now. Additionally, it seems that if the Government has already disclosed to the FPD the contents of email correspondence in the regular course of discovery consistent with the Government's *Brady* and *Giglio* obligations, then if any issue exists it is between the Government and the FPD.  A new production order would be not only burdensome on the undersigned but duplicative of material already provided in discovery.

### 3. Attorney Notes and Excerpts of Attorney Notes Are Work Product and Not Subject to Disclosure

Lastly, Item 3 of the subpoena calls for disclosure of attorney-work product, notwithstanding the FPD's offer that only statements made by the Government, as memorialized in attorney notes, be culled and turned over.  The Court should not order disclosure of any portion of attorney notes.  "The work product doctrine shelters the mental processes of the attorney, providing a privileged area in which [counsel] can analyze and prepare [a]client's case," and the doctrine "protects … material … prepared by the attorney [themselves]."  *U.S. v. Nobles* (1975) 422 U.S. 225, 238-39.  In the present circumstance the FPD, with due respect to them and their Office, is attempting to invade that privileged area.

At issue in the case at bar are attorney notes, whole pages, whole paragraphs prepared by a sole criminal defense practitioner (not in-house counsel, for example, providing a mix of legal and business advice) representing an individual criminal defendant client (not a corporation, for example) and stored exclusively and privately in the attorney's client file for viewing only by the writer.  These are work product.  So are excerpts of notes, contrary to the FPD's assertion that somehow a sentence

here or a sentence there, only what the Government said (assuming such a notation were accurately memorialized) is discoverable.  For excerpts of notes are not prepared as excerpts or written with the intent that they ever be isolated and shared.  There are no excerpts when someone is writing a note to themselves for placement in a client file.  Nothing is written accidentally, nothing is written in a vacuum, and unless a conversation is word for word manually transcribed, the only reason any statement from any party to a conversation is memorialized at all is that it is somehow relevant in the mind of the writer, here a lawyer, to the legal representation of the lawyer's client.  There is no way to cull an official's statement and provide only that in discovery, for example, without invading the private thoughts and plans and theories and approaches and analysis of the attorney who wrote the note.  The Court should decline to order production of material requested in Item 3 of the subpoena.

## CONCLUSION

Item 1 of the subpoena calls for privileged information where there has been no express, implied or selective waiver.  Item 2 calls for material apparently already in the possession of the FPD and seems to be asking for a do-over of a previously denied motion to compel.  Item 3 seeks attorney work-product.  For these reasons, the Court should not order further compliance with the subpoena.


Date:   November 28, 2022                          Respectfully submitted,

                                                   **Steve Meister** (e-signature)
                                                   STEVE MEISTER, ESQ.
                                                   Counsel for Defendant Morris Goldman

7

**DECLARATION**

I, Steve Meister, declare under penalty of perjury that I am an attorney licensed to practice law in the State of California, I am admitted to practice in the U.S. District Court for the Central District of California, I represent Morrie Goldman in case no. 2:20-CR-00369-JFW, that the information provided in these pleadings and this declaration is true and correct to the best of my knowledge, and further that:

I have filed the herein document under the Goldman case number in order to comply with the Court's November 28 filing deadline. I plan to hand-file in person this week the additionally ordered Notice of Appearance in the Huizar case, and to deposit paper courtesy and chambers' copies in the Court's chambers box. I will inquire of the judicial assistant to see if the Court wants me to file these pleadings anew under the Huizar case number once my notice of appearance is approved. I apologize that due to court appearance commitments in northern LA County today and out of county Tuesday, November 29 I am unable to personally file the notice of appearance today at the First Street Courthouse.

I have this day served the Government (via PACER) and the FPD (via email to Mr. Snyder) with copies of these pleadings.


Date:   November 28, 2022                              **Steve Meister** (e-signature)

                                                       Declarant