CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Jose Huizar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSE HUIZAR,<br><br>　　　　Defendant. | Case No. CR-20-326-JFW<br><br>**NOTICE OF ERRATA RE: TABLE OF EXHIBITS IN DOCKET NO. 780**<br><br>Date: December 16, 2022<br>Time: 8:00 a.m.<br>Ctrm: 7A – Hon. John F. Walter |

Jose Huizar, through counsel, hereby submits this notice of errata regarding Docket No. 780. Upon re-reviewing the docket, counsel noticed that he had erroneously filed an earlier version of the document that did not contain a Table of Exhibits. A revised filing is attached as Exhibit 1, with the only change being the addition of an exhibit table, which was unintentionally omitted from the previously-filed version of Docket No. 780. No other changes have been made.

DATED: December 5, 2022

　　　　　　　　　Respectfully submitted,
　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　Federal Public Defender

　　　　　　　　　By  /s/ Charles J. Snyder
　　　　　　　　　CHARLES J. SNYDER
　　　　　　　　　CAREL ALE
　　　　　　　　　ADAM OLIN
　　　　　　　　　Attorneys for Jose Huizar

# EXHIBIT 1

CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Jose Huizar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE HUIZAR, <br><br> Defendant. | Case No. CR-20-326-JFW <br><br> **JOSE HUIZAR'S MOTION TO ENFORCE RULE 17 SUBPOENA DIRECTED TO STEVE MEISTER** <br><br> Date: December 5, 2022 <br> Time: 8:00 a.m. <br> Ctrm: 7A – Hon. John F. Walter |

Jose Huizar, through counsel, moves to enforce the Rule 17 subpoena issued to Stephen Meister. Although the deadline for compliance has passed without a motion to quash, Meister has expressly refused to comply with most of the subpoena "[a]bsent a Court order." For the part of the subpoena where he partially complied, he unilaterally interposed redactions, without filing anything, based on baseless privilege assertions.

///
///
///
///
///

Huizar bases this motion on the attached memorandum and declaration, the files and records in this case, and any other evidence or argument that the Court may consider.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 2, 2022   By  /s/ *Charles J. Snyder*
CHARLES J. SNYDER
CAREL ALÉ
ADAM OLIN
Attorneys for Jose Huizar

## TABLE OF EXHIBITS

| | | |
|---|---|---|
| Exhibit 1 | 10/17/22 Correspondence re Subpoena Service, Meet-and-Confer, and Additional Time to Comply. | 1:24 |
| Exhibit 2 | 10/19-21/22 Correspondence re Compliance with Subpoena | 1:26, 2:1, 2:3, 3:25 |
| Exhibit 3 | 10/26-31/22 Correspondence re Compliance with Subpoena | 2:6, 2:9, 2:12, 2:15, 2:18 |

# OVERVIEW

Last month, based on a detailed and publicly-filed application, the Court authorized Jose Huizar to issue a Rule 17 subpoena with three requests to Stephen Meister. After serving the subpoena, Huizar's counsel followed up with an offer to answer questions or confer, and ultimately agreed to narrow the subpoena's third request in response to Meister's expressed concerns about work product. Then, shortly before the deadline to comply, Meister announced that he simply wouldn't honor two of the subpoena's three requests "[a]bsent a Court order." For the remaining request, he interposed meritless "privilege" redactions without citing any authority.

The deadline for complying with the subpoena has now passed. Meister didn't move to quash or file any other pleading citing authority for his position. He's made his intent to not comply with the subpoena clear. And nothing about the merits of the Court's decision to authorize the subpoena has changed in the three weeks since it was allowed.

A federal trial subpoena is not a suggestion. Huizar applied for the subpoena because it seeks critical evidence that he needs to mount a trial defense. To that end, he asks that the Court once again order Meister to immediately and fully comply with the subpoena, subject to the Huizar's agreed-upon limit for request 3, within seven days.

# BACKGROUND AND ARGUMENT

In February 2022, Huizar applied publicly and in detail for a Rule 17 subpoena to Meister. Docket No. 365. In October 2022, Huizar filed a request for ruling on his subpoena application, Docket No. 705, which the Court granted on October 13, 2022. Docket Nos. 715-16. On October 17, 2022, a FPDO investigator served the subpoena on Meister with a return date of November 1, 2022. See Snyder Decl., Ex. 1.

