CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
(Email: carel_ale@fd.org)
CHARLES SNYDER (Bar No. 287247)
(Email: charles_snyder@fd.org)
ADAM OLIN (Bar No. 298380)
(Email: adam_olin@fd.org)
Deputy Federal Public Defenders
321 E. 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-5186
Facsimile: (213) 894-0081

Attorneys for Defendant
JOSÉ LUIS HUIZAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-326-JFW-1 |
| Plaintiff, | ***EX PARTE* APPLICATION FOR ORDER TO ENFORCE TRIAL ORDER AND EXCLUDE FROM TRIAL ANY GOVERNMENT EXHIBIT NOT PRODUCED BY THE EXHIBIT DEADLINE, OR, IN THE ALTERNATIVE, REQUEST FOR A STATUS CONFERENCE; DECLARATION OF COUNSEL** |
| v. | |
| JOSÉ LUIS HUIZAR, | |
| Defendant. | |

Defendant José Luis Huizar, through his attorneys of record, Deputy Federal Public Defenders Carel Alé, Charles Snyder, and Adam Olin, seeks an order to enforce the Court's April 27, 2022 Trial Order (ECF No. 441) and exclude any exhibit the government may attempt to introduce at trial that was not produced pursuant to the Court's exhibit deadline. In the alternative, the defense requests a status conference on December 16, 2022 at 8:00 a.m., or an earlier time and date as convenient to the Court.

//

//

//

//

There is good cause to hear this application on an *ex parte* basis. The defense was and continues to be prejudiced by the government's failure to meet the Court's October 11th trial exhibit deadline as further explained below. The government has advised that it will not be able to provide all of its trial exhibits until the Court's January 20th, 2023 transcript deadline, more than three months after the exhibit deadline and a month before trial. This application is based on the below points and authorities and declaration of counsel.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

DATE:  December 5, 2022          By   */s/ Carel Alé*
                                      CAREL ALÉ
                                      Deputy Federal Public Defender

**Table of Exhibits**

| Exhibit | Description | Cite |
|---|---|---|
| A | Excel Spreadsheet of all government produced audio and/or video recording trial exhibits with run-time | 3 |
| B | Oct. 27, 2022 Follow-up Email from C. Alé re MILs Meet and Confer | 2 |
| C | Oct. 28, 2022 Email Response from C. Palmer re Oct. 27th Follow-up Email | 2, 3 |
| D | Oct. 28, 2022 Email from C. Alé re corrupt exhibit files | 2, 3 |
| E | Nov. 12, 2022 Email from C. Palmer re Highlighted Transcripts of Huizar-Businessperson A | 3 |
| F | Excel Spreadsheet of government produced audio recording trial exhibits re Huizar and Businessperson A produced with run-time | 3 |
| G | Nov. 28, 2022 Email from C. Alé re Exhibit List Objections | 3 |
| H | Nov. 29, 2022 Email from C. Alé re Follow-up to Meet and Confer | 2, 3 |
| I | Dec. 2, 2022 Email from C. Palmer re Additional Transcripts | 3 |
| J | Excel Spreadsheet of government produced audio recording trial exhibits re Carmel Partners with run-time | 4 |
| K | Excel Spreadsheet of government produced audio recording trial exhibits re Hazens with run-time | 4 |
| L | Excel Spreadsheet of government produced audio recording trial exhibits re Chan and Businessperson A produced with run-time | 4 |

# I. INTRODUCTION

The Court's April 27, 2022 trial order required the government to produce its trial exhibit list and trial exhibits by October 11, 2022. (ECF No. 441, 3.) On October 11, 2022, the government produced an exhibit list and exhibits, comprised of over a thousand individual exhibits. A significant portion of the government's exhibits, however, are not in final form and were unworkable to effectuate the meet and confer process. The most saliant issue pertains to audio and video recordings.

The government's exhibits include 176 audio or video recordings. Of those exhibits, *71* are complete and unedited recordings. That is approximately 40% of its audio or video exhibits. Those 71 recordings total ***52 hours 37 minutes and 24 seconds***. The majority of these are in a foreign language. The government has advised that it will not be able to produce all of the relevant portions of the recordings (*i.e.*, the portions that would be trial exhibits) until the January transcript deadline. As the Court knows, the January 20, 2023 transcript deadline is a separate process to resolve disputes over the accuracy of transcripts vis-à-vis the recordings; it does not extend the exhibit deadline nor involve resolving what exhibits or portions thereof are being admitted and the parties' objections to those exhibits. And while the government's failure to provide recording exhibits is the most glaring issue, many of its other exhibits are also not in trial ready form.

