CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
Email: Carel_Ale@fd.org
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
ADAM OLIN (Bar No. 298380)
Email: Adam_Olin@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Jose Huizar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE HUIZAR,<br><br>　　　　　Defendant. | Case No. CR-20-326-JFW<br><br>**MOTION TO SEVER JOSE HUIZAR AND RAYMOND CHAN'S TRIALS**<br><br>Date:　January 9, 2023<br>Time:　8:00 a.m.<br>Ctrm:　7A – Hon. John F. Walter |

　　　Jose Huizar, through counsel, moves to sever his trial from Raymond Chan's trial under Rule 14. Huizar bases this motion on the attached memorandum and declarations, the files and records in this case, and any other evidence or argument that the Court may consider.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　　Federal Public Defender

DATED: December 11, 2022　　By　/s/ Charles J. Snyder
　　　　　　　　　　　　　　　　　　CHARLES J. SNYDER
　　　　　　　　　　　　　　　　　　CAREL ALE
　　　　　　　　　　　　　　　　　　ADAM OLIN
　　　　　　　　　　　　　　　　　　Attorneys for Jose Huizar

## **MOTION FOR SEVERANCE**

It is fairly common for defense lawyers to warn that their <u>own</u> clients cannot get a fair trial if joined together with a codefendant. It is entirely uncommon for defense lawyers to warn that codefendants cannot get a fair trial if joined together with their clients. Yet that is the situation that the parties have found themselves in over recent weeks. After reviewing the voluminous discovery produced by the government, observing the last two trials, and weighing different tactical approaches, counsel for Raymond Chan has determined that:

> [his] strategy in Mr. Chan's trial will include arguing that Jose Huizar is guilty and Mr. Chan is not guilty by comparing and contrasting their conduct as criminal and noncriminal, respectively. [He] intend[s] to argue that Mr. Chan would not be in this case were it not for Mr. Huizar's criminal conduct, as Mr. Chan is merely an innocent bystander who got swept up as a narrative device in a misguided RICO theory. [He] intend[s] to open, close, and cross-examine witnesses – including Mr. Huizar if he testifies – in ways that support this theory.

<u>See</u> Braun Decl. ¶ 3. Because counsel for Chan believes that pursuing this strategy in a joint trial would be sufficiently prejudicial to Huizar that it risks a mistrial, he has recently advised the government and counsel for Huizar that:

> [he] intend[s] to act as a "second prosecutor" should Mr. Chan be tried together with Mr. Huizar. [He has] further informed the government and counsel for Mr. Huizar that, based on [his 54 years of experience as a criminal defense lawyer], [he] do[es] not believe that Mr. Huizar can get a fair trial if he is tried together with Mr. Chan.

<u>Id.</u> ¶ 4.

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). While the decision to grant or deny a request for severance is generally left to the discretion of the trial court, antagonistic defenses require severance when there is "a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993); <u>United States v.</u>

1

Tootick, 952 F.2d 1078, 1083 (9th Cir. 1991); United States v. Mayfield, 189 F.3d 895, 899 (9th Cir. 1999).

Courts have articulated many rationales for severing antagonistic defendants, but they all reduce to protecting the promise of a fair trial where the government bears an undiluted burden of proof. As Justice Stevens explained:

> [t]he burden of overcoming any individual defendant's presumption of innocence, by proving guilt beyond a reasonable doubt, rests solely on the shoulders of the prosecutor. Joinder is problematic in cases involving mutually antagonistic defenses because it may operate to reduce the burden on the prosecutor, in two general ways. First, joinder may introduce what is in effect a second prosecutor into a case, by turning each codefendant into the other's most forceful adversary. Second, joinder may invite a jury confronted with two defendants, at least one of whom is almost certainly guilty, to convict the defendant who appears the more guilty of the two regardless of whether the prosecutor has proven guilt beyond a reasonable doubt as to that particular defendant.

Zafiro, 506 U.S. at 543-44 (Stevens, J., concurring).

