E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289/3819
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
              Cassie.Palmer@usdoj.gov
              Susan.Har@usdoj.gov
              Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JOSE LUIS HUIZAR, et al.,<br><br>      Defendants. | No. CR 20-326(A)-JFW<br><br>GOVERNMENT'S *EX PARTE* APPLICATION TO FILE DOCUMENT; DECLARATION OF MACK E. JENKINS; EXHIBITS A-C |

The United States of America hereby applies to this Court for an order permitting it to file its Government's Position Regarding Defendant Jose Huizar's Motion To Enforce Rule 17 Subpoena Directed To Steve Meister (Dkt. 780).

This application is based on the below declaration and attached exhibits, all other records in this case, and any argument that the Court will permit.

Defendant Huizar objects to the government's application as without standing and untimely, and his position is set forth in full in the attached declaration.

Dated: December 12, 2022　　　　Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

 /s/ Mack E. Jenkins 
MACK E. JENKINS
CASSIE D. PALMER
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**Table of Exhibits**

| Exhibit | Description | Page |
|---|---|---|
| A | DFPD Snyder 10/10/22 Email | 6:14-19 |
| B | AUSA Jenkins 11/1/22 Email | 8:1-9 |
| C | DFPD Snyder 11/29/22 Email | 9:12-18 |

DECLARATION OF MACK E. JENKINS

I, Mack E. Jenkins, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California. I am one of the AUSAs for the government in this case.

2. The government respectfully requests that the Court permit the filing of the Government's Position Regarding Defendant Jose Huizar's Motion To Enforce Rule 17 Subpoena Directed To Steve Meister, filed contemporaneously herewith. (Dkt. 780, "Motion".)

3. While the Motion is directed to a third party, Mr. Meister, defendant Huizar's supporting requests for the subpoena (Dkt. 365, 705) do not accurately or clearly reflect the government's position on one specific item requested in the subpoena: item 2, which requests "<u>all</u> communications . . . involving you and/or Morrie Goldman and any member of the prosecution team[.]" (Dkt 780-1 (emphasis added).) Accordingly, the government believes it necessary to correct and supplement the record.

***Meet and Confer Prior to 2/2/22 Rule 17 Filing***

4. When counsel for defendant Huizar, Deputy Federal Public Defender Charles Snyder, first sought the government's position on a proposed Rule 17 subpoena to Mr. Meister, the central topic of the many discussions was the existence of an audio recording that Mr. Meister made of his client, Morrie Goldman, during an interview with the government. Based on conversations with Mr. Meister, it was my understanding that part of that recording also captured confidential communications between Mr. Meister and Mr. Goldman outside the presence of government counsel. After some discussions about potential privilege issues, the government ultimately advised DFPD

4

Snyder that it did not object to the specific request for a subpoena to obtain that recording and that ultimately it would fall to Mr. Meister to respond and address any privilege issues.

5. Throughout this case, both in conversations with defense counsel and in the government's litigating positions (see e.g., Dkt. 418 ("Opposition To Motion To Compel . . . (2) Communications Between Govt And Cooperators And/Or Their Counsel")), the government has always maintained the position that government emails are not discoverable, absent a need to provide Jencks Act statements or Brady/Giglio material. And, in this case, the government has indeed made production of its emails for that purpose. Moreover, this Court has denied defendant's prior requests for such communications between government and third-party-witness counsel. (Dkt. 436.)

***2/2/22 Rule 17 Filing***

6. On February 2, 2022, the original subpoena application (Dkt. 365) was filed publicly, describing Mr. Goldman's cooperation history, evolution of his statements, and the defense and government team's interactions related to the audio recording at issue. It also noted that DFPD Snyder had "requested [from the government], but not received, documents reflecting all communications between Meister and/or Goldman and the prosecution team." (Dkt. 365 at 5.) However, at the end of the filing, the requested subpoena sought not only the audio recording, but now also included "all documents reflecting communications from any member of the prosecution team to Meister and/or Goldman [among other documents]." (Dkt. 365 at 6-7.)

7. Regretfully, I did not review this final portion of the application (seeking government documents) at the time it was filed, based on my conversations with defense counsel and my understanding

5

that the request was for the audio recording only, which the government did not oppose; accordingly, the government did not intend to file any responsive pleading. This was an error. The government then moved on to focus on the numerous other aspects of the case, litigation, and trials.

8. Approximately eight months lapsed, during which time there was no ruling on defendant Huizar's application or any follow-up by defendant Huizar's counsel with the Court. Moreover, during this eight-month period, the Court denied defendant Huizar's motion to compel production of what would include, among other items, the very same documents he sought to obtain via the subpoena to Mr. Meister. (Dkt. 436 (Minutes of Hearing on 4/25/22).)

