E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:   Mack.Jenkins@usdoj.gov
               Cassie.Palmer@usdoj.gov
               Susan.Har@usdoj.gov
               Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION REGARDING DEFENDANT JOSE HUIZAR'S MOTION TO ENFORCE RULE 17 SUBPOENA DIRECTED TO STEVE MEISTER |
| v. | |
| JOSÉ LUIS HUIZAR, et al., | Hearing Date: December 16, 2022<br>Hearing Time: 8:00 AM<br>Location:    7A - Courtroom of the Hon. of the Hon. John F. Walter |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, and Susan S. Har, hereby files its Government's

Position Regarding Defendant Jose Huizar's Motion to Enforce Rule 17 Subpoena Directed To Steve Meister.  (Dkt. 780.)

On November 16, 2022, the Court set a hearing date of December 16, 2022.  (Dkt. 832.)  This position is filed to correct and supplement the government's position on one aspect of defendant Huizar's subpoena directed to Mr. Meister.

The government has contemporaneously filed an ex parte application seeking leave to file this document.

Dated: December 12, 2022

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Mack Jenkins*

MACK E. JENKINS
CASSIE D. PALMER
SUSAN S. HAR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT POSITION REGARDING RULE 17 SUBPOENA TO STEVE MEISTER**

Defendant Jose Huizar's Rule 17 subpoena to Steve Meister requests three items:

(1) The audio recording that you created during Morrie Goldman's December 5, 2018 proffer session.

(2) All communications or recordings in any form (e.g., email, text message, voicemail, recording) involving you and/or Morrie Goldman and any member or the prosecution team in United States v. Jose Huizar.

(3) All notes or other documents reflecting or memorializing communications involving you and/or Morrie Goldman and any member of the prosecution team in United States v. Jose Huizar.

(Dkt. 780-1.)

Consistent with the record and defendant Huizar's filings (Dkt. 365, 705), the government maintains it has no objection to items 1 and 3, provided those items do not require any counsel to waive attorney-client privilege. Moreover, these are not government documents.

However, as set forth in Exhibit 4 of defendant's Motion, the government objects to item 2, which requests production of "all communications . . . involving [Mr. Meister] . . . and any member of the prosecution team" as overly broad in both substantive and temporal scopes and as not the proper subject of a Rule 17 subpoena. (780-4) (emphasis added). The request is not limited by topic, time, or relevance, and it is vague. On its face, it is not even clear if item 2 (or item 3) is limited to the instant case or just to the prosecution team assigned to the case, irrespective of topic.

The government asserts this issue is better suited for the discovery process and indeed has been litigated as such during this


1  case.  (See, e.g., Dkt. 381: Motion to Compel Communications Between Government and Cooperators and/or Their Counsel, filed 3/3/22; Dkt. 418: Government's Opposition to Motion to Compel, filed 3/31/22; and Dkt. 436: Court's Denial of Motion to Compel, filed 4/25/22).

The government believes defendant Huizar's subsequent motion to enforce a Rule 17 subpoena (Dkt. 705, filed 10/11/22) in an effort to obtain some of the very government emails to which this Court held almost six months earlier defendant was not entitled, is not a proper vehicle to obtain this information.  Instead, as to item 2 of the subpoena, which was addressed by the Court's prior ruling, defendant should file a motion to reconsider the Court's order on the motion to compel, as defendant Huizar has done in other instances (e.g., Dkt. 762, 837), so the government can fully litigate the matter.

The government acknowledges this objection should have come sooner because even if it was not made aware of its full contents in advance of the request, the application was publicly filed and contained a reference to government communications.  Nevertheless, given the posture of the litigation regarding compliance with this subpoena and the hearing date now set for December 16, 2022, the government now corrects and supplements the record to make clear that it objects to defense counsel seeking overbroad subpoenas for "all communications" with government counsel.  At minimum, some limiting features should be imposed so this does not constitute yet another impermissible "fishing expedition" by defense counsel.[1]

---

[1] Dkt. 597, Rep. Tr. (4/25/22 Hr'g) at 38:17-20 ("The Court agrees with the Government that what defendants really seek here is a fishing expedition into each of the witnesses' and cooperating defendants' personal and private information to which they are simply not entitled.")