# EXHIBIT J

| | |
|---|---|
| **From:** | Carel Ale |
| **To:** | "Palmer, Cassie (USACAC) 2"; Cuauhtemoc Ortega; Adam Olin; Charles Snyder; Kristina Beck |
| **Cc:** | Jenkins, Mack (USACAC); Har, Susan (USACAC); Faerstein, Brian (USACAC); Civetti, Andrew (LA) (FBI) |
| **Subject:** | RE: US v. Huizar - Outstanding Discovery Items |
| **Date:** | Thursday, December 8, 2022 5:37:00 PM |

Cassie:

I did not understand the one sentence in your Nov. 29th email ("With respect to the Esparza GPS data, he no longer has that prior phone, and otherwise retained the information via his spreadsheet.") as responsive to my multiple questions about these issues. Further, any omission of that email from the chain was inadvertent.

Thank you for responding with the additional information we had requested. Since there is a protective order in this case, why can't the FBI policy be produced with an "attorney's eyes only" or some other protective order designation? I hope you can understand that if the FBI policy on text-related messages is that it required retention because of its investigative purpose and SA Civetti did not retain those messages, that would be relevant to how this case was investigated. Moreover, and most importantly, even if SA Civetti documented the GPS data on the spreadsheet, we are entitled to confirm that data. As was revealed in the SZNW trial, for example, and respectfully, SA Civetti's spreadsheets were not always been accurate. At the SZNW trial, the casino records and video were able to confirm the inaccuracies; the text message notifications would allow a similar analysis.

With respect to SA Civetti's phone, when you say, "To our knowledge, the phone is no longer in FBI custody/no longer exists," is that based on an inquiry as to the whereabouts of this phone? Or is that your assumption?

I understand your response regarding review of any other devices with relevant material to mean that there are no other devices of any kind with relevant material in Melissa or Veronica's possession, other than the one you have previously identified.

Best,

Carel

**From:** Palmer, Cassie (USACAC) 2 <​​​​​​​​​​​​​​​​​​​​​​​​>
**Sent:** Thursday, December 8, 2022 5:06 PM
**To:** Carel Ale ; Cuauhtemoc Ortega ; Adam Olin ; Charles Snyder ; Kristina Beck
**Cc:** Jenkins, Mack (USACAC) Har, Susan (USACAC) >; Faerstein, Brian (USACAC) ; Civetti, Andrew (LA) (FBI)
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Hi Carel,

You either did not see or seem to have deleted my last response to you regarding this issue (sent on November 29 in response to your November 28 message), so I've inserted it into the thread below for accuracy.

Per your question regarding the Esparza GPS data, as noted in my November 29 email, "[w]ith respect to the Esparza GPS data, [SA Civetti] no longer has that prior phone, and otherwise retained the information via his spreadsheet." To the extent you are entitled to such information, we are providing it to you via the spreadsheet that we are producing in the forthcoming production. Second, to answer each of the questions you posed below in more detail:

- (1) Where or if Agent Civetti's cellphone with the text messages is preserved.
    - SA Civetti's cellphone no longer exists. He receives new phones regularly. When he gets a new phone, he returns that prior phone to the FBI.
- (2) If SA Civetti erased these messages.
    - He did not. They were preserved on his prior device. And as I previously stated, the GPS data was further preserved on the spreadsheet we are producing to you in the next set of discovery. The GPS messages on SA Civetti's prior phone contain no discoverable information beyond the data provided in the spreadsheet.
- (3) If a government CART technician or other technician can extract these messages.
    - No. To our knowledge, the phone is no longer in FBI custody/no longer exists.
- (4) If you can provide the FBI policy referenced above the highlighted response pertaining to retention of case-related text messages?
    - This policy is a law enforcement sensitive, because it relates to how FBI uses certain investigative tools, and accordingly is not disclosed outside the Bureau or otherwise discoverable. Moreover, in light of the disclosure of the data, this is not relevant much less material to any defense. If you disagree, please provide your theory of discoverability and we will consider it.

