CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
(Email: carel_ale@fd.org)
CHARLES SNYDER (Bar No. 287247)
(Email: charles_snyder@fd.org)
ADAM OLIN (Bar No. 298380)
(Email: adam_olin@fd.org)
Deputy Federal Public Defenders
321 E. 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-5186
Facsimile: (213) 894-0081

Attorneys for Defendant
José Luis Huizar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE LUIS HUIZAR, et al.,<br>　　　　　Defendant. | Case No. 20-CR-326-JFW-1<br><br>***EX PARTE* APPLICATION TO FILE UNDER SEAL EXHIBITS A-H AND K-N IN SUPPORT OF JOSE LUIS HUIZAR'S MOTION TO COMPEL PRODUCTION OF (1) TEXT NOTIFICATION OF GPS TRACKING DEVICE, AND (2) "EXHIBIT 2" PROFFERED BY GEORGE CHIANG DURING HIS JULY 11, 2019 INTERVIEW (ECF No. 862); DECLARATION OF COUNSEL** |

　　　　Mr. Jose Luis Huizar, by and through his counsel of record, hereby applies *ex parte* to file Exhibit A-H and K-N in support of his motion to compel (1) text notification of GPS tracking device, and (2) "Exhibit 2" proffered by George Chiang during his July 11, 2019 interview (ECF No. 862) pursuant to the Court's Protective Order. (ECF No. 47.)

//

This application is based upon the attached declaration of counsel in support, the previously entered into Protective Order, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 12, 2022

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

By  *s/Carel Alé*
Carel Alé
Charles J. Snyder
Adam Olin
Deputy Federal Public Defenders
Attorneys for Jose Luis Huizar

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court has plenary supervisory power to seal documents under appropriate circumstances. *See United States v. Msann*, 829 F.2d 849, 853 (9th Cir. 1987); *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979); C.D. Cal. Local Rules, 79-5 (party may request court to seal filed document). Although there is a strong presumption of public access to court records, this presumption may be overcome where there is a likelihood of improper use of the material, including use for scandalous or libelous purposes, or where public access would infringe on privacy or fair trial rights. *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986); *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). To determine whether the presumption of access is overcome, courts should balance the likelihood of inappropriate use with the public's interest in understanding the judicial process. *Valley Broadcasting Co.*, 798 F.2d at 1294. A Court should consider all relevant factors, and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434.

The concurrently lodged Exhibits A-H and K-L are comprised of the documents produced by the government pursuant to the Court's previously filed Protective Order and/or contain confidential information. Pursuant to the Court's Order, documents produced as cooperator materials, sensitive materials, or pursuant to the Protective Order should be filed under seal. (ECF No. 47, ¶5.m.) Further, the need to protect the information outweighs the public's interest for access to court records and does not encumber the public's understanding of these proceedings. It is submitted that the attached declaration is sufficient to justify sealing the concurrently filed motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 12, 2022      By */s/ Carel Alé*

Carel Alé
Deputy Federal Public Defender

1

# DECLARATION OF COUNSEL

I, Carel Alé, declare:

1. I am a Deputy Federal Public Defender for the Federal Public Defender's Office, and counsel of record, for defendant Jose Luis Huizar. I submit this declaration in support of Mr. Huizar's Motion to Compel.

2. On August 3, 2020, the Court entered a Protective Order Regarding Discovery Containing Personal Identifying Information and Cooperating Witness Information, (ECF No. 47,) granting the parties stipulation, (ECF No. 44.)

3. Attached as Exhibit A Exhibit A is a true and correct copy of the February 15, 2017 warrant application to place a GPS tracking device on George Esparza's car.

4. Attached as Exhibit B is a true and correct copy of the February 15, 2017 Order granting the government's warrant application.

5. Attached as Exhibit C is a true and correct copy of Exhibit C is a true and correct copy of the government April 3, 2017 *ex parte* application to extend the warrant for the GPS tracking device.

6. Attached as Exhibit D is a true and correct copy of the April 3, 2017 Order granting the government's extension request.

7. Attached as Exhibit E is a true and correct copy of the government's May 19, 2017 request for a second extension of the warrant for a tracking device.

8. Attached as Exhibit F is a true and correct copy of the May 19, 2017 Order granting the government's extension request.

9. Attached as Exhibit G is a true and correct copy of an FBI 302 documenting the October 5, 2018 removal of the GPS tracker installed on George Esparza's car.

10. Attached as Exhibit H is a true and correct copy of May 12, 2017 Physical Surveillance Log documenting government surveillance of Esparza based on data obtained by the GPS tracker.

11. Attached as Exhibit K is a true and correct copy of the e August 12, 2017 302 documenting notifications sent to SA Civetti's FBI issued cellphone between July 1, 2017 and August 12, 2017, from the GPS tracking device on Esparza's car.

12. Attached as Exhibit L is a true and correct copy of the 302 report of the government's July 11, 2019 interview of George Chiang.

13. Attached as Exhibit M is a true and correct copy of a document identified as an outline and produced by George Chiang and his attorney, Stanley Friedman, in connection with Chiang's July 11, 2019 proffer.

14. Attached as Exhibit N is a true and correct copy "Exhibit 2" of documents proffered by Chiang in connection to his July 11, 2019 interview, as it was produced to the defense.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 12, 2022, in Los Angeles, California.

        *s/Carel Alé*
        CAREL ALÉ

2