1   CUAUHTÉMOC ORTEGA (Bar No. 257443)
    Federal Public Defender
2   CAREL ALÉ (Bar No. 283717)
    (Email: carel_ale@fd.org)
3   CHARLES SNYDER (Bar No. 287247)
    (Email: charles_snyder@fd.org)
4   ADAM OLIN (Bar No. 298380)
    (Email: adam_olin@fd.org)
5   Deputy Federal Public Defenders
    321 E. 2nd Street
6   Los Angeles, California  90012
    Telephone:  (213) 894-5186
7   Facsimile:  (213) 894-0081

8   Attorneys for Defendant
    JOSÉ LUIS HUIZAR

9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

### WESTERN DIVISION

12

| | |
|---|---|
| 13  UNITED STATES OF AMERICA, | Case No. 20-CR-326-JFW-1 |
| 14       Plaintiff, | **REPLY ISO *EX PARTE* APPLICATION FOR ORDER TO ENFORCE TRIAL ORDER AND EXCLUDE FROM TRIAL ANY GOVERNMENT EXHIBIT NOT PRODUCED BY THE EXHIBIT DEADLINE, OR, IN THE ALTERNATIVE, REQUEST FOR A STATUS CONFERENCE (ECF No. 849); DECLARATION OF COUNSEL** |
| 15       v. | |
| 16  JOSÉ LUIS HUIZAR, | |
| 17       Defendant. | |

18

19

20       Defendant José Luis Huizar, through his attorneys of record, Deputy Federal

21  Public Defenders Carel Alé, Charles Snyder, and Adam Olin, files this reply in support

22  of his *Ex Parte* Application for Order to Enforce Trial Order and Exclude from Trial Any

23  government Exhibit Not Produced by the Exhibit Deadline, or, in the Alternative,

24  Request for a Status Conference. (ECF No. 849.)

25                                    Respectfully submitted,

26                                    CUAUHTÉMOC ORTEGA
                                      Federal Public Defender
27
    DATE:  December 14, 2022      By /s/ Carel Alé
28                                    _____
                                      CAREL ALÉ
                                      Deputy Federal Public Defender

1

**Table of Exhibits**

2

| Exhibit | Description | Cite |
|---------|-------------|------|
| A | Chart analyzing file type of government's December 2, 2022 *Brady/Giglio* Production | 2, 4 |
| B | Email Correspondence re: government's additional production of exhibits, transcripts and other documents | 2, 4 |
| C | Index of government's December 9, 2022 discovery production | 2, 4 |
| D | Chart analyzing file type of government's December 9, 2022 discovery production | 2, 4 |
| E | Chart of government's discovery productions to Shen Zhen New World, LLC | 2, 4 |
| F | Exemplars of Government's Highlighted Documents (Filed Under Seal) | 3 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

1      The government continues to thumb its nose at the Court's deadlines even just in

2  the time since Huizar filed the underlying *ex parte* application. The requested relief is all

3  the more necessary as a result.

4      The most recent example of the government's disregard for the Court's Trial Order

5  is the government's *Brady*/*Giglio* production. The government's *Brady*/*Giglio* deadline

6  lapsed on December 2, 2022, the same week the defense filed the EPA. Its *Brady*/*Giglio*

7  production consisted of just 65 documents consisting largely of unproduced old proffer

8  letters, grand jury transcripts (where the witness invoked throughout), and marginally-

9  relevant information. But a week later, on December 9, 2022, the government produced

10  over 16,000 pages of documents and files with obvious *Brady*/*Giglio* material scattered

11  throughout. There was, for example, information about Businessperson A's previously

12  undisclosed and ongoing criminal investigation for fraud and theft about which the

13  government has known for months; there was an email where a witness accused SA

14  Andrew Civetti of fabricating information in the report of his interview; there was a 302

15  of Huizar's former planning director stating he believed the Shen Zhen New World

16  project died and there was no activity to suggest it was a real project. And that's only

17  what the defense found in four days in between other filings in this case.

