E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289
     Facsimile: (213) 894-6436
     E-mail:   Mack.Jenkins@usdoj.gov
              Cassie.Palmer@usdoj.gov
              Susan.Har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>JOSE LUIS HUIZAR, et al.,<br><br>       Defendants. | No. CR 20-326(A)-JFW-1<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER STRIKING DEFENDANT'S IMPROPER REPLY; OR, IN THE ALTERNATIVE, CONTINUING HEARING AND PERMITTING THE GOVERNMENT TO FILE A SUR-REPLY; DECLARATION OF MACK E. JENKINS |

     The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby

applies <u>ex</u> parte to this Court for an order striking defendant Jose Huizar's improper reply; or, in the alternative, continuing hearing and permitting the government to file a sur-reply.

This application is based on the below Memorandum of Points and Authorities and attached declaration, all other records in this case, and any argument that the Court will permit.

Defendant Huizar objects to the government's application and his position is set forth in full in the attached declaration.

Dated: December 15, 2022          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  _____
                                  MACK E. JENKINS
                                  CASSIE D. PALMER
                                  SUSAN S. HAR
                                  BRIAN R. FAERSTEIN
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.   INTRODUCTION.................................................1

II.  LEGAL STANDARD RELATING TO REPLY BRIEFS.....................3

III. ARGUMENT....................................................4

IV.  CONCLUSION..................................................6

1          <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3          On December 5, 2022, defendant Huizar filed his <u>Ex Parte</u>

4    Application for Order to Enforce Court's Trial Order and Exclude

5    from Trial Any Government Exhibit Not Produced by the Exhibit

6    Deadline, or, in the Alternative, Request for a Status Conference.

7    (Dkt. 849: "EPA to Exclude Exhibits".)  The EPA to Exclude Exhibits

8    focused extensively on defendant Huizar's complaints regarding

9    certain enumerated audio clips.  (<u>Id.</u> at 1 ("The most salient issue

10   pertains to audio and video recordings;" "the government's failure

11   to provide recording exhibits is the most glaring issue").)  It also

12   broadly discussed the government's trial exhibits and claimed "[a]

13   significant portion of the government's exhibits . . . are not in

14   final form[.]"  (<u>Id.</u>)

15         Confusingly, defendant Huizar then conceded that "the meet and

16   confer process certainly contemplates further revising and

17   finetuning exhibits after the October 11th deadline[.]"  (<u>Id.</u> at 1-

18   2.)  Nevertheless, defendant Huizar concluded with the broad claim

19   that he "seeks to exclude any government trial exhibit" produced

20   after that deadline.  (<u>Id.</u> at 1-2, 6.)  As part of this filing,

21   defendant Huizar sought, and the government agreed to, an expedited

22   briefing schedule outside the ordinary motion schedule, so the Court

23   could hear this issue regarding certain of the audio recordings and

24   purported "not [] final form" trial exhibits on December 16, 2022.

25   (Dkt. 849-1 (Alé Decl.) ¶ 24; Jenkins Decl. ¶ 2.)

26         On December 12, 2022, the government timely filed its

27   Opposition to the EPA to Exclude Exhibits.  (Dkt. 851, 858.)  In its

28   opposition, the government focused on (1) correcting the various

false and misleading claims in the EPA to Exclude Exhibits,
(2) correcting the record and providing context for the process for
providing the challenged audio exhibits; and (3) refuting the
hyperbolic claims of prejudice made by defendant Huizar in pursuit
of a broad exclusion order or a continuance of the trial date.
(Dkt. 858 at 2-10.)

On December 14, 2022, defendant Huizar filed what he called a
"Reply ISO" his EPA to Exclude Exhibits. (Dkt. 870.)  This purported
Reply, however, included six new exhibits, four of which (Exs. A, C,
D, E) were totally unrelated to his original request regarding the
challenged recordings.  (Dkt. 870-1-7.)  Moreover, instead of
addressing the counterpoints of the government's opposition,
including the numerous challenges to the factual accuracy of
defendant Huizar's multiple attacks against the government,
tellingly, defendant instead pivoted to entirely new claims.  As
made clear in his almost one-and-a-half "Introduction," defendant
Huizar's new line of attack now focuses on challenges to the
government's Brady/Giglio compliance and a new discovery production
on December 9, 2022.  (Dkt. 870 at 1-2) (inaccurately describing,
without attaching actual exhibits, a news article that
Businessperson A provided to the FBI, an email from a person
interviewed during the Shen Zhen trial, a report of another trial
preparation interview, and a prior interview of George Esparza
related to then-ongoing investigation).

