### DECLARATION OF ANDREW R. CIVETTI

I, ANDREW R. CIVETTI, declare as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since September 2015. I write this declaration in support of the government's Opposition to Defendant José Luis Huizar's Motion to Compel Production of (1) Text Notifications of GPS Tracker, and (2) Exhibit Proffered by Cooperator George Chiang During His July 11, 2019 Interview. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. On or about December 9, 2022, the government provided to the defense an Excel spreadsheet with approximately 7,794 lines of GPS data from the vehicle tracker on Esparza's car from February 16, 2017 to July 3, 2017 (the "Tracker Spreadsheet"). The Tracker Spreadsheet was auto-generated based on the tracker data from that time period; I did not manually input the information reflected in the Tracker Spreadsheet. I obtained the Tracker Spreadsheet by downloading it from the FBI server where the data was housed. Otherwise, I had no role in creating or altering the substance of the Tracker Spreadsheet.

3. During the time the tracker was active and providing GPS data pursuant to the warrant and court-ordered extension orders, I obtained select text notifications on my FBI-issued cellphone (the "2017 Device") when the tracker alerted in a designated geofence location.

4. A total of three extensions were granted for the tracker warrant after the original warrant (17-MJ-00340) was issued on February 15, 2017. The third extension order, which was signed on

1  June 29, 2017, extended the authorized period for the tracker to
2  August 13, 2017.  I did not seize, review, or use GPS data from the
3  tracker after August 13, 2017.
4      5.   The FBI regularly issues new cellphones to its agents, and
5  since 2017, I believe I have received approximately three to four
6  replacement cellphones.  When the FBI issued me a new cellphone in
7  the regular course of business, I turned in the 2017 Device to the
8  FBI's Information Technology Unit and received a replacement
9  cellphone.  Prior to turning in my 2017 Device, I had captured
10 certain GPS text notifications that I believed to be pertinent and
11 relevant to the investigation by taking screenshots of those text
12 notifications.  I did not take screenshots of all GPS text
13 notifications sent to the 2017 Device.  Based on my recent
14 conversation with an FBI IT Specialist, the Specialist relayed to me
15 that all agent-returned cellphones from that time, including my 2017
16 Device, were wiped and returned to FBI Headquarters to be destroyed
17 as standard procedure.
18     6.   Based on my own attempts to locate the tracker data for the
19 third extension period (July 4, 2017 to August 13, 2017), as well as
20 my conversations with the technology unit at FBI Headquarters, it is
21 my understanding that the data from the FBI server for this time
22 period is no longer available.
23 //
24 //
25 //
26 //
27 //
28 //

2

7. Prior to the time the tracker device was removed from Esparza's car, the device died, eliminating the capability of the device to transmit any GPS data.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 19, 2022.

_____
ANDREW R. CIVETTI