CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
CHARLES SNYDER (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
José Luis Huizar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JOSE LUIS HUIZAR, *et al.*,<br><br>　　　　　Defendants. | Case No. 20-CR-0326-JFW<br><br>**JOINT MOTION IN LIMINE NO. 3 HUIZAR'S MOTION TO EXCLUDE INFORMATION OBTAINED PURSUANT TO THE PROFFER AGREEMENT; DECLARATION OF COUNSEL; EXHIBIT**<br><br>Hearing Date: January 20, 2023<br>Hearing Time: 8:00 a.m.<br>Location: Courtroom of the Honorable John F. Walter |

1

# IDENTIFICATION OF MATTER IN DISPUTE

**Defense's Position**: The government must prove and the Court must find by a preponderance of the evidence that Huizar breached the Proffer Agreement before Huizar's statements made pursuant to a Proffer Agreement can be used against him.

**Government's Position**: Defendant improperly seeks reconsideration of the Court's order denying his prior motion to suppress his statements. Defendant had his opportunity to contest whether he breached his proffer agreement (and failed to do so), and in any event, the Court already found the predicate facts establishing breach, and the record in this case—including the sworn complaint affidavit and testimony from George Esparza and Justin Kim in the 940 Hill/Lee trial—proves that defendant breached his proffer agreement when he lied about his involvement in the 940 Hill/Lee and Businessperson A bribery schemes. Defendant's motion to exclude his proffer statements and information should be denied.

## Exhibit Table

| Exhibit | Description | Cite |
|---------|-------------|------|
| A | Dec. 13, 2018 Proffer Agreement between Huizar and the U.S. Attorney's Office | 1:7-18 |

# JOINT MOTION IN LIMINE NO. 3: DEFENDANT'S MOTION

## I. INTRODUCTION

The government seeks to introduce Jose Luis Huizar's proffer statements at trial. It is the government's burden to prove a breach of the Proffer Agreement by a preponderance of the evidence before it can seek to admit such information.

## II. STATEMENT OF FACTS[1] AND ARGUMENT

On December 13, 2018, Assistant United States Attorney Mack E. Jenkins ("AUSA Jenkins") emailed Huizar's counsel a proffer letter agreement ("Proffer Agreement") setting the terms and conditions for Huizar's proffer with the government. Decl. of Counsel, Ex. A. The Proffer Agreement required Huizar to "respond truthfully and completely to any and all questions . . . at the meeting," Ex. A, ¶ (2), and, with certain exceptions, bound the government from "offer[ing] in evidence in its case-in-chief, or offer[ing] in evidence in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by" Huizar during the meeting. *Id.* at ¶ (3). The Proffer Agreement also provided that, should the U.S. Attorney's Office ("USAO") conclude that Huizar "knowingly withheld material information" or was not "completely truthful and candid," the USAO may use "any statements made or other information provided by" Huizar. *Id.* at ¶ 6.

On December 13, 2019, AUSA Jenkins spoke with Huizar's counsel and advised them the government believed Huizar had been untruthful.

Huizar and his counsel met with the USAO on December 18, 2018, January 3, 2019, and April 10, 2019. (ECF No. 312, 2-5.) Huizar subsequently provided proffers through his attorney ("attorney proffers") on January 22, 2020, March 18, 20, and 24 2020. (*Id.*) AUSA Jenkins continued requesting additional information from Huizar,

---

[1] Huizar submitted a more through factual statement on these issues with his Motion to Suppress Information Obtained Pursuant to Proffer Agreement, (ECF No. 312, 2-5), which the Court has reviewed and denied.  In the motion to suppress, Huizar did not contest the breach at that time but focused on the contract principles underlying the Proffer Agreement. (*See generally*, *id.*)

1

through attorney proffers, until at least May 15, 2020. (*Id.* at 5.) Despite these ongoing exchanges of additional information, on June 22, 2020, AUSA Jenkins subsequently stated that Huizar breached the Proffer Agreement. (ECF No. 319, Ex. 5.)

