CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
CHARLES SNYDER (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
ADAM OLIN (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4740
Facsimile: (213) 894-0081

Attorneys for Defendant
José Luis Huizar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-0326-JFW-1 |
| Plaintiff, | **JOINT MOTION IN LIMINE NO. 4: DEFENDANT'S MOTION PURSUANT TO FED. R. EVID. 615 TO SEQUESTER WITNESSES AND EXCLUDE TESTFYING AGENT FROM COUNSEL TABLE** |
| v. | |
| JOSE LUIS HUIZAR, *et al.,* | |
| Defendants. | |
| | **Hearing Date:** January 20, 2023<br>**Hearing Time:** 8:00 a.m.<br>**Location:** Courtroom of the Honorable John F. Walter |

1

1

# **TABLE OF CONTENTS**

2

**DEFENDANT'S MOTION IN LIMINE**

    I. ARGUMENT ................................................................................ 1

        A. Huizar Requests an Order Sequestering Testifying Witnesses ............... 1

        B. Huizar Requests an Order Prohibiting Testifying Witnesses From Obtaining or Reading the Testimonies of Other Testifying Witnesses ....... 2

        C. A Testifying Case Agent Should Be Precluded From Counsel Table .... 3

    II. CONCLUSION ........................................................................... 4

**GOVERNMENT'S OPPOSITION**

    I. ARGUMENT ................................................................................ 5

        A. Defendant's Challenge to SA Civetti's Presence at Trial Is "Meritless" ................................................................................. 6

        B. Witnesses Should Be Permitted to Review Their Own Prior Testimony .................................................................................... 9

**DEFENDANT'S REPLY**……………………………………………………10

# TABLE OF AUTHORITIES

**Federal Case**                                                               **Page(s)**

*United States v. Anagnos*,
   853 F.2d 1 (1st Cir. 1988)................................................................4

*United States v. Baca*,
   447 F.Supp.3d 1232 (D. N.M. 2020)..............................................3

*Holbrook v. Flynn*,
   475 U.S. 560 (1986)........................................................................3

*United States v. Little*,
   753 F.2d 1420 (9th Cir. 1984)........................................................3

*Miller v. Universal City Studios, Inc.*,
   650 F.2d 1365 (5th Cir. 1981) ........................................................2

*United States v. Necoechea*,
   986 F.2d 1273 (9th Cir. 1993)........................................................4

*Patriarca v. United States*,
   402 F.2d 314 (1st Cir. 1968)..........................................................4

*Perry v. Leeke*,
   488 U.S. 272 (1989)........................................................................1

*United States v. Robertson*,
   895 F.3d 1206 (9th Cir. 2018) ....................................................2, 3

**Other Authorities**

Federal Rule of Evidence 615...................................................1, 2, 3, 4

## IDENTIFICATION OF MATTER IN DISPUTE

**Defendant's Position**: Huizar moves to (1) sequester all witnesses, including prohibiting witnesses from discussing their testimony with other witnesses; (2) prohibiting witnesses from reading transcripts of other witnesses' prior testimonies and their own; and (3) barring any testifying government agent from sitting at counsel table.

**Government's Position**: The government does not object to defendant Huizar's requests for the Court to: (1) sequester witnesses, including prohibiting witnesses from discussing their testimony with other witnesses and (2) prohibit witnesses from reading transcripts of other witnesses' prior testimony. These requests reasonably fall under Federal Rule of Evidence 615 and conform with the government's general practice of directing its witnesses not to discuss the substance of their testimony with each other. Indeed, these prohibitions should apply to all witnesses at trial, including defense witnesses.  However, the Court should deny defendant's more expansive requests to bar FBI Special Agent Civetti from sitting at counsel table and a sub-request within (2) to bar witnesses from reviewing their own trial testimony.  These requests fall outside of Rule 615 and are unnecessary, unwarranted by the facts, and unsupported by the law.

