CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Carel Alé (Bar No. 283717)
(E-Mail:  Carel_Ale@fd.org)
Charles J. Snyder (Bar No. 287246)
(E-Mail:  Charles_Snyder@fd.org)
Adam Olin (Bar No. 298380)
(E-Mail:  Adam_Olin@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
JOSE LUIS HUIZAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSÉ LUIS HUIZAR,<br><br>        Defendant. | Case No. 2:20-CR-326-JFW-1<br><br>**JOINT MOTION IN LIMINE NO. 6 – DEFENDANT JOSE HUIZAR'S MOTION TO EXCLUDE IMPROPER EXPERT OPINION RE: ETHICS OF JESSICA LEVINSON** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Brian Faerstein, and Susan S. Har, and defendant Jose Huizar, by and through his counsel of record, Carel Alé, Charles J. Snyder, and Adam Olin, hereby submit this Joint Motion *in Limine* No. 6: Defendant's motion to exclude testimony of Jessica Levinson relating to defendants' ethical obligations.

This Joint Motion *in Limine* is based upon the attached memorandum of points and

i

authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 19, 2022       Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Mack E. Jenkins*
MACK E. JENKINS
CASSIE D. PALMER
SUSAN S. HAR
BRIAN FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 19, 2022   By   */s/ Adam Olin*
CAREL ALÉ
CHARLES J. SNYDER
ADAM OLIN
Attorneys for Jose Huizar

ii

# TABLE OF CONTENTS

Page

IDENTIFICATION OF MATTERS IN DISPUTE................................................................I

DEDENDANT'S MOTION................................................................................................1

I. INTRODUCTION..........................................................................................................1

II. ARGUMENT ................................................................................................................2

    A.    Professor Levinson's Proffered Testimony Will Not Assist the Jury in Understanding the Issues Actually Before It .................................................2

        1.    The Testimony Misstates the Relevant Fiduciary Duty ...................2

        2.    Testimony About PACs, Including That They "Can Be Sometimes Used Improperly" Is Irrelevant and Thus Unhelpful......3

    B.    Professor Levinson's Proffered Testimony Will Confuse the Jury By Focusing the Case on Ethics Issues................................................................4

III. CONCLUSION............................................................................................................5

GOVERNMENT'S OPPOSITION ...................................................................................6

I. INTRODUCTION..........................................................................................................6

II. ARGUMENT ................................................................................................................7

    A.    Defendants' Fiduciary Duties Cannot Be Reasonably Disputed and Are Necessary to the Honest Services Fraud Charges; Thus, Lay Witness Testimony on this Topic Is Appropriate .......................................7

    B.    The Government Will Only Introduce Lay Testimony on PACs as Relevant to the Charges ............................................................................9

    C.    Since Professor Levinson Will Not Be Testifying as an Expert or Rendering any Expert Opinions, Defendant's Second Argument Is Moot ................................................................................................................9

DEDENDANT'S REPLY ................................................................................................11

I. INTRODUCTION........................................................................................................11

II. ARGUMENT ..............................................................................................................11

    A.    Ethical Obligations Will Only Confuse the Jury From the Relevant Bribery Question ..........................................................................................11

    B.    A Stipulation to a Fiduciary Duty Will Satisfy the Necessary Element Without Creating a Significant Risk of Confusion and Prejudice.............12

    C.    Jury Instructions Will Not Resolve the Risk of Prejudice .......................13

III. CONCLUSION..........................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Kelly v. United States*,
   140 S. Ct. 1565 (2020).................................................................................. 1

*McDonnell v. United States*,
   579 U.S. 550 (2016)................................................................................... 1, 8

*Old Chief v. United States*,
   519 U.S. 172 (1997)..................................................................................... 12

*Skilling v. United States*,
   561 U.S. 358 (2010)................................................................................ 1, 3, 7

*Turner v. ThyssenKrupp Materials, N.A.*,
   492 F. Supp. 3d 1045 (C.D. Cal. 2020) ....................................................... 2

*United States v. Caraway*,
   534 F.3d 1290 (10th Cir. 2008) .................................................................. 10

*United States v. Finley*,
   301 F.3d 1000 (9th Cir. 2002) ...................................................................... 3

*United States v. Hankey*,
   203 F.3d 1160 (9th Cir. 2000) ................................................................ 4, 10

