E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-1, 2 |
|---|---|
| Plaintiff, | JOINT MOTION *IN LIMINE* NO. 7: GOVERNMENT'S MOTION TO PRECLUDE IMPROPER QUESTIONS AND ARGUMENT REGARDING LEGAL ISSUES RESOLVED PRETRIAL; DECLARATION OF CASSIE D. PALMER |
| v. | |
| JOSE LUIS HUIZAR, RAYMOND SHE WAH CHAN,  aka "She Wah Kwong," | |
| Defendants. | Hearing Date: January 20, 2023<br>Hearing Time: 8:00 a.m.<br>Location: Courtroom of the Hon. John F. Walter |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant

Jose Luis Huizar, by and through his attorneys of record, Carel Alé, Charles J. Snyder, and Adam Olin, and defendant Raymond She Wah Chan, by and through his attorney of record Harland W. Braun, hereby submit this Joint Motion in Limine No. 7: Government's Motion to Preclude Improper Questions and Argument Regarding Legal Issues Resolved Pretrial.

This joint motion is based upon the attached memoranda of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 19, 2022          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  __/s/ Cassie D. Palmer_____
                                  MACK E. JENKINS
                                  CASSIE D. PALMER
                                  SUSAN S. HAR
                                  BRIAN R. FAERSTEIN
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

Dated: December 19, 2022          __/s/ Adam Olin_____
                                  CAREL ALÉ
                                  CHARLES J. SNYDER
                                  ADAM OLIN
                                  Attorneys for Defendant
                                  JOSE LUIS HUIZAR

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................1

TABLE OF AUTHORITIES...............................................1

JOINT MOTION *IN LIMINE* NO. 7 – GOVERNMENT'S MOTION TO PRECLUDE
    IMPROPER QUESTIONS AND ARGUMENT REGARGDING LEGAL ISSUES
    RESOLVED PRETRIAL..............................................1

IDENTIFICATION OF MATTERS IN DISPUTE...............................1

GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES..................2

I.   GOVERNMENT'S INTRODUCTION.....................................2

II.  GOVERNMENT'S BACKGROUND.......................................3

III. GOVERNMENT'S ARGUMENT.........................................4

DEFENDANT HUIZAR'S MEMORANDUM OF POINTS AND AUTHORITIES............6

I.   DEFENDANT HUIZAR'S INTRODUCTION...............................6

II.  DEFENDANT HUIZAR'S ARGUMENT...................................6

III. DEFENDANT HUIZAR'S CONCLUSION.................................8

GOVERNMENT'S REPLY.................................................9

DECLARATION OF CASSIE D. PALMER...................................12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Kyles v. Whitley,
    514 U.S. 419 (1995) ..................................... 6-7, 9-10

Steele v. United States,
    267 U.S. 505 (1925) .......................................... 4

United States v. Mikhel,
    889 F.3d 1003 (9th Cir. 2018) ................................. 9

United States v. Miller,
    874 F.2d 1255 (9th Cir. 1989) ................................. 9

United States v. Newell,
    584 F. Supp. 2d 272-74 (D. Me. 2008) .......................... 5

United States v. Reed,
    573 F.3d 900 (9th Cir. 2009) ............................... 7, 8

United States v. Reed,
    575 F.3d 900 (9th Cir. 2009) ................................ 4-5

United States v. Sager,
    227 F.3d 1138 (9th Cir. 2000) ........................... 7, 10-11

United States v. Sells,
    No. 21-10208, 2021 WL 6061772 (11th Cir. Dec. 20, 2021) ....... 5

**Other**

Fed. R. Evid. 401 ............................................... 5
Fed. R. Evid. 403........................................ 5, 10, 11
Fed. R. Crim. P. 33 ............................................. 9

**JOINT MOTION *IN LIMINE* NO. 7 – GOVERNMENT'S MOTION TO PRECLUDE IMPROPER QUESTIONS AND ARGUMENT REGARGDING LEGAL ISSUES RESOLVED PRETRIAL**

**IDENTIFICATION OF MATTERS IN DISPUTE**

**Government's Position**: The government moves to preclude defendants Jose Luis Huizar ("HUIZAR") and Raymond She Wah Chan ("CHAN") from introducing evidence or making arguments at trial about legal matters the Court has resolved by pretrial motion.  Not only would such questions and arguments permit the defense to attempt re-litigate and re-argue legal issues the Court has already decided that are ill-suited to the jury and irrelevant to any fact of consequence at trial, but they also carry a high risk of prejudice to the government, confusing the issues, misleading the jury, and wasting the jury's and the Court's time.

