E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0363/3289/3819
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Cassie.Palmer@usdoj.gov
                Susan.Har@usdoj.gov
                Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-1,2 |
| Plaintiff, | JOINT MOTION *IN LIMINE* NO. 8 GOVERNMENT'S MOTION TO EXCLUDE IMPROPER REFERENCE OF ALLEGED RACIAL BIAS; DECLARATION OF MACK E. JENKINS; EXHIBITS 1-2 |
| v. | |
| JOSE LUIS HUIZAR, RAYMOND SHE WAH CHAN, aka "She Wah Kwong," et al., | Trial Date: February 21, 2023<br>Trial Time: 8:00 AM |
| Defendants. | Location: Courtroom of the Hon. of the Hon. John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, and defendant Jose Luis Huizar, by and through his attorneys of record, Carel Ale,

Charles J. Snyder, and Adam Olin, and defendant Raymond She Wah Chan, by and through his attorney of record Harland W. Braun and Brendan Pratt, hereby submit this Joint Motion in Limine No. 8 to Exclude Improper Reference of Alleged Racial Bias.

This joint motion is based upon the attached memoranda of points and authorities, the attached declaration and exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 19, 2022        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____
MACK E. JENKINS
CASSIE D. PALMER
SUSAN S. HAR
BRIAN R. FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: December 19, 2022         /Charles Snyder/ *via email
CAREL ALÉ
CHARLES J. SNYDER
ADAM OLIN
Attorneys for Defendant
JOSE LUIS HUIZAR

2

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................i

TABLE OF AUTHORITIES..............................................ii

TABLE OF EXHIBITS................................................iii

JOINT MOTION *IN LIMINE* NO. 8 – GOVERNMENT'S MOTION TO PRECLUDE
      IMPROPER REFERENCE OF ALLEGED RACIAL BIAS....................1

IDENTIFICATION OF MATTERS IN DISPUTE..............................1

GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES.................1

I.    INTRODUCTION................................................1

II.   ARGUMENT....................................................2

      A.    Any Claim That the Investigative Team Was Racially
            Biased Is False, Legally Irrelevant, and Not an Issue
            for the Jury..........................................2

      B.    Any Claim of Alleged Racial Bias Is Inadmissible Under
            Rule 403..............................................5

HUIZAR'S RESPONSE.................................................6

GOVERNMENT'S REPLY................................................7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Merced v. McGrath,
  426 F.3d 1076 (9th Cir. 2005) .................................. 5, 9
Old Chief v. United States,
  519 U.S. 172 (1997) .............................................. 5
United States v. Abboud,
  438 F.3d 554 (6th Cir. 2006) ..................................... 4
United States v. Armstrong,
  517 U.S. 456 (1996) .............................................. 4
United States v. McVeigh,
  153 F.3d 1166 (10th Cir. 1998) ................................... 3
United States v. Napper,
  553 F. Supp. 231 (E.D.N.Y. 1982) ................................. 5
United States v. Nolan,
  443 F. App'x 259 (9th Cir. 2011) ................................. 3
United States v. Regan,
  103 F.3d 1072 (2d Cir. 1997) ..................................... 5
United States v. Scrushy,
  721 F.3d 1288 (11th Cir. 2013) ................................... 3
United States v. Veal,
  23 F.3d 985 (6th Cir. 1994) ...................................... 3
United States v. Washington,
  705 F.2d 489 (D.C. Cir. 1983) .................................... 4

**Rules**

Fed. R. Evid. 403 .................................................. 6

**TABLE OF EXHIBITS**

| Exhibit | Description | Cite |
|---|---|---|
| 1 | Email chain between U.S. Attorney's Office and Harland Braun (and others), from October 11, 2022, through December 5, 2022 | Pg. 7:18-8:21 |
| 2 | Email chain between U.S. Attorney's Office and Harland Braun (and others), from October 28, 2022, through November 6, 2022 | Pg. 7:25-28 |

**JOINT MOTION *IN LIMINE* NO. 8 – GOVERNMENT'S MOTION TO PRECLUDE IMPROPER REFERENCE OF ALLEGED RACIAL BIAS**

**IDENTIFICATION OF MATTERS IN DISPUTE**

**Government's Position**: The government moves to exclude any improper reference, including through argument or witness examination, attacking the investigation and/or prosecution team (together, the "investigative team") as racially motivated or biased in investigating and prosecuting any of the defendants in this matter (including in the prior trials). Such allegations and insinuations are unsupported by evidence and are legally irrelevant at trial. Moreover, any such reference is designed to unfairly prejudice the government by seeking to inflame juror passions and thus encourage the jury to render verdicts based on considerations other than the jury instructions and the facts, confuse and mislead the jury, and waste time. For all of these reasons, such arguments are improper and have no place at this trial.

