UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.  **CR 20-326(A)-JFW**                                        Dated: January 6, 2023

==================================================================

PRESENT:  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
| | | Susan S. Har |
| | | Asst. U.S. Attorney |
| | | Not Present |

==================================================================

U.S.A. vs (Dfts listed below) - **Not Present**     Attorneys for Defendants - **Not Present**

1. José Luis Huizar                                              1. Carel Ale, DFPD; Charles James Snyder, DFPD
2. Raymond She Wah Chan                           2. Harland W Braun, Retained

---

**PROCEEDINGS (IN CHAMBERS):**      **ORDER RE: JURY SELECTION**

 At the hearing on December 16, 2022, the Court raised an issue with counsel regarding whether prospective jurors should be "time qualified" given the estimated length of this trial. The Court used the term "time qualified" as a shorthand for the process by which prospective jurors are sent a letter that specifically advises them that the trial is expected to last an extended period of time (in this case, approximately 14 weeks) and requires jurors to complete the juror qualification questionnaire in accordance with the Court's jury selection plan. If a juror requests to be excused on the basis of hardship, the questionnaire requires jurors to provide specific details concerning the nature of the hardship. The Court, Magistrate Judge, or the Clerk, acting under the supervision of the Court, then uses this information to make an individualized determination whether a juror may be excused pursuant to 28 U.S.C. § 1866(c)(1) and Section 11(c) of the Court's jury selection plan.

 At the hearing on December 16, 2022, the Court asked whether any of the parties objected to this "time qualification" process. Because Defendants objected, the Court originally concluded that it would not send the "time qualification" letter and requested the parties to meet and confer

and agree upon a hardship questionnaire.[1]

Upon further review, the Court has determined that sending a "time qualification" letter to prospective jurors does not require the parties' consent. Indeed, neither the Jury Selection and Service Act of 1968 (the "Act") nor the Court's jury selection plan requires such consent. *See* 28 U.S.C. § 1866; General Order No. 19-07. Moreover, courts have employed or approved similar procedures despite objections raised by one of the parties. *See, e.g.*, *United States v. Barnette*, 800 F.2d 1558, 1568 (11th Cir. 1986) (holding that the district court's use of a similar process for considering hardship excusal requests did not constitute a substantial violation of the Act); *United States v. Kamahele*, 2011 WL 4021305, at *1 (D. Utah Sept. 9, 2011) (concluding that a similar procedure was consistent with the requirements of the Act and the Local Plan).

Accordingly, the Court overrules Defendants' objection to the "time qualification" letter, and will send the letter to prospective jurors.

IT IS SO ORDERED.

---

[1] On December 23, 2022, the parties filed a Joint Statement Re: Disputed Juror Questionnaires (Docket No. 893), which included Defendants' proposed case-specific jury questionnaire. A proposed case-specific jury questionnaire was not requested by the Court and Defendants' proposed case-specific questionnaire has not been reviewed by the Court. Defendants may propose any proposed voir dire questions in accordance with the existing Court-ordered deadline of February 9, 2023.

Initials of Deputy Clerk  sr