CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Carel Alé (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
Charles J. Snyder (Bar No. 287246)
(E-Mail: Charles_Snyder@fd.org)
Adam Olin (Bar No. 298380)
(E-Mail: Adam_Olin@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JOSÉ LUIS HUIZAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ LUIS HUIZAR,<br><br>Defendant. | Case No. 2:20-CR-326-JFW-1<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PRESENTATIONS AND PITCH MATERIALS RELATING TO THE FIRST SUPERSEDING INDICTMENT**<br><br>Hearing Date: February 6, 2023 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................ 2

    A.    Presentations Counsel for Witnesses and Cooperators Made to the Government are Unprivileged and Material ................................................ 2

        1.    The Order on the Prior Motion to Compel Did Not Resolve the Issue ................................................................................................ 2

        2.    The Discovery Sought Is Material .......................................................... 3

        3.    Disclosure of Presentations and Pitch Letters to the Government Waives any Privilege .................................................... 4

III. CONCLUSION ........................................................................................................ 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*United States v. Bergonzi,*
   216 F.R.D. 487 (N.D. Cal. 2003) ....................................................................3, 4

*United States v. Hernandez Meza,*
   720 F.3d 760 (9th Cir. 2013) ...............................................................................3

*United States v. Reyes,*
   239 F.R.D. 591 (N.D. Cal. 2006) ........................................................................5

*United States v. Soto–Zuniga,*
   837 F.3d 992 (9th Cir. 2016) ...............................................................................3

*United States v. Stein,*
   488 F. Supp. 2d 350 (S.D.N.Y. 2007) ..............................................................3, 4

*In re Steinhardt Partners, L.P.,*
   9 F.3d 230 (2d Cir. 1993) .....................................................................................4

**Other Authorities**

Rule 16 ..................................................................................................*passim*

ii

## TABLE OF EXHIBITS

| Exhibit | Description | Page |
|---------|-------------|------|
| A | Excerpts of April 25, 2022 Transcript | 2:5; 2:25 |
| B | Excerpts of April 9, 2021 Transcript | 2:6 |

iii

# I. INTRODUCTION

The government has charged José Huizar with soliciting and accepting bribes from various development companies and their agents. Some of these entities—like Shen Zhen New World and 940 Hill LLC—were charged, while others—like Carmel Partners and Hazens' American subsidiary—received preferential treatment in the form of non-prosecution agreements. Other individuals implicated in the discovery similarly received disparate resolutions from the government. As the Court is aware, these decisions are not made in a vacuum by prosecutors. Instead, counsel for the relevant entities and individuals lobby the government in varying levels of formality, including phone calls, pitch letters, and presentations. These pitch materials necessarily reflect statements of why these entities have reduced, or even no, culpability for conduct that forms the basis of the First Superseding Indictment.

The government has confirmed that these items exist and that it is in the possession of at least some of them. And there can be no meaningful dispute that they meet the low threshold of Rule 16(a)(1)(E)(i) materiality given that they contain evaluations of the very same conduct the government has alleged in the FSI. Rather than grapple with possession and materiality—the relevant Rule 16 considerations—the government asserts these items are privileged attorney work-product and reflect only the views of counsel. The first response is spurious, given that the items were given to the government, and the second does nothing to lessen their materiality. And it is self-evident that the unprivileged results of, for example, Hazens or Carmel's internal investigations would assist Mr. Huizar in defending charges that he solicited bribes from Hazens or Carmel. The Court should order these items' production.

For the above reasons, Mr. Huizar respectfully requests that the Court order the government to produce any letters, presentations, or substantive messages made to it relating to the allegations in the FSI that are in its possession.

## II. ARGUMENT

**A.**     **Presentations Counsel for Witnesses and Cooperators Made to the Government are Unprivileged and Material**

In this case, "the Court has requested and the Government has consented to what the Court considers and has referred to as an open file discovery in this case." Ex. A (April 25, 2022 Tr.) at 40:17–19; *see also* Ex. B (April 5, 2021 Tr.) at 41:19–20 ("But my view of the Government's discovery obligation in this case is basically an open file."). Nonetheless, the government has taken the position it will not produce the requested materials.

The government does not appear to contest that it has possession within the meaning of Rule 16(a)(1)(E)(1) of various presentations and pitch materials. Through the meet-and-confer process, the government instead argued the items were: (i) resolved by a prior motion to compel; (ii) reflect attorney work-product; and (iii) not material because they "merely analyze the facts and the law from those attorneys' perspectives." Olin Decl. ¶ 4. None of these is a basis to resist discovery.

