# EXHIBIT A

```
                UNITED STATES DISTRICT COURT

      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

         HONORABLE JOHN F. WALTER, U.S. DISTRICT JUDGE


UNITED STATES OF AMERICA,   )
                            )
         PLAINTIFF,         )    CASE NO.
                            )
         vs.                )    CR 20-326-JFW
                            )
JOSE LUIS HUIZAR, et al.,   )
                            )    PAGES 1 TO 57
         DEFENDANTS.        )
_____)




                    REPORTER'S TRANSCRIPT OF
                       MOTION TO COMPEL
                    MONDAY, APRIL 25, 2022
                          9:02 A.M.
                    LOS ANGELES, CALIFORNIA







         _____

            MIRANDA ALGORRI, CSR 12743, RPR, CRR
              FEDERAL OFFICIAL COURT REPORTER
              350 WEST 1ST STREET, SUITE 4455
              LOS ANGELES, CALIFORNIA 90012
                  MIRANDAALGORRI@GMAIL.COM
```

|  |  |
|---|---|
| 09:36AM | 1  people in this multi-billion dollar private equity firm either |
|  | 2  knew about or there would be imputed knowledge to the firm, why |
|  | 3  were none of those people charged?  I think that's a legitimate |
|  | 4  question to ask.  And I think the Court was even just alluding |
|  | 5  to that. |
|  | 6              Well, the reason they're not charged is either |
|  | 7  there's something else going on behind the scenes or there's a |
|  | 8  question about the facts or there's a question about the |
|  | 9  information.  All we have is the end result which the |
| 09:36AM | 10  Government wants to present.  And what we're asking to do, |
|  | 11  which we're entitled to do, is to get at what's going on behind |
|  | 12  the scenes and to see how that end result was created. |
|  | 13              THE COURT:  But see, now you're being more |
|  | 14  factually specific, but none of that is in the motion, and |
| 09:37AM | 15  that's the problem I have with the motion.  I'm supposed to be |
|  | 16  piecing together bits and pieces from missing documents because |
|  | 17  you have to make a showing.  And there hasn't been any showing. |
|  | 18  The first time I've heard about these series of executives that |
|  | 19  have been parading into the U.S. Attorney's Office all |
| 09:37AM | 20  represented by superior counsel and whatever you suspect they |
|  | 21  were doing or not doing, that's not in front of me.  And that's |
|  | 22  the problem I have with the motion. |
|  | 23              You continually ask me to rule on things on an |
|  | 24  inadequate record, and I'm not going to do that.  Your |
| 09:37AM | 25  declaration enlightens me in terms of -- I take it Executive M |

1  is going to continue -- Mr. Cotter is going to continually deny
2  that the hundred thousand dollars that apparently he was the
3  head of this Mateo Project was contributing to the various PACs
4  had nothing to do with the bribe.  I guess it was just a normal
5  way that Carmel Partners did business.
6              MR. SNYDER:  Well, I think the reality of what's
7  going to happen is that, when we want to call Neils Cotter to
8  testify at trial to say exactly that, his lawyer, who is well
9  qualified, is going to say, if you call Mr. Cotter, he's going
10 to invoke.
11             So what ends up happening is through this process
12 the Government immunized some people.  It leaves some people
13 out there in the wind like Mr. Cotter who, if called to
14 testify, would say that he didn't bribe.  He wasn't involved in
15 a quid pro quo.  And so -- so I think what we're getting at --
16 and this is, just as we've been talking about, this is just one
17 example, but it's one example of an overall process which has
18 gone into shaping the end result which is the First Superseding
19 Indictment that the Court has seen which is the 302s that we
20 have.  And what we're trying to get at is, well, what was
21 behind that product, the end product?  And we're entitled to
22 that.
23             THE COURT:  Well, I don't think you are based
24 upon the showing.  In any event, so why can't you put into
25 evidence the non-prosecution agreement?

|        |    |                                                                          |
|--------|----|--------------------------------------------------------------------------|
|        | 1  | MS. ALÉ: Your Honor, and that was -- again, I                            |
|        | 2  | drafted the motion, and I apologize about that.                          |
|        | 3  | Again, my attempt at directing the Court's                               |
|        | 4  | attention to where the non-prosecution agreements were found             |
| 09:39AM| 5  | was clearly an error but an attempt to limit the number of               |
|        | 6  | exhibits and things that would be clouding the record. So if             |
|        | 7  | the Court would like, I can refile the motion with the                   |
|        | 8  | necessary exhibits for the Court's review.                               |
|        | 9  | THE COURT: Well, in my view, you haven't made a                          |
| 09:39AM| 10 | sufficient showing. I mean, you use -- you call to my                    |
|        | 11 | attention an example which is the Goldman/Mateo Project and              |
|        | 12 | Mr. Cotter and Carmel Partners, and I spent a good couple days           |
|        | 13 | trying to understand the transaction and relationship to the             |
|        | 14 | First Superseding Indictment as well as Mr. Goldman's factual            |
| 09:40AM| 15 | basis for the plea.                                                      |
|        | 16 | And uncovering or discovering Mr. Snyder's                               |
|        | 17 | declaration, I conclude and I continue to conclude that the              |
|        | 18 | Government has, up to this point in time, given the information          |
|        | 19 | that's included in this declaration, has complied with its               |
| 09:40AM| 20 | discovery obligations. If there's more out there -- apparently           |
|        | 21 | there is more out there that hasn't been presented to the                |
|        | 22 | Court, I'm here to rule. But I'm not going to continue to                |
|        | 23 | review these motions and make rulings on an inadequate record.           |
|        | 24 | All right. So does anybody have anything else                            |
| 09:41AM| 25 | they want to say because I'm going to rule?                              |

                So for all of the -- the defendant contends that a full set of the requested communications is material in order to attack the character and quality of the investigation including attacking the means by which the Government has handled cooperating witnesses.  In their reply, the defendants argue the timing of the contacts between counsel for cooperating defendants and the Government may help establish how witnesses' testimony was shaped and changed in order to align with the Government's theory and obtain greater benefits for themselves.

                The Government claims that it has produced and will continue to produce Rule 16, *Brady/Giglio*, and *Jencks Act* discovery consistent with its duty to make decisions about what falls within this category.

                The Court is confident that the Government will continue to comply with all its discovery obligations in this case.  Indeed, the Court has requested and the Government has consented to what the Court considers and has referred to as an open file discovery in this case.  Based upon the prosecution team handling of this case to date, the Court concludes that the prosecutors fully understand and will continue to comply with their discovery obligations.

                The Government's understanding and compliance with its obligation is evidenced by the incredibly detailed description defendants were able to make in their motion and