E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal Bar. No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289/3819
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
             Cassie.Palmer@usdoj.gov
             Susan.Har@usdoj.gov
             Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOSÉ LUIS HUIZAR,<br><br>        Defendant. | No. CR 2:20-326(A)-JFW-1<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT JOSÉ LUIS HUIZAR'S MOTION TO COMPEL PRESENTATIONS AND PITCH MATERIALS RELATING TO THE FIRST SUPERSEDING INDICTMENT; EXHIBITS 1-6<br><br>Hearing Date: February 6, 2023<br>Hearing Time: 8:00 AM<br>Location:    Courtroom of the<br>              Hon. John F. Walter |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files its opposition to defendant José Luis Huizar's Motion to Compel

Presentations and Pitch Materials Relating to the First Superseding

Indictment.  (Dkt. No. 899.)

This opposition is based upon the attached memorandum of points and authorities, the supporting exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 17, 2023          Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney


                                      /s/
                                 SUSAN S. HAR
                                 MACK E. JENKINS
                                 CASSIE D. PALMER
                                 BRIAN R. FAERSTEIN
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

# **Table of Contents**

I.    INTRODUCTION..................................................1

II.   THE COURT'S PRIOR RULING......................................2

III.  ARGUMENT.....................................................4

      A.   Defendant Still Fails to Make a Threshold Showing of
           Materiality..............................................4

      B.   The Government Has Produced to the Defense the
           Relevant Exhibits and Interviews of Witnesses............8

IV.   CONCLUSION..................................................12

1

## **Table of Authorities**

2

Page(s)

3

Cases

4

In re Cathode Ray Tube (CRT) Antitrust Litig.,
5
  2015 WL 13756260 (N.D. Cal. July 31, 2015) ........................ 8
Morris v. Ylst,
6
  447 F.3d 735 (9th Cir. 2006) ...................................... 8
United States v. Armstrong,
7
  517 U.S. 456 (1996) ............................................... 7
United States v. Bergonzi,
8
  216 F.R.D. 487 (N.D. Cal. 2003) ............................. 10, 11
United States v. Doe,
9
  705 F.3d 1134 (9th Cir. 2013) ..................................... 5
United States v. Kohring,
10
  637 F.3d 895 (9th Cir. 2011) ...................................... 9
United States v. Mandel,
11
  914 F.2d 1215 (9th Cir. 1990) ..................................... 5
United States v. Stein,
12
  488 F. Supp. 2d 350 (S.D.N.Y. 2007) ............................ 11
Wayte v. United States,
13
  470 U.S. 598 (1985) ............................................... 7

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Exhibits**

| Exhibit | Description | Page Cite |
|:---:|:---|:---:|
| 1 | Non-Prosecution Agreement - Carmel Partners, Inc. | 7, 9 |
| 2 | Non-Prosecution Agreement – Jia Yuan USA Co., Inc. (Hazens) | 7,9 |
| 3 | 5/29/2019 302 Report of Interview of Fuer Yuan | 9 |
| 4 | 5/10/2020 Statement of Facts by Fuer Yuan | 9 |
| 5 | 6/25/2015 Email from Ron Zeff re: Carmel's Political Contribution Policy | 10 |
| 6 | 9/16/2020 302 Report of Interview of Ron Zeff | 10 |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.   INTRODUCTION**

3       Defendant Jose Huizar's latest motion reflects another attempt

4 to obtain communications between government counsel and counsel for

5 third-party entities and witnesses; this time, defendant appears to

6 focus his request on so-called "pitch materials" provided to the

7 government.  As before, defendant still fails to make the requisite

8 threshold showing of materiality under Rule 16.  Instead, defendant

9 merely speculates that these materials will aid him "in defending

10 charges that he solicited bribes from Hazens or Carmel," without

11 providing any concrete bases or information in support of this

12 supposition.  (Mot. at 1.)  The Court previously denied defendant's

13 motion for third-party counsel communications where he similarly

14 relied on conjecture and speculation, ruling that the request was

15 unsupported by the law, and the same reasoning applies with equal

16 force here.

