# EXHIBIT 13

PLANNING & LAND USE MANAGEMENT

# MOTION

Under the City's Rent Stabilization Ordinance (RSO), a landlord is required to provide monetary relocation assistance to tenants who are evicted through no fault of their own. There are a number of reasons under the RSO in which a landlord can legally evict a tenant. One of the most common reasons is when the eviction is due to condominium conversion, demolition or the property is going to be permanently removed from the rental housing market, as allowed under the Ellis Act (California Government Code Section 7060 et seq.,).

While relocation assistance is required in most cases, there is an exemption to this requirement per Section 151.09.G.4(b) and (c) if the tenant received written notice, prior to entering into a written or oral tenancy agreement, that an application to subdivide the property for condominium, stock cooperative or community apartment purposes was on file with the City or had already been approved.

The City recently approved the demolition of an existing apartment building and a tract map for market-rate condominiums. The existing building was vacated in compliance with the City's RSO; however, because of the above exemption a number of tenants did not qualify for relocation assistance. Subsequently, the City approved a conditional use permit to convert the now vacant, existing apartment building into a hotel. Still within the Ellis grace period, there was a valid argument that those tenants who had signed waivers should now be entitled to relocation assistance.

The Housing and Community Investment Department explained to the Council's Planning & Land Use Management Committee that there was no "look-back" provision and as long as the tenant evictions complied with the law at the time the applicant processed the notice of intent to withdraw the units, there was no mechanism the City had to retroactively require relocation assistance to those tenants. This is a loophole that, in the midst of a housing and homeless crisis, the City must address. Furthermore, it is unclear why this exemption exists at all.

The City is the most unaffordable housing market in the country, and it is estimated that there are nearly 28,000 homeless people in the City, bringing the total to 47,000 homeless individuals in the County of Los Angeles. As such, sections of the Municipal Code need to be repealed that contain any loopholes to relocation assistance.

**I THEREFORE MOVE** that the Council request the City Attorney, with the assistance of the Housing & Community Investment Department, and the Planning Department, to prepare and present an ordinance that will eliminate loopholes in the Municipal Code that allow project applicants to file for the subdivision/conversion of Rent Stabilized Ordinance units to condominiums, and thereafter, develop the property to an entirely different use in order to circumvent the payment of relocation assistance.

**I FURTHER MOVE** that the Council instruct the Housing and Community Investment Department, with the assistance of the Planning Department, and in consultation with the City Attorney, to prepare a report on any State laws that require the City to exempt property owners of Rent Stabilization Ordinance housing units that will be subdivided/converted to condominiums to pay relocation assistance.

PRESENTED BY: _____  PRESENTED BY: _____
JOSÉ HUIZAR                      MITCH O'FARRELL
Councilmember, 14th District     Councilmember, 13th District

SECONDED BY: _____

JUL - 1 2016

ORIGINAL