1
E. MARTIN ESTRADA
United States Attorney
2
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
3
Chief, Criminal Division
CASSIE D. PALMER (Cal. Bar No. 268383)
4
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
5
Assistant United States Attorneys
Public Corruption & Civil Rights Section
6
    1500 United States Courthouse
    312 North Spring Street
7
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0363/3289/3819
8
    Facsimile: (213) 894-6436
    E-mail:   Mack.Jenkins@usdoj.gov
9
            Cassie.Palmer@usdoj.gov
            Susan.Har@usdoj.gov
10
            Brian.Faerstein@usdoj.gov

11

Attorneys for Plaintiff
12
UNITED STATES OF AMERICA

13
UNITED STATES DISTRICT COURT

14
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-326-JFW-1 |
| Plaintiff, | CITY OF LOS ANGELES' VICTIM IMPACT STATEMENT |
| v. | Hearing Date: January 26, 2024 |
| JOSE LUIS HUIZAR, | Hearing Time: 8:00 a.m. |
| Defendant. | Location:    Courtroom of the Hon. John F. Walter |

21
    Plaintiff United States of America, by and through its counsel

22
of record, the United States Attorney for the Central District of

23
California and Assistant United States Attorneys Mack E. Jenkins,

24
Cassie D. Palmer, Susan S. Har, and Brian R. Faerstein, hereby files

25
the City of Los Angeles' Victim Impact Statement regarding defendant

26
Jose Luis Huizar.

27
//

28
//

The government received this statement from counsel for the City on January 19, 2024.

Dated: January 12, 2024                   Respectfully submitted,

                                          E. MARTIN ESTRADA
                                          United States Attorney


                                          _____/s/_____
                                          MACK E. JENKINS
                                          CASSIE D. PALMER
                                          SUSAN S. HAR
                                          BRIAN R. FAERSTEIN
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA



Office of the Los Angeles City Attorney
Hydee Feldstein Soto

January 19, 2024

The Honorable John F. Walter
United States District Court
Central District of California
350 West 1st Street
Los Angeles, California 90012

Re:  City of Los Angeles's Victim Impact Statement Regarding Jose Huizar

Dear Judge Walter:

In its sentencing memorandum, the United States Department of Justice ("DOJ")
recommended that defendant Jose Huizar be required to pay to the City of Los Angeles
(the "City") monetary restitution of slightly less than half a million dollars, which is far
less than the amount illegally sought or received in bribes by the defendant.  The City,
of course, welcome the monetary redress recommended by the DOJ, but the City is
compelled to write separately regarding the damage occasioned by the defendant.  The
restitution that the City needs most is not measured simply by the dollars corruptly paid
to the defendant but also needs to take into account the damage inflicted upon the City
and our institutions.  The foundation of government is trust: trust that those whom we
elect will serve us, trust that our elected officials and other public servants will not use
their office to enrich themselves, trust that our elected officials will not deform or
degrade the procedures of government to corrupt ends.  Jose Huizar repeatedly
violated the public trust, seemingly indifferent to the resulting damage to the
foundational relationship between the voters and residents of the City and our municipal
government.

As he admitted in his plea, then-Councilmember Huizar received cash, gambling
chips, all-expenses-paid luxury vacations, prostitution services, and an intricately
organized indirect payment by a Chinese developer to settle a sexual harassment
allegation against him, all collectively worth more than $1.5 million, in a pay-to-play
criminal enterprise.  Real estate developers who paid benefitted; those who did not had
their projects stalled in the land-use committee the defendant chaired.  The party most
injured by the defendant's conduct, the victim in this proceeding, is the City whose
development approvals and projects were determined not by what was good for its
citizens but by what lined the defendant's pockets.

The Honorable John F Walter
United States District Court
Central District of California
January 19, 2024
Page 2

As one example, in exchange for a developer's bribe, Councilmember Huizar orchestrated the overturning of a Planning Commission decision and reduced the number of affordable housing units the developer was required to include in a proposed tower in the Arts District.  The City then desperately needed, and to this day continues to need, more affordable housing.  As disturbing as this single example is, it is almost inconsequential compared to Huizar's taking bags of cash in exchange for green-lighting billions of dollars' worth of projects.  The *New York Times* likened Huizar's criminal enterprise to the illicit real estate dealings in the movie "Chinatown."  The blatant and widely reported corruption eroded the public's trust and damaged the City well beyond the value of what the defendant received by way of a *quid pro quo*.

The defendant has emphasized his personal history as a mitigating factor, and while that history may make Mr. Huizar a tragic figure, it does not lessen the damage he has done to the City's reputation and the erosion of trust by the public.

Finally, as co-conspirators' indictments and plea deals became public, it became, in the words of the *Los Angeles Times*, "painfully obvious" that the unnamed, unindicted "Councilman A" was Jose Huizar.  Because he was not indicted, the City Council could not suspend Mr. Huizar.  (The Council later suspended him as soon as he was indicted.)  Councilmember Huizar refused to resign despite near universal calls for him to do so and stopped attending most Council meetings, robbing his constituents in Council District 14 of a voice and vote in the City Council.  Of course, Mr. Huizar continued to collect his salary, receive his benefits, accrue his pension and enjoy the perks of his office during this time, eroding the public trust and damaging the City and our City Council.

The City and its elected officials have worked diligently to rebuild trust in City government, but there is no rapid or easy manner to restore the reputational damage inflicted by then-Councilmember Huizar's criminal distortion of the function of City government.  This is not to ignore the misconduct of his co-conspirators, but the defendant has had an outsized impact on our City and the public.

We ask the Court in sentencing defendant Huizar to focus on the unquantifiable damage the former Councilmember has inflicted on the City's reputation and the foundational trust between the public and City government.

Sincerely,

HYDEE FELDSTEIN SOTO, City Attorney

By

STREFAN FAUBLE
Assistant City Attorney

HFS:SF