Two days later, on October 19, Meister provided an "item by item" response to the subpoena, expressing skepticism about his duty to comply. Id., Ex. 2. The next day, Huizar's counsel sent a detailed response, providing authority relating to a possible privilege assertion, and assuring Meister that this Court was aware of the relevant law

1

when it issued the subpoena. Id. At the same time, in response to Meister's expressed concerns about request 3, Huizar's counsel agreed to narrow the scope of the request so that Meister could redact opinion work product from certain notes. Id.

A week later, on October 26, Meister sent a fresh email, now copying the government. Despite admitting that documents responsive to requests 2 and 3 exist, he declined to turn them over "[a]bsent a Court order." Id., Ex. 3. For request 1, Meister hypothetically admitted the facts supporting a privilege waiver (which were already known, see Docket No. 705 ¶ 9), but nonetheless stated his intent to redact the recording based on his own view of privilege. Snyder Decl., Ex. 3. Shortly after, Huizar's counsel responded, again citing on-point Ninth Circuit authority for his privilege position on request 1. For requests 2 and 3, he reminded Meister that "the Court order is the subpoena, as . . . mentioned in our earlier correspondence." Id. Huizar's counsel renewed the offer to confer in order in order to avoid raising the issue with the Court, but acknowledged that Meister seemed to understand the issues and disagree. Id.

On October 31, 2022, Meister sent an email indicating that he had produced a redacted recording to the Court, thus partially but improperly complying with one of the subpoena's three commands. Id. As of noon on November 1, 2022, the deadline for compliance, Meister had not filed a motion to quash, either in whole or in part, or submitted a privilege log. Id. ¶ 6.[1]

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend VI. Rule 17 effectuates this right by providing a procedural device for obtaining necessary documents and testimony. See Fed. R. Crim. P. 17(a),

---

[1] "[A] 'privilege log' . . . has become, by now, the universally accepted means of asserting privileges in discovery in the federal courts[.]" Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1, 1 (D.D.C. 1999). Failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" therefore waives the privilege. Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir. 1996).

(b), (c)(1).

Last month, based on a detailed defense showing, the Court issued the Meister subpoena with three clear requests. When Meister received the subpoena, he had two lawful options: comply or "promptly" move to quash. Fed. R. Crim. P. 17(c)(1)-(2).[2] He instead elected simply to defy the subpoena and raise a unilateral claim of privilege.

The time for compliance has passed, and it is now the time for prompt enforcement. For the reasons above, the Court should order Meister to immediately and fully comply with the subpoena within seven days, subject to the agreed-upon limitation for request 3.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 2, 2022    By  /s/ Charles J. Snyder
CHARLES J. SNYDER
CAREL ALÉ
ADAM OLIN
Attorneys for Jose Huizar

---

[2] A motion to quash is not an open-ended vehicle for relitigating the decision to issue the subpoena, but allows limited objections if compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); United States v. Nixon, 418 U.S. 683, 698 (1974) ("A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise"). Here, Meister did not move to quash, and would not have had a valid basis had he done so. Compliance would be neither unreasonable nor oppressive. See Snyder Decl., Ex. 2 ("Complying with [request 2] should be straightforward as it involves searching your and your client's emails, texts and app-based communications, voicemails, and recordings for items involving a member of the prosecution team and turning over the results"). And he waived any possible privilege claim that may have existed for portions of the recording by knowingly and intentionally sending the full recording to the government with a request that prosecutors redact it before giving it to the defense. Docket No. 705 ¶ 9.

3

# DECLARATION OF CHARLES J. SNYDER

I, Charles J. Snyder, declare as follows:

1. I am a California-licensed DFPD and one of the lawyers appointed to represent Jose Huizar in this matter. Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under other.

2. On October 14, 2022, Natalie Degrati, a FPDO investigator, spoke with Steve Meister, who agreed to accept service of a subpoena by email. I have attached as Exhibit 1 the email serving the subpoena on Meister, as well as the subpoena and signed proof of service.

3. I have attached as Exhibit 2 various emails involving Meister.

4. I have attached as Exhibit 3 various emails involving Meister.

5. I have attached as Exhibit 4 various emails involving the government.

6. As of noon on November 1, 2022, Meister had not filed a motion to quash or a privilege log.

7. On November 2, 2022, the Federal Public Defender, Cuauhtemoc Ortega, and I attempted to call Meister on his work and cell numbers to advise him that we intended to file this motion unless he agreed to fully comply by the end of the week, subject to our agreement for request 3. After we were unable to reach him, I sent Meister an email letting him know of our intent and advising him that we would also move to shorten time for the hearing given that the deadline for compliance has already passed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed November 2, 2022 at Los Angeles, California.

                                                 */s/ Charles J. Snyder*
                                                 Charles J. Snyder