The government's failure to produce its trial exhibits by the Court's October 11th deadline has already prejudiced the defense. Not only has this wasted significant resources and time, but the defense has been deprived of the opportunity to raise any necessary objections to these exhibits during the parties' meet and confer or *in limine*. Further, with no clear production date in sight, the defense cannot be certain when the government will ultimately comply with the Court's order and produce the trial exhibits or what further motion practice or investigation will be required subsequent to production. Moreover, the government's delay will interfere with the defense's trial preparations in the few weeks left before trial. While the meet and confer process certainly contemplates further revising and finetuning exhibits after the October 11th

deadline, the government exhibits fall far short of what is necessary to allow for a meaningful meet and confer as to those exhibits. Accordingly, Huizar seeks to exclude any government trial exhibit not produced by the Court's October 11th exhibit deadline.

## II. STATEMENT OF FACTS

On October 11, 2022, the government produced its trial exhibit list and exhibits.[1] The government's exhibits included 176 audio or video recordings, totaling over 86 hours. Decl. of Counsel, Ex. A. On October 26, 2022, during the parties MIL meet and confer, the defense raised the disorganized and unworkable state of many of the then-recently produced exhibits. Decl. of Counsel, ¶¶2-3, Ex. B. Namely, the defense raised with the government that many of its recently produced exhibits consisted of hours-long recordings that did not indicate what portion of the recordings the government intended to use at trial. *Id.* The defense explained that counsel could not simply speculate what portions of the recordings the government would use. *Id.*, ¶3. The government acknowledged the defense's concern but said that producing the clips was too time or resource intensive to produce in a timely-manner. *Id.*, ¶4. The government advised that they would aim to produce, at a minimum, transcripts highlighting the sections of the recordings that it would seek to later produce as trial exhibits but, the government later clarified, it would only produce those recordings of Huizar and Businessperson A. *Id.*, Ex. C. The government said it would aim to produce those highlighted transcripts by November 11th, a month after the Court's exhibit deadline but prior to the parties' still-unscheduled meet and confer. *Id.*

---

[1] On this date the government also produced its trial witness list. It listed 80 witnesses. On December 5, 2022, after the defense sought discovery from 11 witnesses listed but for which the government had not produced 302s, notes, or proffer letters about, the government revised its witness list and cut 26 witnesses, or 33% of its noticed witnesses. It appears that much like its exhibit list and exhibits, the government's witness list was an unorganized and indiscriminate compilation and not a serious effort to aid the parties in trial preparation. While this is a no cost exercise for the government, the defense has already been prejudiced with the loss of time and resources spent on those now excluded witnesses.

2

On November 11, 2022, the government reproduced the audio-exhibits related to Huizar and Businessperson A along with nine transcripts highlighting the portions of the audio that the government intends will comprise its audio-clip exhibits. *Id.*, Ex. D *See also* Ex. E.

On November 28, 2022, the defense provided the government with objections to its exhibit list in anticipation of the parties' November 29th meet and confer.[2] *Id.*, ¶10, Ex. F. In doing so, the defense again explained that the hours-long recordings were unduly burdensome and defeated the purpose of a deadline and impeded the meet and confer process. *Id.*, Ex. F. At the November 29th meet and confer, the defense reraised the problem with the government's exhibit production. *Id.*, ¶12. Agent Civetti explained that he would aim to get the defense the clips of the exhibits on a "rolling basis" but that given that many of the clips were in a foreign language which required translation first, he anticipated this process to be ongoing until the Court's January 20, 2023 deadline for final transcripts and translations.[3] *Id.*, ¶¶13-14 & Ex. H. *See also* Ex. C.

After the parties' November 29th meet and confer, on December 2, 2022 the government produced an additional subset of transcripts highlighting portions of recordings that it intends will eventually comprise its exhibits related to Hazens and the Mateo Project. *Id.*, Ex. I. Those transcripts total approximately 2 hours and 20 minutes

---

[2] On October 28, 2022, the defense advised the government that three of its exhibit-recordings appeared to consist of corrupt files that could not be opened. Decl. of Counsel, Ex. D. The government advised that there was no error with one recording—it was indeed meant to be a one-second recording. Decl. of Counsel, ¶9. The government has still not reproduced the two other exhibits. *Id.* Accordingly, the defense could not raise objections to those exhibits during the November 28th meet and confer.

[3] This is in addition to still pending discovery consisting of documents and information from both the 940 Hill/Lee trial and the SZNW trial, a recently discovered hard drive previously in the possession of an Assistant United States Attorney formerly, but no longer, staffed on the case (containing data from a GPS tracker placed on Esparza's car that the defense had requested and been told did not exist on multiple occasions), and still other documents and information responsive to discovery requests. The government has advised that it will produce this discovery in PDF version the week of December 5th and in the necessary Relativity version by the week of December 19th. Decl. of Counsel, Ex. H. The defense is also waiting on responses to additional discovery requests.

3

of previously produced recording exhibits. *Id.*, Exs. J & K. The government has not produced transcripts of any kind for the approximately 52 hours of recordings related to Businessperson A, which are largely in a foreign language. *Id.*, Ex. L.