At a practical level, the prejudice from trying antagonistic defendants together can arise in many forms at all stages of trial. For example, a legitimate defense opening may "become a forum in which gruesome and outlandish tales are told about the exclusive guilt of the other defendant," even if those claims are never established by the government. Tootick, 951 F.2d at 1082. As the trial continues, the opportunities for prejudice compound:

> [c]ross-examination of the government's witnesses becomes an opportunity to emphasize the exclusive guilt of the other defendant or to help rehabilitate a witness that has been impeached. Cross-examination of the defendant's witnesses provides further opportunities for impeachment and the ability to undermine the defendant's case. The presentation of the codefendant's case becomes a separate forum in which the defendant is accused and tried. [And c]losing arguments allow a final opening for codefendant's counsel to portray the other defendant as the sole perpetrator of the crime.

Id.

A joint trial of antagonistic defendants also fosters "perverse incentives," as one defendant may "not simply want to demonstrate [his] own innocence," but may instead "want to do everything possible to convict [his or her] codefendant[]." Id. "These incentives may influence the decision whether or not to take the stand, as well as the

truth and content of the testimony." Id.

Further, and especially in complicated cases:

> [t]he joint trial of defendants advocating mutually exclusive defenses produces fringe benefits for the prosecution. Joinder in these cases can make a complex case seem simple to the jury: convict them both. The government's case becomes the only unified and consistent presentation. It presents the jury with a way to resolve the logical contradiction inherent in the defendants' positions . . . . The government is further benefited by the additive and profound effects of repetition. Each important point the government makes about a given defendant is echoed and reinforced by the codefendant's counsel.

Id.

Importantly, severance does not require zero-sum defenses. Mutual antagonism may exist even when "only one defendant accuses the other, and the other denies any involvement." Tootick, 952 F.2d at 1081. Thus, in Mayfield, the Ninth Circuit held that the District Court had erred in denying a motion to sever in a drug-trafficking case where the defendants had asserted mutually antagonistic defenses. There, one defendant (Gilbert) argued that the other defendant (Mayfield) was "the main man" who had sole control of the drugs. 189 F.3d at 902. The Court noted that "if the jury accepted Gilbert's defense, which was that Mayfield was the drug ringleader who had control over the drugs, it necessarily had to convict Mayfield." Id. at 900. Citing Tootick, the Court reasoned that when a defendant's trial tactic throughout is to attack a co-defendant, unfair prejudice is inevitable. Id.

The facts of this prosecution are markedly different from Mayfield, but the same principle applies with even greater force given this case's complexity. As stated in his counsel's declaration, Chan intends to posit Huizar as a ringleader and criminal foil, comparing and contrasting their conduct to argue that he is merely an innocent bystander caught in the blast radius of Huizar's egregious criminality. Chan plans to use his opening, his witness exams, his own testimony, and his closing to drive home the point of Huizar's guilt, while simultaneously seeking to paint himself in the best light by comparison. Though not stated in his counsel's declaration, it is virtually certain that Chan will also seek to highlight the most emotionally-evocative aspects of

the government's case, in which Chan largely did not participate, to further color the jury's views against Huizar and highlight his relative virtue.

In short, it appears that a core of Chan's trial presentation will be arguing that he is sitting in a defense chair solely because of his lawful association with a person, Huizar, whose conduct was so unlawful that he was stained by interaction. If a jury accepts that defense, it will necessarily have to convict Huizar. Even without regard for the unique complexities of this case, that is the posture in which severance should be granted. Mayfield, 189 F.3d at 899 (severance should be granted where "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant") (everything omitted). Once those complexities are added in, as they must be, United States v. DeRosa, 670 F.2d 889, 898 (9th Cir. 1982), the Court should conclude that Huizar and Chan require separate trials.

***

In the current political climate, Huizar will already face a difficult time obtaining a fair trial as a former City Councilmember charged with misconduct in office. That difficulty will be further compounded by a case involving dozens of charges, complicated legal principles, and emotionally-charged evidence. Adding to that mix a codefendant represented by experienced counsel who promises to act as a "second prosecutor" would be extraordinarily prejudicial and unfair, and would "prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. For essentially the reasons stated in the declaration of Chan's counsel, the Court should sever Huizar and Chan's trials.

DATED: December 11, 2022

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

By  /s/ Charles J. Snyder
CHARLES J. SNYDER
CAREL ALÉ
ADAM OLIN
Attorneys for Jose Huizar