***Meet and Confer Prior to 10/11/22 Rule 17 Filing***

9. On October 10, 2022, DFPD Snyder sent an email seeking our position on an ex parte application for a ruling on his previous "unopposed application for a subpoena to Steve Meister"; his email did not reference specifically what the subpoena requested nor did it contain a copy of the proposed subpoena. (**Ex. A** (DFPD Snyder 10/10/22 Email).) Still incorrectly believing that the request solely related to the topic of our discussion--the audio recording--and having been reminded that we had previously asserted no objection, I responded the same day and repeated our same position, which was set forth in defendant Huizar's subsequent ex parte application for ruling on the subpoena. (Dkt. 705.) I did not, as I should have, go back and review the original application in full before responding to DFPD Snyder's request; instead, recognizing that they had been waiting on a ruling for an extended period of

6

time, I provided an expedited reply to allow the process to continue.

### The Court's 10/13/22 Order Granting the Application

10. The day after my communication with counsel about his latest application, defendant Huizar filed his ex parte application for ruling on the subpoena. (Dkt. 705.) The Court granted the application on October 13, 2022. (Dkt. 715.)

### Discussions Following the Court's 10/13/22 Order

11. On or around October 18, 2022, I discussed with Mr. Meister the fact that the Court had recently authorized the issuance of a Rule 17 subpoena to him, and I explained our understanding that it was for the audio recording he made of his client's interview with the government (which also contained a separate conversation between only himself and his client), and that the government did not object to its production but noted it would be for Mr. Meister to determine whether that portion was privileged. After I confirmed with Mr. Meister that no gag order was attached to his subpoena that would prevent him from sharing the contents of it with me, Mr. Meister explained that in addition to the recording, the subpoena also sought government communications with him. It was then that I understood the subpoena sought government documents, and not the just the audio recording as discussed with defendant Huizar's counsel.

12. On November 1, 2022, I alerted DFPD Snyder of the issue via email. In it, I stated:

///

7

> I am not sure the source of the confusion but until I spoke with Steve [Meister] I was under the impression this subpoena was just for the recording that we discussed several times. So our position I provided you recently after 8 months of the subpoena pending was incomplete as it only related to that item. ***As we have previously litigated and discuss on many other occasions, we object to you obtaining our emails with other counsel absent it being Brady/Giglio, and think the proper route to obtain them is through discovery and/or motion to compel***, which you have now filed twice.

(**Ex. B** (AUSA Jenkins 11/1/22 Email. (emphasis added.))[1]

13. Two days later, on November 3, 2022, DFPD Snyder filed his Motion, which attached as an exhibit (Dkt. 780-4) the email thread containing the government's position and objection to item 2. However, the government's position and objection are not referenced in his Motion.

14. Following the filing of the Motion, I again communicated, via email, with DFPD Snyder about our intention to file a position with the Court to correct and supplement the record as to our position regarding item 2. I further stated we intended to move <u>ex parte</u> for permission from the Court to do so and requested his position. DFPD Snyder stated defendant Huizar opposes this request. Specifically, his position is that:

> Jose Huizar filed a public and detailed subpoena application for the first time in February 2022. Docket No. 365. The government did not object then or at any time over the next eight months. In October 2022, Huizar filed a request for ruling, fortuitously affording the government a second chance to object. Docket No. 705. The

---

[1] For purposes of a complete record, I attached the complete thread of this email, including DFPD Synder's subsequent response.

8

> government voiced a partial privilege objection for the first time, id. ¶ 7, which the Court effectively overruled when granting the subpoena, see id. ¶ 10; Docket No. 715.  Now, the government seeks a third opportunity to assert new objections in order to shield relevant, nonprivileged communications with a key cooperator's counsel.  This is improper.  The government continues to lack standing.  The time for compliance with the subpoena has passed.  There are no new facts that warrant reconsidering the Court's October 2022 decision to issue the subpoena.  There is no good cause to relieve the government of its burden to timely file documents.  There is no legal basis to quash request 2.  Huizar therefore opposes the government's ex parte application to file a nine-month-late objection.

15. In response to his position, I further asked DFPD Snyder "do you have any record that you provided us a copy of the subpoena <u>in advance</u> of the filing or otherwise alerted us to the fact that your subpoena sought to compel the production of government emails?" He responded, "The subpoena was filed on the docket." (**Ex. C:** DFPD Snyder 11/29/22 Email (emphasis added).)  I understood this answer to mean that he did not, in advance of the 2/2/22 filing, provide us a copy of the subpoena or otherwise alert us to the fact that his subpoena sought to compel the production of <u>government</u> emails.

//
//
//
//
//
//
//
//

9

16. Because the current record as presented does not accurately or clearly represent the government's position regarding a court order seeking its communications with another counsel, the government believes the record should be corrected and supplemented by this proposed two-page filing.

I declare, in Los Angeles, California, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: December 12, 2022

_____
MACK E. JENKINS