"We would also appreciate it if you could confirm that there are no other sources of materials previously in AUSA Dragalin's or Mills' possession"?

- We have reviewed the hard-drive we found in Veronica's office and confirmed there are no additional materials on it; we confirmed that Melissa left behind no hard-drives, which was expected because Veronica was our main point of contact for discovery.

Thanks,

Cassie

**Cassie D. Palmer | Assistant United States Attorney**
**Public Corruption & Civil Rights Section**
United States Courthouse, ███████0 | ███████████. | Los Angeles, California 90012
███████████████████████████████

---

**From:** Carel Ale ███████████████>
**Sent:** Wednesday, December 7, 2022 4:57 PM
**To:** Jenkins, Mack (USACAC) ███████████████████; Cuauhtemoc Ortega

███████████████████████; Adam Olin ████████████████>; Charles Snyder ████████████████; Kristina Beck ████████████████████>
**Cc:** Quach, Lynda (USACAC) [Contractor] ████████████████; Har, Susan (USACAC) ████████████████ Civetti, Andrew (LA) (FBI) ████████████>; Palmer, Cassie (USACAC) 2 ████████████████>
**Subject:** [EXTERNAL] RE: US v. Huizar - Outstanding Discovery Items

All,

Please advise by Friday if you will be producing Agent Civetti's text message notification of Esparza' GPS locations. Again, we've previously requested that you advise: (1) where or if Agent Civetti's cellphone with the text messages is preserved; (2) if SA Civetti erased these messages; (3) if a government CART technician or other technician can extract these messages; and (4) if you can provide the FBI policy referenced above the highlighted response pertaining to retention of case-related text messages?

We would also appreciate it if you could confirm that there are no other sources of materials previously in AUSA Dragalin's or Mills' possession.

As always, happy to discuss these requests.

Thanks,

Carel

**From:** Palmer, Cassie (USACAC) 2
**Sent:** Tuesday, November 29, 2022 10:06 AM
**To:** Carel Ale ████████████████ Cuauhtemoc Ortega ████████████████████████ Adam Olin ████████████████ Charles Snyder ████████████████ Kristina Beck K████████████████
**Cc:** Jenkins, Mack (USACAC) ████████████████ Civetti, Andrew (LA) (FBI) ████████████; Har, Susan (USACAC) ████████████████ Quach, Lynda (USACAC) [Contractor] ████████████████
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Hi Carel,

Thank you for your message. We understand your concern. The two-to-three-week estimate is based on us producing the discovery to you through Relativity. To do that, the government must take the following steps, each of which takes time, much of which is outside of our control: (1) send the production to Ledios; (2) once uploaded to Leidos, our Office tags documents; (3) Ledios Bates stamps the documents; (4) Ledios processes the production; (5) Leidos provides the production for our review; (6) assuming no changes, our Office downloads the production to the hard-drive you provided; and (7) the hard-drive is sent out to you/made available for pick up.

We could produce sooner by manually bates stamping the documents instead of producing them through Relativity. The reason we don't do that initially is because that production is often less user-

friendly and less organized. But, in the interest of expediency for trial, would you prefer that?

The production will include the following:

- SZNW Trial Production [158 MB]
- 4 recorded interviews (Virginia Clark, Li Chen, Darius Hamati, Mark Davis)
- SZNW Discovery to Government (Investigative Reports & Casino Records Subpoenaed by Defense) [252 MB]
- The 302 from Nate Hayward
- Any documents relating to issues Lynda was correcting with Ledios (if completed)

With respect to the Esparza GPS data, he no longer has that prior phone, and otherwise retained the information via his spreadsheet.