18      Also buried in the government's latest production were documents it wrongly

19  withheld for months or years. This includes the 302, notes, and series of emails relating

20  to an April 1, 2021 interview of George Esparza describing his involvement in additional

21  criminal conduct, which the government attempted to obscure by placing it in a section

22  entitled "various miscellaneous docs from FBI." To be clear, the government could have

23  easily produced almost all of this to Huizar much earlier when it produced the same

24  documents to 940 Hill or SZNW. All it had to do was add Huizar's lawyers to its emails.

25  In fact, at least the first of the government's productions to SZNW the government did

26  produce to Huizar. It then inexplicably withheld the next 18.

27      In its opposition the government argues that its exhibits were essentially good

28  enough to meet the Court's October 11th exhibit deadline. But the Court's Order does

1  not merely require that the government complete more "than half," (ECF No. 858, 5, n.3)

2  of its exhibits. The government might be content with its failing grade, but it comes at

3  the cost of the defense and its preparation for trial. The defense is still waiting for the

4  government to produce all of its completed trial exhibits—more than two months after

5  the Court's deadline. And as it does, the blown deadlines and document dumps continue.

6       This Court should not tolerate the government's blasé attitude about this Court's

7  Trial Order and deadlines when it significantly prejudices the defense and its trial

8  preparations. Accordingly, Huizar seeks to enforce the Court's Trial Order and exclude

9  any government trial exhibit not produced by the Court's October 11th exhibit deadline

10  or other relief the Court deems appropriate.

11                              **II. ADDITIONAL FACTS**

12       On December 2, 2022, the *Brady/Giglio* deadline, the government produced 65

13  PDF documents. Decl. of Counsel, Ex. A.

14       On December 7, the government provided corrected trial exhibits, new trial

15  exhibits, and additional highlighted transcripts and debriefs. Ex. B.

16       On December 9, 2022, the government produced to the defense over 16,000 pages

17  of new documents and files. *Id.*, Exs. C & D. This production included evidence of an

18  ongoing criminal investigation into Businessperson A, dozens of months-old 302s and

19  accompanying notes, and many other topics.

20       The government's December 9th production included a chart documenting its

21  productions to Shen Zhen New World, LLC ("SZNW"). *Id.*, Ex. E. The chart documented

22  the 19 productions the government made to SZNW between August 12 to November 16.

23  *Id.* The government included Huizar and Chan in the first production. *Id.* The next 18

24  productions were made only to SZNW. *Id.*

25

26

27

28

                                          2

1

**III. ARGUMENT**

2      A.      **The Government Attempts to Obscure Its Failure to Produce Trial-**

3              **Ready Exhibits By the Court's October 11 Deadline**

4              The government's opposition makes one particularly flawed assumption, (*see* ECF

5      No. 858, 4) —it is very much in dispute whether the government disclosed its exhibits

6      on October 11. That is the reason why Huizar is seeking relief.

7              As previously explained in the underlying EPA, by the time of the meet-and-

8      confer, 40% of the government's recordings for Huizar's trial were neither clipped nor

9      synced. (ECF No. 849, 1.) The government hides behind the subset of clipped and synced

10     exhibits it had on hand from previous trials to obscure the fact that a significant part of

11     the recordings it produced for *this* trial were not clipped or synced. And, as previously

12     explained, the Court's transcript deadline serves a distinct purpose than the Court's

13     exhibit deadline, (*id.*, 5), the government's confusion notwithstanding, (ECF No. 858, 7.)