The government takes this new line of attack on the integrity
of the government's investigation and trial preparation process (the
Brady/Giglio deadline and purported "fabricat[ion] [of] information"
by its team (Dkt. 870 at 1)) very seriously and seeks an appropriate

and fair opportunity to provide a full response.  However, by improperly inserting these new claims into his purported "Reply" for a hearing set two days after he filed it, defendant Huizar seeks to deprive the government of this opportunity to challenge his latest misleading and highly inflammatory allegations.

## II.  LEGAL STANDARD RELATING TO REPLY BRIEFS

"The district court need not consider arguments raised for the first time in a reply brief."  Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007); see Microsoft Corp. v. i4i Ltd. P'ship, 564 U.S. 91, 111-12 (2011) (refusing to consider an argument raised for the first time in a reply brief, and noting such argument "comes far too late"); United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (noting that the Ninth Circuit ordinarily declines to consider arguments raised for the first time in a reply brief); United States v. Villalba, No. 21-30279, 2022 WL 16832813, at *1 (9th Cir. Nov. 9, 2022) (declining to reach issue "first made . . . in [defendant's] reply brief in district court" where "the district court did not address it").  Such a practice is fundamentally unfair because it denies the government a meaningful opportunity to respond to the defendant's substantive factual and legal arguments.  Indeed, "the fair and efficient administration of justice is not well served when a party reserves his main arguments for a brief the other side can't respond to in the ordinary course."  United States v. Jackson, No. 4:19-CR-00010-JD-1, 2020 WL 6047235, at *1 (N.D. Cal. Oct. 13, 2020) (granting government's request to file a sur-reply where defendant raised new issues in reply brief); Clark v. Cty. of Tulare, 755 F. Supp. 2d 1075, 1090 (E.D. Cal. 2010)  ("Reply papers should be limited to matters raised in the opposition papers.  It is improper

3

for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers.") (cleaned up); United States ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").  At the very least, "[w]hen new evidence is submitted with a reply brief, the court should not consider the new evidence without giving the non moving party an opportunity to respond." Am. Civil Liberties Union of Nevada v. City of Las Vegas, 13 F. Supp. 2d 1064, 1071 (D. Nev. 1998) (citing Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)).  Thus, the government requests that the Court disregard the new arguments defendant raises in his reply or, in the alternative, allow the government an opportunity to file a sur-reply and continue the hearing date on the EPA to Exclude Exhibits.

## III. ARGUMENT

Through the trial preparation process for this case and for the two prior trials, the Court has repeatedly noted on the record that the government (along with prior defense counsel) have worked very hard, and often collaboratively, to comply with the Court's numerous orders and directives, and that the government has acted in good faith.  Indeed, while counsel in the prior trials have, on limited occasions, expressed concern with various timelines of government productions, there has not been any issue of the government purposefully seeking to "obscure" discovery, "sandbag," or otherwise deliberately act in bad faith for purposes of prejudicing a defendant's trial preparations.  The government takes all Court-ordered deadlines seriously and has diligently sought to meet and

4

exceed them throughout the three trials in this matter.  And where the government has fallen short, it has conceded such failings and presented the Court with an explanation of and the context for such failings and accepted the Court's consequences.

Defendant Huizar's recent, persistent and, most seriously, false and hyperbolic accusations of "gamesmanship" (Dkt. 870 at 5) by government counsel should not go unaddressed and need to be corrected.  The Reply continues defendant Huizar's recent trend of attempting to manufacture prejudice by misstating facts, omitting relevant context, and exaggerating the import of documents without any factual support.  By this application, the government requests an appropriate opportunity to provide responsive briefing (a sur-reply), a declaration, and supporting exhibits, and for a continued hearing date, to aid the Court's careful consideration of these issues.  Indeed, although defendant Huizar's Reply complains of purported "sandbagging" by the government (Dkt. 870 at 4), revealingly, he now objects to providing the government essentially any opportunity to respond to his new claims and newly submitted evidence, which demonstrates a transparent attempt to gain unfair tactical advantage and force this Court to hear an important claim on an incomplete record.  (Jenkins Decl. ¶ 3.)