Where a defendant makes statements pursuant to an agreement, the government bears the burden of proving that the defendant breached the agreement. *United States v. Mark*, 795 F.3d 1102, 1105 (9th Cir. 2015) (citing *United States v. Fitch*, 964 F.2d 571, 574 (6th Cir. 1992); *United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir. 1988). The government must prove a breach by a preponderance of evidence. *Id.* (citing *United States v. Castaneda*, 162 F.3d 832, 836 (5th Cir. 1998); *United States v. Meyer*, 157 F.3d 1067, 1078 (7th Cir. 1998); *United States v. Gerant*, 995 F.2d 505, 508 (4th Cir. 1993); *Packwood*, 848 F.2d at 1011).

Accordingly, the government must prove by a preponderance of the evidence that Huizar breached the Proffer Agreement before it is can use at trial any information obtained pursuant to that agreement. It is not sufficient that the USAO simply convey its belief that the Proffer Agreement has been breached; it must make an evidentiary showing proving the breach to the Court.

### III. CONCLUSION

For the reasons stated above, Huizar moves *in limine* to exclude any information obtained pursuant to the Proffer Agreement at trial.

## GOVERNMENT'S OPPOSITION

Defendant's motion in limine is a thinly disguised motion for reconsideration of the Court's January 31, 2022 order denying defendant's motion to suppress information and statements obtained pursuant to Huizar's Proffer Agreement. (See 1/31/22 Hr'g Tr. at 100-13.) The Court issued its order after defendant had a full and fair opportunity to both brief and orally argue all relevant issues pertaining to his motion. (See id. at 97-99; Dkt. Nos. 312, 340.) In its present motion in limine, defendant points to no new, different, or changed circumstance that justifies reconsideration.

Defendant contends that he is entitled to yet another bite at the apple based on his prior *intentional* election to "not contest the breach" at the time of the motion to suppress. (Mot. at 1.) This illogic clearly fails, as contesting the breach was an obvious and known issue that, if meritorious, defendant could have and should have raised at the time of the prior motion to suppress. See Civ. L.R. 7-18 ("material difference in fact from that presented to the Court that . . . could not have been known to the party" as ground for reconsideration). In any event, in denying the motion to suppress, the Court already found the predicate facts for a breach, including that: (1) "Huizar does not dispute that he lied or knowingly withheld material information from the Government"; (2) the express and unambiguous terms of the proffer agreement permitted the Government to use against Huizar any statements made or other information provided during the proffer sessions if the USAO concluded Huizar knowingly withheld material information or was not completely truthful and candid; (3) Huizar "expressly acknowledged" that he understood the Government could use all his statements against him for any purpose if he lied; (4) the Government provided notice that it believed Huizar breached the Proffer Agreement; and (5) there was no ambiguity in the Proffer Agreement that there was no right to remedy, "especially in light of the nature of the breach committed by Huizar." (1/31/22 Hr'g Tr. at 101-08.) On this basis alone, the Court can deny defendant's motion in limine.

Moreover, defendant posits without any legal support that "[i]t is not sufficient that the USAO simply convey its belief that the Proffer Agreement has been breached; it must make an evidentiary showing proving the breach to the Court." (Mot. at 2.) Notwithstanding defendant's failure to identify any legal authority or support for his position, the government has plainly proven a breach. The Proffer Agreement confers the exclusive right onto the government to conclude that Huizar lied or withheld material information, and further sets forth that the government is to provide notice of its conclusion. The Court has already found, and there is no dispute, both that the government concluded Huizar lied and provided notice of its conclusion to Huizar's prior counsel and through the indictment. (1/31/22 Hr'g Tr. at 102 ("On December 13 of 2019, the Government formally informed Huizar's counsel via telephone that the Government believed that Mr. Huizar had not been forthcoming and had lied about his involvement in the alleged 940 Hill project during the third proffer session on April 10 of 2019."); (see also Dkt. No. 312-1 [Decl. of Podbereksy] ¶ 8; FSI OA 449, ¶ 64 [Count 40] (Huizar falsely stated he told Esparza that the cash from Justin Kim was Esparza's; that Huizar did not want it; and that Huizar did not discuss getting the Kim cash from Esparza in April 2018.).) Indeed, although not required to do so for this purpose, the government has even additionally proved at least by a preponderance that Huizar's statements were in fact false through the sworn complaint affidavit (Dkt. No. 1 ¶¶ 138, 292 n.22) *and* through the Lee/940 Hill trial, during which George Esparza testified, supported by Huizar's own recorded statements regarding the same, that Huizar struck a deal with David Lee (via Justin Kim) for Lee to pay $500,000; that Huizar asked Esparza to temporarily hold onto cash from Kim/Lee for him for safekeeping; that Huizar discussed getting his portion of the cash bribe from Esparza in April; and about the subsequent steps Huizar took to try and obtain his cash from Esparza. Similarly, at the Lee/940 Hill trial, Justin Kim also testified that Huizar asked to meet with him in a further effort to obtain his portion of this bribe.