1

## JOINT MOTION IN LIMINE NO. 4: DEFENDANT'S MOTION

2

## I. ARGUMENT

3

**A.    Huizar Requests an Order Sequestering Testifying Witnesses**

4

Federal Rule of Evidence 615 provides that:

5
6
7
8
9
10

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>     (a) a party who is a natural person;
>     (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>     (c) a person whose presence a party shows to be essential to presenting the party' claim or defense; or
>     (d) a person authorized by statute to be present.

11  The purpose of the rule is "to lessen the danger that [the witness's] testimony will be

12  influenced by hearing what other witnesses have to say, and to increase the likelihood

13  that they will confine themselves to truthful statements based on their own recollections."

14  *Perry v. Leeke*, 488 U.S. 272, 281-82 (1989). Such exclusion also applies to prohibit any

15  testifying witness from discussing his or her testimony with any other witness. *Id.* at 281–

16  82 (explaining that "nondiscussion orders are a corollary of the broader rule that

17  witnesses may be sequestered to lessen the danger that their testimony will be influenced

18  by hearing what other witnesses have to say, and to increase the likelihood that they will

19  confine themselves to truthful statements based on their own recollections."). Huizar

20  requests an order sequestering testifying witnesses that ensures witnesses do not discuss

21  their testimony with any other witness.

22       Huizar further requests that an order sequestering witnesses apply to the testifying

23  FBI Special Agent Andrew Civetti ("Civetti"). The danger of testimony tailoring and to

24  the truth-finding process is especially acute here where Civetti will be testifying twice,[1]

25

26

27
28

---

[1] Huizar objects to the bifurcation of Civetti's testimony. The Court overruled this objection when made by 940 Hill/David Lee and SZNW but Huizar nonetheless preserves his objection.

1

the second time after hearing the testimony of 75 government witnesses.[2] Under the circumstances presented here, not sequestering Civetti creates a heightened risk that his testimony will be tailored to align with that of the government's many witnesses, undermining the truth-finding process.

## B.   Huizar Requests an Order Prohibiting Testifying Witnesses From Obtaining or Reading the Testimonies of Other Testifying Witnesses

Huizar requests an order prohibiting testifying witnesses, including the case agent, from obtaining or reading the transcripts of other witness' testimonies in either of the previous related cases. Rule 615 encompasses such a prohibition.

As the Ninth Circuit explained, "an interpretation of Rule 615 that distinguishes between hearing another witness give testimony in the courtroom and reading the witness's testimony from a transcript runs counter to the rule's core purpose—'to prevent witnesses from tailoring their testimony to that of earlier witnesses.'" *United States v. Robertson*, 895 F.3d 1206, 1215 (9th Cir. 2018) (citing *Larson v. Palmateer*, 515 F.3d 1057, 1065 (9th Cir. 2008)). The danger posed to the rule's core purpose is pronounced. By the time of Huizar's trial, many of the government's witnesses will have already testified, sometimes twice, to the same events they will testify to at Huizar's trial. There is substantial risk that witnesses will tailor their testimonies to better align with each other if allowed to review each other's testimonies. *Robertson*, 895 F.3d at 1215 ("The danger that earlier testimony could improperly shape later testimony is equally present whether the witness hears that testimony in court or reads it from a transcript."); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981) (noting that "[t]he harm may be even more pronounced with a witness who reads trial transcript than with one who hears the testimony in open court"). "Permitting witnesses to overhear the substance of others' testimony in argument or any other form would defeat rule 615's

---

[2] On October 17, 2022, the government noticed 75 testifying witnesses.

1  anti-tailoring, anti-fabrication, and anti-collusion aims." *United States v. Baca*, 447
2  F.Supp.3d 1232, 1238 (D. N.M. 2020).

3      That is true when testifying government agents review transcripts of their own
4  testimony as well. In *Robertson*, the Ninth Circuit explained that the government violated
5  Rule 615 when it allowed "two agent witnesses to review transcripts of a pretrial
6  evidentiary hearing (at which [one of the agents] testified) before the two agents testified
7  at trial." 895 F.3d at 1215. The *Robertson* Court held that "allow[ing] the defense to
8  cross-examine the agent witnesses about their exposure to the transcript" was an
9  appropriate remedy for the Rule 615 violation. *Id.* at 1216.

10      Huizar requests an order prohibiting testifying witnesses from reading the
11  transcripts of any prior testimony.[3]

12  **C.   A Testifying Case Agent Should Be Precluded From Counsel Table**

13      Due process requires that any activity that may pose "a threat to the 'fairness of
14  the fact finding process' . . . be subjected to 'close, judicial scrutiny[.]'" *Holbrook v.*
15  *Flynn*, 475 U.S. 560, 568 (1986) (quoting *Estelle v. Williams*, 425 U.S. 501, 503-04
16  (1976)). With this constitutional requirement in mind, there is no compelling reason to
17  have a testifying case agent present at counsel table.

18      To be clear, Huizar understands that a case agent can be an exception to Rule 615's
19  exclusion of testifying witnesses. *United States v. Little*, 753 F.2d 1420, 1441 (9th Cir.
20  1984). But that exception is subject to the Court's discretion. *Id.* Here, where the case
21  agent will testify twice, as a fact witness and a conviction witness, and where there are
22  many non-testifying agents who could fill the role of government representative, the
23  equities favor excluding the testifying agent from counsel's table. As other courts have
24  noted, "law enforcement officials wear an invisible cloak of credibility by virtue of their

---

[3] Huizar requests that the Court order government counsel to certify that no trial
transcripts have been provided to, read to, or reviewed with any testifying witness,
including government agents. If the government did review, provide, or expose any
testifying witness to the transcripts of any prior testimony, including his own testimony,
the defense will seek to cross-examine that witness on that topic pursuant to *Robertson*.

3

position; to make it explicit may too easily tip the scales." *Patriarca v. United States*, 402 F.2d 314, 321 (1st Cir. 1968) (court found that the government attorney vouched for police and other witnesses). A courtroom setup that imbues a witness with the imprimatur of the government is inherently prejudicial and weighs in favor of excluding testifying agents from counsel table. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993) ("vouching is especially problematic in cases where the credibility of the witnesses is crucial."); *United States v. Anagnos*, 853 F.2d 1, 4 (1st Cir. 1988) ("as to sitting at counsel table, the undesirability of government counsel's endorsing the credibility of a witness should be borne in mind"). There is no reason to allow for this risk where both SA Carlos Narro, who appears to have been the initiating case agent and indeed trained Civetti during the investigation if this case, and SA Robert Anthony Logan, who is Civetti's partner and is knowledgeable enough to be listed as a potential witness, took part in the majority of the interviews. Either agent could be the government representative at counsel's table without creating the risk of the government vouching for a testifying witness and avoiding the dangers Rule 615 is meant to guard against.

## II. CONCLUSION

For the reasons stated above, Huizar moves *in limine* pursuant to Federal Rule of Evidence 615 for an order: (1) sequestering all witnesses, including prohibiting witnesses from discussing their testimony with other witnesses; (2) prohibiting witnesses from reading transcripts of other witnesses' prior testimonies; and (3) barring any testifying government agent from sitting with prosecutors at counsel table.

**GOVERNMENT'S OPPOSITION:**

The government does not object to defendant's requests to: (1) to sequester witnesses, including prohibiting witnesses from discussing their testimony with other witnesses, or (2) prohibit witnesses from reading transcripts of other witnesses' prior testimonies,[4] which reasonably fall under Federal Rule of Evidence 615 and conform with the government's general practice of directing its witnesses not to discuss the substance of their testimony with each other during an investigation, and particularly during trial. The government requests that these prohibitions be reciprocal for defense witnesses.[5] The Court should deny defendant's additional and more expansive requests, however. Though labeled as falling under Rule 615, request (3), to bar FBI Special Agent Civetti from sitting at counsel table, and a hidden request within (2), to bar witnesses from reviewing their *own* trial testimony, fall well outside of Rule 615. They are unnecessary, unwarranted by the facts, and unsupported by the law.

## I. ARGUMENT

Federal Rule of Evidence 615 provides: "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. "The efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion." Fed. R. Evid. 615, advisory committee notes on proposed rules (citation omitted); Rhynes, 218 F.3d at 317 ("Put differently, sequestration helps to smoke out

---

[4] This prohibition should not prevent *counsel* from discussing witness testimony freely with witnesses because "[i]t is clear from the plain and unambiguous language of Rule 615 that lawyers are simply not subject to the Rule." United States v. Rhynes, 218 F.3d 310, 316-17 (4th Cir. 2000) ("[T]he relevant authorities interpreting Rule 615, including court decisions and the leading commentators, agree that sequestration orders prohibiting discussions between witnesses should, and do, permit witnesses to discuss the case with counsel for either party.") (citing cases).

[5] The government further proposes that expert witnesses be barred from the courtroom, except that they may be present for the testimony of an equivalent expert. See United States v. Seschillie, 310 F.3d 1208, 1213 (9th Cir. 2002) ("[A] potential expert witness will be an 'essential party' within the meaning of Rule 615(3).") (cleaned up).

5

1  lying witnesses."); <u>United States v. Ell</u>, 718 F.2d 291, 293 (9th Cir.1983) (Rule 615

2  prevents "witnesses from 'tailoring' their testimony to that of earlier witnesses").

3  Notably, "this rule *does not* authorize excluding . . . (b) an officer or employee of a

4  party that is not a natural person, after being designated as the party's representative" or

5  "(c) a person whose presence a party shows to be essential to presenting the party's

6  claim or defense."  Fed. R. Evid. 615 (emphasis added).  The Rule 615 advisory

7  committee's notes "make clear that subsection (b) applies to investigative officers or

8  'case agents' designated on behalf of the prosecution in criminal cases," that is, just as

9  it has during the first two trials in this matter, to witnesses like SA Civetti.  <u>United</u>

10  <u>States v. Valencia-Riascos</u>, 696 F.3d 938, 941-42 (9th Cir. 2012) (citing Fed. R. Evid.

11  615 advisory committee's notes, 1972 Proposal ("Most of the cases [subsection (b)]

12  have involved allowing a police officer who has been in charge of an investigation to

13  remain in court despite the fact that he will be a witness."); advisory committee's notes,

14  1974 Enactment ("Many district courts permit government counsel to have an

15  investigative agent at counsel table throughout the trial although the agent is or may be

16  a witness.  The practice is permitted as an exception to the rule of exclusion.")).

17  **A.    Defendant's Challenge to SA Civetti's Presence at Trial Is "Meritless"**

18        The Court should permit SA Civetti to sit at counsel table throughout trial under

19  Rule 615(b) and (c) because he is exempted as the government's designated

20  representative and is "essential to presenting" the government's case; thus, his removal

21  would unfairly prejudice the government's case.[6]

22        Defendant largely ignores the great weight of authority holding that a testifying

23  case agent is excepted from sequestration under Rule 615(b), instead arguing that the

24

25        [6] The government agrees that the justifications for sequestration also justify
preventing witnesses from communicating with other witnesses about the substance of
26  their testimony and reviewing the prior testimony *of other witnesses*.  The government
contends the reverse is also true: SA Civetti's exemption from sequestration also
27  exempts him from any analogous prohibition on reviewing witnesses' prior testimony.
Since SA Civetti has sat through such testimony in two trials and has interviewed
28  almost every, if not every, government trial witness, there is no reason to bar him from
reviewing transcripts afterwards to assist with trial preparation.

6

Court should bar him because his testimony will be bifurcated. But nothing about the bifurcation of SA Civetti's testimony alters the analysis of Rule 615 or the equities here. SA Civetti is the government's designated representative. Having presided over two trials in this matter, the Court is well-aware that SA Civetti's testimony is not the type that would tend to implicate the purposes undergirding Rule 615 – that is, to prevent the tailoring, fabrication, and collusion of witness testimony. This is not a situation where SA Civetti is one of several percipient witnesses who is testifying to the same set of facts. Instead, SA Civetti will: (1) at the beginning of trial, provide an overview of the FBI's investigation and lay the foundation for the introduction of much of the government's evidence; and (2) near the end of trial, introduce certain evidence, including summary charts, and provide summary testimony. The Court has cautioned the government previously that it would not allow SA Civetti to merely repeat the testimony of other witnesses, and the government has carefully heeded this direction. Thus, the circumstances here are indistinguishable from cases exempting investigative agents from sequestration. See, e.g., Valencia-Riascos, 696 F.3d at 941-42 (no abuse of discretion where district court allowed law enforcement officer who was the prosecution's main witness to remain in courtroom during trial and did not require the officer to testify first); United States v. Thomas, 835 F.2d 219, 222–23 (9th Cir. 1987) (argument that district court erred by permitting the government's investigating officer, who testified as a witness, to sit at counsel table throughout trial was "meritless"); United States v. Little, 753 F.2d 1420, 1441 (9th Cir. 1985) (no abuse of discretion to allow case agent to remain at counsel table, despite unfounded defense allegations that agent relayed information and coached government witnesses).

To avoid the weight of this authority, defendant attempts to invoke his constitutional due process rights by arguing that SA Civetti's mere presence at counsel table would implicitly "vouch" for his credibility and "imbue" him "with the imprimatur of the government," thereby requiring a "compelling reason" to justify his presence. (Mot. at 3-4.) But on similar facts, in Valencia-Riascos, the Ninth Circuit

was "not persuaded" that the defendant's due process rights were implicated.  696 F.3d at 942-43.  There, the Ninth Circuit rebuffed the defense's argument that the agent's presence throughout trial "lent him an 'aura' of credibility," noting that the government "did nothing more than allow [the case agent] to sit at the table."  Id. at 942.  The Court further rejected defendant's argument that his due process rights generally were violated because the case agent "might have been able to change his testimony because he could listen to Defendant's opening statement and the testimony of the other prosecution witnesses."  Id.  Joining the First Circuit, the Ninth Circuit held that "no general constitutional principle . . . render[s] it impermissible for a case agent" to sit at counsel table so as to "prevent the district court from exercising its discretion in favor of allowing the case agent to sit there."  Id. (quoting United States v. Charles, 456 F.3d 249, 260 (1st Cir. 2006)).  Here too, the Court should exercise its discretion to allow SA Civetti to sit at counsel table as the government's designated representative.

In addition, SA Civetti should be exempted from sequestration because he is "essential to presenting" the government's case under Rule 615(c).  SA Civetti has been intimately involved for the past six and a half years in nearly every aspect of the lengthy investigation and charging of this complex case, as well as in the preparation of the two prior trials and the current trial.  He has a deep and singular knowledge of the evidence that will be presented at trial and of the witnesses' prior statements and testimony, which will greatly benefit the prosecution team, all but one of whom joined the case well after indictment.  Neither of the substitutes defendant proposes possesses SA Civetti's institutional knowledge in this case.[7]  Because SA Civetti is uniquely positioned to assist the prosecution during trial, he is "essential to presenting" the

---

[7] SA Narro received an initial lead from the Palazzo/Venetian hotel but was never assigned to the investigation.  His role included assisting SA Civetti when he was assigned the investigation. SA Narro later received a three-year assignment in Mexico and retired shortly thereafter.  SA Logan's role involved supporting SA Civetti in witness interviews the execution of search warrants in 2018, but he is unfamiliar with much of the trial evidence and his obligations in other cases have prevented him from assisting with trial preparation.  Further, SA Logan will be on a temporary assignment at FBI headquarters in Quantico, Virginia for much of the time leading up to trial.

1   government's case and should be exempted from sequestration under Rule 615(c), just

2   as he has in the prior two trials.

3   **B.      Witnesses Should Be Permitted to Review Their Own Prior Testimony**

4            The Court should decline to preclude witnesses from reviewing their *own* prior

5   testimony.  The government routinely provides witnesses and their counsel the

6   witnesses' prior statements, including interview reports, grand jury testimony, and trial

7   testimony, to refresh the witnesses' recollection.  The government regularly notes this

8   fact in reports.  The government provides the same witness statements to defense

9   counsel, who often question witnesses about inconsistencies in their testimony at trial.

10           Defendant cites no authority for the bold and inequitable request to bar witnesses

11  from reviewing their *own* testimony.  And common sense refutes it as well.

12  Defendant's citation to the Ninth Circuit's holding <u>Robertson</u> is misleading at worst

13  and inapposite at best.  (Mot. at 2.)  Defendant cites it for the proposition that Rule 615

14  is invoked when "testifying government agents review transcripts of their own

15  testimony."  (<u>Id.</u>)  But that's not true.  The Ninth Circuit was *not* concerned about

16  witnesses reviewing their own testimony but rather reviewing another witness's

17  testimony "just as though he sat in the courtroom and listened to the testimony

18  himself."  <u>Robertson</u>, 895 F.3d at 1216.  Certainly, a witness could not have "listened"

19  to his own testimony while giving it in the first instance.  Thus, the Ninth Circuit

20  merely "join[ed] those circuits that have determined there is no difference between

21  reading and hearing testimony for purposes of Rule 615."  <u>Id.</u> at 1215 (citing cases).

22  The circuit authorities cited makes this point plain: they *all* involve witnesses who

23  reviewed the testimony of *different witnesses*.  <u>Id.</u>  If the defense considers it fruitful to

24  "cross-examine [SA Civetti] about [his] exposure to the transcript[s]" or testimony of

25  other witnesses in the case, it may do so, as often is done by competent trial counsel.

26  <u>Id.</u> at 1216.  But the Court should decline to bar witnesses from engaging in the

27  exceedingly commonplace and wholly appropriate exercise of reviewing their own

28  testimony before trial to ensure that their trial testimony is accurate and efficient.

1

## DEFENSE'S REPLY

2 The government flatly ignores binding Ninth Circuit precedent finding a Rule 615

3 violation where witnesses read each other's or *their own* trial testimony. *United States v.*

4 *Roberson* cited in the motion is that case. 895 F.3d 1206 (9th Cir. 2018). The Ninth

5 Circuit did not distinguish between the two agents, the first agent who read his own prior

6 testimony and the second, who read the first agent's prior statements, when it found that

7 both had violated Rule 615. *Id.* at 1216 ("the appropriate sanction was to allow the

8 defense to cross-examine the agent <u>witnesses</u> about their exposure to the transcript")

9 (emphasis added). If only one agent's review of the prior testimony violated Rule 615,

10 only one violation needed to be remedied. Of course, that was not what the appellate

11 court found instead allowing both agents to be questioned as a remedy for violating Rule

12 615. That makes sense considering that a witness should be testifying about facts based

13 on their recollection of those facts when sitting in front of a jury, not from their review

14 of prior testimony. That is true of any witness.

15 As previously explained, there are remedies for Rule 615 violations. But simply

16 because there may be an adequate cure of a Rule 615 violation does not mean that the

17 Court should or can wash its hands of preventing the violation in the first place. The

18 Court can and should order the government to prohibit Civetti and its witnesses from

19 reading each other's and their own prior testimonies in preparation for the upcoming trial

20 to avoid the harms Rule 615 seeks to prevent. *Id. See also Miller v. Universal City*

21 *Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981) (affirming trial court's exclusion of

22 defense witness for Rule 615 violation where "defendants' literary expert witness,

23 Professor Sullivan, received transcribed portions . . . of Gene Miller's trial testimony"

24 explaining that the "purpose of the sequestration rule is to prevent the shaping of

25 testimony by one witness to match that of another, and to discourage fabrication and

26 collusion") (citing *inter alia Taylor v. United States*, 388 F.2d 786 (9th Cir. 1967)). To

27

28

10

1  the extent that such violations have already occurred, the government should advise the

2  Court so that the Court may allow for the appropriate remedy.[8]

3         The government additionally requests that the Court allow *counsel* to tell witnesses

4  about another witness's trial testimony. Opp., n.4. Not only does the government cite no

5  binding authority for that request (instead citing only one out-of-circuit case) but such a

6  proposition undermines the very purpose of Rule 615. Rule 615 "serves both to reduce

7  the danger that a witness's testimony will be influenced by hearing the testimony of other

8  witnesses, and to increase the likelihood that the witness's testimony will be based on

9  her own recollections." *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994) (citing

10  *Perry v. Leeke*, 488 U.S. 272, 281–82 (1989); 3 Jack B. Weinstein & Margaret A. Berger,

11  3 Weinstein's Evidence, ¶ 615[01], at 615–1 (1994)). Rule 615 would be hollow if the

12  government could simply tell its witnesses about other witnesses' testimonies. The

13  government's proposed game of telephone strikes at the heart of a judicial process that

14  attempts to ensure that every witness is recounting facts based on their own recollection

15  of events. Indeed, there is no reason for the government to share one witness's testimony

16  with another witness other than to influence witnesses to testify in conformity with each

17  other. The Court should preclude the government from circumventing Rule 615 in this

18  way.[9]

19         For the reasons stated in the defense's motion, Civetti's presence is creates an

20  avoidable risk of prejudice and this Court should exercise its discretion to avoid that risk.

21

22         [8] "[T]he Supreme Court has recognized three sanctions for the violation of a
23  sequestration order: (1) holding the offending witness in contempt; (2) permitting cross-examination concerning the violation; and (3) precluding the witness from testifying."
   *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994) (citing *Holder v. United States*,
24  150 U.S. 91, 92 (1893)).

25         [9] The government further asks the Court to allow expert witnesses to listen in on
   other comparable expert testimony. Opp., 5, n.5. That is exactly the opposite position the
26  government took during the 940 Hill/Lee trial. There, the government "object[ed] to any
   defense witness for the purpose of listening to a Government witness and then deciding
27  whether or not there's going to be a defense witness for that reason. *Witnesses are
   excluded, and that's our understanding of the Court order*." (ECF No. 558 (06/14/21 Tr.
28  940 Hill/Lee Trial), 155:15-20 (emphasis added).) The Court should not apply different
   rules in this case.

11

1    Respectfully submitted,
2    CUAUHTEMOC ORTEGA
     Federal Public Defender

3    Dated: December 19, 2022          /s/ *Carel Alé*
                                       ─────────────────────────────
4                                      Carel Alé
                                       Charles J. Snyder
5                                      Adam Olin
                                       Deputy Federal Public Defenders
6                                      Attorneys for Jose Luis Huizar

7

8

9    Dated: December 19, 2022          Respectfully submitted,

10                                     E. MARTIN ESTRADA
                                       United States Attorney
11
12                                     SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division
13

14                                     */s/ Cassie D. Palmer*
                                       ─────────────────────────────
15                                     MACK E. JENKINS
                                       CASSIE D. PALMER
16                                     SUSAN S. HAR
                                       BRIAN FAERSTEIN
17                                     Assistant United States Attorneys

18                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
19

20

21

22

23

24

25

26

27

28

                                       12