*United States v. Livoti*,
   196 F.3d 322 (2d Cir. 1999) ....................................................................... 10

*United States v. Percoco*,
   13 F.4th 180 (2d Cir. 2021) ...................................................................... 1, 8

*United States v. Sawyer*,
   85 F.3d 713 (1st Cir. 1996)........................................................................... 4

**Other Authorities**

Fed. R. Evid. 403 ..................................................................................... 4, 10

Fed. R. Evid 702 .................................................................................. 2, 3, 4

iv

# TABLE OF EXHIBITS

| Exhibit | Description | Page |
|---|---|---|
| A | Government's December 15, 2021 Rule 16(a)(1)(G) Expert Disclosure Letter | 2:2; 2:25; 3:2; 3:10 |
| B | Jose Huizar's Oaths of Office | 6:16 |
| C | City of Los Angeles Code of Ethics | 6:16 |
| D | Los Angeles City Ethics Commission - Revolving Door Brochure | 6:16 |

## IDENTIFICATION OF MATTERS IN DISPUTE

**Defendant's Position:** Mr. Huizar moves to exclude the testimony of Professor Levinson relating to various ethical obligations he purportedly held as a public official. The only relevant fiduciary duty he owed in the context of this prosecution is his duty to not engage in *quid pro quo* bribery. Introducing evidence of other, non-criminal duties creates the risk the jury will be confused by the issues and render a verdict based on its evaluation of Mr. Huizar as a councilman generally, particularly given that Mr. Huizar has been charged with honest services fraud.

**Government's Position:**  Just as the Court has done in the first two trials in this matter against developer defendants charged with bribing Jose Huizar to, among other things, deprive his constituents of their right to the honest services of their public officials, the Court should permit lay witness testimony and evidence of undisputed, necessary, and non-controversial topic areas.  Any minimal concern of prejudice occasioned by the largely unremarkable evidence of the ethical requirements of Los Angeles City officials can be sufficiently mitigated by precise jury instructions at the end of trial, limiting instructions during trial, and a special verdict form (all of which the Court has previously and successfully employed in this matter).

i

# DEFENDANT'S MOTION

## I. INTRODUCTION

The Supreme Court has spent the past three decades issuing an unbroken line of cases narrowing the federal government's ability to serve as the guarantor of good governance at the state and local level. In reversing convictions in cases like *Skilling v. United States*, 561 U.S. 358 (2010), *McDonnell v. United States*, 579 U.S. 550 (2016), and *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020), the Supreme Court has put federal prosecutors on notice that matters of ethics and views as to the appropriate conduct of politicians are better left to local authorities or the ballot box. *See, e.g.*, *id*. at 1571 ("The upshot is that federal fraud law leaves much of public corruption to the States (or their electorates) to rectify."). These laws "did not authorize federal prosecutors to set standards of disclosure and good government for local and state officials." *Id.* (quoting *McNally v. United States*, 483 U.S. 350, 360 (1987) (cleaned up)). Even now, the Supreme Court is poised to further trim the federal government's excess in the context of policing local governance. *See United States v. Percoco*, 13 F.4th 180, 193–97 (2d Cir. 2021) (concluding honest services fraud encompassed conduct by former official after leaving office), *cert. granted*, 142 S. Ct. 2901 (2022). The net result of this authority is that nothing short of *quid pro quo* bribery is enough to sustain an honest services fraud prosecution. *See generally* ECF No. 235 (Defendants' Motion to Dismiss) at 21–24 (describing this line of authority).

Notwithstanding that guidance, the government has given Rule 16 notice that it intends to call Jessica Levinson, a law professor, to testify about a host of state and local ethical obligations, the violation of which do not constitute federal crimes. Thus, for example, Professor Levinson seeks to testify how "governmental ethics laws were adopted to help preserve the public trust," that José Huizar and Raymond Chan "each owed a fiduciary duty to the City … to perform the duties and responsibilities of their respective office free from bias, conflicts of interest, self-enrichment, concealment, deceit, fraud, kickbacks, and bribery," that the city's enforcement of its ethical rules "has

suffered difficulties during the relevant periods," and that Los Angeles imposed certain limitations on lobbying on officials after their time working for the city. *See* Ex. A (Rule 16(a)(1)(G) Notice Letter) at 3–4. Not only is this testimony irrelevant to establishing whether Huizar and Chan committed bribery—the only theory of honest services fraud cognizable under *Skilling* relevant to this case—but it also poses a serious risk of confusing the jury as to what is actually at issue. This is not a case about whether Huizar and Chan met their ethical obligations, or should continue to hold public office. This is a federal criminal case charging Huizar and Chan with a slew of specific crimes, and the government should be limited to introducing evidence which advances the elements of those offenses.

For these reasons, the Court should preclude Professor Levinson from testifying about issues regarding the ethical obligations of city officials.

## II. ARGUMENT

### A.    Professor Levinson's Proffered Testimony Will Not Assist the Jury in Understanding the Issues Actually Before It

Federal Rule of Evidence 702 requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Turner v. ThyssenKrupp Materials, N.A.*, 492 F. Supp. 3d 1045, 1050 (C.D. Cal. 2020) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)). None of the proffered topics of testimony is relevant to proving the charged offenses and should be excluded.

#### 1.    The Testimony Misstates the Relevant Fiduciary Duty

Professor Levinson's disclosure states she will testify that Huizar and Chan "each owed a fiduciary duty … to perform the duties of their respective office free from bias, conflicts of interest, self-enrichment, self-dealing, concealment, deceit, fraud, kickbacks, and bribery." Ex. A at 3. This description improperly expands the scope of the fiduciary duty as cognizable under *Skilling*, and should be excluded.

The disclosure letter asserts that Professor Levinson will testify that not only did Huizar and Chan's fiduciary duty bar kickbacks and bribery, but that it also required them perform their duties free of "bias, conflicts of interest, self-enrichment, self-dealing, [and] concealment," Ex. A at 3. That testimony far exceeds the outer bounds of honest services fraud, and is particularly striking given the Supreme Court's explicit rejection of the government's argument in *Skilling* that honest services fraud should encompass "undisclosed self-dealing by a public official." *Skilling*, 561 U.S. at 409. The Court should prohibit such testimony.

### 2. Testimony About PACs, Including That They "Can Be Sometimes Used Improperly" Is Irrelevant and Thus Unhelpful

The disclosure also states Professor Levinson will testify how PACs "operate, their rules, and how they can be sometimes used improperly by donors and recipients to shield both the source of donations and the ultimate recipient of donations." Ex. A at 3–4. This testimony is irrelevant to establishing the PAC-related charges, which assert that Huizar accepted PAC donations in return for official acts. *See, e.g.*, ECF No. 74 at 53 (Overt Act 193) ("HUIZAR and George Chiang met at defendant HUIZAR's residence and discussed Jia Yuan's agreement to contribute to a PAC to benefit HUIZAR Relative 1's campaign, as promised, in exchange for defendant HUIZAR taking multiple official acts to benefit the Luxe Hotel Project."); *id.* at 73 (Overt Act 281) ("At the meeting, Goldman conveyed the offer of an additional $50,000 contribution to PAC A, bringing the total to $100,000, and defendant HUIZAR agreed to accept the contribution in exchange for voting to approve Project M over objections by the labor union.").

None of these claims require expert testimony regarding the function of PACs. The jury will be confronted with determining whether Huizar in fact agreed to take an official act in return for the donation. Whether an agreement was reached is a basic point well within the jury's ability to understand. *See United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002) (explaining Rule 702 requires that "the subject matter at issue … be

1   beyond the common knowledge of the average layman"). The expert testimony regarding

2   PACs should be excluded.

3   **B.**   **Professor Levinson's Proffered Testimony Will Confuse the Jury By**

4   **Focusing the Case on Ethics Issues**

5   But even if Professor Levinson's testimony bore some minimal relevance, it is

6   unhelpful within the meaning of Rule 702 because its probative value is substantially

7   outweighed by the risk of confusing the issues and misleading the jury. *See United States*

8   *v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); Fed. R. Evid. 403.[1] Permitting Professor

9   Levinson to testify over the course of some hours about ethical regulatory regimes whose

10  violation does not constitute a charged offense will create a significant risk of juror

11  confusion. While the Court will instruct the jury as to the proper elements of the offenses

12  at the end of the case, it would only do so after Professor Levinson has testified about

13  two separate state and local regulatory regimes and leave the jury with the impression

14  that Huizar and Chan violated those regimes.

15  The risk of confusion is particularly acute given that the government has charged

16  Huizar and Chan with honest services fraud. Indeed, the government's proposed

17  instruction for honest services fraud submitted for the Shen Zhen New World trial, ECF

18  No. 754 at 55 (Disputed Instruction No. 23), asserts that the jury would decide, among

19  many other confusing elements, whether a defendant sought to "deprive the City of Los

20  Angeles or its citizens of their right of honest services," and specifically instructs the jury

21  that public officials have "a fiduciary duty to act only for the benefit of the public."

22  Whether or not that latter point is true, it invites the jury to evaluate whether Huizar and

23  Chan's alleged violations of ethical rules rise to the level of a violation of their fiduciary

24  duty to the city, and therefore, a deprivation of honest services. *Cf. United States v.*

25  *Sawyer*, 85 F.3d 713, 731 (1st Cir. 1996) ("[C]oncerning the theft of honest services jury

26  instructions, an overemphasis on what state law forbids may lead the jury to believe that

27  _____

28  [1] It will also be an unnecessary waste of time in a trial that the parties expect to last more than a month.

4

state rather than federal law defines the crime, or more specifically, that any violation of a state law or regulation concerning lobbying or related matters amounts to honest services fraud.").

Permitting Professor Levinson to describe what certain un-charged laws require will only serve to confuse and mislead the jury. The Court should exclude the testimony.

### III. CONCLUSION

For the above reasons, Mr. Huizar respectfully requests that the Court preclude Professor Levinson from testifying regarding the ethical obligations of city officials.

## GOVERNMENT'S OPPOSITION

## I.      INTRODUCTION

Defendant Jose Huizar's motion to exclude expert testimony from a proposed Los Angeles City ethics expert (Professor Jessica Levinson) dramatizes the effect of the admission of undisputed, necessary, and non-controversial topic areas in a case charging various forms of bribery of a local official.  Indeed, many of the proposed topic areas have been previously admitted at the related trials of David Lee/940 Hill and Shen Zhen New World I, who were also charged in related bribery schemes. However, given the concerns expressed by defendant Huizar regarding an overemphasis of both defendants' numerous state and local ethics violations (Motion at 1-2, 4-5), the government has elected to eliminate or significantly mitigate defendant's exaggerated harms by not seeking any *expert* testimony or opinions on the referenced topics.[2]

Instead, the government will seek to introduce only limited lay testimony and supporting public and government records related to various ethics requirements similar to what the Court has permitted in the first two trials.[3]  Combined with the Court's clear jury instructions from the Shen Zhen trial[4] and the government's special verdict form for the honest services fraud counts (enumerating specific official acts the jury must find),[5] along with the submission of a stipulated "Trial Indictment,"[6] the central concern of defendant Huizar's motion – that evidence of defendant Huizar's and Chan's myriad City ethics violations will so taint the jury they will improperly render

---

[2] The government notified defendant Huizar's counsel of the same on December 5, 2022, and prior to providing this opposition.

[3] See, e.g., attached, Government Trial Exhibits 2, 5, 6.

[4] Dkt. 812.

[5] Dkt. 813.

[6] Dkt. 800.  In the Shen Zhen trial, the Court permitted the admission of a joint Trial Indictment whose contents were agreed upon by the parties, in part to make clear for the jury what was – and was not – charged against the defendant.  Such a document protects the interests of both parties; the same analysis and benefit are true here.

guilty verdicts on all counts on that basis alone – is, at best, unavailing.  Moreover, similar to what the Court did in the Lee/940 Hill trial, the Court can also provide a limiting instruction[7] to control any speculative concern that the jury will misconstrue the elements of the various bribery charges based on admission of defendants' numerous ethical lapses.

## II. ARGUMENT

**A.     Defendants' Fiduciary Duties Cannot Be Reasonably Disputed and Are Necessary to the Honest Services Fraud Charges; Thus, Lay Witness Testimony on this Topic Is Appropriate**

The evidence from the first two trials made clear: (1) it is undisputed that the City of Los Angeles has a code of ethics that applied to defendants when they served as public officials.  (2) It is undisputed what constituted those code of ethics.  (3) It is undisputed how the government alleges the defendants violated their duties—by soliciting and accepting bribes.  Thus, the government concurs with defendant Huizar's assertion that expert testimony is likely unnecessary to assist the jury understanding these facts, which instead can be accomplished by a lay witness knowledgeable about the same.  However, such lay testimony is clearly necessary to, in particular, the honest services fraud charges that specifically allege that defendants violated a fiduciary duty to the City.  That is, defendants violated a duty they owed the City by way of their oaths of office and agreement to act in the best interest of the City.  Without an understanding of what honest services defendants deprived the citizens of Los Angeles, the more unnecessarily opaque this charge becomes.

Despite the Court's repeated rulings and directions as to how to address any concerns that the government's case did not comply with Supreme Court precedent (e.g., jury instructions and special verdict forms) defendant Huizar continues to misconstrue the holdings in *Skilling v. United States*, 561 U.S. 358 (2010) and

---

[7] Dkt. 536 (Instruction No. 7: Limiting Instruction Re: Ethics Code).

*McDonnell v. United States*, 579 U.S. 550 (2016), in yet another recycled attempt (including in litigation related to both prior trials) to strip the government's case of evidence that both cases made clear <u>are</u> relevant and probative of bribery intent. (Motion at 1) (citing ECF No. 235 (Defendants' Motion to Dismiss) at 21–24).[8]

Defendant Huizar expresses concern that introduction of the uncontroverted fact that defendants' employment as high-level City officials required them to "perform the duties of their respective office 'free from bias, conflicts of interest, self-enrichment, self-dealing, concealment, deceit, fraud, kickbacks, and bribery'" "misstates the relevant fiduciary duty." (Motion at 2-3).  Not so.  As the jury instructions, special verdict form, and Trial Indictment will make clear, defendant Huizar is not charged with "undisclosed self-dealing by a public official." (Motion at 3) (citing *Skilling*, 561 U.S. at 409).  He is charged with multiple counts of bribery, including being bribed to violate his duty to the City by soliciting, accepting, and agreeing to accept financial benefits in exchange for certain actions.  Moreover, again, as to the honest services fraud counts, those actions will be defined consistent with <u>McDonnell</u> and the jury will have a special verdict form requiring them to identify the specific <u>McDonell</u>-approved official act he agreed to commit or committed.  Lay testimony regarding the remaining referenced duties required of City officials (being free of "bias, conflicts of interest, self-enrichment, self-dealing, [and] concealment") does not "far exceed[] the outer bounds of honest services fraud" nor is it "particularly striking;" it is all relevant intent evidence demonstrating that defendants Huizar and Chan were willing to commodify their positions of power for personal and political profit.  Such evidence is inextricably intertwined with the government's allegations that these same defendants would use these same City positions to engage in a bribery scheme.  Accordingly, lay testimony of

---

[8] Defendant's citation to the recently argued Supreme Court case, <u>United States v. Percoco</u>, 13 F.4th 180, 193–97 (2d Cir. 2021), is of no moment.  (Motion at 1.) That case dealt with the conduct of a private person who was charged as acting as if he were a public official; here, it is not in question that defendants Huizar and Chan were charged with bribery conduct in their capacity as then City (and thus public) officials.

8

these underlying and undisputed duties provides helpful and necessary context to understand the bribery charges and government theory in this matter.

**B.      The Government Will Only Introduce Lay Testimony on PACs as Relevant to the Charges**

The government also agrees with defendant Huizar that the government does not need *expert* witness testimony regarding defendant's illicit use of PACs to pressure developers needing his official assistance with their projects to provide him (directly and indirectly) political contributions.  This is also true related to defendant Huizar's use of PACs centrally designed to fund the succession plan of installing his wife as the next CD-14 councilmember.  (Motion at 3.)  Indeed, lay witness testimony about how such a scheme was designed, manipulated, and executed in this case is sufficient and should be admitted, including through, for example, testimony from defendant Huizar's lobbyist and key PAC architect, Morrie Goldman, from his closest aide, George Esparza, through defendant's own statements, and through the testimony of his wife, Richelle Rios.

**C.      Since Professor Levinson Will Not Be Testifying as an Expert or Rendering any Expert Opinions, Defendant's Second Argument Is Moot**

Citing Rule 403, defendant's final argument focuses on the claim that "Professor Levinson's proffered testimony will confuse the jury by focusing the case on ethics issues." (Motion at 4-5.)  As stated above, the government has withdrawn its notice of Professor Levinson as an expert witness, and she will not be rendering any expert opinions as to either defendant's violations of any City or state ethical rules.   However, the government maintains that relevant lay witness testimony about the City requirements charged in this case remains very much relevant and necessary to the its case.  Accordingly, the government will seek to introduce such testimony through a witness or witnesses competent to testify about the various and unrefuted relevant duties and requirements of City officials, including: (1) code of ethics, (2) ethics

1    training, (3) Form 700s and financial disclosure forms (gift reporting, etc.), (4) rules

2    regarding post-government employment (e.g., "cooling off" period), and related topics.

3         To the extent defendant Huizar is further arguing that <u>any</u> (not just expert)

4    testimony regarding his and defendant Chan's violations of other "regulatory schemes"

5    also violates Rule 403, this argument is not compelling. (See Motion at 4-5)

6    ("Permitting Professor Levinson to describe what certain un-charged laws require will

7    only serve to confuse and mislead the jury.)  Defendant's single citation to an out-of-

8    circuit case with very different facts provides no help.  (Motion at 4-5) (citing *United*

9    *States v. Sawyer*, 85 F.3d 713, 731 (1st Cir. 1996)).

10        As explained above, the evidence is probative of a key issue in the case (intent),

11   which makes it "inherently prejudicial" but not unfairly so.  *United States v. Hankey*,

12   203 F.3d 1160, 1172 (9th Cir. 2000) (explaining that the "major function [of Rule 403]

13   is limited to excluding matter of scant or cumulative probative force, dragged in by the

14   heels for the sake of its prejudicial effect"); *United States v. Caraway*, 534 F.3d 1290,

15   1301 (10th Cir. 2008) ("Evidence is not unfairly prejudicial simply because it is

16   damaging to an opponent's case.").  Moreover, this trial will include extensive

17   testimony of defendant's receipt of lavish benefits, his use of prostitutes and related

18   discussions, and his exploitation of his own family members, including his mother and

19   wife, to facilitate his crimes.  The additional testimony that he also repeatedly failed at

20   "good governance" can hardly be expected to shock the conscience and is far less

21   prejudicial to defendant than the charges and evidence that will be presented throughout

22   trial.  And evidence should "not be excluded as unduly prejudicial when it is not more

23   inflammatory than the charged crime."  *United States v. Livoti*, 196 F.3d 322, 326 (2d

24   Cir. 1999).  Further, any purported "confusion" (Motion at 4) can be limited by a

25   limiting instruction (just as in the Lee/940 Hill trial) and the jury instructions, verdict

26   forms, and Trial Indictment (just as in the Shen Zhen trial).  And, as with any subject,

27   this Court regularly acts as the gatekeeper during trial to the extent testimony drifts

28   from relevant and probative to a "waste of time" (Motion at 4 fn.1).

**DEFENDANT'S REPLY**

**I. INTRODUCTION**

The core issue with ethics-laden testimony is not whether it is properly classified as expert in nature (although it is), but that submitting testimony and evidence describing what a public official should do creates an unnecessary risk of confusing the jury as to actual issues in this case. This is particularly true where Mr. Huizar has offered to stipulate to having a fiduciary duty to not engage in bribery as defined by the Court. Additional testimony centered on whether Mr. Huizar "violated a duty … to act in the best interest of the City," Opp. at 7, or that Mr. Huizar had a duty to be "free of bias, conflicts of interest, self-enrichment, self-dealing, and concealment," Opp. at 8 (cleaned up), can only serve the purpose of painting him as an unethical politician who might also engage in bribery. But this is a federal criminal case, not an election, and the Court should limit the government's presentation to the only relevant duty the Supreme Court has consistently held sustains an honest services fraud conviction.

**II. ARGUMENT**

**A.     Ethical Obligations Will Only Confuse the Jury From the Relevant Bribery Question**

The government does not appear to dispute that violations of ethical obligations short of *quid pro quo* bribery are insufficient to sustain a charge of honest services fraud here. And nor could it, given the Supreme Court's consistent directive. Instead, the government generally asserts that the full panoply of a city official's duties is essential to understand whether Mr. Huizar had an intent to engage in bribery. In doing so, the government demonstrates its intention to bootstrap its bribery allegations via ethical failings which do not amount to criminal violations. In the government's view, the fact Mr. Huizar may have violated a duty to be "free of bias, conflicts of interest, self-enrichment, self-dealing, and concealment," Opp. at 8 (cleaned up), is proof that he also engaged in *quid pro quo* bribery. Indeed, the government suggests that violations of these non-criminal ethical violations are "all relevant intent evidence demonstrating that

11

defendants Huizar and Chan were willing to commodify their positions of power for personal and political gain." *Id*. But this is nothing more than propensity evidence: Mr. Huizar acted unethically in some ways and thus he must have acted unethically in others.[9] And despite the government's unsupported suggestion that the full range of Mr. Huizar's duties are "helpful and necessary context to understand the bribery charges and government theory in this matter," Opp. at 9, it is difficult to imagine how. The government's presentation would be more confusing were witnesses and exhibits to describe various obligations Mr. Huizar may or may not have had, the vast majority of which do not provide a basis for a finding of guilt. While the jury may be less favorably disposed toward Mr. Huizar were they to think him a poor councilman, that is not a permissible basis to reach a conviction in this bribery case. The proper course is to focus the jury on the issues that matter.

**B.     A Stipulation to a Fiduciary Duty Will Satisfy the Necessary Element Without Creating a Significant Risk of Confusion and Prejudice**

It is true the government is required to prove as an element of honest services fraud that Mr. Huizar owed a fiduciary duty to the City of Los Angeles. But Mr. Huizar has advised the government that he is amenable to stipulating that he owed a fiduciary duty to not engage in bribery as defined by the Court. Nothing more is required to satisfy that element, placing this issue squarely within the logic of *Old Chief v. United States,* 519 U.S. 172 (1997) (requiring government to accept an offer of stipulation of felon status in § 922(g) case due to risk of prejudice). The alternative is to leave the jury with the question of whether Mr. Huizar deprived the City of Los Angeles of its "intangible right to honest services" after having heard testimony of the many ways the government contends Mr. Huizar "repeatedly failed at good governance." Opp. at 10 (cleaned up).

---

[9] Put another way, the government intends on arguing to the jury that because Mr. Huizar was willing to violate some of his ethical duties (*e.g.*, to act free from bias), that he was also willing to violate his duty not to engage in bribery.

The significant risk of confusion and prejudice is self-evident,[10] particularly given the current state of the Los Angeles City Council's reputation in the local community. The council has been riven by a series of scandals that do not involve Mr. Huizar, but nonetheless put the question of the council's ability to engage in "good governance" squarely in the public eye. On that backdrop, focusing the jury on broader issues of ethical city governance is a prejudicial distraction from the questions the jury is meant to answer in this case.

## C.   Jury Instructions Will Not Resolve the Risk of Prejudice

Finally, the Court should reject the government's contention that jury instructions and the verdict form will cure this confusion. Jurors are ultimately human. More than two years of complex litigation about the precise contours of these bribery theories under federal law have necessarily resulted in complicated jury instructions. The very name of the relevant offense—honest services fraud—is misleading due to its construction by the Supreme Court. And as the government well knows, the jury will not be instructed until after the presentation of evidence, creating a significant risk that the jury will have already reached a conclusion on a question it is not meant to answer—was Mr. Huizar a good, ethical councilman—by the time it renders an answer on the one it should—did Mr. Huizar engage in *quid pro quo* bribery. There is no benefit to introducing evidence relating to irrelevant ethical duties. The Court should exclude it, regardless of the efficacy of any eleventh-hour remedies.

## III. CONCLUSION

For the above reasons, Mr. Huizar respectfully requests that the Court grant this motion *in limine* and bar the government from introducing confusing and irrelevant testimony related to Mr. Huizar's ethical obligations.

---

[10] The government appears to recognize some measure of prejudice, but suggests that because it intends to offer "extensive testimony" relating to benefits received, Opp. at 10, the Court should excuse *this* prejudicial testimony. But that comparison illustrates the point: some evidence of benefits is necessary to establish a bribe. In comparison, evidence of whether Mr. Huizar violated provisions of the city ethics code is not.

13