**Defendant Huizar's Position**: Mr. Huizar does not intend on arguing to the jury or eliciting testimony that the government violated its discovery obligations in not producing certain items subject to pretrial litigation. But Mr. Huizar is entitled to argue that the investigation was flawed by not pursuing certain steps, including by not invoking its rights under the plea agreement to obtain evidence. Mr. Huizar may also argue that the cooperating witnesses are not as transparent as the government suggests because of the cooperators' refusal to provide the full devices. The Court should also hold to its prior evidentiary rulings from the 940 Hill trial and permit Mr. Huizar to make argument about the government's decision to play only snippets of longer recordings.

**GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  GOVERNMENT'S INTRODUCTION**

The government anticipates that defendants HUIZAR and CHAN may suggest during trial, through questioning or argument, that the government acted improperly with respect to legal matters the Court resolved pretrial.  As two examples, defendants may argue or insinuate through witness questioning or argument that the government acted improperly by: (1) refusing to produce to the defense full forensic copies of third parties' digital devices and electronic accounts; and (2) moving to exclude evidence under the Federal Rules, e.g., portions of recordings or text conversations as hearsay.

Courts routinely have barred defendants from re-litigating and re-arguing such <u>legal and evidentiary issues</u> to the jury.  As factfinders, jurors are neither permitted nor well-equipped to analyze nuanced legal and evidentiary issues like motions to suppress, compel, and in limine.  Nor are these legal issues relevant: they do not make any fact of consequence more or less probable.  The improper purpose behind this tactic is clear: to unfairly portray the government as hiding information from the jury and improperly withholding purportedly helpful (unidentified) evidence from the defense to improve the government's chances at trial.  In doing so, the defense is inviting the jury to punish the government for these alleged misdeeds instead of considering only the evidence and applying that evidence to the Court's instructions regarding the law.  For these reasons, the Court should preclude these questions and argument at trial.

## II. GOVERNMENT'S BACKGROUND

In March 2022, all defendants, including HUIZAR and CHAN, moved to compel the government to produce full forensic copies of certain individuals' digital devices and accounts. (Dkt. No. 381.)[1] The government opposed the motion, arguing (1) the devices and accounts were no longer within the government's possession, custody, or control; and (2) defendants failed show materiality. (Id. at 8-9, 16-28.) The Court denied the motion to compel, largely adopting the government's arguments. (Dkt. No. 436; Hearing Tr. 4/25/22 at 34.) Regarding possession, the Court "reject[ed] the defendants' contention that the Government continues to have authority to either search the devices again for discoverable material or simply turn them over to the defendants," because the government's possession of the data "is necessarily circumscribed by the Fourth Amendment" and none of the individuals consented to a further search of their data. (Id. at 36.) Regarding materiality, defendants "offer[ed] only a broad general allegation that, because the Government's case stands or falls on the testimony of numerous individuals engaged in varying levels of cooperation with the Government, they're entitled to examine without limitation the complete devices and accounts" of the cooperating witnesses, concluding this showing was "speculative" and fell "well below that required to demonstrate materiality." (Id. at 38, 38 ("[W]hat the defendants really seek here is a fishing expedition into each of the witnesses' and cooperating defendants'

---

[1] Defendants sought "[e]xact duplicate forensic copies of the imaged devices and email, cloud storage, or any accounts in the government's possession, belonging to: (1) George Esparza, (2) Justin Kim, (3) Ricky Zheng, (4) George Chiang, (5) Businessperson A, (6) Shawn Kuk, (7) John Carlin, (8) Morrie Goldman, and (9) Executive M." (Id. at 2.)

3

personal and private information to which they are simply not entitled.").)

During the DAE YONG LEE/940 HILL, LLC trial, the Court denied defendants' motion to admit portions of conversations involving LEE, as non-hearsay and under the rule of completeness. The Court rejected both arguments. (Trial Tr. 1304-1312.) Despite those rulings, defendants LEE/940 HILL misleadingly and inappropriately asked questions suggesting and attempted to argue in front of the jury that the government acted improperly by not turning over these items and admitting only portions of the recordings. The government repeatedly objected, and the Court repeatedly sustained the some of these objections. (E.g., Trial Tr. 1717-25, 1772-73, 1961.)

Counsel for defendant HUIZAR has not agreed to abstain from similar tactics. Thus, the government believes a pretrial ruling is necessary to avoid forcing the government to object during trial in front of the jury, which can only compound the unfair suggestion that the government is acting improperly and concealing information from the jury.

**III. GOVERNMENT'S ARGUMENT**

"[T]he question of the competency of the evidence . . . by reason of the legality or otherwise of its seizure [is] a question of fact and law for the court and not for the jury." Steele v. United States, 267 U.S. 505, 511 (1925). For this reason, courts routinely preclude defendants from attempting to re-litigate pretrial legal and evidentiary rulings before the jury at trial. See United States v. Reed, 575 F.3d 900, 920 (9th Cir. 2009) (no abuse of discretion to preclude re-litigation of suppression issue in front of the jury; "[t]he legality of the wiretap was a question exclusively for the

4

district court to answer"); see also United States v. Sells, No. 21-10208, 2021 WL 6061772, at *5 (11th Cir. Dec. 20, 2021) (no abuse of discretion to preclude evidence of voluntariness of defendant's inculpatory statements because it "was a purely legal question that the district court was entitled to decide"); United States v. Newell, 584 F. Supp. 2d 272, 273-74 (D. Me. 2008) (granting motion in limine to preclude re-argument of pretrial legal issues).

The same principles apply here. Before trial, the Court will have ruled on a variety of motions to suppress, to dismiss, and in limine. These legal issues have no relevance to any fact of consequence at trial. Fed. R. Evid. 401. Defendants should be barred from re-litigating to the jury motions they lost, especially in light of the inflammatory suggestion of such information. Permitting such improper questions and argument would effectively give defendants a second bite at the apple, in front an audience ill-equipped to evaluate and, indeed, barred from considering those issues. The Court accordingly should preclude such questions and argument *before trial* because their mere repetition to the jury risks raising the spectre of impropriety on the part of the government.

Further, allowing such irrelevant and improper questioning and argument offends Rule 403, because it is specifically designed for an improper purpose: to unfairly tarnish the government for following the law and the Federal Rules of Evidence. These issues, by their nature, are inherently inflammatory and the type that risk prejudice. Given the lack of relevance, this tactic would serve only to confuse the issues, mislead the jury, and waste the jury's and Court's time by forcing the government to respond in kind regarding the same, irrelevant issues, to attempt to correct the record.

**DEFENDANT HUIZAR'S MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   DEFENDANT HUIZAR'S INTRODUCTION**

Defendant Jose Huizar does not intend to argue to the jury or elicit testimony that suggests the government wrongfully withheld from the defense in discovery the complete devices subject to pretrial litigation. But Mr. Huizar, like any defendant, is entitled to attack the breadth and scope of the investigation by identifying additional areas the government could have, but chose not to, look into. There is no dispute that the government has the authority to demand certain cooperators produce their devices and accounts. While the Court has ruled that right does not render the devices subject to discovery, that does not mean the defense cannot argue to the jury other investigative steps should have been taken. It is for the jury, as the finder of fact, to evaluate whether the government should have done more. Similarly, the jury is permitted to consider the government's decision to play only portions of longer recordings, as the Court recognized in denying this very objection during summation in the 940 Hill trial. The Court should deny the government's motion.

**II.   DEFENDANT HUIZAR'S ARGUMENT**

Attacking the conduct of a government investigation is a fundamental strategy in the canon of criminal defense. Whether by arguing the police failed to interview certain potential witnesses, failed to run certain tests, or failed to obtain certain evidence, defense attorneys have long sought to undermine the persuasive force of the government's case by identifying flaws in the investigation. Thus, courts have long ensured that criminal defendants may challenge an investigation as flawed. *See, e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 449 (1995) ("In evaluating the weight of all these evidentiary

6

items, it bears mention that the [evidence] would not have functioned as mere isolated bits of good luck for Kyles. Their combined force in attacking the process by which the police gathered evidence and assembled the case would have complemented, and have been complemented by, the testimony actually offered by Kyles's friends and family to show that Beanie had framed Kyles."); *see also United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000) (holding the district court committed plain error and abused its discretion "by instructing the jury not to 'grade' the investigation," explaining "the court. . . muddled the issue by informing the jury that it could not consider possible defects in Morris's investigation. To tell the jury that it may assess the product of an investigation, but that it may not analyze the quality of the investigation that produced the product, illogically removes from the jury potentially relevant information").[2] This purpose is distinct from an argument that the government wrongfully withheld the items from the defense, and thereby patently admissible.

Our system reserves to the finder of fact the decision of whether the quality of the investigation is sufficient to allow for a conviction. Agent Civetti will presumably explain on direct examination the course of the overall investigation, including which avenues were pursued and which were not. If Agent Civetti did not believe it necessary to use the rights afforded to the government under various plea agreements in order to continue investigating, he

---

[2] The government's cited cases unsurprisingly do not foreclose this well-established strategy. For example, *United States v. Reed*, 573 F.3d 900, 920 (9th Cir. 2009) stands only for the commonsense proposition that the defense cannot offer evidence for "the sole purpose … to show that the Government obtained evidence illegally."

7

may so testify. And the jury may well agree with his conclusion. But to rule pretrial that the defense may not even inquire into this arena is contrary to law and improperly requires the jury to accept that the government's investigation was free from flaws. The Court should decline to enter an order deeming the government's investigation privileged from second-guessing.

The Court should similarly deny the second half of the government's motion, which asks the Court to prohibit the defense from making argument or soliciting testimony regarding the government's decision to offer only small portions of recordings. But this too is squarely within the realm of permissible defense. Indeed, the Court already overruled the government's objection during Dae Yong Lee and 940 Hill LLC's counsel's closing argument which pointed out the "snippets of conversations cherry-picked by the prosecutors," asking the jury "[w]hat's on the rest of the hour-long recordings that the Government didn't want you to hear?" (Trial Tr. 1961:1-16.) As counsel aptly put, "it is fair for [the jury] to question the Government's actions. It is fair. It is part of the deliberative process." (*Id.* at 14-16.) The Court should remain consistent with its prior ruling and deny the government's motion.[3]

### III. DEFENDANT HUIZAR'S CONCLUSION

For the above reasons, the Court should deny the government's motion.

---

[3] The objections the Court sustained instead involved counsel seeking to introduce the substantive contents of the unadmitted portions for their truth. (*See, e.g.*, Trial Tr. 1718:1-6 ("Q. And during one of those meetings, you [Justin Kim] recall talking with David Lee about how much money went to CREED; correct?"; *id.* 18-19 ("Q. And he [Lee] was upset because you [Kim] had told him you knew the CREED people previously; right?").

8

**GOVERNMENT'S REPLY**

Defendant Huizar is permitted to "extensively explore[] the quality of the investigation," United States v. Miller, 874 F.2d 1255, 1266 (9th Cir. 1989), but he is not permitted to cross the line from a proper critique of the investigation into an improper appeal to speculation. Huizar's opposition makes clear that he intends to do just that. The Court should preclude him from engaging in such improper questioning of witnesses and argument.

Starting first with the rule of completeness issue, Huizar claims he is permitted to "ask[] the jury 'what's on the rest of the hour-long recordings that the Government didn't want you to hear?'" (Mot. at 8 (cleaned up).) But as the Court reasoned in denying 940 Hill/Lee's Rule 33 Motion, this argument invites the jury to improperly speculate. (Dkt. 848 at 13 ("[T]he prosecutor's comments highlighted the weaknesses in defense counsel's presentation of evidence, that defense counsel had encouraged the jury to improperly speculate about the contents of recordings not in evidence . . . .") (emphasis added).) This example highlights the weakness of Huizar's position: while he broadly casts his tactics as attacking the investigation, in reality, he intends to relitigate pretrial determinations in front of the jury and invite the jury to speculate and draw improper inferences from such speculation. See United States v. Mikhel, 889 F.3d 1003, 1033 (9th Cir. 2018) (rejecting defense arguments that "a jury can use speculation to find a 'reasonable doubt' in favor of the accused").

The cases defendant Huizar cites highlight the impropriety of this approach. In Kyles v. Whitley, for example, the Supreme Court held that Brady extends to some evidence that could be used to attack

9

the adequacy of a police investigation. 514 U.S. 419, 445 (1995). But to establish such violation, the defendant <u>first</u> had to establish materiality: "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." <u>Id.</u> at 435. The evidence Huizar seeks to admit – that the government seized evidence on third parties' devices within the scope of the search warrants and will admit only portions of recordings – is easily distinguished from the undisclosed evidence in <u>Kyles</u>: an informant's prior incriminating statements that established his opportunity to "plant" the evidence used to convict the defendant. <u>Id.</u> at 424-26 & 446 n.15 (where "the probative force of evidence depends on the circumstances in which it was obtained and those circumstances <u>raise a possibility of fraud</u>, indications of conscientious police work will enhance probative force and slovenly work will diminish it.") (emphasis added).

Here, Huizar's "arguments" about what may be in unseized items from third parties' devices or unadmitted portions of the recordings would invite speculation. Indeed, with respect to the devices, this Court's denial of Huizar's motion to compel rested on his failure to establish materiality by relying on mere speculation. (Hr'g Tr. at 34:21-24 (April 25, 2022) ("this showing [was] speculative and f[ell] well below that required to demonstrate materiality"). Considering the lack of materiality and defendant's failure to show any probative value of this evidence, the only possible purpose of Huizar raising these issues at trial is to improperly invite the jury to infer impropriety by the government based upon mere speculation.

Huizar's anticipated argument also plainly offends Rule 403. The other case Huizar cites, <u>United States v. Sager</u>, 227 F.3d 1138

(9th Cir. 2000), supports this conclusion. Sager stands for the unremarkable proposition that the defense can invite the jury to consider defects in the investigation and that the trial court should not inform the jury otherwise. Id. at 1145-46. Of course, to inform the jury of a possible defect, there must be one in the first place. And here, the Court has held the government acted legally with respect to pretrial issues upon which it has ruled. What's more, Sager contemplates that a court "may properly decide that such a line of investigation is to be limited for some independent evidentiary reason," including under Rule 403. Id. (citing Miller, 874 F.2d at 1266 (rejecting attempted inquiry on cross-examination into technical violation of FBI's interrogation procedures manual where defendant had attacked the investigation extensively and further inquiry would have been of marginal probative value, substantially outweighed by potential for confusing jury and wasting time)). The injection of these issues into trial would require the government to rebut Huizar's claims by explaining why it acted the way it did, which, in turn, would touch on issues the jury is ill-equipped to evaluate: policies and legal principles underlying such policies (e.g., third parties' right to privacy in certain information). Allowing defendant to delve into these issues at trial will not only unfairly prejudice the government but also confuse the issues, mislead the jury, and waste the Court's and the jury's time.

Thus, the Court should preclude Huizar from relitigating pretrial issues in front of the jury because they have no probative value, invite speculation, and would unfairly prejudice the government, confuse the issues, mislead the jury, and waste time.

**DECLARATION OF CASSIE D. PALMER**

I, Cassie D. Palmer, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am one of the prosecutors on United States v. Jose Huizar, et al., CR 20-326(A)-JFW-1, 2.

2. The government moves to preclude defendants Jose Huizar and Raymond Chan from introducing evidence or making arguments at trial about legal matters the Court has resolved by pretrial motion. Not only would such questions and arguments permit the defense to attempt to re-litigate and re-argue legal issues the Court has already decided that are ill-suited to the jury and irrelevant to any fact of consequence at trial, but they also carry a high risk of unfair prejudice to the government, confusing the issues, misleading the jury, and wasting the jury's and the Court's time.

3. Counsel for the government and defendant Huizar have met and conferred about this motion in limine. Counsel for defendant Huizar has indicated they intend to pursue this line of questioning and argument at trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 19, 2022.

CASSIE D. PALMER

12