**Defendant Huizar's Position:**

Jose Huizar takes the same position as SZNW: he does not intend to argue that the government was motivated by anti-Chinese animus or to put on a cultural defense. To the extent that either of those things changes, he will notify the government and Court before proceeding.

**Defendant Chan's Position:**

According to his November 6, 2022 email, counsel for defendant Chan stated, "We do not plan to put on a cultural defense nor do we think the government's motive is racist."[1]

---

[1] This email is further referenced below and attached as Exhibit 2.

1

**GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

During the parties' meet and confer, counsel for defendant Jose Huizar reserved the right to argue to the jury that the government's investigation was motivated or compromised by alleged racial bias. But defendant has proffered no supporting evidence whatsoever. Relatedly, these unfounded attacks have, for years now, been a consistent theme from Harland Braun, counsel for defendant Raymond Chan, in his streams of nonresponsive and non-substantive emails. These unwarranted attacks only heighten the need for this motion despite Mr. Braun now purporting to have backed off this theme as a trial strategy.[1]

In any event, such arguments and references during the trial are baseless, improper, irrelevant, and prejudicial.  <u>First</u> and foremost, they are improper because there is no credible evidence to support this false claim, and the defense cites none.  <u>Second</u>, as a legal matter, the defense's unsupported and generalized attack on the investigative and prosecutorial processes is also not relevant to any valid legal defense at trial and is inadmissible under Rule 401. <u>Finally</u>, any reference of alleged racial bias would be unduly prejudicial, confusing and misleading, and a waste of time.  It would open the trial to significant and time-consuming rebuttal evidence showing the integrity of the investigation, including the successful prosecution of other developers, companies, and individuals of

---

[1] The government has previously brought to the Court's attention some of the unfounded and absurd attacks that Mr. Braun has made against the government, including in a letter to the then-Acting United States Attorney accusing the U.S. Attorney's Office of being "rife with virulent anti-Chinese bias."  (Dkt. 259-1 ¶ 3; 259-10.) This email theme continues to the present.

1

various races and nationalities, both within this same investigation and other investigations by the FBI and USAO in the Central District of California.

## II. ARGUMENT

### A. Any Claim That the Investigative Team Was Racially Biased Is False, Legally Irrelevant, and Not an Issue for the Jury

Any suggestion that the investigation and prosecution in this matter were improperly motivated by racial bias--unconscious, systemic, or otherwise--is false and unsupported by any credible or specific evidence. In fact, the undisputed evidence of the origins of the investigation makes clear its origin. The investigation began after Las Vegas Sands Corporation contacted the FBI to report that Jose Huizar was gambling in Las Vegas with Wei Huang, after Huizar refused to fill out the Politically Exposed Person paperwork. Armed with no actual evidence of government wrongdoing whatsoever, defendant still may somehow suggest that some unidentified aspect of the investigation was tainted by racial bias or unconscious stereotypes. This argument is made even more spurious by the significant evidence obtained in this case and the natural investigative steps taken in response, which were unrelated to the race of any defendant. Such compelling evidence further legitimizes the government's investigation into the provision of extensive benefits to Huizar--the PLUM chair and Councilmember who oversaw the district that was home to many of the projects at issue in this case. Accordingly, generalized and unspecific allegations--that any defendant fighting the charges in a properly returned indictment could make--do not constitute credible evidence that the government

improperly considered race in conducting its investigation and prosecution.

The Court should additionally reject any attempt to make improper and baseless jury arguments regarding the propriety of the government's investigation because it is legally irrelevant for trial. "Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render . . . a verdict on the government's investigation." United States v. McVeigh, 153 F.3d 1166, 1192 (10th Cir. 1998). In McVeigh, the defendant tried to introduce evidence that would purportedly show the government's investigation was "slanted," among other things. Id. The Tenth Circuit affirmed (and even "commended") the district court's exclusion of such evidence and the defense's efforts to "put the government on trial." Id. While the propriety of the government's investigation could become relevant by, for instance, challenging the provenance of a particular piece of evidence (like a flawed chain of custody for physical evidence), general attacks on the investigation are improper and only "divert the jury's attention from the issues of the trial." Id.; see also United States v. Scrushy, 721 F.3d 1288, 1305 (11th Cir. 2013) ("Whether the decision to prosecute [the defendant] was motivated by improper reasons has no bearing on the integrity of the trial or the verdict."); United States v. Veal, 23 F.3d 985, 989 (6th Cir. 1994) (affirming trial court's refusal to allow defense evidence attacking the investigation; "the jury would not be called upon to determine whether the government's investigation had been good or bad"); United States v. Nolan, 443 F. App'x 259, 261 (9th Cir. 2011) (holding that defendant's proffered evidence attacking the failure to obtain

surveillance video "was irrelevant because the propriety of the government's investigation was not of consequence to the determination of the action"). Particularly given the utter lack of evidence that bias played a role in this investigation, there is no fact of consequence that is made more or less probable based on the investigative team's alleged bias. And defendant has failed to identify any specific piece of evidence connected to any alleged bias.

A claim of an improper motive to investigate and prosecute a defendant based on race is nothing more than a Trojan Horse for a selective prosecution claim. This type of argument would bypass that legal vehicle and instead taint the jury with his baseless claims. Critically, however, the law makes clear that "[a] selective-prosecution claim is <u>not a defense on the merits to the criminal charge itself</u>, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." <u>United States v. Armstrong</u>, 517 U.S. 456, 463 (1996) (emphasis added); <u>United States v. Washington</u>, 705 F.2d 489, 495 (D.C. Cir. 1983) (issue of selective prosecution "is one to be determined by the court, as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged" (citations omitted)).

Rather than contend with the rigorous standards of a selective-prosecution claim, the defense seeks to shoehorn its unfounded <u>legal</u> claim of racial bias into the trial to get the argument before the factfinder: the jury. See <u>United States v. Abboud</u>, 438 F.3d 554, 579 (6th Cir. 2006) ("The question of discriminatory prosecution relates not to the guilt or innocence . . . and "is a matter for the court,

4

not the jury." (citation omitted)); United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997) (selective prosecution claim is "ultimately separate from the issue of [the defendant's] factual guilt"); United States v. Napper, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) (defendant's claim that the prosecutor brought the charges for a discriminatory reason is an issue "properly determined only by the Court, and may not be argued before the fact-finders"). This is improper.

### B. Any Claim of Alleged Racial Bias Is Inadmissible Under Rule 403

Permitting the issue of the investigators' purported "racial bias" to go before the jury would also present a high risk of unfair prejudice, confuse and mislead the jury, and waste time. See Fed. R. Evid. 403. Evidence is not admissible simply to create sympathy or outrage on the part of the jury or to encourage them to render a decision based on something other than the facts of the case. See Old Chief v. United States, 519 U.S. 172, 180 (1997) (unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"); Merced v. McGrath, 426 F.3d 1076, 1079-80 (9th Cir. 2005) (nullification is "a violation of a juror's sworn duty to follow the law as instructed by the court."). If the defense were permitted to falsely suggest that the federal government chose to prosecute any defendant based on racial considerations, there would be a high risk that an ordinary juror would be outraged and seek to punish the government with verdicts inconsistent with the jury instructions and evidence. This would violate the jurors' sworn duty and defendant should not be permitted the opportunity to enable or instigate that violation.

**HUIZAR'S RESPONSE**

Jose Huizar takes the same position as SZNW: he does not intend to argue that the government was motivated by anti-Chinese animus or to put on a cultural defense.  To the extent that either of those things changes, he will notify the government and Court before proceeding.

**GOVERNMENT'S REPLY**

Since the government's initial draft of this Joint Motion in Limine was circulated to the defense on November 8, 2022, the government's concern that the defense will improperly infect the trial with these meritless issues has only been heightened.

In an email thread ostensibly about complying with Court deadlines and the parties collaborating to prepare this case for an efficient trial, Harland Braun, defense counsel for Raymond Chan, has continued his campaign of vitriolic non-sequiturs to attack the government and individual members of the government team related to his continued claims of anti-Chinese bias and purported ignorance of Chinese culture that Mr. Braun seemingly asserts via emails as relevant to his client's case and/or the government's purported bias.

On December 5, 2022, in response to a stream of more verbal attacks by Mr. Braun about the government's team purported racial bias and lack of Chinese knowledge, in an email thread otherwise about the exhibit conference, government counsel specifically asked Mr. Braun:

> You previously stated you did not intend to present a Chinese culture defense or expert re the same.[2] Just confirming both remain true? We believe the timing to litigate either matter has lapsed.

(Ex. 1 at 2.)

---

[2] On November 6, 2022, in response to a request for defendant Chan's position on this motion in limine, Mr. Braun responded, "We do not plan to put on a cultural defense nor do we think the government's motive is racist. The government is simply stupid. Obviously some of the government agents are racist. The cultural differences explain but do not excuse any conduct." (Ex. 2 at 1.)

7

Mr. Braun did not directly answer the government's question. However, Mr. Braun, while copying his client Raymond Chan, his client's son, Jeremy Chan:[3]

> "I hope you finally understand why Wei Huang never considered that the few chips given to Huizar was a bribe. If you have anyone on your team who understands Chinese business practices that will be obvious."
>
> "Your agents must understand Chinese culture to be able to understand some very specific words used on the tapes."
>
> "Ray is an expert on Chinese culture—too bad your agents are not."
>
> "Ray is a victim of the Chinese initiative which was racially based under the Trump administration."
>
> "As I told Ray before contacting your office: the only reason you will be indicted is because you are off Chinese descent and were the deputy mayor. My opinion is unchanged."

(Ex. 1 at 1.)

Prior statements from Mr. Braun in this email thread, the latter of which also copied counsel for defendant Huizar, included:

> "Do you have any expertise on Chinese culture? Are we dealing with the same stupid government which got us involved in Vietnam or kept us in Afghanistan for 20 years?"

(Ex. 1 at 3.)

> "Maybe by that time, the government will figure out why the idea that Huang was bribing Huizar with trips to Las Vegas defies common sense. If you cannot figure that out, I will confidentially tell [United States Attorney] Martin Estrada to help him avoid a prosecution that is an Anti-Chinese embarrassment."

---

[3] The Court is now aware of some of these latest communications because the same email thread was attached as Exhibit 1 to Government's Opposition To Defendant José Luis Huizar's Motion To Sever (Dkt. 874). Moreover, the Court raised with Mr. Braun its concerns about the tenor and content of Mr. Braun's emails to government counsel at the hearing on December 16, 2022. In any event, these emails highlight the issues raised in this JMIL and thus the email thread is re-attached here.

8

(Ex. 1 at 4.)

Relatedly, immediately following the court hearing on December 16, 2022, Mr. Braun told lead counsel for the government his strategy at trial would be to employ "jury nullification." This admission was also made to the same government counsel early after Mr. Braun first appeared on this case. Mr. Braun advised that he would raise this plan with the Court, and government counsel encouraged him to do so. (Jenkins Decl ¶ 3.) The government's position remains that jury nullification violates the jurors' sworn oath and that a lawyer advocating for such a result encourages such a violation, directly contrary to the Court's instructions. See Merced v. McGrath, 426 F.3d 1076, 1079–80 (9th Cir. 2005) (nullification is "a violation of a juror's sworn duty to follow the law as instructed by the court – trial courts have the duty to forestall or prevent such conduct"); United States v. Lynch, 903 F.3d 1061, 1079 (9th Cir. 2018) (affirming district court's admonition to jury that as a juror, "you cannot substitute your sense of justice, whatever it may be, for your duty to follow the law, whether you agree with the law or not"); see also Ninth Circuit Criminal Model Jury Instructions No. 6.1 ("It is also your duty to apply the law as I give it to you[,] to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. . . . You should also not be influenced by any person's race, color, [or] national ancestry[.]").