**1.**     **The Order on the Prior Motion to Compel Did Not Resolve the Issue**

The Court should reject the government's interpretation of an earlier motion to compel as conclusively and permanently resolving the issue of communications between the government and counsel for various entities. It is correct defendants previously moved to compel "all communications and evidence of communications" between the government and certain enumerated individuals and their counsel. *See* ECF No. 381 at 2; Olin Decl. ¶ 3. But in denying that motion, the Court held that there was an "inadequate record" justifying the production of the broad category of communications sought. Ex. A (Apr. 25, 2022 Tr.) at 24:23–24; 26:22–23. The Court did not conclude that these sorts of items were wholesale immune from discovery, as evidenced by the Court's partial grant of the Motion to Enforce Compliance of the Rule 17(c) Subpoena Directed to Meister, which sought a subset of items at issue with the prior motion to compel. *See*

2

ECF Nos. 877 (minutes granting, in part, motion to enforce subpoena); 780 (motion to enforce). Just as Mr. Huizar later satisfactorily established entitlement to certain records with respect to the Meister Subpoena, this motion sets forth why the requested items must be produced under Rule 16.

### 2.    The Discovery Sought Is Material

Materiality under Rule 16 poses "a low threshold; it is satisfied so long as the information. . . would have helped to prepare a defense." *United States v. Soto–Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (cleaned up). Indeed, "information is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (cleaned up).

The items sought are patently material. By their very nature, they include an analysis of the facts by the same entities that are accused of bribing Mr. Huizar. That they "merely analyze the facts and the law" from the perspective of those entities' counsel, Olin Decl. ¶ 4, does not render the items immaterial. For example, in *United States v. Bergonzi*, 216 F.R.D. 487, 500 (N.D. Cal. 2003), the government argued that an internal investigation disclosed to the government was not material because it was "merely an analysis and evaluation of evidence which was available to attorneys at another time." *See also id.* at 499 ("Therefore, the Government posits, the Report in this matter is not 'material' in that it contains nothing more than Skadden's interpretation of evidence that has already been produced."). Nonetheless, the court required its production under Rule 16 because it discussed the historical period relevant to the prosecution of the defendant. *Id.* at 501 & n.17 ("While the Report is not definitive in with respect to relative culpability of the persons or entities involved, it may shed light on the issue of relative culpability of third parties and provide a basis for impeaching the Government's theories of culpability with respect to these defendants."). Similarly, in *United States v. Stein*, 488 F. Supp. 2d 350, 358–59 (S.D.N.Y. 2007), the court ordered the production under Rule 16 of portions of a presentation made to the government that

contained a section entitled "KPMG Did Not Corruptly Obstruct The Investigations By The IRS Or The Senate Permanent Subcommittee On Investigations" because it "contain[s] KPMG's explanation of three incidents that appear to be at the heart of the obstruction claims in the present indictment."[1] Hence, attorney presentations made to the government are material to the extent they address facts at issue in a pending criminal prosecution.

Here, Mr. Huizar seeks similar items. Counsel for entities including Hazens/Jia Yuan and Carmel made presentations or submitted pitches to the government about core allegations in the FSI. Indeed, the FSI is organized around particular companies and individuals accused of bribing Mr. Huizar. *See, e.g.*, ECF No. 74 at 37 (heading entitled "Luxe Hotel Bribery Schemes"). In preparing his defense, Mr. Huizar is entitled to review those entities' factual findings and conclusions from reviewing the allegations from their insider perspectives. Those items are therefore material and subject to Rule 16 production.

### 3.   Disclosure of Presentations and Pitch Letters to the Government Waives any Privilege

Finally, the Court should reject any claim of privilege, work-product or otherwise, over these materials which were knowingly given to the government. Even assuming the materials were privileged at the time of their creation, it is a basic tenet of privilege doctrine that a knowing disclosure waives the privilege. *See, e.g.*, *Bergonzi*, 261 F.R.D. at 497 ("Work product protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information."). Hence, in similar cases where an internal investigation was disclosed to the government, courts conclude privilege was waived. *See, e.g.*, *Bergonzi*, 216 F.R.D. at 495–97 (concluding government was adversary and thus disclosure waived work-product privilege); *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 232, 234–35 (2d

---

[1] The defendant in *Stein* was aware of the general contents of the presentation due to the voluntary disclosure of the table of contents. 488 F. Supp. 2d at 359 n.34.

Cir. 1993) (concluding privileged waived over memorandum that addressed "the facts and issues involved in the case and discuss the relevant legal theories" that was submitted to the SEC); *United States v. Reyes*, 239 F.R.D. 591, 602–05 (N.D. Cal. 2006) (concluding law firm waived work-product privilege over the contents of a multimedia presentation made to the government regarding an internal investigation into client's criminal conduct that an individual defendant sought via Rule 17(c) subpoena).[2]

The requested materials, by virtue of their possession by the government, cannot be privileged and must be produced.

## III. CONCLUSION

For the above reasons, Mr. Huizar respectfully requests that the Court order the government to produce any letters, presentations, or substantive messages made to it relating to the allegations in the FSI that are in its possession.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  January 9, 2023        By  */s/ Adam Olin*

CAREL ALÉ
CHARLES SNYDER
ADAM OLIN
Deputy Federal Public Defender
Attorney for JOSE LUIS HUIZAR

---

[2] The *Reyes* court ultimately denied issuance of the Rule 17(c) subpoena for failing to meet the *Nixon* factor of admissibility, 239 F.R.D. at 601, a consideration not applicable to Rule 16.

5