17       Defendant also appears to surmise that these materials might be

18 useful to probe (impermissibly) the government's exercise of

19 discretion in deciding how to resolve cases against certain third

20 parties--an issue that is irrelevant to his own defense.  The

21 government has nevertheless disclosed what factors led to the non-

22 prosecution agreements for Hazens and Carmel Partners; indeed, they

23 are publicly spelled out and are in the agreements themselves.[1]

24       In any event, where the "pitch" materials at issue contended

25 with the factual allegations of the FSI through either exhibits or

26

27       [1] https://www.justice.gov/usao-cdca/pr/developer-agrees-pay-12-million-resolve-criminal-probe-executive-s-relationship-ex-la;
28 https://www.justice.gov/usao-cdca/pr/chinese-company-s-socal-subsidiary-agrees-pay-more-1-million-resolve-criminal.

factual representations about the company agents' states of mind or conduct, the government provided those exhibits in discovery and interviewed relevant individuals as reflected in reports produced in this case.  In so doing, the government satisfied its obligations with respect to material, discoverable information in the "pitch" presentations defendant seeks here.

The Court should reject defendant's continuing fishing expedition and deny his latest motion.

## II.  THE COURT'S PRIOR RULING

The Court previously denied defendant's March 3, 2022 motion to compel the production of communications between the government and counsel for fourteen individuals and entities, including cooperators and other witnesses.  (Dkt. Nos. 381, 436.)  During the April 25, 2022 hearing, the Court found that the government had complied with its discovery obligations.  (4/25/22 Hr'g Tr. at 26:16-20.)  Using Mr. Goldman as an example, the Court also asked a series of specific questions to counsel for defendant Huizar about what had been produced, and defense counsel confirmed that the government had already provided all of the following:

- All 302s of Mr. Cotter's interviews with the government and recordings made by Mr. Cotter (id. at 15:18-25 (MS. ALÉ: "Yes, Your Honor.  We do have those"));

- Documents, 302s, or other forms of evidence as to other Carmel Partners executives denying knowledge of the bribe (id. at 16:2-10 (MS. ALÉ: "We have that information, Your Honor")); and

- A copy of the non-prosecution agreement signed by Carmel Partners with no admission of criminal liability (id. at

2

16:11-15 (MS. ALÉ: "We have that information, Your

Honor")).

Given these concessions, the Court questioned what further
information the defense sought.  (See, e.g., id. at 18:9-12 ("I just
don't understand what it is you're missing in between these
interviews where he denied it was a bribe and the non-prosecution
agreement.  Why do you need that information?").)  Although unclear,
the apparent basis for defendant's original motion seeking government
communications with counsel to third parties was that the "stories
[of the witnesses] have starkly transformed through negotiations with
the government" (Dkt. No. 381 at 1), a defense characterization for
which the Court expressed pointed skepticism.  (4/25/22 Hr'g Tr. at
9:4-11 ("I wanted to obviously check the accuracy of your
representations made in [page] 14.  And I did check them, and I found
that some of them, at least in my view, are not accurate and
certainly overstated[.]"); 14:10-17 ("I don't agree necessarily with
Mr. Snyder's characterization of some of the items he includes in his
declaration[.]").)

During the hearing, defendant shifted gears and posited an
alternate theory of discoverability, arguing that he sought to
understand through the communications "why were none of those people
charged."  (4/25/22 Hr'g Tr. at 24:2-3.)  At that point, the Court
pointed out that defendant had not made an adequate showing based on
"a series of executives that have been parading into the U.S.
Attorney's Office all represented by superior counsel and whatever
you suspect they were doing or not doing" and that such an issue was
not before it.  (Id. at 24:18-22.)

The Court ultimately rejected defendant's arguments, finding they were premised on an "inadequate record" and failed to establish a "sufficient showing" as to why defendant was entitled to the communications.  (4/25/22 Hr'g Tr. at at 26:9-23; see also id. at 40:23-41:13.)  The motion was denied.

**III.  ARGUMENT**

   **A.   Defendant Still Fails to Make a Threshold Showing of Materiality**

Seizing on the April 25 hearing, defendant now seeks to compel the production of "pitch materials" prepared and provided by, namely, counsel for Hazens and Carmel Partners to the government.  (Mot. at 1.)

As a preliminary matter, defendant inconsistently describes what he seeks to compel.  Although his motion is styled as one seeking to "Compel Presentations and Pitch Materials Relating to the First Superseding Indictment," the brief narrowly focuses on pitch materials from entities who purportedly received "preferential treatment," like Hazens and Carmel Partners, as opposed to those by defendants SZNW and 940 Hill (who were both charged and convicted at trial).  (Mot. at 1.)  Confusing matters further, defendant then broadly requests the Court order the government to produce "any letters, presentations, or substantive messages made to [the government] relating to the allegations in the FSI that are in its possession," without qualification.  (Mot. at 1, 5.)  Defendant's overbroad request is untethered to and unsupported by the abbreviated substance of his motion, which are reminiscent of the conclusory arguments the Court previously rejected in defendant's initial motion to compel "all communications" with cooperators and their counsel.

Regardless of the actual scope of his request here, defendant once again fails to make the requisite showing of materiality.

"To receive discovery under [Rule 16], the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." United States v. Doe, 705 F.3d 1134, 1150 (9th Cir. 2013) (citations omitted). "Neither a general description of the information sought nor conclusory allegations of materiality suffice." United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990).

Here, defendant offers only conclusory allegations of materiality. First, defendant assumes that the pitch materials would somehow "assist Mr. Huizar in defending charges that he solicited bribes from Hazens or Carmel" without explaining how or why. (Mot. at 1.) Second, defendant contends that the pitch materials "necessarily reflect" why Carmel Partners and Hazens received non-prosecution agreements from the government. (Id.) Both arguments not only ignore the Hazens- and Carmel-related discovery already produced to them, but they are premised on conjecture and speculation, and neither is sufficient to establish the threshold showing of Rule 16 materiality.

As to his first contention, defendant offers nothing concrete in his cursory second bite of the apple to remedy the "inadequate record" and lack of "sufficient showing" that underscored the Court's denial of his first motion. (See 4/25/22 Hr'g Tr. at 26:9-23.) Defendant's speculation as to the materiality of the purported "insider perspectives" of Hazens and Carmel Partners, as relayed through their counsels' respective legal analyses of the charges and

5

facts, does not fill this void.  (Mot. at 4.)  Nor does the brief declaration submitted in support of defendant's motion, which merely describes the parties' meet-and-confer on this disputed issue but provides no specific or relevant information to make the requisite showing of materiality.

It also should come as no surprise that the pitch materials the government received from Hazens and Carmel Partners tend to incriminate defendant Huizar--not support his defense--by painting defendant Huizar as the truly culpable wrongdoer.  Thus, defendant's hope that seems akin to copying the homework of counsel for Hazens and Carmel Partners will lead to exculpatory information or information material to his defense under Rule 16 is misguided. Moreover, as further explained below, to the extent the pitch materials contended with the factual allegations of the FSI through either exhibits or factual assertions regarding the company's agents, those exhibits and reports of interviews of relevant agents have been produced.

As to his second contention, what defendant really seeks to discover is what considerations went into the government's internal decision-making in resolving or not resolving certain allegations against other parties relating to this investigation -- information to which the defense generally is not entitled under Rule 16(a)(2). To that end, defendant speculates that the pitch materials prepared by third-party counsel would explain "why these entities have reduced, or even no, culpability for conduct that forms the basis of the First Superseding Indictment."  (Mot. at 1, 4.)

But the charging, prosecution, and resolution of a case (including pre-indictment resolutions and non-prosecution agreements)

depends on a myriad of factors, including considerations separate and apart from solely the evidence in the case, such as the willingness of a party to accept responsibility, cooperate with the investigation, or take remedial measures (not to mention other factors such as prosecutorial priorities and resources).  Indeed, many of these factors and considerations are explicitly spelled out in the non-prosecution agreements with Hazens and Carmel Partners.  (Exs. 1, 2.)  Given the systemic costs in reviewing decisions to prosecute--including the risk of "chill[ing] law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and . . . undermin[ing] prosecutorial effectiveness by revealing the Government's enforcement policy," Wayte v. United States, 470 U.S. 598, 607-08 (1985)--the Supreme Court has held that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." United States v. Armstrong, 517 U.S. 456, 464 (1996) (citation omitted).  That is, short of seeking to make out a selective prosecution claim, which defendant does not seek to do nor could he (see Dkt. No. 888 [JMIL No. 8 - Government's Motion to Exclude Improper Reference to Alleged Racial Bias]), whatever other speculative insight might be gleaned from a third-party-prepared pitch into the government's prosecution and resolution decisions regarding other parties is irrelevant to defendant's case here.

Moreover, as a policy and practical matter, strict production of the pitch materials could have a chilling effect on resolution negotiations and cooperation.  The pitch materials at issue were

provided to the government under the express invocation of the

settlement privilege and pursuant to Federal Rules of Evidence 408,

410.  Counsel for Hazens and Carmel Partners have also specifically

objected to the production of these materials.[2]

In sum, whether defendant still broadly seeks all government

communications with third-party counsel or has narrowed his request

to so-called pitch materials and presentations by those counsel, he

continues to fail to meet the threshold requirement of establishing

the materiality of that information to his case.

## B.   The Government Has Produced to the Defense the Relevant Exhibits and Interviews of Witnesses

The government has met its obligations with respect to the

provision of material, discoverable facts and information provided by

third parties, including Hazens and Carmel Partners.  Ignoring the

Court's pointed line of inquiry at the April 25 hearing, defendant

has again failed to explain how or why this broad discovery he has

already received specifically related to these entities does not

suffice.

Where the presentations or pitch materials made factual

representations addressing the allegations of the FSI, and did not

simply reflect counsel's opinions or mental impressions of the

existing (disclosed) facts and law, the government provided those

additional facts to the defense.  Cf. Morris v. Ylst, 447 F.3d 735,

---

[2] The government believes that the settlement privilege alone
does not exempt factual information from disclosure if exculpatory or
discoverable under Rule 16.  Cf. In re Cathode Ray Tube (CRT)
Antitrust Litig., 2015 WL 13756260, at *3 (N.D. Cal. July 31, 2015)
(explaining that courts in the Ninth Circuit have "rejected the
argument that a federal settlement privilege embodied in Federal Rule
of Evidence 408 protected settlement agreements and related documents
from discovery").

742 (9th Cir. 2006) ("[I]n general, a prosecutor's opinions and mental impressions of the case are not discoverable under Brady unless they contain underlying exculpatory facts."); see also United States v. Kohring, 637 F.3d 895, 908 (9th Cir. 2011) ("[W]hile the prosecution did not have a duty to disclose the e-mail itself or the opinion work product in the e-mail, it did have a duty to disclose the non-cumulative underlying exculpatory facts in the e-mail." (citation omitted) (emphasis added)).[3]

Specifically, where Hazens/Carmel Partners provided exhibits pertaining to the factual allegations of the FSI in connection with their pitch materials, the government provided those to the defense. And where the companies made factual representations or assertions about the company's employees and agents relating to the allegations of the FSI, the government interviewed relevant individuals and produced reports of those interviews.

For example, the "pitch" letter by Hazens' counsel made representations about Mr. Yuan's explanation as to why he facilitated the introduction of Jenny Wu to Paradigm.  It also described Mr. Yuan's purported surprise at the Huizar family's 2017 trip to China and his reasons for accommodating them.  Those same explanations and descriptions were subsequently described in the 302 report of Mr. Yuan's interview and in his "Statement of Facts."  (Exs. 3-4.)

In the same vein, in its "pitch" materials, Carmel Partners described its compliance policy for reviewing requests for political contribution requests.  The government produced to the defense records from Carmel Partners regarding that compliance policy (see,

---

[3] Each of the NPAs also contains a detailed Statement of Facts. (Exs. 1-2.)

1    e.g., Ex. 5) and produced 302 reports of interviews of relevant

2    Carmel Partners agents who described that policy (see, e.g., Ex. 6).

3    And as the defense readily conceded during the April 25, 2022

4    hearing, the government has provided interview reports and documents

5    of Carmel Partners executives in which some of them initially denied

6    or minimized liability.  It simply does not comport with reason or

7    with truth that the government would fully disclose reports and

8    information that these entities and individuals denied knowledge of a

9    bribe, but then hold back some other different and material evidence

10   showing they had "reduced, or even no, culpability."  (See Mot. at

11   1.)

12       The cases upon which defendant relies regarding third-party

13   internal investigation presentations do not call into question the

14   government's approach to disclosure in this case.  (See Mot. at 3-4.)

15   In United States v. Bergonzi, 216 F.R.D. 487 (N.D. Cal. 2003), the

16   documents at issue included (1) a report culminating from the results

17   of the company's internal investigation, which the company conducted

18   pursuant to an agreement with the SEC; (2) company documents; and

19   (3) memoranda of 55 interviews conducted of 37 present and former

20   employees.  Id. at 490-91.  These same documents were also provided

21   to the USAO.  Id. at 491.  In ordering their disclosure, the district

22   court noted that the documents "include[d] a description of the

23   process by which contracts were prepared and reviewed before they

24   were booked"; "detail[ed] the magnitude of the accounting errors";

25   "plac[ed] these errors in context for purposes of evaluation of

26   potentially culpable parties"; and generally identified "the primary

27   wrongdoers and provid[ed] evidence."  Id. at 501.  It was for those

28   reasons that the court found the materials to be discoverable--and

                                      10

1    not that the court found the materials consisted solely of mental

2    impressions and analyses and ordered production anyway, as defendant

3    here erroneously suggests.  (See Mot. at 3.)

4         Likewise, in United States v. Stein, 488 F. Supp. 2d 350

5    (S.D.N.Y. 2007), the district court found that "[i]n the main, [the

6    White Paper and appendices at issue] are not material to the

7    preparation of the defense."  Id. at 359 (emphasis added).  The one

8    exception was as to the obstruction section of the White Paper

9    because it contained the company's explanation of three incidents at

10   the heart of the obstruction claims, including the acts (or failures

11   to act) by company personnel, including company attorneys and

12   partners.  Id.

13        Critically, in both Bergonzi and Stein, the defendants who

14   sought to compel the relevant company documents were current or

15   former partners or executives of the same company that created the

16   reports and memoranda regarding the alleged criminal conduct.  Thus,

17   the defenses of those defendant-company executives and would-be-

18   defendant company were far more closely aligned.

19        By contrast, defendant here has not shown that any of the

20   "pitch" materials he seeks to compel would "play an important role in

21   uncovering admissible evidence, aiding witness preparation,

22   corroborating testimony, or assisting impeachment or rebuttal."

23   Bergonzi, 216 F.R.D. at 501 (citation omitted). Instead, defendant is

24   once again left to rely on general and conclusory allegations of

25   materiality, as he did in support of his initial motion to compel the

26   government's communications with third-party counsel, while ignoring

27   the relevant discovery already in his possession.  As the Court

28

previously found, this is not enough to create a right to the (broadly) requested materials.

**IV.   CONCLUSION**

For the foregoing reasons, defendant's motion should be denied.