### III. ARGUMENT

The purpose of the Court's deadlines was to assist the parties' in narrowing what is by any measure a large and complex case and to do so sufficiently in advance of trial to allow the defense to prepare for trial. Instead, the government has treated the Court's deadlines as mere suggestions and done so to the detriment of the defense. The defense is left hunting and pecking through an unfocused clutter of documents[4] and exhibits. The defense is significantly prejudiced by the government's failure to meet the Court's deadline and the only appropriate remedy at this juncture is exclusion of any exhibits not produced by the Court's October 11th exhibit deadline.

Excluding the recording-exhibits is appropriate here where the defense has already been prejudiced by the government's failure and no other remedy will cure the harm. The government's deficient recording-exhibits consist of over **52 hours** of recordings. Decl. of Counsel, Exs. J-L. Producing the exhibits in that form was as good as not producing exhibits at all. The defense could not simply guess what part of those hours-long recordings the government intended to use at trial and could not raise specific objections during the November 29th meet and confer. Nor could the defense raise specific issues with those exhibits prior to the *in limine* deadline. The defense raised this issue for the first time with the government on October 26, 2022, sufficiently in advance of the parties' meet and confer to allow the government to cure the deficiencies and still effectuate the demands of the defense's trial preparations. Decl. of Counsel, ¶¶2-4. The government

---

[4] While this application focuses on the government's recording-exhibits, the government's document exhibits were in similarly bad form. For example, the government produced hundreds of pages of casino records. At the meet and confer, the government for the first time stated that it did not intend to include certain narrative reports that were nevertheless included in its exhibits but that it had not yet determined exactly which ones. *See* Ex. H. Other exhibits the government identified for admission (not solely for identification purposes) consisted of hundreds of pages.

4

failed to do so. Moreover, many of the recordings are in a foreign language and the government has stated that it will not be able to produce those recordings until the January 20th transcript deadline—well over three months after the government's exhibit list deadline and days *after* the parties' joint trial stipulation deadline. Decl. of Counsel, ¶¶13-14. Importantly, once produced, the defense must then independently verify the government's translation and/or interpretation of those exhibits. Not only does this negate the purpose of the transcript deadline but it will take considerable time mere weeks away from trial and the defense will be hamstrung in litigating any potential issues with those exhibits.

The government was on notice of the need to produce final exhibits to effectuate the meet and confer process. During the March 25, 2022 status conference, defendants 940 Hill/Lee raised their own frustrations with the government's failure to produce final exhibits. (ECF No. 433, 17-19.) When the government acknowledged that it had not yet produced a final exhibit list or exhibits, the Court expressed confusion:

> The question is why not? I mean, you have all these documents. You have a good sense of what the documents are. It's been my experience that what happens in this pretrial exhibit situation is that the Government wants to make sure that they covered all the bases and put as many on there. But based upon what Mr. Neuman is saying and how I deal with these issues, if there are documents that are not on the list that straggle in, you're not going to be precluded from using them.
>
> I guess I just don't understand why the Government can't produce immediately all of the proposed exhibits that they intend to use in the Lee trial. I mean, this is not rocket science. You've got a number of assistants who are working on this case. . . . And you should be able to pull these documents -- I practiced law for 40 years. I know what it takes to put documents together. It just doesn't seem to me to be that difficult of an exercise, especially when you're not going to be precluded from adding a late document to the list.

(*Id.*, 19-20.) SZNW's counsel immediately raised its own issues with respect to the government's failure to produce trial exhibits or an exhibit list. (*Id.*, 24-26.)[5] The

---

[5] Back in March 2022, the government represented to the Court that "90 percent of its exhibits [were] already identified on" a previously produce spreadsheet. (ECF No. 433, 11.) Nevertheless, nearly nine months later, a significant part of the government's trial exhibits for the Huizar/Chan trial remain in draft form.

government continues to disregard the Court's Order to timely provide trial exhibits to allow the defense to prepare for trial.

The exclusion of the exhibits is necessary here. The Court has already advised the parties that it will not continue this case. Accordingly, the only available remedy to cure the prejudice caused by the government's failure to produce its trial exhibits by the Court's October 11th deadline is to exclude any late produced exhibits. *See United States v. Baxter*, 492 F.2d 150, 174 (9th Cir. 1973) (explaining "that failure to comply with a pretrial discovery order rest within the sound discretion of the trial court").

## IV. CONCLUSION

For the foregoing reasons, the defense requests that the Court grant Huizar's request to enforce the Court's April 27, 2022 Trial Order (ECF No. 441) and exclude any exhibits not produced by the Court's October 11th exhibit deadline. In the alternative, the defense requests a status conference to discuss alternative remedies.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

DATE:  December 5, 2022          By  */s/Carel Alé*

CAREL ALÉ
CHARLES SNYDER
ADAM OLIN
Deputy Federal Public Defenders