Thanks,

Cassie

**Cassie D. Palmer | Assistant United States Attorney**
**Public Corruption & Civil Rights Section**

---

**From:** Carel Ale
**Sent:** Monday, November 28, 2022 12:29 PM
**To:** 'Jenkins, Mack (USACAC) <████>; Cuauhtemoc Ortega <████>; Adam Olin <████>; Charles Snyder <████>; Kristina Beck <████>
**Cc:** Quach, Lynda (USACAC) [Contractor] <████>; Har, Susan (USACAC) <████>; Civetti, Andrew (LA) (FBI) <████>; Palmer, Cassie (USACAC) 2 <████>
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Mack, Cassie,

Thank you for following up on these requests. While we appreciate the time-constraints, 2-3 weeks for a "large discovery production" seems long given that we are set for trial in less than 3 months and have a significant about of work still ahead. <u>Can you please provide discovery on a rolling basis sooner</u>? Can you please provide an estimate of how large of a production you anticipate making?

We appreciate you continuing to look for the requested GPS discovery and we'll wait for your confirmation regarding what if any other responsive information is in the hard drive. Please confirm that there is no other source of information -- computers, phones, etc. -- in the possession of former AUSAs Dragalin or Mills, or any other person that might have retained relevant information.

As to Agent Civetti's text messages, can you explain what you mean when you say that "SA Civetti

does not have access to the text messages; to his knowledge these messages were not preserved"? These were presumably sent to his cellphone. Can you confirm: (1) is this the same cellphone he's continuing to use and if not, where is the cellphone currently preserved; (2) did SA Civetti erase these messages: (3) can SA Civetti reach out to CART or someone who would have knowledge of where or if these messages were preserved; and (4) can you provide the FBI's policies on retaining case-related text messages?

Thanks and happy to chat about any of the above.

Best,

Carel

---

**From:** Jenkins, Mack (USACAC) [redacted]
**Sent:** Monday, November 28, 2022 11:04 AM
**To:** Carel Ale [redacted] Cuauhtemoc Ortega <[redacted]>; Adam Olin [redacted]>; Charles Snyder [redacted]g>; Kristina Beck [redacted]
**Cc:** Quach, Lynda (USACAC) [Contractor] [redacted]; Har, Susan (USACAC) [redacted] Civetti, Andrew (LA) (FBI) [redacted] Palmer, Cassie (USACAC) 2 [redacted]
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Sorry one update/correction to Item 1: first bullet point (in highlighted ==yellow==, immediately below):

The outstanding discovery requests from last month (per the attached):

1. GPS Tracker Data from Esparza's Car -- Mack said the government would double check re Esparza's GPS data; we also specifically requested all text message notifications received by Agent Civetti from the GPS tracker which appear to be from phone number [redacted] but may have been from other numbers or to his email.

   - *Per FBI policy, the underlying data obtained via tracker warrants are for investigative real-time leads and are not separately maintained as evidence. If the obtained real time data is used for investigative purposes, e.g., for surveillance, that action is documented in a FBI 302 and provided in discovery.* ==*Notwithstanding that policy, Esparza's GPS car data was independently maintained by SA Civetti in an Excel spreadsheet for his investigative purposes and he recently located it on a hard drive previously in the possession of now departed AUSA Dragalin in response to your request. SA Civetti will create a 302 corresponding with this Excel and we produce it all in the next phase of discovery. He is also in the process of reviewing the complete hard drive to confirm there is no other relevant discovery or responsive information on this hard drive.*==
   - *Other than what has already been documented in surveillance reports, SA Civetti does not have access to any text messages; to his knowledge these messages were not preserved.*

**From:** Palmer, Cassie (USACAC) 2 <████████████>
**Sent:** Monday, November 28, 2022 10:10 AM
**To:** Carel Ale <████████████>; Cuauhtemoc Ortega <████████████>; Adam Olin <████████████>; Charles Snyder <████████████>; Kristina Beck <████████████>
**Cc:** Quach, Lynda (USACAC) [Contractor] <████████████>; Jenkins, Mack (USACAC) <████████████>; Har, Susan (USACAC) <████████████>; Civetti, Andrew (LA) (FBI) <████████████>
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Hi Carel,

I hope you had a nice Thanksgiving. We've addressed the outstanding discovery items below.

Happy to discuss, if you have any questions.

Thanks,

Cassie

**Cassie D. Palmer | Assistant United States Attorney**
Public Corruption & Civil Rights Section

████████████████████████████████████████

████████ | ████████ [Carel_Ale@fd.org](mailto:Carel_Ale@fd.org)
**Sent:** Friday, November 25, 2022 10:20 AM
**To:** Jenkins, Mack (USACAC) <████████████>
**Cc:** Cuauhtemoc Ortega <████████████>; Adam Olin <████████████>; Quach, Lynda (USACAC) [Contractor] <████████████>; Charles Snyder <████████████>; Kristina Beck <████████████>; Palmer, Cassie (USACAC) 2 <████████████>; Har, Susan (USACAC) <████████████>; Civetti, Andrew (LA) (FBI) <████████████>
**Subject:** [EXTERNAL] RE: US v. Huizar - Outstanding Discovery Items

Thanks for the update.

**From:** Jenkins, Mack (USACAC) <████████████>
**Sent:** Friday, November 25, 2022 10:03 AM
**To:** Carel Ale <████████████>
**Cc:** Cuauhtemoc Ortega <████████████>; Adam Olin <████████████>; Quach, Lynda (USACAC) [Contractor] <████████████>; Charles Snyder <████████████>; Kristina Beck <████████████>; Palmer, Cassie (USACAC) 2 <████████████>; Har, Susan (USACAC) <████████████>; Civetti, Andrew (LA) (FBI) <████████████>
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Carel -- My understanding is that we should have answers and/or responsive productions to most, if not all, of the outstanding discovery items early next week.

**From:** Carel Ale <████████████████>
**Sent:** Tuesday, November 22, 2022 8:23 AM
**To:** Quach, Lynda (USACAC) [Contractor] <████████████████>
**Cc:** Cuauhtemoc Ortega <████████████████>; Adam Olin <████████████g>; Charles Snyder <████████████████>; Kristina Beck <████████████████>; Jenkins, Mack (USACAC) <████████████████>; Palmer, Cassie (USACAC) 2 <████████████████>; Har, Susan (USACAC) <████████████████>; Civetti, Andrew (LA) (FBI) <████████████████>
**Subject:** [EXTERNAL] RE: US v. Huizar - Outstanding Discovery Items

Mack, Cassie, Susan,

Can you give us a timeframe for when we can expect the outstanding discovery or even if the government will agree to produce? We'd like to know in case we need to litigate.

Thanks,

Carel

---

**From:** Carel Ale
**Sent:** Thursday, November 17, 2022 11:35 AM
**To:** 'Quach, Lynda (USACAC) [Contractor]' <████████████████>
**Cc:** Cuauhtemoc Ortega <████████████████>; Adam Olin <████████████g>; Charles Snyder <████████████████>; Kristina Beck <████████████████>; Jenkins, Mack (USACAC) <████████████████>; Palmer, Cassie (USACAC) 2 <████████████████>; Har, Susan (USACAC) <████████████████> Civetti, Andrew (LA) (FBI) <████████████████>
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

We see that now. Thanks, Lynda!

---

**From:** Quach, Lynda (USACAC) [Contractor] <████████████████>
**Sent:** Thursday, November 17, 2022 11:05 AM
**To:** Carel Ale <████████████████>
**Cc:** Cuauhtemoc Ortega <████████████████> Adam Olin <████████████████>; Charles Snyder <████████████████>; Kristina Beck <████████████████> Jenkins, Mack (USACAC) <████████████████>; Palmer, Cassie (USACAC) 2 <████████████████>; Har, Susan (USACAC) <████████████████> Civetti, Andrew (LA) (FBI) <████████████████>
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Hi Carel,

Thank you for letting me know.  If you did not receive the Lucy Kim notes from Veronica/Cassie on June 2nd and June 21st, they were also included in the August 19, 2022 production (production 048). Lee trial materials begin from bates-stamped number "Casino_2106170".  The "Casino" bates-

stamped number is on the lower right corner, and the previously stamped "Lee Trial" bates number can be found on the lower left corner. I hope that is helpful. The Lucy Kim notes can be found at Casino_2106204.

Let me know if you need further clarification.


Respectfully,
Lynda

**From:** Carel Ale
**Sent:** Thursday, November 17, 2022 9:16 AM
**To:** Quach, Lynda (USACAC) [Contractor]
**Cc:** Cuauhtemoc Ortega ; Adam Olin ; Charles Snyder ; Kristina Beck ; Jenkins, Mack (USACAC) ; Palmer, Cassie (USACAC) 2 ; Har, Susan (USACAC) ; Civetti, Andrew (LA) (FBI)
**Subject:** [EXTERNAL] RE: US v. Huizar - Outstanding Discovery Items

Hi Lynda,

Thank you for the quick reply. We'll wait to hear from you regarding the vendor responses and from the other team members on the other outstanding issues.

As to the Lucy Kim documents you attached, we actually haven't received any "Lee Trial" bates numbered documents. The last productions we received were 6/10 and 6/23 but neither contained any "Lee Trial" bates documents. I mention this in case there is a "Lee Trial" bates production out there we are missing and which you could send us.

Thanks again,

Carel

**From:** Quach, Lynda (USACAC) [Contractor]
**Sent:** Wednesday, November 16, 2022 4:31 PM
**To:** Carel Ale
**Cc:** Cuauhtemoc Ortega ; Olin < >; Charles Snyder ; Kristina Beck ; Jenkins, Mack (USACAC) ; Palmer, Cassie (USACAC) 2 ; Har, Susan (USACAC) ; Civetti, Andrew (LA) (FBI)
**Subject:** RE: US v. Huizar - Outstanding Discovery Items

Hi Carel,

I hope you had a nice Veteran's Day weekend. Please see my notes below regarding some of the

new items.  Another member of our team will address the remainder of items.

Thanks,
Lynda

---

**From:** Carel Ale███████████████ >
**Sent:** Wednesday, November 16, 2022 12:45 PM
**To:** Jenkins, Mack (USACAC) ███████████████ Palmer, Cassie (USACAC) 2 ███████████████ Har, Susan (USACAC) ███████████████ Quach, Lynda (USACAC) [Contractor] ███████████████ Civetti, Andrew (LA) (FBI) ███████████
**Cc:** Cuauhtemoc Ortega ███████████████████████ Adam Olin ███████████████; Charles Snyder ███████████████; Kristina Beck ███████████████
**Subject:** [EXTERNAL] US v. Huizar - Outstanding Discovery Items

Hi all,

Hope you all had a restful holiday weekend. We understand you are probably recovering from trial and, while I am not trying to rush the recovery process, I'm following up on the below so it doesn't get too far out of sight and out of mind (esp since trial is still quickly approaching). We also have a few additional missing items.

The outstanding discovery requests from last month (per the attached):

1. GPS Tracker Data from Esparza's Car -- Mack said the government would double check re Esparza's GPS data; we also specifically requested all text message notifications received by Agent Civetti from the GPS tracker which appear to be from phone number ███████ but may have been from other numbers or to his email.

    - *Per FBI policy, the underlying data obtained via tracker warrants are for investigative real-time leads and are not separately maintained as evidence.  If the obtained real time data is used for investigative purposes, e.g., for surveillance, that action is documented in a FBI 302 and provided in discovery.  As such, in accordance with that policy, Esparza's GPS car data was not maintained.*
    - *Other than what has already been documented in surveillance reports, SA Civetti does not have access to any text messages; to his knowledge these messages were not preserved.*

2. Godoy Recording (Bates 341392) -- Mack said the government was tracking this down.

*We will produce this.  SA Civetti has to request the recording, as he does not have ready access because it relates to a different case that has since been closed.  We intend to include this item with the large discovery production of items from the Shen Zhen trial, which we estimate producing via Leidos in 2-3 weeks.*

3. 302/Notes from Hayward's April 2021 Interview (Bates 341392)

*We will produce this through Relativity.  We intend to include this item with the large discovery*

*production of items from the Shen Zhen trial, which we estimate producing via Leidos in 2-3 weeks.*

4. All drafts of the casino trips summary chart -- I understand from a brief conversation with Cassie during the SZNW trial the government might take a position that it doesn't have to produce this but noting it.

*That's correct. Our position is that the defense is not entitled to drafts of documents, including our summary charts or other draft exhibits, which are work product. We produce final versions in accordance with Court deadlines.  We sometimes provide draft exhibits in advance as part of the meet and confer process, but do so with the express agreement that earlier versions of the exhibits, like charts, will not be used as part of any litigation or by any party on cross-examination.  The particular casino trips summary chart you're inquiring about were incorporated into the FSI and submitted to the grand jury and/or the Court. As such, we considered those versions permissible topics for cross-examination since they were provided with the intent they could be relied on based on the evidence to date.  You have long had those versions (in the FSI/other filings) and/or discovery.  The mention of "drafts" in Civetti's testimony was in reference to the versions in the complaint and FSI.*

And the new items:
5. Can you please reproduce: "Casino_0014962-Casino_0015809," "Casino_0264567," and Native "Casino_0342212."  The links produce an error message and appear to be broken (per the attached report).
   a. **"Casino_0014962-Casino_0015809"** – *Lynda sent an inquiry to our vendor regarding this one.  I will send it over to you once I receive a copy.*
   b. **"Casino_0194134"** – This is part of pdf Cellebrite extraction report.  The report is approximately 4968 pages.  You should have this from Production 007 (produced on September 22, 2020).  Casino_0194134 should be approximately on page 184 of the document.  This report is found in the "Native003" subfolder of your production, and begins at Casino_0193950.
      *ALREADY PROVIDED*
   c. **"Casino_0264567"** – *Lynda sent an inquiry to our vendor regarding this one.  I will send it over to you after I receive a copy.*
   d. **Native "Casino_0342212"** – Please see attached.  The native is a pdf document.  The native is in the "NATIVE002" subfolder of your production (produced on October 13, 2020).
      *ALREADY PROVIDED*
6. 940 Hill trial -- We have notes but are missing 302s from the following witnesses: Esparza, Kuk, Lim, Modrzejewski, Shaffer, Chang, Kang, Kim.

*Given time and resource limitations during trial preparation and trial, for interviews during those times, we often switch to notes instead of 302s, so we could provide them to the defense in a much more expedient fashion.  This was regularly the case in the prior trials and will likely be the practice for final trial. As such, there are no corresponding 302s for these.*

7. 940 Hill trial -- We are missing notes and the 302 for Lucy Kim. – The notes for Lucy Kim were produced by Veronica/Cassie on June 2, 2022 and June 21, 2022.  Please see attached.

**ALREADY PROVIDED.**

8. SZNW trial -- We are missing 302 and notes from the following witnesses: H. Chan, Keller, Esparza, Yan, O'Donovan, Fistrovic, I. Huizar, Zheng, S. Huizar (and proffer/pleading documents), Rios. Flagging these but also understand you all were busy with the trial.

*Last week, FBI SA Civetti serialized all discovery items produced during the Shen Zhen trial to that defense team.  We now will upload those documents to Ledios and process them for production.  We estimate 2-3 weeks for the next production to defense.*

Thanks and let us know if any of the above is unclear.

Best,

Carel

---------------------------------------------------------------------------
**Carel Alé | Deputy Federal Public Defender**