14     While the government finally produced highlighted documents (only after the defense

15     requested adequate production or filed for relief), even that is still incomplete and its

16     assertion that the highlighted documents are adequate substitute for its future exhibit

17     recordings is difficult to square with what it produced. *See, e.g.*, Ex. F (filed under seal).[1]

18             The government's claim that it produced entire hours of recordings to avoid a

19     claim of unfair surprise raised by a different defendant, (ECF No. 858, 3), is a *post hoc*

20     attempt to convert its failure to meaningfully comply with the Court's orders into a boon

21     to the defendants. Moreover, the government was already on notice that Huizar needed

22     properly identified exhibits when Huizar's counsel told the government as early as

23     October 26 that the hours of recordings inhibited meaningfully meeting and conferring

24

25     ───────────────

26          [1] Following the filing of government's opposition contesting the assertion
       regarding the foreign language nature of the recordings, (ECF No. 858, 9), the defense
27     reviewed the recordings again for foreign language. While the defense continues to
       believe that a significant part of the recordings is in a foreign language, either in whole
       or in parts of the conversations, the overarching point is that the government failed to
28     produce its trial exhibit recordings by the October 11 deadline, regardless of the
       language. That central issue has not changed.

3

1    about them. (ECF No. 849, Ex. B.) The defense, in good faith, raised this issue with the

2    government expeditiously so that the parties could resolve it and meet and confer and so

3    that this trial could proceed as directed by the Court. The government instead continued

4    to drag its feet.

5         The government further contends that its "speaking" FSI is sufficiently detailed to

6    erase its obligations under the Court's Trial Order to provide its exhibits. (ECF No. 858,

7    6.) If that were the case, the Court would not have ordered an exhibit deadline in the first

8    place. Moreover, accepting that argument would improperly require defendants to guess

9    which portions the government may or may not use, the precise issue an exhibit list is

10   designed to solve. Finally, the government's assertion that the exhibit index it produced

11   earlier this year or the thousands of pages of linesheets, which are not transcripts, are

12   somehow stand ins for its trial exhibits is nonsense. (ECF No. 858, 6 & 8.) By that

13   measure, the government need not finalize exhibits at all so long as it can cite whole

14   documents and recordings.

15        The government's failure to provide trial-ready exhibits by the October 11

16   deadline has already prejudiced the defense. The parties could not address these dozens

17   of exhibits during the parties' meet and confer. And the government has suggested that

18   so long as it gets the defense transcripts before the January 20, 2023 transcript deadline

19   that meets its October 11, 2022 exhibit deadline. The defense's trial preparations will

20   continue to be prejudiced every day that the government fails to produce trial-ready

21   exhibits. The Court should exclude any exhibit not produced by the October 11 deadline.

22   **B.      The Government's Disregard for Court Deadlines is Ongoing**

23        The requested relief is also necessary because the government has continued to

24   disregard the Court's Trial Order, sandbagging the defense in the process.

25        When the government's *Brady/Giglio* deadline arrived on December 2, it produced

26   only 65 documents. Decl. of Counsel, Ex. A. On December 9, 2022, the government

27   produced over 16,000 pages of documents and exhibits, including clear *Brady/Giglio*

28   evidence long within the government's possession. *Id.*, Ex. C. The government could

                                            4

have produced this discovery to the defense *months ago* when it produced most of the discovery to 940 Hill/Lee and SZNW. *Id.*, Ex. E. The government, for example, made 19 productions to the SZNW team from August 12 through November 16, 2022. *Id.* Huizar received only the first of those 19 productions. *Id.* The government could have produced the other 18 productions to Huizar just like it did the first. Instead, the government chose to withhold that discovery and is now flooding the defense with 16,000 pages of documents and files. There is no legitimate reason other than gamesmanship for this withheld production.

The government's *Brady/Giglio* production and latest discovery production is indicative of the government's disregard for the Court's Trial Order or the Court's stated desire for an orderly trial. The Court should not reward the government for its continued violations of the Court's Trial Order.

## IV. CONCLUSION

For the foregoing reasons, the defense requests that the Court grant Huizar's request to enforce the Court's April 27, 2022 Trial Order and exclude any exhibits not produced by the Court's October 11th exhibit deadline. (ECF No. 848.)

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

DATE: December 14, 2022        By  */s/Carel Alé*
                                  CAREL ALÉ
                                  CHARLES SNYDER
                                  ADAM OLIN
                                  Deputy Federal Public Defenders