The government asserts the Reply reflects an improper attempt in service of defendant Huizar's continued campaign to not address the case or the litigation on the merits but instead to try to dirty up the government without also providing it a fair (or any) opportunity to respond.  The government requests this unfairness be addressed by striking the Reply or, in the alternative, permitting a sufficient continuance of this matter so the government can be

5

afforded a meaningful opportunity to respond.  This will also permit the Court to have a more accurate and complete record about the government's efforts to prepare this case for a fair trial, just as the government has successfully done for the first two trials in this matter.

**IV.   CONCLUSION**

The government requests the Court strike defendant Huizar's Reply, specifically all portions of the brief and exhibits, <u>except</u> for Section II(A) at pages 3-4 and Exhibits B and F.  In the alternative, the government requests the Court permit the government to file a sur-reply within one week of defendant's filing of the Reply, or by December 21, 2022, and continue the hearing on defendant's EPA to Exclude Exhibits to January 9, 2023.

<u>DECLARATION OF MACK E. JENKINS</u>

I, Mack E. Jenkins, declare as follows:

1.    I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California.  I am one of the AUSAs for the government in this case.

2.    On December 6, 2022, I spoke with DFPD Carel Alé about her <u>ex parte</u> application.  I advised her the government objected to the exclusion of the referenced audio recordings and any other exhibits. But I further advised her that we did not object to the matter being heard on December 16, 2022.

3.    Based on my conversations with AUSA Cassie Palmer, I am aware that, on December 14, 2022, AUSA Palmer spoke with DFPD Alé about DFPD Alé's plans to raise certain new issues in her Reply and attach new evidence in support of her Reply.  AUSA Palmer advised DFPD Alé of the government's view that these new issues, new claims, and new facts were not the proper subject for a Reply brief because they were outside the scope of the original Application and Opposition.  After DFPD Alé filed her Reply to include these new matters and new evidence, AUSA Palmer sent an email, consistent with their earlier conversation, noting the government's position was that this was an improper Reply and that the government would seek relief from the Court via the instant application.  DFPD Alé stated she opposed this request.  Specifically, her position is that:

> The Reply does not ask for new or different
> relief than that requested in the moving motion.
> The government's failure to abide by the
> December 2nd Brady/Giglio deadline was new
> information relevant to the defense's initial
> request to enforce the Court's Trial Order and
> evidencing the government's mounting failures to

1    meet the Court's deadlines. The defense included
2    this information to further illustrate the
     prejudice caused by the government's missed
3    deadlines; rather than having its complete
     exhibits two months ago, the defense is now
4    dealing with the government's incomplete
     exhibits on top of the government's late-
5    produced Brady and 16,000 file/page document
     dump. Because trial is quickly approaching,
6    immediate relief is necessary to address the
     prejudice caused to the defense. A more than
7    three-week continuance to accommodate the
     government's holiday travel plans is unnecessary
8    and further prejudicial to the defense given the
     nature of this request. The defense opposes the
9    government's requested relief.

10

11        4.   The government requests one week to respond to the newly

12   filed arguments and evidence in order to respond fully to these

13   claims, which may involve reviewing other various parts of the

14   discovery productions in this case.  The government has several

15   other filings to prepare in this matter, including the Joint Motions

16   in Limine, the Opposition to defendant's latest Motion to Compel,

17   all of which are due on Monday, December 19, and the opposition to

18   defendant Huizar's belated severance motion, which was filed earlier

19   today.  With respect to the date selected for the hearing, the

20   government chose this date to avoid conflicting pre-planned travel

21   and holiday schedules.  Particularly in light of the government's

22   latest productions of the highlighted transcripts (Dkt. 858 at 1),

23   the government does not believe the requested relief defendant seeks

24   demands an immediate resolution of these issues, and a hearing date

25   //

26   //

27   //

28   //

2

approximately a month and a half (44 days) before trial in this matter should leave sufficient time before trial to address defendant's requested relief.

I declare, in Los Angeles, California, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: December 15, 2022

_____
MACK E. JENKINS