Accordingly, defendant's motion in limine should be denied.

**DEFENSE'S REPLY**

As Huizar makes clear in his opening motion, and as the Court may recall, Huizar's motion to suppress did not contest whether a breach of the Proffer Agreement actually occurred but focused on whether, even if it had, the government solicited and accepted cure of any alleged breach pursuant to normal contract principles. *See supra* n.1. (*See also* ECF No. 312.) Accordingly, the government was not required to make a showing by a preponderance of the evidence that there had been a breach and the Court was not asked to make that finding.

Huizar does contest the government's accusation that he lied during his proffers, Opp., 3, which is best evidenced by his "not guilty" plea to the FSI that includes a §1001 count for those alleged lies. As such, "[t]he government must prove a breach of an immunity agreement by a preponderance of evidence." *United States v. Mark*, 795 F.3d 1102, 1105 (9th Cir. 2015).[2] It is the Court, not the government, that is the ultimate arbiter of whether the government has made that showing. *See id.* ("In order to deny the motion to dismiss the indictment, the district court had to find that Mark breached the immunity agreement."). The Court has not yet had to make a finding about whether Huizar breached the proffer agreement. Huizar's motion to suppress was focused on contract principles. The Court's statements during the hearing on the motion to suppress were made in light of the separate question before it. While the government believes that its allegations are sufficient to find that Huizar breached the proffer agreement, it is the Court that must make that determination.

Further, contrary to the government's assertion, Opp. 3, Huizar was not required to raise the fact of the breach at the time of the motion to suppress which, again,

---

[2] While the government states that Huizar has not cited any legal support for the proposition that it is the government that must prove the breach, Opp., 4, it asserts that only by ignoring Huizar's cited case, *see* Mot. 2 (citing *Mark*, 795 F.3d at 1105; *United States v. Fitch*, 964 F.2d 571, 574 (6th Cir. 1992); *United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir. 1988); *United States v. Castaneda*, 162 F.3d 832, 836 (5th Cir. 1998); *United States v. Meyer*, 157 F.3d 1067, 1078 (7th Cir. 1998); *United States v. Gerant*, 995 F.2d 505, 508 (4th Cir. 1993)).

5

concerned a separate legal question. The government cites only the local rule governing motions for reconsideration, Opp., 3, but otherwise fails to cite any legal basis supporting its assertion that questions regarding breaches of agreements must be raised as motions to suppress or cannot be raised *in limine*.

The Court must make a finding that Huizar in fact breached the proffer agreement before his statements can be used against him.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

6

|   |   |
|---|---|
|   | Respectfully submitted,<br>CUAUHTEMOC ORTEGA<br>Federal Public Defender |
| Dated: December 19, 2022 | /s/ *Carel Alé*<br>Carel Alé<br>Charles J. Snyder<br>Adam Olin<br>Deputy Federal Public Defenders<br>Attorneys for Jose Luis Huizar |
| Dated: December 19, 2022 | Respectfully submitted,<br><br>E. MARTIN ESTRADA<br>United States Attorney<br><br>SCOTT M. GARRINGER<br>Assistant United States Attorney<br>Chief, Criminal Division<br><br>/s/<br><br>MACK E. JENKINS<br>CASSIE D. PALMER<br>SUSAN S. HAR<br>BRIAN FAERSTEIN<br>Assistant United States Attorneys<br><br>Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |